**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JOAN COHEN, on Behalf of Herself and all Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>FLEETBOSTON FINANCIAL CORPORATION, et al.,<br><br>　　　　　　　Defendants. | Civil Action No. 04cv11704 (REK) |
| GENE F. OSBURN, Individually And On Behalf Of All Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>FLEETBOSTON FINANCIAL CORPORATION, et al.,<br><br>　　　　　　　Defendants. | Civil Action No. 04cv11750 (REK) |
| PAULA SLICKER, on Behalf of Herself and all Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>FLEETBOSTON FINANCIAL CORPORATION, et al.,<br><br>　　　　　　　Defendants. | Civil Action No. 04cv11760 (REK) |

[Caption continues on next page]

**MEMORANDUM OF LAW IN SUPPORT OF THE**
**MOTION FOR CONSOLIDATION OF RELATED CASES**

| | |
|---|---|
| JEAN S.B. SIMMONDS and R.L. SIMMONDS, Individually And On Behalf Of All Others Similarly Situated,<br><br>       Plaintiffs,<br><br>vs.<br><br>FLEETBOSTON FINANCIAL CORPORATION, et al.,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)   Civil Action No. 04cv11953 (REK)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION ...............................................................................................................1

FACTUAL BACKGROUND..............................................................................................1

ARGUMENT.......................................................................................................................2

CONCLUSION…………………………………………………………………………….4

Plaintiffs Joan Cohen, Gene F. Osburn, Paula Slicker, Jean S.B. Simmonds and R.L. Simmonds ("Plaintiffs"), by their counsel, hereby move this Court for entry of an Order: (i) consolidating the above-captioned actions, which have all been filed in the District Court of Massachusetts (the "Actions"); and (ii) establishing a briefing schedule regarding a consolidated complaint.

## INTRODUCTION

As of September 10, 2004 there were four related actions pending in this District brought on behalf of a class of investors in mutual funds belonging to the FleetBoston Financial Corporation ("FleetBoston") which include the Columbia Funds (referred to collectively herein as the "Columbia Funds"), and derivatively on behalf of the Columbia Funds, against the Columbia Funds investment advisers, their corporate parents and the Columbia Funds directors during class periods beginning August 2, 1999 and ending March 22, 2004.  The Actions allege a variety of claims, specifically violations of §§ 34(b), 36(b) and 48(a) of the Investment Company Act of 1940 (the "Investment Company Act"), violations of §§ 206 and 215 of the Investment Advisers Act of 1940 (the "Investment Advisers Act"), breaches of fiduciary duty and aiding and abetting breaches of fiduciary duty.

## FACTUAL BACKGROUND

The Actions allege that the Columbia investment advisers named as defendants (the "Investment Adviser Defendants") breached their duties to the Columbia Funds and Columbia investors by drawing upon the assets of the Columbia Funds to pay brokerages, including Smith Barney, a division of Citigroup Global Markets Inc., to aggressively push Columbia Funds over other funds, and also allege that such investment advisers concealed such payments from investors by disguising them as brokerage commissions.

The Actions also allege that trustees, directors and/or officers of the Columbia Funds (the "Director Defendants") failed to properly supervise the Investment Adviser Defendants' payments of so-called 12b-1 fees pursuant to the mutual funds' Rule 12b-1 plans. Rule 12b-1, promulgated by the SEC pursuant to the Investment Company Act, prohibits mutual funds from directly or indirectly distributing or marketing their own shares unless, among other things, the funds' directors find that the terms of the written plan for marketing the funds (the "12b-1 plan") create "a reasonable likelihood that the plan will benefit the company and its shareholders."

## ARGUMENT

## THE ACTIONS SHOULD BE CONSOLIDATED

Consolidation is appropriate when there is "a common question of law or fact pending before the Court." Fed. R. Civ. P. 42(a). *See Johnson v. Celotex Corp.,* 899 F.2d 1281, 1284 (2d Cir. 1990); *Schulman v. Lumenis, Ltd.*, No. 02 Civ. 1989, 2003 U.S. Dist. LEXIS 10348, at *6-9 (S.D.N.Y. June 17, 2003) (Batts, J.).

The standard under Rule 42(a) is clearly met here. The Complaints[1] allege that substantially the same defendants unlawfully and deceitfully charged mutual fund investors excessive fees that allowed such defendants to reap millions of dollars in profits. More specifically, the Complaints allege that the Investment Adviser Defendants authorized the payment from fund assets of excessive commissions to broker dealers in exchange for preferential marketing services and that such payments were in breach of their fiduciary duties, in violation of Section 12(b) of the Investment Company Act, and unprotected by any "safe harbor."

---

[1] The term "Complaints" is defined herein as the complaints filed in *Cohen v. FleetBoston Financial Corp. et al.,* No. 04cv11704 (D. Mass.), *Osburn v. FleetBoston Financial Corp. et al.,* No. 04cv11750 (D. Mass.), *Slicker v. FleetBoston Financial Corp. et al.,* No. 04cv11760 (D. Mass.) and *Simmonds et al. v. FleetBoston Financial Corp. et al.,* No. 04cv11953 (D. Mass.).

2

The Complaints also allege that the Investment Adviser Defendants directed brokerage payments to firms that favored Columbia Funds, which was a form of marketing that was not disclosed in or authorized by the Columbia Funds Rule 12b-1 plans.  The Complaints further allege that the Columbia Funds Rule 12b-1 plans were not in compliance with Rule 12b-1, and that payments made pursuant to the plans were in violation of Section 12 of the Investment Company Act because, among other reasons, the plans were not properly evaluated by the Director Defendants and there was not a reasonable likelihood that the plans would benefit the company and its shareholders, and that by paying brokers to aggressively steer their clients to Columbia Funds, the Investment Adviser Defendants were knowingly aiding and abetting a breach of fiduciary duties, and profiting from the brokers' improper conduct.

The Complaints also allege that defendants improperly used Soft Dollars and excessive commissions, paid from Columbia Funds assets, to pay for overhead expenses the cost of which should have been borne by Columbia and not Columbia Funds investors.  The Complaints also allege that the Director Defendants had abdicated their duties under the Investment Company Act and their common law fiduciary duties, that they failed to monitor and supervise the Investment Adviser Defendants and that, as a consequence, the Investment Adviser Defendants were able to systematically skim millions and millions of dollars from the Columbia Funds.  The Complaints similarly allege that the defendants failed to disclose the substance of such allegations in prospectuses distributed to shareholders.  Therefore, consolidation of the Actions is appropriate.

**CONCLUSION**

For the foregoing reasons, this Court should consolidate the Actions.

Dated: September 10, 2004                Respectfully submitted,

**MOULTON & GANS, P.C.**

By: /s/ Nancy Freeman Gans
     Nancy Freeman Gans (BBO #184540)
33 Broad Street, Suite 1100
Boston, Massachusetts 02109-4216
(617) 369-7979

*Counsel for Plaintiffs Joan Cohen, Gene F. Osburn, Jean S.B. Simmonds and R.L. Simmonds and Proposed Liaison Counsel*

**MILBERG WEISS BERSHAD
  & SCHULMAN LLP**
Steven G. Schulman
Janine L. Pollack
Kim E. Levy
Michael R. Reese
One Pennsylvania Plaza
New York, New York 10119-0165
(212) 594-5300

*Counsel for Plaintiff Joan Cohen and Proposed Co-Lead Counsel*

**STULL, STULL & BRODY**
Jules Brody
Aaron Brody
6 East 45th Street
New York, New York 10017
(212) 687-7230

*Counsel for Plaintiffs Gene F. Osburn, Jean S.B. Simmonds and R.L. Simmonds and Proposed Co-Lead Counsel*

4

**LAW OFFICES OF CHARLES J. PIVEN, P.A.**
Charles J. Piven
Marshall N. Perkins
The World Trade Center - Baltimore
Suite 2525
401 East Pratt Street
Baltimore, Maryland  21202
(410) 332-0030

*Counsel for Plaintiff Joan Cohen*

**WEISS & YOURMAN**
Joseph H. Weiss
Richard A. Acocelli
551 Fifth Avenue, Suite 1600
New York, New York  10176
(212) 682-3025

*Counsel for Plaintiffs Gene F. Osburn, Jean S.B. Simmonds and R.L. Simmonds*

**SCHIFFRIN & BARROWAY, LLP**
Marc A. Topaz
Richard A. Maniskas
Three Bala Plaza East
Suite 400
Bala Cynwyd, Pennsylvania  19004
(610) 667-7706

*Counsel for Plaintiff Paula Slicker*

**GILMAN AND PASTOR, LLP**
David Pastor (BBO #391000)
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, Massachusetts  01906
(781) 231-7850

*Counsel for Plaintiff Paula Slicker*

5

**CERTIFICATE OF SERVICE**

     I, Daniel P. Dietrich, hereby certify that I served a copy of the foregoing document upon counsel for all parties by mailing a copy of same, postage prepaid, to each attorney of record, this 10th day of September, 2004.

                                    /s/ Daniel P. Dietrich
                                    Daniel P. Dietrich