# Milberg Weiss Bershad & Schulman LLP

### THE FIRM'S PRACTICE, ACHIEVEMENTS AND ATTORNEYS' BIOGRAPHIES

Milberg Weiss Bershad & Schulman LLP is the most respected and effective plaintiff law firm in the United States. Founded in 1965, the firm now has more than 110 lawyers, with principal offices in New York City and additional offices in Boca Raton, Florida; Wilmington, Delaware; Washington, D.C.; Seattle, Washington; and Los Angeles, California. The firm's practice focuses on prosecution of class and complex actions in many fields of commercial litigation, emphasizing securities, corporate fiduciary, consumer, insurance, healthcare, antitrust, mass tort, human rights, and related areas of litigation.

In the firm's early years, its founding partners, Lawrence Milberg and Melvyn I. Weiss, built a new area of legal practice in representing shareholders' interests under the then recently amended federal procedure Rule 23, which allowed securities fraud cases, among others, to proceed as class actions. In the following decades, the firm's lawyers obtained decisions that established important legal precedents in many of their areas of practice, and prosecuted cases that set benchmarks in terms of case theories, organization, discovery, trial results, methods of settlement, and amounts recovered and distributed to clients and class members.

Important milestones included the firm's involvement in the *U.S. Financial* litigation in the early 1970s, one of the earliest large class actions, which resulted in recovery of over $50 million by purchasers of the securities of a failed real estate development company; the Ninth Circuit decision in *Blackie v. Barrack* in 1975, which established the fraud-on-the-market doctrine for securities fraud actions; co-lead counsel position in the *Washington Public Power Supply System (WPPSS)* securities litigation, a seminal securities fraud action in the 1980s in terms of complexity and amounts recovered; representation of the Federal Deposit Insurance Corp. in a year-long trial to recover banking losses from a major accounting firm, leading to a precedent-setting global settlement; attacking the Drexel-Milken "daisy chain" of illicit junk-bond financing arrangements with numerous cases that resulted in substantial recoveries for investors; representing life insurance policyholders defrauded by "vanishing premium" and other improper sales tactics and obtaining large recoveries from industry participants; and ground-breaking roles in the multi-front attack on deception and other improper activities in the tobacco industry.

Milberg Weiss remains at the forefront in its areas of practice. In recent months, it has obtained eve-of-trial settlements totaling $460 million in the *Raytheon* securities fraud litigation, representing lead plaintiff the New York State Common Retirement Fund; settled lawsuits by physician and medical association clients against CIGNA Healthcare and Aetna, which brought benefits in excess of $900 million and sweeping changes to the industry; and continued its work as a lead counsel in broad-based multi-defendant actions concerning misconduct in connection with IPOs and mutual funds.

The firm also has a general corporate and securities practice representing privately and publicly held corporations in the areas of capital formation, mergers and acquisitions, and other commercial transactions.

The firm is consistently active in pro bono litigation, highlighted by its leadership role in cases leading to recoveries of some $6 billion from Swiss and German banks and companies, to benefit victims of the Holocaust and its recent efforts representing claimants of the September 11 Victim Compensation Fund.

The firm's lawyers come from many different professional backgrounds. They include former federal or state prosecutors, private defense attorneys, and government lawyers. The firm's ability to pursue all types of fraud is augmented by its 16-person team of investigators, headed by a former agent for the Federal Bureau of Investigation, and its four full-time forensic accountants.

In 2003, the partners of Milberg Weiss Bershad Hynes & Lerach LLP decided to separate into two groups, with Milberg Weiss Bershad & Schulman LLP serving as the continuing firm.

Milberg Weiss has been responsible for more than $45 billion in recoveries during the life of the firm. Examples of cases in which the firm has taken lead roles include the *WPPSS* litigation, which resulted in settlements totaling $775 million; the *Lincoln Savings and Loan Litigation*, with total recoveries of $240 million out of $288 million in estimated total losses; the *NASDAQ Market-Makers Antitrust Litigation*, which resulted in a $1.027 billion settlement; and actions against major life insurers, including Prudential and MetLife, where the firm has recovered billions of dollars on behalf of policyholders who were the victims of alleged churning and other improper practices. In the securities fraud arena, the firm's recent successes include *Raytheon*, *Oxford Health Plans* (settlements totaling $300 million), and *Lucent Technologies* (a $600 million

settlement). In addition, the firm currently plays major roles in the litigation arising from the two largest scandals in the financial community -- the *IPO Securities Litigation*, in which the firm serves as Chair of Plaintiffs' Executive Committee, and the *Mutual Funds Litigation*, in which the firm is Co-Chair of Plaintiffs' Counsel's Steering Committee.

The firm also has leadership positions in many important non-securities cases throughout the country, including its representation of physician groups in the *Managed Care Litigation* discussed above, and its lead counsel role in a major Delaware derivative action on behalf of the Walt Disney Company's shareholders concerning the hiring and costly termination of Michael Ovitz, scheduled for trial later in 2004.

For more information, please visit www.milbergweiss.com.

# JUDICIAL COMMENDATIONS

In *In re September 11 Victim Compensation Fund*, Preliminary Hearing, Claim No. 212-003658 (Dec. 9 2003), special master Kenneth Feinberg stated the following regarding the firm's commitment to the public interest:

> Let me say one more thing on the record before we adjourn, and please convey this to Mr. Weiss and to David Bershad. Once again, as I have learned over the years here in New York, the Milberg Weiss firm steps up to the plate in the public interest time and time again. The social conscience of the Milberg Weiss firm, acting through its excellent associates and partners, help deal with crises that confront the American people and others, and I am personally in the debt of Milberg Weiss for the work that it is doing, even under the gun with December 22 looming, the deadline. I am once again in Milberg Weiss' debt for their extraordinary willingness to help out in the public interest, and I hope you'll relay that message back to the firm... they are second among none in terms of the public interest, and I'm very, very grateful, not only to you guys for doing this, but... for the firm's willingness to help out. I wanted to let everybody know that.

Mr. Feinberg echoed this sentiment in a subsequent hearing (September 11th Victim Compensation Fund Hearing before Special Master Kenneth R. Feinberg, May 11, 2004):

> I also note on the record that the pro bono service of the Milberg Weiss firm is well-known to lawyers and the public throughout the nation, and I'm grateful that this is one more example of how Milberg Weiss serves the nation.

> I want to note on the record the extraordinary professionalism and skill of counsel in the preparation of this claim. They have exhibited the finest character of the Bar, and I thank them for a job well done.

Milberg Weiss has been commended by countless judges all over the country for the quality of its representation in class action lawsuits. In *In re Rite Aid Corp. Securities Litigation*, 269 F. Supp. 2d 603, 611 (E.D. Pa. 2003), Judge Dalzell commented on the skill and efficiency of Milberg Weiss attorneys in litigating the complex case:

> At the risk of belaboring the obvious, we pause to say a specific word about... the skill and efficiency of the attorneys involved...Milberg Weiss [was] extraordinarily deft and efficient in handling this most complex matter... they were at least eighteen months ahead of the United States Department of Justice in ferreting out the conduct that ultimately resulted in the write-down of over $1.6 billion in previously reported Rite Aid earnings... In short, it would be hard to equal the skills class counsel demonstrated here.

In *In re Lucent Technologies, Inc. Securities Litigation*, No. 00 CV-621, slip op. at 14-15, 26 (D.N.J. Feb. 24, 2004), Judge Joel A. Pisano of the United States District Court for the District of New Jersey recently issued an Opinion approving the Settlement of the Lucent Technologies Securities Litigation, in which he complimented Milberg Weiss (Co-Lead Counsel for the Plaintiff Class) saying:

> the attorneys representing the Plaintiffs are highly experienced in securities class action litigation and have successfully prosecuted numerous class actions throughout the United States. They are more than competent to conduct this action. Co-Lead Counsel diligently and aggressively represented Plaintiffs before this Court and in the negotiations that resulted in the Settlement . . . the efforts and ingenuity of Lead Plaintiffs and Lead Counsel resulted in an extremely valuable Settlement for the Benefit of the Class.

In *In re IKON Office Solutions Securities Litigation*, 194 F.R.D. 166, 195 (E.D. Pa. 2000), where Milberg Weiss served as co-lead counsel, Judge Marvin Katz of the United States District Court for the Eastern District of Pennsylvania commented on the skill and professionalism of plaintiffs' co-lead counsel:

> First, class counsel is of high caliber and has extensive experience in similar class action litigation... Each of the co-lead counsel firms has a national reputation for advocacy in securities class actions, and there is no doubt that

this standing enhanced their ability both to prosecute the case effectively and to negotiate credibly. Similarly, defense counsel has a fine reputation and has displayed great skill in defending this complex class action. Their opposition to plaintiffs has been anything but token, and many of the battles on crucial issues were hard fought.

Of particular note in assessing the quality of representation is the professionalism with which all parties comported themselves. The submissions were of consistently high quality, and class counsel has been notably diligent in preparing filings in a timely manner even when under tight deadlines. This professionalism was also displayed in class counsel's willingness to cooperate with other counsel when appropriate… This cooperation enabled the parties to focus their disputes on the issues that mattered most and to avoid pointless bickering over more minor matters.

In ***In re NASDAQ Market-Makers Antitrust Litigation***, 187 F.R.D. 465, 474 (S.D.N.Y. 1998), in an opinion dated November 9, 1998, approving settlements totaling over $1.027 billion, Judge Sweet commented:

Counsel for the Plaintiffs [Milberg Weiss] are preeminent in the field of class action litigation, and the roster of counsel for Defendants includes some of the largest, most successful and well regarded law firms in the country. It is difficult to conceive of better representation than the parties in this action achieved.

In ***Gordon v. Transamerica Occidental Life Insurance Co.***, at 39:3-12 (June 26, 1997) (Hearing Transcript), Judge Danielson made it a point to comment on the professionalism of Milberg Weiss:

It would be hard to imagine what question I could come up with that I haven't already seen the information that I needed in the submissions that have been made to this Court. I can't remember anything so thoroughly and professionally handled in the 20-some odd years that I've been involved in the law. It is interesting to see law practiced honorably. And I think all of the lawyers who have involved themselves in this case can be very proud of their profession.

In ***In re The Prudential Insurance Co. of America Sales Practices Litigation***, 962 F. Supp. 572, 585-86 (D.N.J. 1997), vacated on other grounds, in approving the settlement of a nationwide class action against a life insurer for deceptive sales practices, where Milberg Weiss was co-lead counsel, Judge Wolin observed:

[T]he results achieved by plaintiffs' counsel in this case in the face of significant legal, factual and logistical obstacles and formidable opposing counsel, are nothing short of remarkable.

\*   \*   \*

Finally, the standing and professional skill of plaintiffs' counsel, in particular Co-Lead Counsel, is high and undoubtedly furthered their ability to negotiate a valuable settlement and argue its merits before this Court. Several members of plaintiffs' counsel are leading attorneys in the area of class action litigation.

At the Fairness Hearing, Judge Wolin stated that "there is no doubt that Class Counsel have prosecuted the interests of the class members with the utmost vigor and expertise." In re The Prudential Insurance Co. of America Sales Practices Litigation, 962 F. Supp. 450, 519 (D.N.J. 1997) (emphasis added).

In approving a $100 million settlement in ***In re Prudential Securities Inc. Partnership Litigation***, 912 F. Supp. 97, 101 (S.D.N.Y. 1996), in which Milberg Weiss was one of the lead counsel, Judge Pollack noted that he had "had the opportunity at first hand to observe the quality of plaintiffs' class counsel's representation, both here and in prior complex litigation, and is impressed with the quality of Plaintiffs' Class Counsel."

In ***Roy v. The Independent Order of Foresters***, Civ. No. 97-6225 (SKC) at 32 (D.N.J. Aug. 3, 1999), in his opinion on class certification, Judge Chesler noted:

The firm of Milberg Weiss, which is co-lead counsel for the plaintiff, was also counsel for the plaintiff class in the Prudential case. Thus, the adequacy of the plaintiff's representation is beyond reproach. Furthermore, the tremendous and unprecedented settlements which the Milberg firm has helped to secure for the plaintiff classes in both this case and the Prudential case are a testament to counsel's vigorous pursuit of the class interests.

In ***In re Buspirone Patent Litigation***, MDL Docket No. 1413 at 34:2-3 (S.D.N.Y. Nov. 6, 2003) (Final Approval Hearing Transcript), Judge Koeltl commented on plaintiffs' counsel:

Let me say that the lawyers in this case have done a stupendous job.

In ***Kruman v. Christie's International***, PLC, 00 Civ. 6322 (LAK) at 36:13-16 (S.D.N.Y. June 2, 2003) (Final Approval Hearing Transcript), Judge Kaplan commented on class counsel's representation:

I have satisfied myself in examining these papers that counsel involved in this case pursued this very difficult matter tenaciously, with skill, and got what I view to be an excellent result.

# NOTEWORTHY CLIENTS

In addition to countless individual investors, funds and institutions represented by Milberg Weiss include:

• The New York State and Local Retirement System. Milberg Weiss was selected by former New York State Comptroller H. Carl McCall and current comptroller Alex G. Hevesi to serve as one of the firms acting as special counsel for securities class action and derivative litigation. Milberg Weiss is currently representing the N.Y. State Common Retirement Fund in substantial securities fraud actions against Bayer AG, the Raytheon Corp. and Chubb.

• The State of New Jersey Pension Fund. Milberg Weiss was competitively selected by the Treasurer of the State of New Jersey to represent the state's $86 billion pension fund in its securities litigation against Sears Roebuck & Co. New Jersey was appointed lead plaintiff and Milberg Weiss lead counsel, after hard-fought motion practice.

• State of Ohio. In October 2003, the firm was appointed special securities litigation counsel for the State of Ohio by the Attorney General. Currently, the firm is representing the Ohio Tuition Trust Authority in the Putnam Mutual Fund litigation currently pending in the District of Maryland.

• Commonwealth of Pennsylvania. Milberg Weiss was competitively selected as panel counsel by the Commonwealth of Pennsylvania's State Employees' Retirement System, a $28 billion dollar fund.

• The Teachers' Retirement System of The State of Illinois. This $22 billion dollar pension fund appointed Milberg Weiss to serve as monitoring and securities litigation counsel.

• Ontario Public Service Employees Union Pension Trust Fund ("OPTrust"). Milberg Weiss is representing OPTrust as Lead Plaintiff in a securities fraud action against Nortel involving accounting fraud and other related misrepresentations.

• SEIU Local 144 Nursing Home Pension Fund and Hotel Front Insurance Fund. Milberg Weiss has represented these combined funds in several securities class actions, including actions against Procter & Gamble Company and Microstrategy, Inc., which settled for $48 million and $155 million, respectively.

• The Federal Deposit Insurance Corporation. Milberg Weiss represented the FDIC in claims arising out of the failure of the Butcher brothers' Tennessee banking empire. The case ultimately settled for $425 million after a full jury trial as part of a massive global settlement among the FDIC, RTC and Ernst & Whinney.

• The West Virginia Employer - Teamsters Joint Counsel No. 84 Pension Trust and Locals 175 and 505 Pension Trust. Milberg Weiss has recently represented these Taft-Hartley pension funds as Lead Plaintiff in the Lucent Technologies Corp. Securities Litigation, which settled for $600 million.

• The firm represented IBM Corporation with Cravath, Swaine & Moore in class and derivative suits asserted against IBM in New York courts. The derivative litigation has been dismissed and the class litigation was defeated on a motion for summary judgment, thereafter sustained on appeal.

• In addition, the firm has represented individuals, governmental entities and major corporations including CBS Corporation; T.V. Azteca, Mexico's second largest television network; Phar-Mor, Inc., formerly a nationwide discount pharmacy chain, and others in complex financial litigation.

# PROMINENT CASES

• *In re Lucent Technologies Inc. Securities Litigation*, No. 00cv621(AJL). The third largest securities settlement in history provides compensation of $600 million to aggrieved shareholders who purchased Lucent stock between October 1999 and December 2000.

• *In re Raytheon Securities Litigation*, 99 CV 12142 (E.D. Mass.). This case concerned claims that major

defense contractor failed to write down assets adequately on long term construction contracts. In May 2004, Raytheon and its auditor PricewaterhouseCoopers LLP settled for a total of $460 million.

• Milberg Weiss served as co-lead counsel in *In re Oxford Health Plans, Inc. Securities Litigation*, MDL Dkt. No. 1222 (CLB), in which settlements totaling

$300 million in cash were approved by the Court in June 2003. Plaintiffs alleged that Oxford Health Plans, Inc. issued fraudulent financial statements that misstated its premium revenues and medical claims expense. KPMG LLP, Oxford's outside auditor, was also named as a defendant and was alleged to have issued a materially false and misleading audit opinion on Oxford's financial statements for the year ended December 31, 1996.

• *In re Scheiner v. i2 Technologies Inc.*, Civ. No. 3:01-CV-418-H (N.D. Tex.). May 2004 settlement pending final court approval of $84.85 million with i2 Technologies and certain individual defendants. Case alleged securities fraud against defendants relating to defendants' software product descriptions and alleged violations of Generally Accepted Accounting Principles.

• *In re Initial Public Offering Securities Litigation*, 21 MC 92 (S.D.N.Y.). The Initial Public Offering Securities Litigation consists of 309 separate class actions involving more than 300 IPOs marketed between 1998 and 2000. The actions are coordinated for pre-trial purposes before U.S. District Court Judge Shira A. Scheindlin in the Southern District of New York. The defendants consist of the companies brought public, certain of their officers and directors and 55 of the investment banks that brought them public and underwrote various follow-on offerings. The lawsuits generally allege that the IPOs of these companies were manipulated by the investment banks to artificially inflate the market price of those securities and to conceal the amounts of compensation actually received by the underwriters and that these efforts were not disclosed to the investing public. A proposed settlement between the issuer defendants and their directors and officers and the plaintiffs has been preliminarily presented to the Court for review. The settlement would guarantee at least (or the first) $1 billion dollars to investors who are class members from the insurers of the issuers. The $1 billion guarantee is subject to reduction by potential recoveries from the 55 Underwriter Defendants against whom the cases will continue. A preliminary hearing has yet to be scheduled by the Court.

• In *In re Mutual Funds*, Milberg Weiss has been appointed as the co-chair of the plaintiffs' counsel's steering committee, which is responsible for prosecuting this ground-breaking litigation involving timing and late trading allegations against (and on behalf of) more than 16 mutual fund families and affiliated entities. Pursuant to an order by the Panel for Multidistrict Litigation, these cases are proceeding before four judges in the District of Maryland. As co-chair, Milberg Weiss is responsible for overseeing a steering committee comprised of approximately 10 firms which are working together to prosecute this highly complex litigation.

• The firm was lead counsel in *In re The Prudential Insurance Co. Sales Practice Litigation*, Civ. No. 95-4707 (AMW) (D.N.J.), a landmark case which concerned securities claims as well as common law claims, and which settled under an innovative structure that will result in the payment of over $1 billion to Prudential policyholders. The total recovery exceeds $4 billion. The settlement was approved in an extensive, comprehensive decision handed down by the Third Circuit. Milberg Weiss has led the litigation of numerous other class actions involving alleged churning practices by other insurance companies and their agents, recovering billions of dollars, in actions against major insurers, including MetLife, American Express/IDS, New York Life and John Hancock.

• In *In re NASDAQ Market-Makers Antitrust Litigation*, MDL 1023 (S.D.N.Y.), Milberg Weiss served as court-appointed co-lead counsel for a class of investors. The class alleged that the NASDAQ market-makers set and maintained wide spreads pursuant to an industry-wide conspiracy in one of the largest and most important antitrust cases in recent history. After three and one half years of intense litigation, the case was settled for a total of $1.027 billion, the largest antitrust settlement ever.

• *In re Washington Public Power Supply System Security Litigation*, MDL 551 (D. Ariz.). A massive litigation in which Milberg Weiss served as co-lead counsel for a class that obtained settlements totaling $775 million after several months of trial.

• In *In re American Continental Corp./Lincoln Savings & Loan Security Litigation*, MDL 834 (D. Ariz.), Milberg Weiss served as the court-appointed co-lead counsel for a class of persons who purchased debentures and/or stock in American Continental Corp., the parent company of the now-infamous Lincoln Savings & Loan. The suit charged Charles Keating, other insiders, three major accounting firms, three major law firms, Drexel Burnham, Michael Milken and others with racketeering and violations of securities laws. Recoveries totaled $240 million on $288 million in losses. A jury also rendered verdicts of more than $1 billion against Keating and others.

• *In re Exxon Valdez*, No. A89-095 Civ. (D. Alaska) and In re Exxon Valdez Oil Spill Litigation, 3 AN-89-2533 (Alaska Super. Ct. 3d Jud. Dist.). Milberg Weiss is a member of the Plaintiffs' Coordinating Committee and co-chair of Plaintiffs' Law Committee in the massive litigation resulting from the Exxon Valdez oil spill in Alaska in March 1989. A jury verdict of $5 billion was obtained and is currently on appeal.

• In *In re Managed Care Litigation*, MDL 1334 (S.D. Fla.). Final approval of a settlement between a

nationwide class of physicians and defendant CIGNA Healthcare valued in excess of $500 million dollars was granted on April 22, 2004. A similar settlement valued in excess of $400 million involving a nationwide class of physicians and Aetna was approved by the Court on November 6, 2003. The settlements stem from a series of lawsuits filed in both state and federal court by physicians and medical associations currently pending against many of the nation's largest for-profit health insurers arising from conduct involving issues dating back to 1990. These settlements bring sweeping changes to the health care industry and involve improvements to physician-related business practices and provides for the establishment of an independent foundation dedicated to improving the quality of health care in America.

• *In re Baldwin United Annuity Litigation*, No. M-21-35 (S.D.N.Y.). Milberg Weiss served as co-lead counsel in this consolidated proceeding on behalf of purchasers of annuities that was settled for over $160 million.

• *In re MicroStrategy, Inc. Securities Litigation*, No. 00-473-A (E.D. Va. 2000). Milberg Weiss served as co-lead counsel in this action, which alleged securities fraud based on a massive restatement. Settlements with the defendants totaled in excess of $150 million.

• In *In re Computer Associates Securities Litigation*, Nos. 98-CV-4839, 02-CV-1226 (TCP) (E.D.N.Y.), Milberg Weiss served as co-lead counsel and obtained a pretrial settlement of 5.7 million shares of the Company's stock (valued at over $134 million at the time the settlement was approved) in these securities fraud class actions.

• In *In re IKON Office Solutions, Inc. Securities Litigation*, MDL 1318, Docket No. 98-4286 (E.D. Pa.), Milberg Weiss served as co-lead counsel and obtained a pretrial settlement of $111 million in this securities fraud class action.

• In *In re W.R. Grace & Co.* (*Official Committee of Asbestos Personal Injury Claimants v. Sealed Air. Corp. and Official Committee of Asbestos Personal Injury Claimants v. Fresenius Medical Care Holdings, Inc.*), Nos. 02-2210 and 02-2211 (D. Del.), Milberg Weiss acted as Lead Counsel for the asbestos personal injury and property damage committees in two separate fraudulent conveyance actions within the W.R Grace bankruptcy. The actions sought to return the assets of Sealed Air Corporation and Fresenius Medical Care Holdings (each of which had been Grace subsidiaries pre-bankruptcy) to the W.R. Grace bankruptcy estate. Complaints in both cases were filed in mid-March 2002, and agreements in principle in both cases were reached on November 27, 2002, the last business day before trial was set to begin in the Sealed Air matter. The total of the two settlements, which consisted of both cash and stock, was approximately $1 billion.

• *In re Kruman v. Christie's International, PLC*, 284 No. 01-7309 (2d Cir. 2002), resulted in the first U.S. Court of Appeals holding that antitrust class actions on behalf of all purchasers injured worldwide can be brought in U.S. courts under U.S. law when an antitrust conspiracy has sufficient effects in the U.S. Decided in March 2002; led to successful settlement in 2003 of claims against Christie's and Sotheby's on behalf of purchasers and sellers at auctions outside the U.S.

• *In re Tyco International Ltd., Securities Litigation*, MDL Docket No. 02-1335-B (D.N.H.). Milberg Weiss is co-lead counsel in this litigation, which involves claims under the Securities Act of 1933 and the Securities Exchange Act of 1934 against Tyco and its former CEO, CFO, general counsel and certain former directors that arise out of Tyco's $5.8 billion overstatement of income and $900 million in insider trading, plus hundreds of millions of dollars looted by insiders motivated to commit the fraud. Claims are also made under the 1933 and 1934 Acts against PricewaterhouseCoopers, LLP, which is alleged to have published false audit opinions on Tyco's financial statements during the Class Period and to have failed to audit Tyco properly, despite knowledge of the fraud. Motions to dismiss were argued on April 4, 2004; decision pending; limited discovery is underway.

• *In re Nortel Networks Corp. Securities Litigation*, Civ. No. 01-CV-1855-RMB (S.D.N.Y.). This federal securities fraud class action was commenced in February 2001 against Nortel Networks Corp and certain of its officers and directors. In February 2002, Milberg Weiss was appointed to serve as sole Lead Counsel for the Class and for the Court-appointed Lead Plaintiff, the Trustees of the Ontario Public Service Employees' Union Pension Plan Trust Fund. In January 2003, the Court sustained the Complaint in its entirety, denying defendants' motion to dismiss and, in September 2003, certified a Class. In certifying the Class, the Court specifically rejected defendants' argument that those who traded in Nortel securities on the Toronto Stock Exchange (and not the New York Stock Exchange) should be excluded from the Class. The Second Circuit denied defendants' attempted appeal.

• *In re Xerox Securities Litigation*, No. 3:99-CV-2374 (AWT) (D. Conn.) and *Carlson v. Xerox Corp.*, No. 3:00-CV-1621 (AWT) (D. Conn.). Milberg Weiss was appointed co-lead counsel in both of these cases. The first case was brought on behalf of a class of purchasers of Xerox common stock from October 22, 1998 (when Xerox first claimed that it was benefiting from a restructuring) through October 7, 1999 (when Xerox finally disclosed the massive problems with the

restructuring that affected its operations and the impact of these problems on its revenues) and alleged misrepresentations regarding Xerox's restructuring. The second case was brought on behalf of a class of purchasers of Xerox common stock from February 17, 1998 through June 28, 2002 and alleged misrepresentations and failure to disclose massive accounting improprieties. As a result of these alleged accounting improprieties, on June 28, 2002 (the last day of the Class Period), Xerox issued a $6.4 billion restatement of equipment sales revenues booked over a five year period.

• *In re the Walt Disney Company Derivative Litigation*, C.A. No. 15452 (Del. Ch., New Castle County). Challenge to Employment Agreement which Board of Directors never reviewed or approved and to payment of severance package without Board oversight. The case is scheduled for trial on October 18, 2004 before the Delaware Chancery Court.

• Milberg Weiss is prosecuting numerous class actions involving a major area of investment abuse: deceptive sales of deferred annuity tax shelters to investors for placement in retirement plans that are already tax-qualified . In *Drnek v. VALIC*, No. CV-01-242 (D. Ariz.), the district court has certified a class and denied defendants' summary judgment motion In *American United Life Insurance Co. v. Douglas*, No. 29A02-0304-CV-350 (Ind. Ct. App.), denial of defendant's summary judgment motion was sustained on interlocutory appeal. The SEC and NASD have begun regulatory programs to address these problems.

• Milberg Weiss is co-lead counsel in *In re Vivendi Universal, S.A. Securities Litigation*, 02 Civ. 5571 (RJH), a securities fraud class action on behalf of U.S. and foreign investors who purchased Vivendi ordinary shares or American Depository Shares. Plaintiffs allege that Vivendi embarked on a $77 billion acquisition spree in order to transform itself into a huge international conglomerate. Throughout the Class Period (October 30, 2000 through August 14, 2002), defendants (and in particular, Vivendi's former CEO and Chairman, Jean-Marie Messier, and Vivendi's former CFO, Guillaume Hannezo) reported strong revenue and earnings, and portrayed Vivendi as a company that was generating sufficient cash flow to satisfy its debt obligations on approximately $21 billion in debt that it had amassed in connection with financing its acquisition binge. However, plaintiffs allege that Vivendi's operations and financial condition were much weaker than what their public statements portrayed. Plaintiffs have already defeated defendants' motions to dismiss the complaint, and are in the midst of discovery that will take place in the U.S. and France (where French regulators are conducting their own formal investigations).

• *Rabi Abdullahi v. Pfizer Inc.*, 01 Civ. 8118 (WHP), (S.D.N.Y.). This is a case in which the firm has brought claims under the Alien Tort Claims act on behalf of Nigerian children and their families who were enrolled in a clinical trial of a drug by Pfizer without their knowledge. Plaintiff alleges that Pfizer's conduct violated the international prohibition on medical experimentation without informed consent when children suffering from meningitis, whose families had brought them to a local hospital for treatment, were secretly enrolled in a clinical trial of the Pfizer drug, Trovan. Plaintiff survived a motion to dismiss for failure to state a claim. The action was then dismissed on forum non-conveniens grounds but the Second Circuit vacated that decision. The case is now back before the trial court.

• In *In re General Instrument Corp. Securities Litigation*, No. 01-3051 (LR) (E.D. Pa.), Milberg Weiss served as co-lead counsel and obtained a pretrial settlement of $48 million in this securities fraud class action.

• *In re Triton Energy Limited Securities Litigation*, Civil Action No. 5-98-CV-256 (E.D. Tex. Texarkana Division), settled for $42 million. Plaintiffs alleged that defendants misrepresented, among other things, the nature, quality, classification and quantity of Triton's Southeast Asia oil and gas reserves during the period March 30, 1998 through July 17, 1998.

# PRECEDENT-SETTING DECISIONS

Milberg Weiss has consistently been a leader in developing the law for investors under the federal securities laws. Since January 1994, the firm has represented individual and institutional plaintiffs in well over 500 class action securities litigations, including many under the PSLRA. In most of those cases, Milberg Weiss has served as lead or co-lead counsel. The firm has also been responsible for establishing many important precedents, including:

• *Blackie v. Barrack*, 524 F.2d 891 (9th Cir. 1975), cert. denied, 429 U.S. 816 (1976). This is the seminal appellate decision on the use of the "fraud-on-the-

market" theory, allowing investors who purchase stock at artificially inflated prices to recover even if they were personally unaware of the false and misleading statements reflected in the stock's price. The court stated that class actions are necessary to protect the rights of defrauded purchasers of securities.

• *Novak v. Kasaks*, 216 F.3d 300 (2d Cir. 2000). The firm was lead counsel in this seminal securities fraud case in which the Second Circuit undertook an extensive analysis of the statutory text and the legislative history of the PSLRA and pre-existing Second Circuit case law. Among other things, the Second Circuit held that the PSLRA's pleading standard for scienter was largely equivalent to the pre-existing Second Circuit standard and vacated the district court's dismissal which sought to impose a higher standard for pleading scienter under the PSLRA. The Second Circuit also rejected any general requirement that plaintiffs' confidential sources must be disclosed to satisfy the PSLRA's newly-enacted particularity requirements.

• *In re Cabletron Securities Litigation*, 311 F.3d 11 (1st Cir. 2002). The First Circuit joined the Second Circuit in allowing a complaint to be based on confidential sources. The Court also accepted the argument made by Milberg Weiss that courts should consider the amount of discovery that has taken place in deciding a motion to dismiss and that the lack of discovery will result in a less stringent standard for pleading securities fraud claims with particularity.

• *Gebhardt v. ConAgra Foods, Inc.*, 335 F.3d 824 (8th Cir. 2003). This important decision upheld plaintiffs' claim that loss causation was properly alleged because "[p]aying more for something than it is worth is damaging." In so ruling, the Eighth Circuit reaffirmed a split on the issue of loss causation between circuits that measure loss as the difference between purchase price and the stock's true value at the date of purchase, and circuits that require that the alleged fraud cause a subsequent decline in value of the original investment. The issue is currently the subject of a case pending before the Supreme Court.

• *In re Advanta Corp. Securities Litigation*, 180 F.3d 525 (3d Cir. 1999), the firm successfully argued that, under the PSLRA, the requisite scienter is pled by making an adequate showing that the defendants acted knowingly or with reckless disregard for the consequences of their actions. As urged by this firm, the Third Circuit specifically adopted the Second Circuit's scienter pleading standard for pleading fraud under the PSLRA.

• *In re NASDAQ Market-Makers Antitrust Litigation*, 169 F.R.D. 493 (S.D.N.Y. 1996). The court certified a class of millions of investors, who were harmed by an industry-wide conspiracy where NASDAQ market-makers set and maintained wide spreads, over defendants' strenuous objections.

• *In re Initial Public Offering Securities Litigation*, 241 F. Supp. 2d 281 (S.D.N.Y. 2003). The Court sustained, in large part, the plaintiffs' complaints against more than 50 underwriters of high-tech stocks in one of the most comprehensive decisions issued under the securities laws. Milberg Weiss serves as the Chair of Plaintiffs' Executive Committee in this landmark litigation.

• *In re Asher v. Baxter International*, 2004 U.S. App. LEXIS 15592 (7th Cir. July 29, 2004), in reversing and remanding the dismissal by the District Court, the Seventh Circuit resolved an important issue involving the PSLRA "safe harbor" for forward-looking statements in plaintiffs' favor. The Court held that whether a cautionary statement is meaningful is an issue of fact, because whether a statement is meaningful or not depends in part on what the defendant knew as well as other issues of fact. Thus, this issue is not appropriately resolved on a motion to dismiss.

• In *In re Vivendi Universal, S.A. Securities Litigation*, 2003 U.S. Dist. LEXIS 19431 (S.D.N.Y. Nov. 3, 2003), Judge Harold Baer upheld plaintiffs' claims under Section 10(b) of the Securities Exchange Act of 1934, which alleged that Vivendi and two of its former executives (CEO Jean-Marie Messier and CFO Guillaume Hannezo) did not disclose to investors that: (1) Vivendi's corporate acquisition programs had brought Vivendi to the brink of a potentially catastrophic liquidity crisis; (2) although it consolidated the financial results of several majority owned subsidiaries, Vivendi did not have access to the cash flows of these entities; (3) Vivendi failed to write down billions of dollars of impaired goodwill from prior acquisitions; and (4) one of Vivendi's U.S. subsidiaries improperly recognized revenue "up front" on the full value of long term contracts. The case is particularly notable because the court held that because of defendants' activities in New York promoting Vivendi stock, defendants' conduct was more than "merely prepatory" to the alleged fraudulent scheme, and thus the court had jurisdiction not only over purchasers of Vivendi ADRs on the NYSE, but also over the claims of foreign purchasers who purchased Vivendi ordinary shares on foreign exchanges.

• *In re Hunt v. Alliance North American Government Income Trust*, 159 F.3d 723 (2d Cir. 1998), the Second Circuit reversed the district court's ruling, which denied plaintiffs a cause of action against defendants for failing to disclose that the Trust was unable to utilize proper "hedging" techniques to insure against risk of loss. In the Court's view, taken together and in context, the

Trust's representations would have misled a reasonable investor.

• **In Shaw v. Digital Equip. Corp.**, 82 F.3d 1194 (1st Cir. 1996), the First Circuit remanded plaintiffs' action after affirming, in part, Milberg Weiss' position that in association with the filing of a prospectus related to the issuance of securities, a corporate-issuer must disclose intra-quarter, materially adverse changes in its business, if such adverse changes constitute "material changes" the disclosure of which is required pursuant to the Securities Act of 1933.

• **In re Salomon Inc. Shareholders Derivative Litigation**, 68 F.3d 554 (2d Cir. 1995). The Second Circuit affirmed the district court's holding that derivative federal securities claims against defendants would not be referred to arbitration pursuant to the arbitration provisions of the Rules of the New York Stock Exchange, but would be tried in district court. Shortly thereafter, the case settled for $40 million, which is among the largest cash recoveries ever recorded in a derivative action.

• **Kamen v. Kemper Financial Services**, 500 U.S. 90 (1991). The Supreme Court upheld the right of a stockholder of a mutual fund to bring a derivative suit without first making a pre-suit demand.

• **Goldman v. Belden**, 754 F.2d 1059 (2d Cir. 1985). The Second Circuit reversed the district court's dismissal of a securities fraud complaint, in an important opinion clarifying the "fraud" pleading requirements of Federal Rules of Civil Procedure, Rule 9(b).

• **Mosesian v. Peat, Marwick, Mitchell & Co.**, 727 F.2d 873 (9th Cir.), cert. denied, 469 U.S. 932 (1984). The Ninth Circuit upheld an investor's right to pursue a class action against an accounting firm, adopting statute of limitation rules for §10(b) suits that are favorable to investors.

• **Hasan v. CleveTrust Realty Investors**, 729 F.2d 372 (6th Cir. 1984). The Sixth Circuit very strictly construed, and thus narrowed, the ability of a "special litigation committee" of the board of a public company to terminate a derivative action brought by a shareholder.

• **Cowin v. Bresler**, 741 F.2d 410 (D.C. Cir. 1984). The Court of Appeals reversed the lower court's dismissal of the complaint. The firm had sought the extraordinary remedy of the appointment of a receiver over the affairs of a public company due to the highly specific allegations of fraud, dishonesty and gross mismanagement by the corporation's controlling shareholders.

• **Fox v. Reich & Tang, Inc.**, 692 F.2d 250 (2d Cir. 1982), aff'd sub nom, **Daily Income Fund, Inc. v. Fox**,

464 U.S. 523 (1984). The court held that a derivative action to recover excessive advisory fees may be brought on behalf of an investment company without any prior demand on the board.

• **Rifkin v. Crow**, 574 F.2d 256 (5th Cir. 1978). The Fifth Circuit reversed an order granting summary judgment for defendants in a §10(b) case, paving the way for future acceptance of the "fraud-on-the-market" rationale in the Fifth Circuit.

• **Bershad v. McDonough**, 300 F. Supp. 1051 (N.D. Ill. 1969), aff'd, 428 F.2d 693 (7th Cir. 1970). The plaintiff obtained summary judgment for a violation of §16(b) of the Securities Exchange Act in which the transaction was structured by the defendants to look like a lawful option. The decision has been cited frequently in discussions as to the scope and purpose of §16(b).

• **Heit v. Weitzen**, 402 F.2d 909 (2d Cir. 1968), rev'g, 260 F. Supp. 598 (S.D.N.Y. 1966). The court held that liability under §10(b) of the Securities Exchange Act extends to defendants who were not in privity with the named plaintiffs or the class represented by the named plaintiffs.

• **In re Cox v. Microsoft**, No. 03-2922 (App. Div. 1st Dep't, June 2004). First appellate ruling in New York state courts that class actions may be pursued in the New York state courts for some antitrust violations on behalf of indirect purchasers under New York deceptive practices laws as well as common law claims for unjust enrichment. May open the door to class action recovery of damages on behalf of New York purchasers of Microsoft software comparable to settlements reached in various other states such as California, where Microsoft settled for approximately $1 billion.

• **In re JLM Industries, Inc. v. Stolt-Nielsen SA**, No. 3:03CV348 (D. Conn. June 24, 2003). Milberg Weiss succeeded in establishing that arbitration of horizontal conspiracy claims arising under Section 1 of the Sherman Act, cannot be compelled on grounds that such claims do not "arise from" the injured person's purchase contract. (Currently on appeal and awaiting decision from the Second Circuit.)

• In **Puckett v. Sony Music Entertainment**, No. 108802/98 (New York Co. 2002), Milberg Weiss achieved a precedent-setting decision in which a class action was certified against Sony Music Entertainment on behalf of a class of recording artists who were parties to standard Sony recording or production agreements entered into at any time during the period of January 1, 1965 to the date of the filing of the complaint in 1998. The complaint alleged that Sony had a policy of treating the value added tax on foreign sales of recordings improperly thereby impermissibly reducing the royalties paid or credited to the class members. Justice DeGrasse

of the New York State Supreme Court determined that class certification was appropriate and that Gary Puckett (of Gary Puckett and the Union Gap fame) and jazz musician and composer Robert Watson were appropriate class representatives to represent the class of artists and producers to whom Sony accounts for foreign record royalties.

Additionally, in the context of shareholder derivative actions, Milberg Weiss has been at the forefront of protecting shareholders' investments by causing important changes in corporate governance as part of the global settlement of such cases.  Cases in which such changes were made include:

• ***In re Marketspan Corporate Shareholder Litigation***, CV No. 98-15884 (N.Y. Sup. Ct.) (settlement agreement required modifications of corporate governance structure, changes to the audit committee and changes in compensation awards and the nominating committee);

• ***Abramsky v. Computer Sciences Corp.***, CV No. 98-00306-JBR(RLH) (D. Nev. 1998) (significant changes to the company's by-laws and governance procedures to enhance shareholder voting rights and the role of outside directors).

# Milberg Weiss Bershad & Schulman LLP

## THE FIRM'S PARTNERS

**MELVYN I. WEISS** received a Bachelor's degree in accounting from Baruch College of the City College of New York in 1957, and a J.D. degree from New York University School of Law in 1959. He was admitted to the Bar of the State of New York in 1960 and is presently a member of the Bar of the United States District Court in the Eastern and Southern Districts of New York, the United States Court of Appeals for the Second, Third, Fifth, Sixth, Seventh, Eighth and Ninth Circuits, and the United States Supreme Court.

Mr. Weiss served as co-chair of the American Bar Association's Litigation Section Class and Derivative Action Committee. He served on that Section's special Federal Rule 23 Revision Study Committee and for six years on the Committee on Corporate Laws of the Corporation and Banking Section. He is the author of "Tender Offers and Management Responsibility," 23 N.Y. L. Rev. 445 (1978), and has authored course materials for the Practising Law Institute's seminars on "Class Actions," "Accountants' Liability," "New Trends in Securities Litigation," "Counseling the Accountant" and prosecuting insurance policyholder litigation. He has lectured throughout the country and Canada in forums conducted by the Practising Law Institute and other institutes and as guest lecturer at New York University School of Law, Hofstra University in New York, Duke Law School and at the Salzburg seminars. He has addressed several accounting associations such as the New York State Society of C.P.A.'s, the National Association of Accountants and National Association of Internal Auditors. He has participated as a panelist in programs for the North American Association of State Securities Administrators and has been frequently quoted as a leading authority on shareholder and consumer rights in the national media. Mr. Weiss is a Fellow of the American College of Trial Lawyers. Mr. Weiss is a trustee of N.Y.U. School of Law and the recipient of its Vanderbilt Medal awarded annually to an outstanding alumni. He has also testified before congressional committees on securities litigation and accountants' liability.

Mr. Weiss's expertise has been recognized on numerous occasions by courts which have appointed him to positions of control in complex litigations. Among the more prominent of these are the Drexel/Milken litigations, in which he recovered over $1 billion for investors in Columbia Savings and Loan, and policyholders in Executive Life Insurance Company of America, and others; In re Washington Public Power Supply System Sec. Litigation, MDL 551 (D. Ariz.), in which Mr. Weiss was one of three court-appointed lead counsel for a class which recovered $775 million; In re U.S. Financial Securities Litigation, MDL 161 (S.D. Cal.), in which he was chairman of Plaintiffs' Steering Committee in a consolidated action that settled for over $50 million; In re Itel Sec. Litig. (N.D. Cal.), where he acted as co-lead counsel in a consolidated securities action that settled for $40 million; In re Chase Manhattan Bank Stockholders Litigation (N.Y. Supreme Court), where he was co-lead counsel and a derivative settlement for $32.5 million was achieved; Prudential Limited Partnership litigation (recovered $110 million); Mercedes Tire Defect litigation (recovered $100 million); New York Life Insurance Policy holder litigation (recovered $300+ million); and Prudential Life Insurance Policyholder litigation (recovered $4 billion).

**DAVID J. BERSHAD** graduated from Cornell University in 1961 with an A.B. degree in Philosophy. He graduated from Columbia Law School in 1964 and while there he participated in the Harlan Fiske Stone Moot Court Honors Competition and was elected a member of Phi Alpha Delta. He has been primarily engaged in the prosecution of complex securities and commercial litigation throughout the United States. Mr. Bershad is a founding member of Milberg Weiss Bershad & Schulman LLP, which is widely recognized as the nation's foremost plaintiffs' class action law firm.

He has served as plaintiff's liaison counsel in In re Baldwin United Corporation Litigation, M.D.L. No. 581, before Judge Brieant in the United States District Court for the Southern District of New York and in such capacity was the prime negotiator of a series of settlements aggregating more than $220 million, the largest federal securities class action settlement recorded at that time. Subsequently, he has led plaintiffs' counsel in a wide ranging selection of cases arising out of the Federal Securities laws as well as Anti Trust and Consumer laws. He has actively negotiated more than 100 complex class action settlements in the areas of securities law, anti trust and consumer rights, including acting as prime negotiator and achieving a $1.07 billion settlement in In re Nasdaq Market Makers Antitrust Litigation, M.D.L. No.1023, at that time the largest antitrust class action settlement. He has recently acted as class lead counsel in the Rite Aid Shareholder Litigation (settled in 2003 for approximately $300,000,000) and the Lucent Shareholder Litigation (agreement to settle for approximately $517,000,000).

A regular panelist on securities law matters for the Practising Law Institute, American Bar Association, American Conference Institute, Glasser Legal Works, and American Law Institute-American Bar Association. Mr. Bershad lectures on the topics of complex litigation, federal securities law, class actions and financial derivatives. He has contributed the plaintiffs' view in a book, Securities Class Actions: Abuses and Remedies, published by the National Legal Center for the Public Interest, and has debated the plaintiffs' view of the world before the Federalist Society. He has also appeared as a legal expert on CNBC and CNN regarding significant business related public interest issues. Mr. Bershad was recently profiled in Fortune magazine's feature story for his leading role in the Lucent Technologies Shareholder case.

**STEVEN G. SCHULMAN** graduated with a B.A. in History, magna cum laude, Phi Beta Kappa, from Williams College in 1973. He earned an M.A. (1975) and an M.A.L.D. (1976) in International Relations from the Fletcher School of Law and Diplomacy at Tufts University. In 1980, Mr. Schulman received his J.D. with Honors from the University of Chicago Law School, where he served on the Law Review and was elected to the Order of the Coif. Thereafter, he served for one year as a law clerk to the Honorable Robert L. Kunzig of the United States Court of Claims in Washington, D.C., following which he associated with Cravath, Swaine & Moore in New York City.

Since joining Milberg Weiss in 1986, Mr. Schulman has been engaged in prosecuting a wide variety of securities fraud class actions and shareholder derivative actions. He has also been actively and extensively involved in shareholder litigations arising from mergers and acquisitions, many of which were litigated in Courts of the State of Delaware. Among Mr. Schulman's significant recent cases, he served as lead trial counsel in In re MicroStrategy, Inc. Securities Litigation (E.D. Va.), which settled for an amount in excess of $150 million. He has also served as lead counsel in the Disney Shareholder Litigation pending in the Delaware Court of Chancery, the In re Nortel Networks Corporation Securities Litigation pending in the Southern District of New York, the In re Williams Securities Litigation pending in the Northern District of Oklahoma and in the In re Raytheon Securities Litigation pending in the District of Massachusetts. He is also significantly involved in the firm's groundbreaking litigation relating to Wall Street's IPO allocation practices.

Mr. Schulman is a member of the Bars of the State of New York and the District of Columbia and is also admitted to practice before the District Court of the Southern, Northern, and Eastern Districts of New York,

the Association of the Bar of the State of New York, the American Bar Association, and the Federal Bar Council. A member of the Association of the Bar of the City of New York, Mr. Schulman served on its Special Committee on Mergers, Acquisitions and Corporate Control Contests. He is a Presidential level member of the Association of Trial Lawyers of America (ATLA) and a Sustaining Fellow in the Roscoe Pound Institute.

Mr. Schulman frequently lectures and participates in professional education panels, some of which include: Civil Practice And Litigation Techniques In Federal And State Courts, organized by ALI-ABA Committee on Continuing Professional Education (11/16-18/00); Key Issues Facing Boards Of Directors: The Coming Tide in Securities Class Actions, organized by AIG, Freeborn & Peters, Milberg Weiss and the National Economic Research Associates (02/22/01); Leveraged Buyouts & Other Private Equity Investments, organized by City Bar Center for CLE - Association of the Bar of the City of New York (09/24/01); The 33rd Annual Institute on Securities Regulations, organized by Practicing Law Institute (11/7/01); Evolution of the Derivative Lawsuit, organized by Professional Liability Underwriting Society (02/06/02); Sarbanes-Oxley Act: Impact on Civil Litigation under the Federal Securities Laws, organized by ALI-ABA Committee on Continuing Professional Education (12/5/02); Corporate Governance and Disclosure, organized by Corporate Communications Broadcast Network (3/20/03); and Seventh Circuit Judicial Conference Corporate Governance Roundtable, organized by The Seventh Circuit Bar Association (05/05/03); The 35th Annual Institute on Securities Regulations, organized by Practicing Law Institute (11/8/03); Life and Health Insurance and Financial Services Litigation: Fallout From "Canary", organized by ALI-ABA Committee on Continuing Professional Education (05/06/04). In addition, Mr. Schulman has co-authored several publications on the subject of securities and shareholder litigation: Leveraged Buyouts – Issues From The Shareholder Plaintiffs' Perspective, (09/01 NY, NY); Developments In Private Securities Litigation Standards And Other Significant Case Law Developments (11/01 NY, NY); Duties and Liabilities of Outside Directors To Ensure That Adequate Information And Control Systems Are In Place – A Study In Delaware Law And The Private Securities Litigation Reform Act of 1995 (02/02 NY, NY); Sarbanes-Oxley Act: The Impact on Civil Litigation under the Federal Securities Laws from The Plaintiffs' Perspective (12/5/02, NY, NY); The Plaintiff's Perspective On Shareholder Class and Derivative Actions Alleging Breach of Fiduciary Duty (3/12/03, NY, NY); Cutting Edge Issues In the New Millennium: Corporate Governance and the Courts - The Sarbanes-Oxley Act and the Impact on Civil Litigation under the Federal

Securities Laws from The Plaintiffs' Perspective (5/5/03, Milwaukee, WI); Fallout From "Canary": Private Civil Litigation and Legal Remedies Beyond Regulatory Measures (5/6/04, Washington D.C.).

**SOL SCHREIBER** received a Bachelor of Arts degree, cum laude, in 1952 from the City College of New York, and his LL.B. from Yale Law School in 1955. He is admitted to the bar of the State of New York, to the United States District Courts for the Southern and Eastern Districts of New York and to the Second Circuit Court of Appeals.

From 1971 through 1978, Mr. Schreiber was a United States Magistrate Judge in the United States District Court for the Southern District of New York where he conducted more than 1,500 criminal and 3,500 civil pretrial hearings and settled approximately 1,000 civil cases. In addition to trying numerous civil and criminal cases, Mr. Schreiber supervised pretrial practice in derivative, class and complex actions in the admiralty, antitrust, aviation, securities, directors' and officers' and product liability fields, including Berkey v. Kodak, Litton v. ATT, the Penn Central Commercial Paper litigation, the New York Times and Readers' Digest gender discrimination, the Argo Merchant-Nantucket stranding, and the Tenerife 747 collision cases.

From November 1978 to January 1982, when he joined Milberg Weiss, Mr. Schreiber served as the President and Chief Executive Officer of a unit of the Federation of Jewish Philanthropies of New York which provided centralized legal, risk management and insurance services for the Federation's hospitals, homes for the aged, and health, education and community service agencies. He was Trial Counsel from 1955 through 1971 and Resident Counsel from 1966 through 1971 of the Brooklyn office of Liberty Mutual Insurance Co.

Mr. Schreiber has been a participant in numerous special project committees for the American Bar Association and the Second Circuit. From 1960 to present, Mr. Schreiber has been the Planning and Program Chairman of more than 125 national programs the ALI-ABA and PLI Continuing Professional Education national courses of study on evidence, civil practice and employment discrimination litigation in federal and state courts. He has been a frequent lecturer at professional programs and workshops on federal and state court civil procedure, federal and state court trial evidence and federal criminal practice and procedure. Mr. Schreiber was Reporter, ABA Advocacy Task Force (1970-1971), which led to the formation of the National Institute for Trial Advocacy.

From 1972 to 1987, he served as an Adjunct Professor at Fordham Law School teaching courses in trial advocacy, product liability, mass torts and insurance disputes. He has been editor for more than 40 CLE course handbooks and major publications on civil practice and litigation, including ALI-ABA's three-volume Civil Practice Guide, Litigation in Federal and State Courts (8th ed. 1998). Mr. Schreiber is a Member, Board of Editors, Moore's Federal Practice (2d ed.).

Presently, Mr. Schreiber is Court-Appointed Special Master in Marcos Human Rights Litigation. He was Special Master in the Pan American Lockerbie cases, the Agent Orange Litigation (March 1982-January 1984), and a series of other complex federal civil cases.

Mr. Schreiber was Judicial Member, Anglo American Exchange on Civil Procedure (March 1974), and Hearing Officer, N.Y. State Master Energy Plan (fall 1979). He is the recipient of the Francis Rawle Award for outstanding achievements in post-admission legal education (ALI-ABA, July 1985) and the Presidential Award, Legal Aid Society (November 1984). Mr. Schreiber is also the Founder and Co-Chair of the Ovarian Cancer Research Fund, Inc.

Mr. Schreiber is a member of the American Bar Association, the New York State Bar Association, the Association of the Bar of the City of New York and the American Law Institute.

**JEROME M. CONGRESS** received a B.A. degree with Honors from Cornell University. From 1960 to 1962 he was a Fulbright Scholar at Oxford University, England, where he studied Philosophy, Politics and Economics. He received an LL.B. degree cum laude from Harvard Law School where he was an editor of the Harvard Law Review during 1963-1964.

He is admitted to practice in the courts of the State of New York, as well as the United States District Court for the Southern and Eastern Districts of New York and the United States Court of Appeals for the Second Circuit. Since graduating from law school, he has spent the bulk of his time in commercial and securities litigation.

**ARNOLD N. BRESSLER** graduated from Case Western Reserve University in 1971 with a Bachelor of Arts degree, magna cum laude, and was elected to Phi Beta Kappa. In 1974 he graduated from Columbia Law School where he was a member of the Board of Editors of the Columbia Law Review and a Harlan Fiske Stone Scholar. Mr. Bressler is admitted to practice in the courts of the State of New York and the State of New Jersey as well as the United States District Court for the Southern and Eastern Districts of New York and the District of New Jersey. He is also a member of the Association of

the Bar of the City of New York. Mr. Bressler is a Managing Partner of the firm and is the head of the firm's Corporate Department, which represents primarily middle market (sales under $100 million) public companies as well as closely held and foreign owned corporations. Approximately 40% of the Department's time is devoted to securities related matters, 30% to mergers and acquisitions, and 30% to general corporate matters. The firm is currently general counsel to a number of publicly traded corporations in the United States as well as several subsidiaries of foreign public corporations.

The firm has represented companies on the New York and American Stock Exchanges as well as NASDAQ companies, taken companies public and managed secondary offerings. Mr. Bressler has specialized in corporate and securities law for over 25 years, primarily representing issuers. Mr. Bressler is the firm's representative to ACL International, an association of international law firms with members in over 40 countries. Mr. Bressler has lectured in Europe and North America on U.S. securities and corporate laws.

Since 1994, Mr. Bressler has served as a director and officer of the Israel Humanitarian Foundation, which supports social service programs in Israel. From 1990 to 1996, Mr. Bressler served as Vice Chairman of the Board of Directors of the Rodeph Sholom School, a private elementary school in New York City.

**MICHAEL C. SPENCER** graduated from Yale University in 1973 with a B.A. degree, magna cum laude, with distinction, in Philosophy. While at Yale, he was elected to Phi Beta Kappa. Mr. Spencer received a J.D. degree from Harvard Law School, cum laude, in 1976. After graduation, he served as a law clerk to the Honorable William Matthew Byrne, Jr., United States District Judge, Los Angeles, California. Upon leaving the clerkship, Mr. Spencer joined Cravath, Swaine & Moore in New York City as an associate. He joined Milberg Weiss in 1986 and became a partner in 1987. He has been engaged in a wide variety of commercial, securities fraud, real estate, antitrust, account liability, fiduciary duty, defamation and banking litigation in state and federal courts. He is admitted to practice in New York and California.

**ROBERT A. WALLNER** received his B.A. degree from the University of Pennsylvania in 1976 graduating magna cum laude. He attended the New York University School of Law, earning his J.D. degree in May 1979. He was elected to the law school's Order of the Coif and served as an editor of the New York University Law Review. Mr. Wallner is admitted to the New York Bar and the United States District Court for

the Southern and Eastern Districts of New York. He is a member of the Association of the Bar of the City of New York where he served as a member of its Federal Courts Committee. Mr. Wallner served as a member of the faculty of the American Bar Association's First Annual National Institute on Securities Litigation and Arbitration, in June 1998. Prior to joining Milberg Weiss, he was associated with Cravath, Swaine & Moore.

**SANFORD P. DUMAIN** attended Columbia University where he received his Bachelor of Arts degree in 1978. He graduated cum laude from Benjamin N. Cardozo School of Law of Yeshiva University in 1981 and was Research Editor of Cardozo Law Review, 1980-1981. Mr. Dumain served as law clerk to Judge Warren W. Eginton, U.S. District Court, District of Connecticut 1981-1982. During the early years of his practice, he also served as an Adjunct Instructor in Legal Writing and Moot Court at Benjamin N. Cardozo School of Law.

Since joining Milberg Weiss in 1984, Mr. Dumain has represented plaintiffs in cases involving securities fraud, consumer fraud, insurance fraud and violations of the antitrust laws. He has lectured for ALI-ABA concerning accountants' liability and has prosecuted several actions against accounting firms.

During 1990, Mr. Dumain served on the trial team for a six-month trial in which the firm represented the City of San Jose, California, that resulted in a verdict for the City against defendants totaling over $18 million plus pre-judgment interest. The City's claims against two of the defendants were settled for $12 million while appeals to the Ninth Circuit were pending. Previously, settlements with eleven other defendants totaled over $12 million.

Judge Janet C. Hall of the District of Connecticut made the following comment in In re: Fine Host Securities Litigation, (Docket No. 3:97-CV-2619 (JCH)): "The court also finds that the plaintiff class received excellent counseling, particularly from the Chair of the Plaintiffs' Executive Committee, Attorney Dumain."

He is admitted to practice to the State Bar of New York, U.S. District Court for the Southern and Eastern Districts of New York and District of Connecticut, and U.S. Courts of Appeals for the First, Second, Sixth, Seventh and Eighth Circuits.

**GEORGE A. BAUER III** earned his B.B.A. degree magna cum laude in 1976 from Bernard M. Baruch College of the City University of New York, where he majored in accounting. He was awarded the Andrew J. Coppola prize in Law from Baruch College. Mr. Bauer

attended New York University School of Law and graduated with a Juris Doctor degree in 1979. Mr. Bauer was admitted as a member of the New York Bar in January 1980 and is also admitted to the United States District Court for the Southern and Eastern Districts of New York. Mr. Bauer is admitted to practice before the United States Supreme Court and the United States Courts of Appeals for the Second and Fourth Circuits.

Mr. Bauer has been actively involved with all phases of class action securities litigation, commercial civil litigation, settlement administration and estate and trust administration, with Milberg Weiss since August of 1979. He is a member of the American Bar Association, the New York State Bar Association, the American Trial Lawyers Association and the New York County Lawyers Association.

Mr. Bauer has played a lead role in documenting and effectuating the settlements in numerous complex securities litigations including In re NASDAQ Market-Makers Antitrust Litigation, MDL 1023, In re Drexel Burnham Lambert Group, 90 Civ. 6954(MP)(S.D.N.Y.), In re Michael Milken & Associates Sec. Litig., M.D.L. 924, and In re Prudential Securities Inc. Limited Partnerships Sec. Litig., M.D.L. 1005, and In re PaineWebber Limited Partnership Litigation, Master File No. 94 - Civ. 8547(SHS) (S.D.N.Y.).

**BARRY A. WEPRIN** graduated from Harvard College in 1974. He received a J.D. from the New York University School of Law in 1978, and a Master of Public Affairs from the Woodrow Wilson School of Princeton University in 1978. While in law school, Mr. Weprin was Notes and Comments Editor of the New York University Law Review.

After graduation, he served as law clerk to Judge Charles P. Sifton of the United States District Court for the Eastern District of New York. Following his clerkship, Mr. Weprin was associated with the law firm of Wachtell Lipton Rosen & Katz where he specialized in commercial and securities litigation. From 1985 to 1989 he served as general counsel to the New York State Housing Finance Agency and the New York State Medical Care Facilities Finance Agency, two agencies that issue tax exempt bonds for financing nonprofit medical facilities and qualified housing projects.

Since joining Milberg Weiss in 1989, he has specialized in securities and insurance litigation. Mr. Weprin has served as co-lead counsel in a number of complex securities class action litigations, including In re All Star Inns Securities Litigation (S.D.N.Y.), In re York Research Securities Litigation (S.D.N.Y.), and Bharucha v. Reuters, PLC (E.D.N.Y.). He was one of the principal attorneys in the sales practice litigations against

The New York Life Insurance Company, The John Hancock Mutual Life Insurance Company, and The Prudential Life Insurance Company.

In approving the settlement in the Allstar Inns case, Judge Peter Leisure stated:

We have a situation here which is a classic example of the benefits to be derived through the class action vehicle, to have the high quality representation of the class. The reputation of counsel . . . Barry Weprin of Milberg Weiss, precedes them to this court and I'm familiar in other matters with the case in which these lawyers work.

The class was indeed fortunate to have lawyers of this caliber on this matter and the court is satisfied that the class was well-represented and had the benefits of the quality of representation that would not have otherwise been available if the class action vehicle had not been used.

Mr. Weprin has served as a town Councilman for the Town of Mamaroneck, New York, since January 1994. From 1992 through 1994 he was vice-chairman of the Town of Mamaroneck Housing Authority.

Mr. Weprin is a member of the American Bar Association, the Association of the Bar of the City of New York, the New York County Lawyers Association, and the New York State Bar Association. He is admitted to practice in New York, the United States District Court for the Southern and Eastern Districts of New York, the United States Court of Appeals for the Second Circuit, and the United States Supreme Court.

**DAVID A. P. BROWER** received his A.B degree from Columbia College of Columbia University in 1979. He received his J.D. degree from Georgetown University Law Center in 1982, and attended the University of London in 1980, where he studied comparative and international commercial law. Mr. Brower is admitted to the Bar of the State of New York, and admitted to practice before the Supreme Court of the United States; the United States Courts of Appeals for the First, Second, Fourth, Fifth, Sixth, Tenth and Eleventh Circuits; and the United States District Court for the Southern District of New York. Mr. Brower is also a member of National Association of Securities and Commercial Law Attorneys, and lectures before professional organizations in the areas of securities regulation and litigation. Mr. Brower has extensive experience in complex shareholder derivative and securities, commodities, consumer protection, environmental, antitrust, and RICO class action litigation.

**RICHARD H. WEISS** received an A.B. degree summa cum laude from Princeton University in 1979. In 1980, he received an M.Phil. degree in International Relations from Cambridge University, England. He graduated from Yale Law School in 1983. He is admitted to practice in the State of New York, the United States District Court for the Eastern and Southern Districts of New York, the United States Court of Appeals for the Second and Sixth Circuits, United States Supreme Court, and the United States Claims Court.

**DEBORAH CLARK-WEINTRAUB** attended St. John's University and received a B.A. degree summa cum laude in 1981. She received the President's Award upon graduation for attaining the highest academic average among the graduates of St. John's College of Liberal Arts and Sciences. Mrs. Weintraub attended Hofstra University School of Law and received her J.D. degree, with distinction, in 1986. She was a member of Law Review (1984-1985) and served as Research Editor (1985-1986). Following graduation, Mrs. Weintraub served as a law clerk to the Honorable Jacob Mishler, United States District Judge, United States District Court for the Eastern District of New York (1986-1987). She was admitted to the New York Bar in March 1987 and also is admitted to the United States District Court for the Southern and Eastern Districts of New York. She is a member of the American Bar Association, the New York State Bar Association, the Association of the Bar of the City of New York, and the New York County Lawyers' Association.

**BRAD N. FRIEDMAN** received an A.B. degree in Government from Cornell University in 1982 and a J.D. cum laude from New York University School of Law in 1986, where he was a member of the Order of the Coif and an editor of the New York University Law Review. Upon graduation from law school, he began a one-year judicial clerkship with the Honorable Max Rosenn, United States Court of Appeals for the Third Circuit. Mr. Friedman has recovered billions of dollars on behalf of injured plaintiffs, including as lead counsel in numerous "vanishing premium" and "churning" life insurance sales practice class actions (including cases again Prudential and Metropolitan Life). In 2002, Mr. Friedman acted as lead counsel on behalf of various asbestos committees in the W.R. Grace bankruptcy, and successfully recovered approximately $1 billion through a fraudulent conveyance litigation. Mr. Friedman also has an active securities and plaintiffs' "mass tort" practice. He is admitted in the courts of the State of New York and New Jersey, as well as the United States Courts of Appeals for the Third and Fifth Circuits, and the United States District Courts for the Southern and Eastern Districts of New York and the District of New Jersey. He is a member of the Federal Bar Council, the American Bar Association, the American Trial Lawyers Association, the New York State Bar Association and the New York City Bar Association.

**JOSHUA H. VINIK** graduated with honors from the State University of New York at Oneonta in 1983 where he majored in Economics. He graduated cum laude from Brooklyn Law School and was admitted to the New York State Bar in 1987. He was admitted to the United States District Court for the Southern and Eastern Districts of New York in 1988. Mr. Vinik clerked for Magistrate (now Judge) Carol B. Amon of the United States District Court for the Eastern District of New York. He is a member of the American Bar Association, the New York State Bar Association and the Association of the Bar of the City of New York.

**JEFF S. WESTERMAN** received his B.A. degree from Northwestern University in 1977, where he was selected to two senior honorary societies. He received his Juris Doctorate degree from the University of Pittsburgh in 1980, where he was a member of Law Review from 1978 to 1980. He is admitted to practice in the courts of the State of California, as well as the United States District Court for the Central District of California, the United State Court of Appeals for the Ninth Circuit and the United States Supreme Court.

Mr. Westerman is an ex-officio member, and was a member (2001-2003) and Co-Chair (2002-2003) of the Central District of California Attorney Delegation to the United States Ninth Circuit Judicial Conference. He was appointed to the Central District of California, U.S. Magistrate Judge Merit Selection Panel in 2003 and the standing committee on Attorney Discipline in 2004. He is also a member of the Central District of California Attorney Settlement Officer Panel (1998- ).

He is a member of the Los Angeles County and Federal Bar Associations; the State Bar of California. He was on the California State Bar Task Force on Complex Litigation, and Chair of the Judicial Education Subcommittee (1997). Over the years, Mr. Westerman has been active in the Association of Business Trial Lawyers where he served on the Board of Governors (1997-2001), as Treasurer (2001), Secretary (2002-2003) and Vice President (2003- ). He was recently invited to join the Board of Governors of the Consumer Attorneys Association of Los Angeles (2003- ).

Mr. Westerman is also a member of the Los Angeles County Bar Complex Courts Bench-Bar Committee, and the Bench-Bar Civil Courts Committee; and has served

as Judge Pro Tem in the Los Angeles Small Claims Court in 1987-1988, 1990, 1992-1993 and 1996-1997.

Mr Westerman's practice is primarily in the areas of securities fraud class actions, shareholder derivative actions and corporate mergers and acquisition litigation. He served as lead or co-lead counsel in cases resulting in significant corporate governance changes and shareholder recoveries totaling more than $330 million.

Mr. Westerman has also been the moderator or speaker for programs on developments in class action practice, settlements, the Sarbanes-Oxley Corporate Responsibility Act, shareholder derivative actions and trends in business litigation.

**EDITH M. KALLAS** graduated from the Juilliard School in 1984 with a B.M. in Music Performance and from the Fashion Institute of Technology with an A.A.S., summa cum laude. She graduated with a J.D. from Benjamin N. Cardozo School of Law in 1987, where she was a member of the Moot Court Board. Ms. Kallas is admitted to the New York State Bar, the United States District Court for the Southern and Eastern Districts of New York and the United States Courts of Appeal for the Second, Third and Sixth Circuits. She is also a member of the Association of the Bar of the City of New York, the New York State Bar Association and the New York County Lawyers' Association.

Ms. Kallas is presently a Managing Partner of the Firm and concentrates her practice primarily in the areas of Healthcare and Securities Litigation. Her clients include: the Medical Society of the State of New York, the Connecticut State Medical Society, the Medical Society of New Jersey, South Carolina Medical Association, Tennessee Medical Association, North Virginia Medical Societies, North Carolina Medical Society, Washington State Medical Association, Hawaii Medical Association, Alaska Medical Association, Vermont Medical Society, El Paso County Medical Society of Colorado, and the California Chiropractic Association.

Ms. Kallas is the co-author of "Gender Bias and the Treatment of Women As Advocates," Women in Law 1998. Ms. Kallas has also participated as a Faculty Member and/or Speaker in the following conferences: "Class Action Health Care Litigation," ALI-ABA Health Care Law and Litigation Conference, 1999; "Class Actions: HMOs and Health Care Providers Under Attack, "ALI-ABA Life and Health Insurance Litigation Conference, 2000; "Providers (Suits by Doctors and Hospital Class Actions), "ALI-ABA Health Care Law and Litigation Conference, 2000; "The Application of ERISA and RICO Theories in the Age of Managed Care,"The Judges and Lawyers Breast Cancer Alert, 2000; "Health Care Litigation: What You Need to Know After Pegram," Practicing Law Institute, 2000; "Provider Suits by Doctors and Hospitals v. HMOs," ALI-ABA Health Care Law and Litigation Conference, 2001; The Joint Seminar Session of the School of Allied Health and Health Law Section at Quinnipiac University School of Law, 2001; The CLE Conference presented by the American Society of Medical Association Counsel, 2002; "The Unique Role of The Medical Society Effectively Litigating for Change in the Healthcare Arena", American Academy of Otolaryngology Presidential - Board of Governors Special Seminar 2002.

**PAUL D. YOUNG** received his B.A. magna cum laude from Yale University in 1981. He was elected to Phi Beta Kappa and granted Distinction in the History Major. As a Fulbright Scholar, he studied at the Universitaet Bielefeld, Germany from 1981 to 1983. He graduated from Columbia University School of Law in 1986, where he was named a Harlan Fiske Stone Scholar. He is admitted to practice before the United States District Court for the Southern, Northern and Eastern Districts of New York and the United States Courts of Appeals for the First, Second, Fourth, Fifth and Seventh Circuits and the United States District Court for the District of Arizona. He is a member of the New York City Bar Association.

Selected published decisions: In re APAC Teleservices, Inc. Sec. Litig., No. 97 Civ. 9145 (BSJ), 1999 U.S. Dist. LEXIS 17908 (S.D.N.Y. Nov. 19, 1999); In re Ashanti Goldfields Sec. Litig., 184 F. Supp. 2d 247 (E.D.N.Y. 2002); In re Ashanti Goldfields Sec. Litig., No. 00 CV 717 (DGT)(RML), 2003 U.S. Dist. LEXIS 724, (E.D.N.Y. Jan. 7, 2003); Berwecky v. Bear, Stearns & Co., 197 F.R.D. 65 (S.D.N.Y. 2000); Dorchester Investors v. Peak Int'l Ltd., 134 F. Supp. 2d 569 (S.D.N.Y. 2001); Dorchester Investors v. Peak TrENDS Trust, No. 99 Civ. 4696 (LMM), 2002 U.S. Dist. LEXIS 3067 (S.D.N.Y. Feb. 26, 2002); Dorchester Investors v. Peak TrENDS Trust, No. 99 Civ. 4696 (LMM) (FM), 2003 U.S. Dist. LEXIS 1446 (S.D.N.Y. Feb. 3, 2003); In re Gen. Instrument Corp. Sec. Litig., No. 96 C 1129, 2000 U.S. Dist. LEXIS 17078 (N.D. Ill. Nov. 22, 2000); Hunt v. Alliance N. Am. Gov't Income Trust, Inc., 159 F.3d 723 (2d Cir. 1998); Lipinski v. Skinner, 781 F. Supp. 131 (N.D.N.Y. 1991); In re MTC Elec. Techs. S'holder Litig., 898 F. Supp. 974 (E.D.N.Y. 1995); In re MTC Elec. Techs. S'holder Litig., 993 F. Supp. 160 (E.D.N.Y. 1997); Olczyk v. Cerion Techs., Inc., 721 N.E.2d 732; (Ill. App. Ct. 1999); Siemer v. Assocs. Fin. Servs., No. CV-97-281-TUC-JC (JMR), 1999 U.S. Dist. LEXIS 22784, (D. Ariz. July 23, 1999); Siemer v. Assocs. First Capital Corp, No. CV 97-281 TUC JMR (JCC), 2001 U.S. Dist. LEXIS 12810 (D. Ariz. Mar. 30, 2001); Siemer v. Assocs. First Capital Corp., No. CV 97-

281-TUC-JC (JMR), 2000 U.S. Dist. LEXIS 21244, (D. Ariz. Dec. 14, 2000). He was a guest lecturer on predatory lending at the annual meetings of the NAACP in July 2001 and July 2002.

**WILLIAM C. FREDERICKS** graduated with High Honors from Swarthmore College in 1983 with a B.A. in political science, and earned his M.Litt. degree in International Relations from Oxford University (England) in 1988. In 1988, he also received his J.D. degree from Columbia University, where he was a three-time Harlan Fiske Stone Scholar, a Columbia University International fellow, an articles editor of The Columbia Journal of Transnational Law, and the recipient of the Beck Prize in property law, the Toppan Prize in advanced constitutional law, and the Greenbaum Prize for written advocacy. A panel chaired by Justice Antonin Scalia also awarded Mr. Fredericks the Gov. Thomas E. Dewey Prize for best oral argument in the final round of the 1988 Harlan Fiske Stone Moot Court Competition. After graduating from law school, Mr. Fredericks clerked for the Hon. Robert S. Gawthrop III of the U.S. District Court for the Eastern District of Pennsylvania from 1988-89, and then worked as an associate at Simpson Thacher & Bartlett and Willkie Farr & Gallagher.

At Milberg Weiss, Mr. Fredericks specializes in securities and other complex commercial litigation. In the securities area, Mr. Fredericks has represented investors in numerous class actions in which Milberg Weiss has been appointed sole or co-lead counsel, including In re Rite Aid Securities Litig. (E.D.Pa.); Bassman v. Union Pacific Corp. (N.D.Tex.); In re MobileMedia Inc. Securities Litig. (D.N.J.); In re Olsten Corp. Sec. Litig. (E.D.N.Y.); Chu v. Sabratek Corp. (N.D. Ill.); Schaffer v. Evolving Systems, Inc. (D. Col.); In re New Era of Networks, Inc. (D.Colo) Lirette v. Shiva Corp. (D. Mass.); Bell v. Fore Systems, Inc. (W.D.Pa. 1998); In re Cabletron Systems Inc. Securities Litig. (D.N.H.); In re Vivendi Universal S.A. Securities Litig. (S.D.N.Y.), and Irvine v. Imclone Systems, Inc. (S.D.N.Y.). Mr. Fredericks has also successfully represented several institutional clients (including Mexico's TV Azteca and Australia's Australis Media Group) in private commercial disputes at both the trial and appellate level. See, e.g., National Broadcasting Co. (NBC) v. Bear Stearns & Co., et al., 165 F.3d 184 (2d Cir. 1999); News Ltd. v. Australis Holdings Pty. Ltd., 728 N.Y.S. 2d 667 (1st Dep't 2001) and 742 N.Y.S. 2d 190 (1st Dep't 2002).

Mr. Fredericks has been a panelist on various securities litigation programs sponsored by different organizations, including the Practicing Law Institute. He is the author, most recently, of "Recent Developments in Civil Securities Fraud Litigation" (with Melvyn I. Weiss) in SEC Disclosure Accounting and Enforcement (Glasser LegalWorks, April 2002). Mr. Fredericks is admitted to practice before the courts of New York State, the United States District Courts for the Southern and Eastern Districts of New York and the District of Colorado, and the United States Courts of Appeal for the Second, Third, Sixth and Tenth Circuits. He has also been admitted pro hac vice by, and argued before, the Supreme Court of the State of New Jersey (see Kaufman v. I-Stat Corp., 165 N.J. 94 (2000). Mr. Fredericks is a member of the Association of the Bar of the City of New York, and is a former chairman of the Association's Committee on Military Affairs and Justice.

**JANINE L. POLLACK** graduated from Rutgers University with high honors in 1986 with a Bachelor of Arts, majoring in English and French. While at Rutgers, she was elected a member of Phi Beta Kappa. She also spent a semester studying at New York University in France. Ms. Pollack graduated from the University of Pennsylvania Law School in 1989, and was a member of the Journal of International Business Law. She was admitted to the New York State Bar in 1990. She was also admitted to the New Jersey State Bar in 1989, as well as the U.S. District Court for the District of New Jersey. In 1990, Ms. Pollack was admitted to the U.S. District Court for the Southern and Eastern Districts of New York. She is a member of the American Bar Association.

**KIRK E. CHAPMAN** graduated cum laude from Harvard University in 1985 with a B.A. degree in biochemistry. He received his J.D. in 1989 from the University of Chicago where he was a member of the Legal Forum publication. He is admitted to practice in the Courts of the State of New York as well as the United States District Courts for the Southern and Eastern Districts of New York. His major practice areas are securities fraud class actions and employment discrimination matters.

**SALVATORE J. GRAZIANO** is a partner of the Firm and member of the Firm's Management Committee. Mr. Graziano, an experienced trial attorney, has taken a leading role in a number of the Firm's major securities fraud class actions including cases against: (i) Raytheon Company and PricewaterhouseCoopers LLP, total recoveries of $460 million (pending final court approval); (ii) MicroStrategy, Inc. and PricewaterhouseCoopers LLP, total recoveries valued at approximately $200 million; (iii) i2 Technologies, Inc., total recovery of $84.85 million (pending final court

approval); and (iv) Aetna Inc., total recovery of $82.5 million.

Mr. Graziano has achieved significant legal precedent at the district and appellate court level nationwide, including the seminal Second Circuit decision of Novak v. Kasaks, 216 F.3d 300 (2d Cir. 2000), interpreting the pleading standards of the Private Securities Litigation Reform Act of 1995. Mr. Graziano has served as a panelist on numerous securities litigation programs.

Mr. Graziano graduated from New York University School of Law in 1991, cum laude. Upon graduation from law school, Mr. Graziano served as an Assistant District Attorney in the Manhattan District Attorney's Office until he joined Milberg Weiss in 1995. Mr. Graziano is admitted to practice before the courts of New York State, the United States District Courts for the Southern and Eastern Districts of New York and the United States Courts of Appeal for the Second and Eleventh Circuits.

**DOUGLAS J. RICHARDS** earned his A.B. in 1977 from the University of Chicago, majoring in Economics, and earned his J.D. in 1981 from Harvard Law School. Before joining Milberg Weiss in June 2000, he served for nearly three years as Deputy General Counsel of the Commodity Futures Trading Commission (CFTC) in Washington, D.C. Before joining the CFTC, he was a litigator for more than 12 years with O'Sullivan Graev & Karabell, LLP in New York; first as a litigation associate, from 1985-89, and then as a litigation partner from 1989 to October 1997 when he left to join the CFTC. From 1981 to 1985, he was a litigation associate with Cahill Gordon & Reindel in New York.

An experienced commercial litigator with particularly extensive background in litigation relating to trade regulation and corporate finance, Mr. Richards is admitted to practice before the United States Supreme Court; the U.S. Court of Appeals for all Circuits except the First and Federal Circuits; the U.S. District Courts for the Southern, Eastern, Northern and Western Districts of New York; the District of Connecticut; and all New York State Courts. He has argued more than twenty appeals in the federal and state courts of appeals, including more than a dozen appeals in the Second Circuit. He is a member of the American Bar Ass'n (Antitrust Section), the Antitrust Section of the Association of the Bar of the City of New York, the Advisory Board of the American Antitrust Institute, and the New York State Bar Association (Commercial and Federal Litigation Section, Committee on Civil Practice Law and Rules).

**MICHAEL M. BUCHMAN** attended North Carolina State University's Textile Engineering & Management program, later graduating cum laude from Alfred University where he received a Bachelor of Arts and Divisional Honors in History in 1998. In 1992, he received a J.D. from The John Marshall Law School where he was a member of an award winning International Moot Court team. The following year, he received an LL.M. in International Antitrust and Trade Law from Fordham University School of Law.

Prior to joining the firm, Mr. Buchman served as an Assistant Attorney General for the New York State Department of Law – Antitrust Bureau. He specializes in antitrust class actions that have resulted in significant settlements, including the NASDAQ Market-Makers Antitrust Litigation, MDL 1023 (S.D.N.Y.), which is one of the largest antitrust settlements in the history of the Sherman Act ($1.027 billion).

Mr. Buchman is the author of What's In a Name? – The Diversity Death Knell for Underwriters of Lloyd's of London and Their Names, International Insurance Law Review, October 1996. Mr. Buchman has also co-authored an article entitled Dealer Terminations in New York as a member of the Antitrust and Trade Regulation Committee of the Association of the Bar of the City of New York. He has also served as a lecturer for the Practicing Law Institute on state unfair deceptive acts and practices statutes.

Mr. Buchman is admitted to the Bars of the States of Connecticut and New York and the United Stated District Courts for the Southern and Eastern Districts of New York, the Districts of Arizona and Connecticut, the United States Court of Appeals, Second Circuit, and the U.S. Court of International Trade.

**ARIANA J. TADLER** graduated from Hamilton College in 1989 with a Bachelor of Arts degree. In 1992, she received her J.D. from Fordham University School of Law, where she was the Articles and Commentary Editor of the Fordham Urban Law Journal, a member of the Moot Court Board and the 1990 recipient of the American Jurisprudence Award in Criminal Law. She is the co-author of "Damages in Federal Securities Litigation," Securities Litigation 1991: Strategies and Current Developments, Practicing Law Institute, 1991.

Ms. Tadler has extensive experience litigating complex securities class actions, including certain high profile, fast-paced cases. In less than four years, she litigated three cases in the Eastern District of Virginia (aka the "Rocket Docket"), including In re MicroStrategy Securities Litigation, in which plaintiffs' counsel negotiated settlements valued at more than $150 million with the company and the auditor. Ms. Tadler is

also one of the principal liaison counsel on behalf of plaintiffs in the Initial Public Offering Securities Litigation, which is pending before Judge Shira A. Scheindlin in the United States District Court for the Southern District of New York. In that capacity, she manages on a day-to-day basis 309 separate class actions which have been coordinated for pretrial purposes. Among the thousands of defendants in these actions are 55 of this nation's most prominent investment banks and more than 300 corporate issuers.

Ms. Tadler has attended numerous lectures and seminars nationwide at which she has been a selected speaker on various topics. Recent conferences include: National Economic Research Associates: IPO Allocation; American Bar Association: Pros and Cons of Laddering Cases; Directors and Officers Symposium: An Overview of the Mediation Process; and Practicing Law Institute, Symposium: "D&O Liability and Insurance 2004: Directors & Officers Under Fire." She is also a member of the firm's Management Committee and Hiring Committee and one of seven partners chosen to mentor the firm's associates.

Ms. Tadler is admitted to the Bars of the States of New York and New Jersey, as well as the United States District Court for the Southern and Eastern Districts of New York, the District of New Jersey and the United States Court of Appeals for the Third Circuit. She is a member of the American Bar Association, the Association of Trial Lawyers of America, the New York State Bar Association and the New York County Lawyers Association. Ms. Tadler is also involved in various charity and community organizations.

**LEE A. WEISS** earned his undergraduate degree from Emory University in 1988 and his J.D., with honors, from George Washington University in 1991. Mr. Weiss focuses his practice primarily on class actions on behalf of defrauded investors and consumers, as well as complex commercial litigation. His extensive securities fraud litigation experience includes significant settlements for class members in In re IKON Office Solutions Securities Litigation (E.D. Pa.) and In re Computer Associates Securities Litigation (E.D.N.Y.). Additionally, Mr. Weiss currently represents purchasers of deferred variable annuties in several securities fraud class actions in which Milberg Weiss has been appointed sole lead counsel, including Drnek v. Variable Annuity Life Ins. Co. (D. Ariz.) and Nelson v. Pacific Life Insurance Company (S.D. Ga.).

Mr. Weiss is a member of the firm's hiring and technology committees, and serves as a mentor to the firm's associates.

In addition to the New York State Bar, Mr. Weiss is admitted to the United States District Courts for the Southern and Eastern Districts of New York, and the United States Courts of Appeal for the Fourth and Eleventh Circuits. He is also a member of the American Bar Association.

**LORI G. FELDMAN**, a member of the firm, protects the rights of shareholders in federal and state courts across the nation. She is admitted to the Bars of the States of Washington and New York and her daily responsibilities include managing the firm's Seattle practice.

Ms. Feldman was recently named a "Rising Star of Washington Law" by her fellow practitioners in Seattle. Rising Stars are considered to be Washington's top young lawyers.

In addition to lecturing frequently on class action practice, she now serves as Co-Chair of the Continuing Legal Education Committee of The Federal Bar Association of the Western District of Washington.

Ms. Feldman is currently representing shareholders in litigation involving, among others, Amazon.com (W.D. Wash.), SpectraLink Corporation (D. Colo.), ConAgra Foods (D. Neb.), Rhythms Net Connections (D. Colo.), and Gilead Sciences, Inc. (N.D. Cal.), and Paradigm Medical (D. Utah). She recently assisted in recovering millions of dollars for class members in litigation involving Cutter & Buck (W.D. Wash.), InaCom (D. Del.), Secure Computing (N.D. Cal.) and Micro Focus (N.D. Cal.).

She graduated with high honors from Albany Law School of Union University, where she served as an Editor of the Albany Law Review. Ms. Feldman attended the State University of New York at Albany, where she graduated magna cum laude.

**ELAINE S. KUSEL** graduated from Boston University in 1987 with degrees in economics and international relations. After college Ms. Kusel spent eight years working in the U.S. House of Representatives where she eventually served as Legislative Director and Counsel to a Member of Congress serving on the House Commerce Committee. While working full time, Ms. Kusel attended the George Washington University law school as a full time student, graduating in 1994. Ms. Kusel's practice includes securities fraud litigation, mass torts and international human rights law. Among the notable cases she has helped prosecute in each area are In re Lucent Technologies Securities Litigation, Baycol,

and Abdullahi v. Pfizer a case in which she represents Nigerian children enrolled in a clinical trial by Pfizer without their families informed consent.

Ms. Kusel is admitted to practice in the State of New York, and before the federal courts in the Southern District of New York and Eastern District of Michigan. She is a member of the Association of Trial Lawyers of America, the New York State Bar Association and the American Bar Association. Ms. Kusel also co-chairs the summer associate program for the firm's New York office.

**DANIEL B. SCOTTI** graduated from the George Washington University in 1990 with a B.B.A. in Finance, and in 1993 received his J.D. from the Southwestern University School of Law where he was the recipient of American Jurisprudence Awards in both Criminal Law and Legal Writing. In 1994, Mr. Scotti received an LL.M. in Securities Regulation from the Georgetown University Law Center. Upon graduation, Mr. Scotti joined the litigation department of Prudential Securities Incorporated where he defended the firm at more than fifty securities arbitration hearings in just one year. From 1995 though 1997, Mr. Scotti was associated with the Chicago law firm of Ungaretti & Harris, where he continued to hone his skills as a securities litigator.

Mr. Scotti has extensive experience litigating a number of complex securities class actions which have resulted in very favorable settlements for class members, including:  In re MicroStrategy, Inc. Sec. Litig. (E.D. Va.); In re Box Hill Systems Sec. Litig. (S.D.N.Y.); In re Penn Treaty American Corp. Sec. Litig. (E.D. Pa.); In re Motorola, Inc. Sec. Litig. (N.D. Ill.).  In addition to prosecuting several prominent securities class actions, Mr. Scotti is currently litigating a copyright infringement action against Ted Koppel and ABC News on behalf of an award-winning freelance journalist.  Mr. Scotti also co-chairs the summer associate program for the firm's New York office.

Mr. Scotti joined Milberg Weiss in 1997 and is licensed to practice in the state courts in New York, New Jersey, California and Illinois and before the U.S. District Courts for the Southern and Eastern Districts of New York, the Central District of California, and the Northern District of Illinois.  Mr. Scotti is a member of the New York State and American Bar Association.

**RACHEL S. FLEISHMAN** graduated from New York University in 1989 with a B.A. in Politics.  She received her J.D. from St. John's University School of Law, cum laude, in 1992, where she was an Articles Editor of the ST. JOHN'S LAW REVIEW.  Ms.

Fleishman served as a law clerk to United States District Judge Jed S. Rakoff.

Prior to joining Milberg Weiss in 2002, Ms. Fleishman was associated with the law firms Dewey Ballantine and Fried Frank Harris Shriver & Jacobson. At those firms, Ms. Fleishman's practice included a broad range of complex commercial litigation and securities litigation, as well as representing clients in SEC, NASD and criminal investigations. Ms. Fleishman's clients have included investment banks, top-tier banks and lending institutions and a variety of major manufacturing companies.

At Milberg Weiss, Ms. Fleishman's practice includes securities litigation complex commercial litigation.

Ms. Fleishman is admitted to the bar in New York and Massachusetts.  Ms. Fleishman is also admitted to practice before the Sixth and Eleventh Circuit Courts of Appeals and the United States District Courts in the Southern, Eastern and Western Districts of New York.

**BETH A. KASWAN** received her Bachelor of Business Administration from the University of Miami in 1973 and her J.D. from Boston College Law School in 1976.  After law school she worked briefly at Peat, Marwick, Mitchell & Co., and in 1977 became a trial attorney with the U.S. Department of Justice, Tax Division.  Ms. Kaswan was then the Government's lead trial counsel in a 13 month bench trial that resulted in landmark decisions by the M.D. of Pa. and 3rd Circuit setting aside an LBO as a fraudulent conveyance and imposing fiduciary liability on selling shareholders, U.S. v. Gleneagles Inv. Co.

Ms. Kaswan joined the U.S. Attorney's office for the Southern District of New York in 1985.  There she served as an Assistant U.S. Attorney in the Civil Division and later as chief of its Commercial Litigation Unit, and deputy chief of the division.  She received the Justice Department's John Marshall award for her representation of the I.R.S. in the Drexel reorganization.

Ms. Kaswan is a member of the Bars of the State of New York and Massachusetts and is admitted to practice in the U.S. District Court for the Southern District of New York and the U.S. Court of Appeals for the Second Circuit.

**BENJAMIN Y. KAUFMAN** earned his undergraduate degree from Yeshiva University (B.A., 1985) and his law degree from Benjamin N. Cardozo School of Law, Yeshiva University (J.D. 1988) where he was a Belkin Fellow, Belkin Scholar, and a member of the Cardozo Arts and Entertainment Law Journal. Mr.

Kaufman also received a Masters degree in Business Administration from the Stern School of Business of New York University (M.B.A., Finance 1999). Prior to joining Milberg Weiss in August of 1998, Mr. Kaufman was a Court Attorney for the New York State Supreme Court, New York County (1988-1990) and Principal Law Clerk to Justice Herman Cahn of the Commercial Division of the New York State Supreme Court, New York County (1990-1998). Mr. Kaufman is a member of the bars of New York, New Jersey, the United States District Courts for the Districts of New York and New Jersey and the United States Court of Appeals for the Fourth Circuit.

Mr. Kaufman focuses on class actions on behalf of defrauded investors and consumers as well as complex commercial litigation.

**CLIFFORD S. GOODSTEIN** earned his undergraduate degree from Harvard University (A.B., 1988) and his law degree from New York University (J.D., 1993). After graduation, he served as a law clerk to the Honorable Alex T. Howard, Jr., Chief Judge of the United States District Court for the Southern District of Alabama, and then as an associate at Reboul, MacMurray, Hewitt, Maynard & Kristol and Baker & Botts prior to joining Milberg Weiss in January of 1998. Mr. Goodstein is a member of the bars of New York and New Jersey.

Mr. Goodstein works on a variety of actions on behalf of classes as well as individuals in the consumer fraud, securities, antitrust, health care, and other areas.

**SETH D. RIGRODSKY** received his B.A. degree magna cum laude, with honors in History, from Brandeis University in 1985. In 1990, he received his J.D. degree, magna cum laude, from Georgetown University Law Center, were he was awarded Order of the Coif and served as a senior articles editor for the Georgetown University Law Journal. After graduation from law school, Mr. Rigrodsky was a law clerk to the Honorable Andrew G.T. Moore, II, of the Delaware Supreme Court.

Following his clerkship, Mr. Rigrodsky was associated with the law firms Wachtell, Lipton, Rosen & Katz in New York City, and Morris, Nichols, Arsht & Tunnell in Wilmington, Delaware, where he concentrated his practice on corporate and complex business litigation. In 1994, Mr. Rigrodsky joined Morris and Morris in Wilmington, Delaware, where he became a partner beginning in January 2000, and represented investors in numerous federal and state class and shareholder derivative lawsuits. Mr. Rigrodsky is a member of the Bars of the States of Delaware and New York, the United States District Courts for Delaware and

the Southern District of New York, and the Court of Appeals for the Second, Third and Fourth Circuits.

**PETER SAFIRSTEIN** graduated from The George Washington University in 1978 with a Bachelor of Arts degree. He received a Masters Degree in Government (concentration in International Relations) from Georgetown University in 1980. In 1985, he earned his J.D. from Brooklyn Law School where he was a member of the Brooklyn Law Review and the Moot Court Honors Society. Prior to joining Milberg Weiss, Mr. Safirstein was in private practice. In addition, Mr. Safirstein served as a Staff Attorney in the Enforcement Division for the U.S. Securities and Exchange Commission from 1985-1990. In 1988-89, Mr. Safirstein was designated as a Special Assistant United States Attorney in the Southern District of New York where he was part of the trial team which prosecuted United States v. Regan, (the "Princeton/Newport" case) and United States v. Lisa Jones. Mr. Safirstein later served as an Assistant United States Attorney in the Southern District of Florida.

Mr. Safirstein is a member of the Bars of the State of New York and the State of New Jersey and is also admitted to practice before the Supreme Court of the United States, the United States Court of Appeals for the Second and Third Circuits, the District Court of the Southern and Eastern Districts of New York and the District Court of New Jersey. Mr. Safirstein is a member of the American Bar Association and the Association of the Bar of the City of New York.

**MAYA S. SAXENA** graduated from Syracuse University summa cum laude in 1993 with a dual degree in policy studies and economics, and graduated from Pepperdine University School of Law in 1996.

Prior to joining Milberg Weiss Bershad & Schulman in 1998, Ms. Saxena was employed as an Assistant Attorney General. As an Assistant Attorney General, Ms. Saxena represented the State of Florida and its agencies and officers in civil cases at the appellate and trial level, and prepared amicus curiae briefs in support of state policy goals attendant to issues presented in state and federal court cases. Ms. Saxena also represented the Florida Highway Patrol and other law enforcement agencies in civil forfeiture trials.

Ms. Saxena currently specializes in securities fraud litigation, and was involved in several significant cases which have resulted in significant recoveries for defrauded investors, including, among others, cases such as In re Sunbeam Securities Litigation; In re Sensormatic Inc. Securities Litigation; In re Hamilton Bancorp Inc. Securities Litigation, and In re Aviation Sales Inc. Securities Litigation. Ms. Saxena is presently serving as

lead or co-lead counsel in numerous federal class action securities cases in the Southeast.

Ms. Saxena is a member of the Florida state bar, and is admitted to practice before the U.S. District Courts for the Southern, Northern and Middle Districts of Florida, as well as the Eleventh and Fifth Circuit Courts of Appeal. She is a member of the Palm Beach County Bar Association, and the American Bar Association. Ms. Saxena was recently recognized in the South Florida Business Journal's "Best of the Bar" as one of the best lawyers in South Florida.

**JOSEPH P. GUGLIELMO** graduated cum laude from The Catholic University of America in 1992 with a Bachelor of Arts in Political Science. In 1995, Mr. Guglielmo graduated from the Columbus School of Law at The Catholic University where he received a Certificate of Public Policy in addition to his Juris Doctor. He was admitted to the New York State Bar in 1996, the District of Columbia Bar in 1997 and the United States Supreme Court in 2003. He is also admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York and the District of Colorado. Mr. Guglielmo is a member of the New York State, District of Columbia and American Bar Associations and the Association of the Bar of the City of New York.

Mr. Guglielmo is the co-author of "Class Actions In The Healthcare Context" which was published for the following healthcare conferences: "Class Action Health Care Litigation," ALI-ABA Health Care Law and Litigation Conference, 1999; "Class Actions: HMOs and Health Care Providers Under Attack," ALI-ABA Life and Health Insurance Litigation Conference, 2000; "Providers (Suits by Doctors and Hospital Class Actions)," ALI-ABA Health Care Law and Litigation Conference, 2000; "The Application of ERISA and RICO Theories in the Age of Managed Care," The Judges And Lawyers Breast Cancer Alert, 2000 and "Health Care Litigation: What You Need to Know After Pegram," Practicing Law Institute, 2000. Mr. Guglielmo is also the co-author of "An Overview Of Class Action Litigation In the Managed Care Context" which was published for the following healthcare conference: "Provider Suits by Doctors and Hospitals v. HMOs," ALI-ABA Health Care Law and Litigation Conference, 2001 and American Society of Medical Associations Counsel, Fall 2002.

**CHARLES S. HELLMAN** graduated from Bard College in 1985 (B.A., 1985). In 1996, he graduated from New York Law School, summa cum laude (J.D., 1996), where he was a member of the New York Law School Law Review. Mr. Hellman is the author of Safe

In Their Houses? Fourth Amendment Rights At Public Housing Projects, 40 N.Y.L. Sch. L. Rev. 189 (1995). Mr. Hellman is a member of the bars of the State of New York and the United States District Court for the Southern District of New York. His practice focuses on class actions on behalf of defrauded investors and class actions involving healthcare-related issues.

**BRIAN C. KERR** graduated summa cum laude from the University at Albany in 1993, where he was valedictorian, a member of Phi Beta Kappa, co-founder of the Presidential Honors Society, and the recipient of the Karp Prize in Economics. In 1996, he received his law degree from Hofstra University, where he was a member of the Hofstra Law Review and a Dean's Scholar. He was admitted to the bar of the State of Connecticut in 1996 and the State of New York in 1997.

Mr. Kerr is admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York, as well as the United States Court of Appeals for the Third Circuit. He is also a member of the Association of the Bar of the City of New York, the New York State Bar Association, and the Association of Trial Lawyers of America.

**KIM MILLER LEVY** graduated, with honors, from Stanford University in 1992 with a double major in English and Psychology. She earned her J.D. degree from Cornell Law School, cum laude, in 1995. While at Cornell, Ms. Levy acted as co-chair of the Women's Law Symposium, as Bench Brief Editor of the Cornell Moot Court Board, and as a member of the Board of Editors of the Cornell Journal of Law & Public Policy. She is admitted to practice in the States of California and New York and before the United States District Courts for the Southern and Eastern Districts of New York and the Northern, Southern, and Central Districts of California.

**MICHAEL REESE** graduated from New College in 1992 with a B.A. in history and thereafter received his J.D. from the University of Virginia School of Law in 1996. Upon graduation from law school, Mr. Reese served as a trial attorney at the Manhattan District Attorney's Office where he prosecuted violent felony and white collar crime.

Mr. Reese joined Milberg Weiss in 2000 and has practiced in both its California and New York offices. Mr. Reese's work focuses on antitrust, securities and consumer fraud class action cases. Mr. Reese is a member of the state bars of New York and California and is admitted to practice before the U.S. District Courts for the Northern and Eastern Districts of California, the Southern and Eastern Districts of New

York, the U.S. District Court of Colorado as well as the Ninth Circuit Court of Appeals.

**PETER E. SEIDMAN** earned his B.A cum laude from Hobart College in 1979, following which he served as a Peace Corps volunteer living and working among the Guarani, an indigenous tribe in Paraguay. He earned an M.A. in Journalism in 1982 from the University of Michigan and subsequently worked as a journalist for a variety of publications. In 1994, he was awarded a J.D. cum laude from the University of Michigan Law School.

Mr. Seidman joined Milberg Weiss in 2000 as an associate, resident in the firm's New York office, where he is actively engaged in the investigation and prosecution of securities litigation on behalf of defrauded investors. Before joining Milberg Weiss, he was an associate with the New York law firm of Orans, Elsen & Lupert LLP for five years, where he was active in both civil and white collar criminal litigation in federal and state courts.

# OF COUNSEL

**PATRICIA M. HYNES** is a trial lawyer and retains her "Of Counsel" status to the firm once known as Milberg Weiss Bershad Hynes & Lerach LLP. Ms. Hynes is continuing her long and distinguished association with the newly named Milberg Weiss Bershad & Schulman LLP, where she specializes in complex securities and commercial litigation. She received her law degree from Fordham Law School where she was a member of the Law Review. Ms. Hynes served as law clerk to Joseph C. Zavatt, Chief Judge of the United States District Court for the Eastern District of New York, and was an Assistant United States Attorney in the Southern District of New York from 1967 to 1982 where she held several executive positions, including Executive Assistant U.S. Attorney.

A Fellow of the American College of Trial Lawyers, Ms. Hynes has taught Trial Advocacy at Harvard Law School, Fordham Law School and the National Institute of Trial Advocacy. Ms. Hynes is a member of the American Law Institute and has served on the Advisory Committee to the Federal Judicial Code Revision Project from 1996 to 2001. Ms. Hynes has been a lecturer for the Practicing Law Institute since 1980 and was Chair of its Civil RICO Program from 1984 to 1991.

Ms. Hynes has been included in the list of Best Lawyers in America since 1993 and more recently has been included in Who's Who in American Law and the Euromoney Guide to the World's Leading Litigation Lawyers. Ms. Hynes has also been included in The National Law Journal's Profile of America's Top 50 Women Litigators (December 17, 2001) and its Survey of The Fifty Most Influential Women Lawyers in America (March 30, 1998).

Ms. Hynes served as Chair of the American Bar Association's Standing Committee on the Federal Judiciary from July 2000 to August 2001, having previously served as the Second Circuit Representative on that Committee from 1995 to June 2000. Ms. Hynes

served as a member of the ABA's Commission on the 21st Century Judiciary (2002-2003). Ms. Hynes has also served as a member of the ABA's Litigation Section Council (1989-1992) and was Chair of the Litigation Section's Securities Litigation Committee (1987-1989); Co-Chair of its Pre-Trial Practice and Discovery Committee (1992-1994) and has served as a member of the Litigation Section's Task Force on Civil Trial Practice Standards. Ms. Hynes also is a Fellow of the American Bar Foundation.

An active member of the Association of the Bar of the City of New York, Ms. Hynes served as Chair of its Federal Courts Committee from 1992 to 1995 and was a member of its Executive Committee from 1984 to 1988. From 1982 to 1984, Ms. Hynes served as Secretary of that organization. Ms. Hynes has also served as a Vice President of the Federal Bar Council from 1996 to 2002 and previously served on its Board of Trustees from 1983 to 1991.

Presently, Ms. Hynes chairs the Merit Selection Panel for Magistrate Judges for the Southern District of New York and since December, 2003, has been Chair of the Board of Directors of The Legal Aid Society. Ms. Hynes also has served as a member of the Planning and Program Committee for the Judicial Conference of the Second Circuit from 1998 to 2001. Ms. Hynes presently serves on the Second Circuit Court of Appeals Rules Committee. From 1994 through 2001, Ms. Hynes served as a member of the Mayor's (Giuliani) Advisory Committee on the Judiciary.

In July of 2002, Ms. Hynes was appointed a member of the New York City Charter Revision Commission by Mayor Michael R. Bloomberg. In March, 2002, Ms. Hynes was appointed a member of the Administrative Board for the Offices of the Public Administrator by Chief Administrative Judge Jonathan L. Lippman. In February, 2000, Ms. Hynes was appointed a member of the New York State Commission on Fiduciary

Appointments by Chief Judge Judith S. Kaye of the New York Court of Appeals. From 1987 to 1990, Ms. Hynes served as a member of the New York State Commission on Government Integrity having been appointed by Governor Mario Cuomo and from 1981 to 1982 was a member of the New York State Executive Advisory Committee on the Administration of Justice having been appointed by Governor Hugh L. Carey.

\* \* \*

Ms. Hynes was lead trial counsel for the City of San Jose in a six-month jury trial in the United States District Court for the Northern District of California against thirteen brokerage firms and an accounting firm involving losses to the City as a result of speculative, leveraged bond trading. The jury returned a verdict in favor of the City of San Jose. Ms. Hynes also served as one of the lead plaintiffs' counsel in the settlement reached in the Drexel Bankruptcy and the $1.3 billion settlement reached with Michael Milken and others.

Ms. Hynes is and has been co-lead counsel in several class actions including: In re Oxford Health Plans, Inc. Securities Litigation, M.D.L. Dkt. No. 1222 (CLB) (S.D.N.Y.); In re DonnKenny Inc. Securities Litigation, 96 Civ. 8452 (MGC) (S.D.N.Y.); Duncan, et al. v. Pencer, et al., 94 Civ. 0321 (LAP) (S.D.N.Y.); In re MTC Electronics Technologies Shareholder Litigation, CV-93-0876 (JG) (E.D.N.Y.); In re Salomon Inc. Shareholders' Derivative Litigation, 91 Civ. 5500 (RPP) (S.D.N.Y.); In re United Telecommunications, Inc. Securities Litigation, Civ. No. 90-2252-0 (D. Kan.); In re Lilco Securities Litigation, 84 Civ. 0588 (LDW) (E.D.N.Y.); In re Diasonics Securities Litigation, C-83-4584-RFP (FW) (N.D.Cal.); and In re Pepsico Securities Litigation, No. 82 Civ. 8403 (ADS) (S.D.N.Y.).

## JARED SPECTHRIE

graduated from Harvard College with honors in 1954 having majored in Economics. After four years as a deck officer in the United States Coast Guard, he received a Master of Business Administration degree in Accounting from Rutgers University in 1959, graduating first in his class. He is a Certified Public Accountant in the State of New York and practiced accounting for several years with a major auditing firm. He was graduated from New York Law School in 1965, summa cum laude, where he was first in his class and valedictorian. He was admitted to the Bar in New York State in 1965, and is admitted to practice before the U.S. District Court in the Southern and Eastern Districts of New York, and the United States Courts of Appeals for the Second and Fifth Circuits. He has served on the faculty of New York Law School, and has lectured on "Accountants' Liability" for the Practising Law Institute. He has been engaged in the full-time practice of law since 1965 and has specialized in federal securities law litigation for the past several years. Mr. Specthrie was lead counsel in In re Viatron, MDL 138 (D. Mass.), where aggregate settlements exceeding $15 million were obtained after several months of trial and a jury verdict on liability.

## RICHARD M. MEYER

is a graduate of Yale University and a 1958 graduate of Yale Law School, where he was a member of the Board of Editors of the Yale Law Journal. Mr. Meyer served as a trial attorney in the United States Department of Justice for two years and as Special Counsel to the Securities and Exchange Commission for four years. He was a partner with the firm of Pomerantz Levy Haudek & Block from 1970 to April 1980, when he joined Milberg Weiss.

Mr. Meyer is the author and co-author of several law review articles, including "The Social Utility of Class Actions," 42 Bklyn. L. Rev. 189 (1975), and has spoken at numerous forums under the auspices of groups such as the American Bar Association, American Law Institute, Practising Law Institute, the Association of the Bar of the City of New York, the Center for the Study of Financial Institutions of the University of Pennsylvania, Columbia University and the Bureau of National Affairs.

## HONORABLE GERI D. PALAST

, Of Counsel to Milberg Weiss Bershad and Shulman, directs the firm's program reaching out to institutional investors in areas of litigation, policy and public affairs. Formerly, she was the Founder and Executive Director of the Justice at Stake Campaign and national organization working to ensure fair and impartial courts. From 1993-2000, she was confirmed by the U.S. Senate to serve as Assistant Secretary of Labor for Congressional and Intergovernmental Affairs during President Clinton's two terms under Labor Secretaries Robert Reich and Alexis Herman. She also served on the President's Interagency Council on Women, where she chaired the Committee on Women in the Global Economy. The Committee monitored U.S. compliance with the Beijing Platform for Women. She was a member of the U.S. delegation to Women 2000 at the United Nations. Her focus was the impact of globalization on women.

Prior to joining the Clinton Administration, Palast was the Political and Legislative Director of Service Employees International Union, 1981-1993. In 1979, she established and ran the Washington Office of the National Employment Law Project, a program of the Legal Services Corporation. Earlier in her career, she worked for the National Treasury Employees Union and AFSCME (American Federation of State County and Municipal Employees).

Throughout her career, Palast has organized and directed numerous broad-based national and grassroots legislative and issue campaigns. She founded and co-chaired the bipartisan coalition that was responsible for enacting the landmark Family and Medical Leave Act. As Assistant Secretary, she was a leader in the successful policy and legislative efforts to enact the minimum wage increase, the Workforce Investment Act—the overhaul of the nation's employment and training system, Welfare to Work, School to Work, and the historic congressional ratification of the International Labor Organization (ILO) international convention against abusive child labor. She worked on numerous pension reform legislative and regulatory matters. She has also been a strategic adviser to many electoral campaigns.

Palast has served on numerous boards and advisory committees. She has lectured at colleges and universities.

She is an attorney, a Root-Tilden Public Service Law Scholar from NYU School of Law, and an honors graduate of Stanford University. She is admitted to practice in the District of Columbia, and she is an inactive member of the California State Bar.

## ANITA BRASS KARTALOPOULOS works primarily in the areas of insurance, consumer fraud, securities and managed care. Before joining Milberg Weiss in 1998, she was in government service in the State of New Jersey, holding several positions including Deputy Commissioner of Insurance for Life and Health, Director of Legal Regulatory Affairs for the Department of Health and Senior Services and Executive Director of the New Jersey Real Estate Commission.

As Deputy Commissioner of Insurance she managed the New Jersey Insurance Department's Multi-State Task Force investigating the sales practices of the Prudential Insurance Company. She also served on the Board of Directors of MBL Insurance Company as a rehabilitator and managed litigation pursuant to the company's rehabilitation.

Thereafter as Director of Legal and Regulatory Affairs for the Department of Health and Senior Services, Ms. Kartalopoulos was responsible for litigation management, the development of all regulations implementing the New Jersey Healthcare statutes, the development and implementation of a stream lined Certificate of Need (CN) law, and the development of stringent prompt payment regulations to ensure that HMO's meet contractual obligations to physicians and ensure the stability of the health care network for the benefit of consumers.

As Executive Director of The New Jersey State Real Estate Commission, Ms. Kartalopoulos was responsible for implementing consumer disclosure/protection regulations which had been long opposed by the New Jersey real estate industry. She was also responsible for all disciplinary investigations and hearings against realtors, the inspection and registration of out of state land sales marketed in the State of New Jersey, continuing licensing of 84,000 realtors and brokers and the on-going development of real estate regulations. Ms. Kartalopoulos also worked with New Jersey Attorney General Deborah Poritz in the development of Megan's Law.

Prior to government service, Ms. Kartalopoulos specialized in local government law and land use representing a number of municipal governments, Planning Boards and Boards of Adjustment. She was responsible for litigation before both the State and Federal Courts, and negotiated significant settlements with the New Jersey Council on Affordable Housing (COAH) for the benefit of low income residents of the State.

Ms. Kartalopoulos graduated from the University of Toledo, with honors in 1974, majoring in Classics, and graduated from Seton Hall Law School in 1982, with emphasis on health care law. She was admitted to the bar of New Jersey and the U.S. District Court, District of New Jersey, the same year. She is also admitted to the U.S. Court of Appeals for the Federal Circuit and the 3rd Circuit.

## DAVID K. BERGMAN graduated with a B.A. in American Studies from Brandeis University in 1986. He earned a J.D. from Brooklyn Law School in 1989. Thereafter he spent six years as a partner in the law firm of Siller Wilk LLP, where he served as chief complex claims counsel for the New York State Bar in high exposure cases against lawyers and law firms all across New York State. Mr. Bergman lectured on issues relating to professional responsibility and legal ethics, and served as Chairman of the Subcommittee in the New York County Lawyers Association which submitted proposed ethical rules to the New York Appellate Division.

Prior to joining Milberg Weiss, Mr. Bergman was a principal in Frydman & Bergman, where he represented investors in arbitration against broker/dealers, and engaged in prosecuting as lead and co-lead counsel a variety of securities fraud class actions and shareholder derivative actions. Mr. Bergman also served as an appellate advocate for numerous law firms, in both New York State and the United States Court of Appeals. He is admitted to practice in all Federal and State Courts in New York.

**REUBEN A. GUTTMAN** graduated from the University of Rochester in 1981 where he received a BA in history. He graduated from Emory University Law School in 1985 where he received a JD. Mr. Guttman is admitted to practice law in Georgia (admitted in 1985), the District of Columbia (admitted in 1988), Pennsylvania (admitted in 1991) and New Jersey (admitted in 1991).

Mr. Guttman's practice involves complex litigation and class actions. He has represented clients in claims brought under the Federal False Claims Act, the Price Anderson Act, Department of Energy (DOE) statutes and regulations, securities laws, the WARN Act, RICO, and various employment discrimination, labor and environmental statutes. He has also litigated claims involving fraud, breach of fiduciary duty, antitrust, business interference, and other common law torts.

Mr. Guttman has been counsel in cases generating some of the largest recoveries under the Federal False Cases Act including U.S. ex rel Johnson where over $300 million was recovered from the oil industry. He also served as lead counsel in a series of cases which resulted in the recovery of more than $30 million under the Federal Fair Labor Standards Act. Litigation brought by Mr. Guttman on behalf of Nuclear Weapons Workers at "Manhattan Project" nuclear weapons sites resulted n congressional oversight and changes in procurement and sales practices.

Mr. Guttman's publications include: "The False Claims Act: Holding Employers Accountable For Workplace Rights" (co-author, Employee Rights Quartly, Aspen, Fall 2000); "The Dormant Commerce Clause and Interstate Transportation of Waste," University of Pennsylvania, Journal of Resource Management and Technology, June 1993; "Impact of OSHA Bloodbourne Disease Rule," Medical Waste, Vol. 1, No. 1, Oct. 1992; "Supreme Court Holdings Benefit Landfill and Incinerator Operators," Medical Waste, Vol. 1, No. 3, Dec. 1992; "Supreme Court Upholds Preemptive Powers of OSH Act," Medical Waste, Vol. 1, No. 4, Jan. 1993; "EPA Dialogue May Result in Rules for Commercial Buildings," 2 Nat'l Journal of Asbestos in Buildings Litigation, 13, 1989; "The Asbestos Model: Labor and Citizens Groups and a Multi-Pronged Approach to Regulatory Change," paper first presented at the Annual Meeting of the American Political Science Association, Chicago, Ill., Sept. 1, 1987; published as a chapter in Conflict Resolution and Public Policy, edited by Miriam K. Mills, Greenwood-Quorum Press, October 1990; "At Issue: Should Congress Pass Legislation That Would Extend The Asbestos Hazard Energy Response Act To All Public and Commercial Buildings," Congressional Quarterly's Editorial Research Reports, Vol. 1, No. 9, 1990; "Representation Campaigns and the Future of Labor: a Legal and Theoretical Perspective," paper presented at the Annual Meeting of the Midwest Political Science Association, Chicago, Ill., April 4, 1988. Consulting Editor: The Regulatory Analyst: Medical Waste, a monthly publication, Warren Gorham Lamont, New York, N.Y., 1992-1994. Chapter Author and Advisory Board Member, "Environmental Management in Healthcare Facilities," W.B. Saunders Company, April 1998.

Mr. Guttman has appeared on ABC National News and CNN, and has been quoted in major publications, including the Wall Street Journal and national wire services.

In addition to his writings, Mr. Guttman has testified on environmental issues before committees of the United States House of Representatives and the United States Senate, and in 1992 advised President-elect Clinton's transition team on labor policy. He has been an invited speaker on privatization and procurement issues at conferences sponsored by the United States Department of Energy (Oakland, California, 1997; Denver, Colorado, 1995). He was also invited to speak on employment discrimination by the Houston Regional Office of the United States Equal Employment Opportunity Commission (EEOC) at its Fall, 19978 Technical Conference in Beaumont, Texas. He has guest lectured at Swarthmore College, the University of Pennsylvania, Johns Hopkins University, and The George Washington University.

Mr. Guttman is a founding member of the American Trial Lawyers Association (ATLA) Qui Tam Litigation Committee and was a featured speaker on the False Claims Act at the ATLA July 2001 National Conference in Montreal, Canada. .

## SPECIAL COUNSEL

**MITCHELL M. BREIT** is Special Counsel to Milberg Weiss. He comes to the firm from Weitz & Luxenberg, where he was class co counsel and court appointed depository custodian in groundwater contamination litigation in the Southern District of New York involving the gasoline additive MTBE. He also served as class co counsel in MTBE litigation on behalf of private well owners in Illinois state court and he represented the County of Suffolk, New York and the Suffolk County Water Authority in their claims against

the petroleum industry for MTBE contamination. Mr. Breit was also co counsel in union health and welfare fund tobacco litigation, which included multiple class actions in numerous jurisdictions. He was recently appointed as co-liaison counsel in cases involving the pharmaceutical product Serzone consolidated in New York Supreme Court.

Mr. Breit was formerly associated with Schoeman, Marsh & Updike in New York where his practice was devoted primarily to defending the firm's many institutional clients in products liability actions. He is admitted in New York, New Jersey and Virginia and the U.S. District Courts for the Southern and Eastern Districts of New York, the District of New Jersey, the Eastern District of Virginia and the U.S. Court of Appeals for the Second Circuit. He is a member of the Association of the Bar of the City of New York, where he served on the Art Law Committee and Committee on State Courts of Superior Jurisdiction, the Association of Trial Lawyers of America and the New York State Trial Lawyers Association. Mr. Breit graduated from the University of North Carolina at Chapel Hill in 1972 and received his J.D. from Southwestern University School of Law in Los Angeles in 1979.

Mr. Breit has been a frequent panelist at Mealey's MTBE Litigation conferences around the country and was most recently co chair of the Mealey's Toxic Torts Conference in Boston.

**JAMES M. SHAUGHNESSY** graduated cum laude from Adelphi University in 1967 with a B.A. in Political Science and cum laude from New York University School of Law in 1969. While at N.Y.U., Mr. Shaughnessy was elected to the Order of the Coif, was the Administrative Director of the moot court program,

and, upon graduation, received the Benjamin F. Butler Award for scholarship and outstanding service to the law school.

Mr. Shaughnessy joined the firm of Casey, Lane & Mittendorf in New York City as a litigation associate in 1969 and became a litigation partner at that firm in 1976. In 1982, Mr. Shaughnessy joined the firm of Haythe & Curley as a litigation partner, and he was the managing partner of the firm for two years. In 1987, Mr. Shaughnessy joined the firm of Windels, Marx, Davies & Ives (now known as Windels, Marx, Lane & Mittendorf, LLP) as a litigation partner. He was the chairman of the Windels, Marx Litigation Department from 1988 through 1998, and was a member of the firm's Executive committee from 1990 to 1992. Mr. Shaughnessy joined Milberg Weiss in 2001.

Over the course of his career, Mr. Shaughnessy has specialized in commercial, securities, insurance, aviation and bankruptcy litigation. Mr. Shaughnessy was lead defense counsel for Pan American World Airways, Inc. in In re Air Disaster at Lockerbie, Scotland on December 21, 1988, M.D.L. 799 (TCP) (E.D.N.Y.), and tried that case on behalf of Pan Am to a jury for three months.

Mr. Shaughnessy is admitted to practice in New York, California and New Jersey as well as before the United States Supreme Court, the United States Courts of Appeals for the Second, Fifth and Ninth Circuits, the United States District Courts for the Southern, Eastern, Northern and Western Districts of New York, the Southern District of California and the District of New Jersey, and the United States Tax Court. He is a member of the American Bar Association, the New York State Bar Association, the Association of the Bar of the City of New York, and Federal Bar Council.

## ASSOCIATES

**ROBERT R. ADLER** earned a B.S. (with honors) in Psychology in 1991 from Union College and his J.D. from Thomas M. Cooley Law School in 1996, where he was a member of the Thomas M. Cooley Law Review from 1995-1996. While a law student, Mr. Adler was the recipient of three book awards for having earned the highest grade in the class in: "Lawyering Before Trial," 1995; "Trial Workshop," 1996; and "Workers Compensation," 1996. As a law student, he also authored "Estate of C.W.: A Pragmatic Approach to the Involuntary Sterilization of the Mentally Disabled," Nova Law Review, Spring 1996, Volume 20, Number 3.

As a practicing attorney, Mr. Adler was awarded "Pro Bono Attorney of the Month," by the 15th Circuit

Pro Bono Committee, South County Bay Association, in the Summer of 1999.

Mr. Adler's practice areas include securities class action litigation and commercial litigation. He has obtained tens of millions of dollars worth of recoveries on behalf of defrauded investors against their stockbrokers, their broker-dealers, and issuers during his career as a securities litigator.

His involvement as co-lead counsel in In re Sunbeam Securities Litigation helped shareholders recover an aggregate settlement of $140 million. That settlement included $110 million from Arthur Andersen, representing the then second largest securities class action settlement ever obtained against an accounting

firm. Other cases in which Mr. Adler, achieved notable recoveries include: In re Phoenix International Securities Litigation - helped procure settlement of $4.22 million settlement; Lead Counsel in In re Harbinger Corp. Sec. Litig. - helped obtain settlement of $2.25 million; Co-lead counsel in In re Insurance Management Solutions Group, Inc. Sec. Litig. - helped obtain settlement of $2.1 million; Co-Lead counsel in PSINet Inc. Sec. Litig. - helped recover $18.7 million settlement; Co-Lead counsel in Cheney v. CyberGuard Corporation, et al., helped recover $10 million settlement.

Mr. Adler is admitted to practice law in the state of Florida, U.S. District Court, Southern District of Florida, U.S. District Court, Middle District of Florida, and the Eleventh Circuit.

**PAUL J. ANDREJKOVICS** graduated from Union College in 1992, Phi Beta Kappa, magna cum laude, with a Bachelor of Arts degree in Political Science. In 1995, Mr. Andrejkovics received his Juris Doctor degree from Albany Law School. He was admitted to the New York State Bar in 1996.

**ROBERT R. BARRAVECCHIO** earned his undergraduate degree in Industrial and Labor Relations from Cornell University (B.S., 1995). He earned his law degree from New York Law School (J.D., 1998). Mr. Barravecchio was admitted to the bar of the State of New Jersey in 1998 and is admitted to practice before the United States District Court for the District of New Jersey. He was also admitted to the bar of the State of New York in 1999, and is admitted to practice before the United States District Court for the Southern and Eastern Districts of New York.

**ELIZABETH A. BERNEY** graduated with honors from Cornell University in 1975 with a Bachelor of Science in Industrial and Labor Relations. She received her J.D. from the University of Chicago Law School in 1978, at age 22. As an undergraduate, she served as concert mistress of the Cornell Symphony Orchestra, and while in law school, was a violinist with the Chicago Civic Orchestra. Upon graduation, she worked from 1978-1982 as an associate at Dewey Ballantine in the tax and municipal bonds fields, and among other things, obtained the tax exemption rulings for the bonds that financed construction of the Intrepid Museum, and spoke on television regarding municipal bond issues. She subsequently worked as in-house counsel at Queens College (CUNY); as a litigation associate at Gilbert, Segall and Young (which is now part of Holland & Knight) specializing in representing foreign government entities in sovereign immunities cases, and in her own legal and literary practice. She was involved in the Holocaust assets litigation against German and Swiss banks; negotiated computer software agreements for large software manufacturers; and represented notables such as Marcel Marceau, the Upton Sinclair estate, the author of the controversial book "Son of Sam," and the Poetry Society of America in publishing matters. She also appeared on a German television documentary, and served as a speaker/panelist for the Women's National Book Association.

Ms. Berney joined Milberg Weiss in the spring of 2000 as a senior associate. She is an active member of the firm's litigation teams for a variety of consumer and securities cases, including Firestone Tire / Ford Explorer, Enron, and Xerox. Ms. Berney is admitted to practice in the State of New York, the Commonwealth of Pennsylvania, the United States Supreme Court, the United States District Courts for the Southern and Eastern Districts of New York, the United States Tax Court, and the United States Court of Claims. She is a member of the Federal Bar Council and is a first violinist in the New York City Bar Association Orchestra.

**BRUCE D. BERNSTEIN** graduated from the University of Vermont in 1994 with a Bachelor of Arts degree. In 1997, he earned his J.D. from The George Washington University Law School. Mr. Bernstein is admitted to the New York State Bar and is admitted to practice before the United States District Courts for the Eastern and Southern Districts of New York. He is a member of the New York County Lawyers Association and the American Bar Association.

**WAI Y. CHAN** graduated from Duke University in 1987 with a B.A. in Economics and History. He received his J.D. from Brooklyn Law School in 1994. Mr. Chan is admitted to practice in the courts of the State of New York and the State of New Jersey.

**LISA L. COGAN** earned her undergraduate degree in liberal arts from Xavier University (B.A., 1996). She earned her law degree from Salmon P. Chase College of Law (J.D., 2000). Ms. Cogan was admitted to the bar in the State of Kentucky in 2001 and is admitted to practice in the United States District Court for the Eastern District of Kentucky. She was also admitted to the bar of the State of New Jersey in 2003 and is admitted to practice before the United States District Court for the District of New Jersey.

**JENNIFER S. CZEISLER** graduated from Hofstra University in 1994 with a Bachelor of Arts degree in Psychology. After completing graduate degree work at Hunter School of Social Work (1994-95), she pursued a

law degree, which she earned in 1999 from the University of Miami School of Law where she graduated cum laude. Mrs. Czeisler was on the editorial board of the Law Review of Psychology, Public Policy & Law and earned numerous awards, including the Cali Excellence for the Future Award, Dean's Certificate of Achievement Award and membership in the Phi Delta Phi National Honor Society. Mrs. Czeisler is admitted to practice in the State of New York and is a member of the American Bar Association, where she is committed to her pro bono work with the American Bar Association Commission on Legal Problems of the Elderly.

**DAN P. DIETRICH** graduated from the University of Florida in 1997 with a double major in Finance and Management. He earned his M.B.A. in Finance from the University of Miami in 2000 and his J.D. degree from St. John's University School of Law in 2003. While at St. John's, Mr. Dietrich was the Editor-in-Chief of the New York International Law Review. He is admitted to the bar of the State of New York, and is awaiting admission to the Florida Bar. He is also a member of the New York State Bar Association and the American Bar Association.

**NEIL R. FRASER** graduated from the University of Massachusetts, Amherst in 1989 with a Bachelor of Arts in Political Science. In 1992, he received his J.D. from Whittier Law School. While in law school, Mr. Fraser externed for the Hon. Vincent P. Zurzolo, United States Bankruptcy Judge for the Central District of California. Mr. Fraser is admitted to practice in New York, New Jersey and the U. S. District Courts for the Southern District of New York, the Eastern District of New York and the District of New Jersey.

**MICHAEL E. FRIEDMAN** graduated from Hunter College in 1986 with a B.A. in English. He received his J.D. from Brooklyn Law School in 1992. Prior to joining the firm in January 2004, Mr. Friedman was the Managing Attorney at Herrick, Feinstein LLP and Paul, Weiss, Rifkind, Wharton & Garrison respectively. He is a member of the bars of the State of New York, and the United States District Courts for the Southern and Eastern Districts of New York.

**SUSAN M. GREENWOOD** graduated cum laude from Cornell University in 1994 with a Bachelor of Arts degree in History. She earned her J.D. from the University of Pennsylvania Law School in 1997. Ms. Greenwood was admitted to the New York State Bar and the New Jersey State Bar in 1998. In 2000, she was admitted to practice before the United States District Court for the Southern and Eastern Districts of New York.

**DR. GUY A. HALFTECK** graduated magna cum laude from the Hebrew University of Jerusalem in 1998, where he received an LL.B. and served as the Editor-in-Chief of the Hebrew University Law Review for two consecutive years. In 1996, he received the Irving Isidor Prize for research in contract law. Following graduation, Mr. Halfteck served as a law clerk to the Honorable Justice Strasberg-Cohen at the Supreme Court of Israel. While at the Supreme Court, he helped drafting judicial opinions in civil, administrative, constitutional, and criminal cases.

In 2000, Mr. Halfteck graduated magna cum laude from Columbia University, where he received an LL.M. and was named Harlan Fiske Stone Scholar. Focusing his research on the economics of large-scale and class action litigation, Mr. Halfteck wrote a Master thesis under the supervision of Professor Samuel Issacharoff on The Financing Model of Class Action Litigation. While at Columbia, he also served on the editorial board of the Columbia Journal of Transnational Law.

In 2003, Mr. Halfteck graduated from Harvard University, where he received an S.J.D. (Doctor of Juridical Sciences) in Economics and Law. His doctoral dissertation, supervised by Professors David Rosenberg, Steven Shavell, and Lucian Bebchuk, was titled The Class Action Enterprise: A General Economic Theory of Mass-Produced Law Enforcement. While at Harvard, Mr. Halfteck was named a Clark Byse Fellow and taught a graduate seminar on Entrepreneurial Litigation: Pursuing Public Goals for Private Gains. He was also a John M. Olin Fellow at the Center for Law, Economics, and Business and a Fellow at the Harvard Program on Negotiation.

Recently, Mr. Halfteck was a Fellow at the Financial Services Exchange at the University of North Carolina, Chapel Hill. His research interests focus on the economics of large-scale and class action litigation as well as on public and private law enforcement, fields in which he conducts both empirical and theoretical research. His writings include:

• The Class Action Enterprise: A General Economic Theory of Mass-Produced Law Enforcement (available at the Harvard Law School library);

• A General Theory Concerning the Social Value of Class Action Law Enforcement [in Hebrew];

• The Effects of Incentives to Invest and the Level of Investment in Class Action Law Enforcement on the Magnitude of Liability for Harm (Discussion Paper, The John M. Olin Center for Law, Economics, and Business, Harvard Law School.)

• Ethical Dimensions of Attorney-Client Relationships Entered into by ERISA Fiduciaries, in Susan P. Serota (ed.), ERISA Fiduciary Law 353 (2003) (co-authored with F. Brody).

Mr. Halfteck was a Naval Vice-Commander in the Israeli Navy. He is currently a member of the Israeli Bar Association.

**JENNIFER K. HIRSH** graduated from Brown University in 1987 with a Bachelor of Arts degree in history. She spent a year studying history at University College London. In 2001, she earned her J.D. from Benjamin N. Cardozo School of Law, where she was Senior Articles Editor of the Journal of Comparative and International Law. Jennifer is currently a member of the New York Bar.

**DOUGLAS J. HOFFMAN** graduated from the University of Wisconsin in 1992 with a Bachelor of Science degree in Economics and Psychology. In 1995, he received his J.D. from the George Washington University Law School. Mr. Hoffman is admitted to practice in Massachusetts, Virginia, Maryland, the District of Columbia, the U.S. District Courts for the Eastern District of Virginia and the District of Columbia.

**TODD KAMMERMAN** received his B.A. degree cum laude with honors in Politics from Brandeis University in 1999. In 2002, he received his J.D. from the Benjamin N. Cardozo School of Law. While at Cardozo, Mr. Kammerman was named an Alexander Fellow, through which he worked as a judicial intern in the chambers of the Honorable Joseph A. Greenaway, Jr., U.S.D.J. in Newark, NJ. Mr. Kammerman is a member of the bars of the States of New York and New Jersey and is admitted to practice before the United States District Court for the District of New Jersey.

**HANNAH K. KIERNAN** graduated cum laude from the University of Michigan in 1994 with a Bachelors of Science in Nursing. She practiced nursing on a general medical floor at New York University Medical Center between 1994-1997. Ms. Kiernan graduated from Boston College Law School, where she was a Member of the Jessup International Moot Court Team, in 2000. While in law school, Ms. Kiernan was awarded a Public Interest Law Foundation, Distinguished Civil Rights Award for her paper entitled Insanity or Death: The Choice that Violates the 8th Amendment. In 2001, Ms. Kiernan was admitted to the New York State Bar. She is also admitted to practice before United States District Courts for the Southern and Eastern Districts of New York. Ms.

Kiernan is a member of the American Bar Association and the New York State Bar Association.

Ms. Kiernan is the co-author of "Reviewing Discovery Under HIPAA Privacy Rules" which was published in the New York Law Journal on August 17, 2001. She is also co-author of "The Patient Health Information and Quality Improvement Act of 2000: Health Care Consumers Beware - or Befuddled?" which was published in Mealey's Managed Care Liability Report on December 8, 2000.

**MATTHEW A. KUPILLAS** graduated from the State University of New York at Albany in 1990 with a Bachelor of Arts degree in Philosophy. In 1994, Mr. Kupillas received his Juris Doctor degree from New York University School of Law. Mr. Kupillas is a member of the bar of the State of New York and is admitted to practice before the United States District Court for the Eastern District of Wisconsin. He is a member of the New York State Bar Association and the American Bar Association.

**SHARON M. LEE**, born in Richmond, British Columbia, graduated from St. John's University in 1997 with a Bachelor of Arts degree in Asian Studies, and a Master of Arts degree in East Asian Studies in 1998. Ms. Lee earned her J.D. from St. John's University School of Law in 2001 where she was the Notes and Comments editor of The New York International Law Review, and the author of an article published therein. Ms. Lee is admitted to the bar of the State of New York, and is admitted to practice in the Southern and Eastern Districts of New York, and is a member of the New York State Bar Association.

**BRIAN LEHMAN** received his J.D. with honors from the University of Chicago Law School in 2000 after graduating from the University in Michigan in 1996. While at the University of Chicago, Brian was co-founder and articles editor of the Chicago Journal of International Law and a member of the University of Chicago Legal Forum. During his third year of law school, Brian attended Yale Law School where he was an editor of the Yale Journal of Law & Feminism and participated in the Morris Taylor Moot Court of Appeals. After graduating, Brian clerked in the United States Court of Appeals for the Ninth Circuit and the United States District Court for the Southern District of New York.

In 2001, Brian worked on a pro bono basis with Richard Segerblom, an attorney in Las Vegas, in representing Medina Rene after a three-judge panel dismissed Mr. Rene's claim that he had been sexually

harassed by his male co-workers in violation of federal law. After Brian and Richard convinced the Ninth Circuit to hear the case en banc, the Ninth Circuit reversed in a 7-4 decision. See Rene v. MGM Grand Hotel, 305 F.3d 1061 (9th Cir. 2002) cert. denied 538 U.S. 922 (2003).

Commentators have widely described Rene as a landmark decision and as the first case to grant equal protection to gays and lesbians in the workplace under federal law. The legal arguments presented in the primary briefs to the Ninth Circuit in Rene were based on two articles that Brian published while in law school: "The Equal Protection Problem in Sexual Harassment Doctrine," 10 Colum. J. of Gender & Law 125 (2000) and "Why Title VII Should Prohibit All Workplace Sexual Harassment," 12 Yale J.L. & Fem. 225 (2000).

**ANN M. LIPTON** graduated with distinction from Stanford University in 1995, Phi Beta Kappa, with a Bachelor of Arts degree in Communication and Psychology. In 2000, Ms. Lipton graduated magna cum laude from Harvard Law School, where she was awarded the Sears Prize for her second-year grade point average and served as an Articles Editor for the Harvard Law Review. Prior to joining Milberg Weiss, she clerked for Chief Judge Edward R. Becker of the United States Court of Appeals for the Third Circuit, and Associate Justice David H. Souter of the United States Supreme Court. She was admitted to the New York State Bar in 2001.

**DAVID B. MANNO** graduated from Hofstra University in 1992 with a B.B.A. in Management. He received his J.D. with distinction from Hofstra University School of Law in 1997. Mr. Manno is admitted to practice in the courts of the State of New York. Mr. Manno primarily represents companies in connection with public and private financings, mergers and acquisitions, securities transactions and general corporate matters.

**JANUARY L. MARSCH** received her Bachelor of Arts Degree in Government and Law from Lafayette College and graduated from New York Law School, cum laude in 2001. While at NYLS, Ms. Marsch was active in the Moot Court Association and served as the Executive Editor. She received several awards including the Morris Orland Award for Excellence in Appellate Advocacy and the National Second Best Brief Award at the Burton D. Weschler Moot Court Competition. In 2001, Ms. Marsch was awarded the National Moot Court Association Honors and was elected into the Order of the Barristers. She was the Recipient of the Arthur Abbey Fellowship for public advocacy in 2002. Ms. Marsch has completed internships for the US Attorney's Office for the Southern

District of New York and the Honorable Kevin Thomas Duffy, U.S. District Judge, SDNY. Ms. Marsch joined Milberg Weiss in 2003. She is admitted to the Bars of the States of New York and New Jersey and the United States District Court for the State of New Jersey. Ms. Marsch is a member of the New York State Bar Association, New York County Lawyers Association, New Jersey State Bar Association and the American Bar Association.

**CAROLINE MARSHALL** graduated from Dartmouth College in 1988 with a Bachelor of Arts degree in Philosophy. In 1992, she received her J.D. from Fordham University School of Law, where she was captain of Fordham's National Moot Court Team and a recipient of an Excellence in Advocacy award. Ms. Marshall served as a Trial Assistant at the New York County District Attorney's Office for three and a half years and as an Assistant Corporation Counsel for the Law Department for the City of New York for one year. Ms. Marshall then spent five years practicing criminal defense both in private practice and as a public defender. Before joining the firm in 2003, she worked for Deloitte & Touche's Business Intelligence Unit. Ms. Marshall is admitted to the New York State bar.

**ALBERT G. POWELL** graduated from Columbia University in 1987 with a Bachelor of Arts degree in Economics. In 1989, Mr. Powell received his Juris Doctor degree from The University of Texas School of Law. Mr. Powell is admitted to the Bars of the States of Connecticut and New York. He is a member of the New York State Bar Association.

**ANDREI RADO**, born in Bucharest, Romania, earned his B.A. in Psychology summa cum laude, at the State University of New York at Buffalo in 1996; and his J.D. at St. John's University, cum laude in 1999, where he was a member of Phi Beta Kappa. Mr. Rado authored 12 New York International Law Review 97, 1999.

Mr. Rado, who is fluent in Romanian, is a member of the New York State Bar Association, and specializes in securities and consumer fraud litigation.

**CARLOS F. RAMIREZ** earned his undergraduate degree in Legal Studies from John Jay College of Criminal Justice (B.S., cum laude, 1994). He earned his law degree from Fordham University School of Law (J.D., 1997), where he was an Articles and Notes Editor of the Fordham Urban Law Journal and the recipient of the Department of Justice Civil Rights Fellowship. Mr. Ramirez is the author of Administrative License Suspensions, Criminal Prosecution and the Double

Jeopardy Clause, 23 FORDHAM URB. L.J. 923 (1996). Upon graduation from law school, he served as an Assistant District Attorney in the Trial Division of the Manhattan District Attorney's Office for three years. Mr. Ramirez was admitted to the bar of the State of New York in 1998, and is admitted to practice before the United States District Court for the Southern and Eastern Districts of New York. He is a member of the Association of the Bar of the City of New York and the New York State Bar Association.

**ELIZABETH ROSENBERG** graduated from the University of Michigan in 1998 with a Bachelor of Arts degree in Psychology. In 2001, she earned her J.D. from Brooklyn Law School. Ms. Rosenberg is admitted to practice in the State of New York and is a member of the New York State Bar Association.

**LILI R. SABO** graduated from the State University of New York at Albany in 1997 with a Bachelor of Arts degree in Political Science. She earned her J.D. from Brooklyn Law School in 2002. Ms. Sabo was admitted to the bar of the State of New York in 2003, and is admitted to practice before the United States District Court for the Southern and Eastern Districts of New York.

**ALAN H. SCHWARTZ** graduated from Rutgers University in 1990 with a Bachelor of Arts degree in Psychology. In 1994, Mr. Schwartz received his Juris Doctor Degree from Brooklyn Law School. Mr. Schwartz is admitted to practice in the States of New York and New Jersey and before the United States District Court for the District of New Jersey.

**PATRICK J. SHEEHAN** graduated from the College of the Holy Cross in 1993 with a Bachelor of Arts degree in History. In 1997, he received a Juris Doctor degree from Northeastern University School of Law, where he was an Editor of the NU Forum, the school's law journal.

Mr. Sheehan was admitted to the bar of the Supreme Judicial Court of Massachusetts in 1998 and the bar of the State of New York in 2000. He is also admitted to practice in the United States District Courts for the Southern and Eastern Districts of New York. He is also a member of the American Bar Association and the Bar of the City of New York. Mr. Sheehan's practice focuses on the representation of health care providers and consumers in complex health care litigation.

Mr. Sheehan is the co-author of "Class Actions In The Healthcare Context" which was published for the following healthcare conferences: "Class Action Health Care Litigation," Ali-ABA Health Care Law and Litigation Conferences, 1999; "Class Actions: HMOs

and Health Care Providers Under Attack," ALI-ABA Life and Health Insurance Litigation Conference, 20002; Providers (Suits by Doctors and Hospital Class Actions)," ALI - ABA Heath Care Law and Litigation conference, 2000; "The Application of ERISA and RICO Theories in the Age of Managed Care," The Judges and Lawyers Brest Cancer Alert, 2000 and "Health Care Litigation: What You Need to Know After Pegram," Practicing Law Institute, 2000. Mr. Sheehan is also co-author of "An Overview Of Class Action Litigation In the Managed Care Context" which was published for the following healthcare conference: "Provider Suits by Doctors and Hospitals v. HMOs." ALI-ABA Health Care Law and Litigation Conference, 2001.

**CHRISTIAN SIEBOTT** graduated in 1998 from the City University of New York School of Law where he was a Belle Zeller Scholar. Prior to joining Milberg Weiss, Christian clerked in the United States Court of Appeals for the Second Circuit and the United States District Court for the Southern District of New York. He currently serves as an Adjunct Professor of Law at Cardozo Law School, and is a member of the Association of the Bar of the City of New York, the New York State Bar Association, the American Bar Association, and the Federal Bar Council Inn of Court.

Christian is admitted to practice in New York State, the United States District Courts for the Southern and Eastern Districts of New York, and the United States Courts of Appeals for the Second and Federal Circuits.

**PETER SLOANE** graduated with honors from Johns Hopkins University in 1994 with a B.A. in International Relations and received his J.D. from Georgetown Law School in 1997. Upon graduation from law school, Mr. Sloane clerked for the Honorable Anthony W. Ishii of the United States District Court for the Eastern District of California. While an undergraduate at Johns Hopkins, Mr. Sloane was selected to participate in the Paul H. Nitze School of Advanced International Studies' graduate program in Bologna, Italy, where he earned a Graduate Diploma in International Relations. Prior to joining Milberg Weiss, Mr. Sloane was associated with Milbank Tweed Hadley & McCloy LLP, where he specialized in complex commercial litigation and consumer mass actions. He is fluent in Italian and conversant in French and Hebrew.

Mr. Sloane is admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

**RALPH SIANNI** graduated from the University of Pennsylvania in 1990 with a B.A. in History (American

Legal and Constitutional). Mr. Sianni earned his degree cum laude with distinction, and was named to the Dean's List and to Outstanding College Students of America. He earned an M.A. from Yale University in History (American Legal and Constitutional) in 1991 and a J.D. from the Boston University School of Law in 1995, where he served as an editor of the Boston University Public Interest Law Journal.  While in law school, Mr. Sianni served as a teaching assistant for a course in the Boston University College of Communications, in both the graduate and undergraduate divisions, on Mass Media and the First Amendment, where he lectured on issues of defamation, advertising law, and basic trademark and copyright.

After law school, Mr. Sianni served as law clerk to the Hon. Stephen J. McEwen, Jr., President Judge of the Pennsylvania Superior Court.  Prior to joining Milberg Weiss, Mr. Sianni practiced in the areas of appellate litigation, bankruptcy and trademark prosecution.  Mr. Sianni was also part of a pro bono team for a prisoner civil rights case that we heard by the United States Supreme Court.

Mr. Sianni is a member of the bars of the state of Delaware, the commonwealth of Pennsylvania and the District of Columbia.  Mr. Sianni is also admitted to practice and before the United States District Courts for the District of Delaware and the Eastern District of Pennsylvania, the United States Court of Appeals for the Third Circuit, and the United States Supreme Court.

**ALISHA C. SMITH** graduated from the University of Maryland in 1997 with a Bachelor of Arts degree in Government and Politics. In 2000, she earned her J.D. from Washington University School of Law in St. Louis. While a law student, Alisha clerked for Judge Theodore McMillian on the United States Court of Appeals for the Eighth Circuit. Prior to graduation, she worked as a full-time intern at the Securities and Exchange Commission in the Division of Market Regulation Office of Chief Counsel.

After graduation, Alisha remained in the Washington, D.C. area and in 2002 she received her LL.M. in Securities Regulation from the Georgetown University Law Center.

Alisha was admitted to practice in the State of Maryland in 2001 and admitted to practice in the State of New York in 2003. Ms. Smith is a member of the Maryland State Bar Association, the American Bar Association, and the Securities and Exchange Commission Historical Society.

**KRISTI M. STAHNKE** received her B.A. in political science, Phi Beta Kappa, from the University of Florida in 1995.  She spent two years, 1993-94 and 1995-96, studying political science and economics at the Rheinische Friedrich-Wilhelms-Universitaet Bonn in Bonn, Germany. In 1999 Ms. Stahnke received her J.D. degree from Emory University School of Law, where she was the Research Editor of the Emory International Law Review and student law clerk to Justice Norman Fletcher of the Georgia Supreme Court.

After graduating law school, Ms. Stahnke was a recipient of the German Chancellor Fellowship through the Alexander Von Humboldt Foundation, which allowed her to attend the Westfaelische Wilhelms-Universitaet Muenster in Muenster, Germany and receive her LL.M. degree magna cum laude in German civil law in 2001.

Prior to joining Milberg Weiss in 2002, Ms. Stahnke practiced in the international section of a large Atlanta law firm. She is fluent in German. Ms. Stahnke was admitted to the State Bar of Georgia in 1999, the New York Bar in 2003 and the Florida Bar in 2004.

**MELISSA STEWART** received her B.A. in Spanish in 1991 from the University of Texas at Austin and her M.S. in Community and Regional Planning in 1998 from the University of Texas at Austin.  In 2002, she received her J.D. from the Benjamin N. Cardozo School of Law where she was named the Outstanding Law Graduate by the National Association of Women Lawyers.  While at Cardozo, Melissa was Executive Editor of the Journal of International and Comparative Law and a member of Cardozo's Trial Team.  Prior to joining Milberg Weiss, Melissa clerked in the United States Court of Appeals for the Fifth Circuit and the United States District Court for the Western District of Texas.  She is fluent in Spanish. Melissa is a member of the New York Bar.

**CARY L. TALBOT** graduated from the University of Michigan in 1991 with a Bachelor of Arts degree. In 1997, he earned his J.D. from Washington University in St. Louis, where he was an associate editor of the Washington University Law Quarterly. Mr. Talbot is admitted to the New York State Bar and is admitted to practice before the United States District Court for the Southern District of New York. He is a member of the New York State Bar Association and the American Bar Association.

**CHRISTOPHER S. JONES** received his Bachelor of Arts in Economics (cum laude) from the University of Akron in 1991, and his J.D. from DePaul University College of Law in 1996. Mr. Jones began his legal career as an associate with Thompson Coburn L.L.P. in St. Louis, Missouri, where he gained extensive litigation

experience in a variety of areas, including Products Liability, Complex Litigation, Class Actions, and Appellate Litigation. Before joining Milberg Weiss in 2001, Mr. Jones was an associate with Becker & Poliakoff in Fort Lauderdale, Florida, where he specialized in commercial litigation. Mr. Jones' recent litigation victories include Conway v. Royalite, Inc., 12 S.W. 3d 314 (Mo. 2001) and Fletcher v. Conoco Pipeline Co., 129 F.Supp. 2d 1255 (W.D. Mo. 2001). Mr. Jones is a member of the bar of the State of Missouri (1996), State of Illinois (1997), and State of Florida (2000). Mr. Jones is also a member of the United States District Courts for the Northern District of Florida, Middle District of Florida, Southern District of Florida, Eastern District of Missouri, and the Southern District of Illinois.

**R. TIMOTHY VANNATTA** was born in Miami, Florida in 1969. Mr. Vannatta attended the University of Florida before receiving his B.S. degree in Criminology (Dean's List) from the University of Tampa in 1991. He received his J.D. from the University of Mississippi in May, 1995. While attending law school Mr. Vannatta participated in Moot Court, mock trials and was a Contract Negotiation award winner.

Mr. Vannatta was admitted to the Florida Bar in September, 1995. He was licensed to practice before the U.S. District Court, in the Southern and Middle districts of Florida, in 1999 and 2000, respectively. Formerly a prosecutor with the Office of the State Attorney for the 15th Judicial Circuit of Florida, Palm Beach County. While a prosecutor, Mr. Vannatta tried over 40 jury trials. He spent the next three years specializing in Medical Malpractice and Products Liability. Mr. Vannatta currently specializes in Class Action Securities, Mass Tort and Class Action Products Liability.

**JOSEPH E. WHITE III** graduated from Tufts University in 1996 with a Bachelors of Arts degree in Political Science. In 2000, he earned a Juris Doctor from Suffolk University Law School where he was also awarded Honorable Mention for Distinguished Oral Advocacy. Prior to joining Milberg Weiss, Mr. White gained experience in all facets of civil litigation as an associate with an insurance defense firm concentrating in fraud cases. Mr. White is a member of the state of Massachusetts Bar (2001), the U.S. District Court of Massachusetts Bar (2002), and the state of Florida Bar (2003).

**ADAM H. WIERZBOWSKI** graduated magna cum laude with high honors in English from Dartmouth College in 2000 and earned his J.D. with honors from The George Washington University Law School in 2003. While at George Washington, Mr. Wierzbowski was Notes Editor of The George Washington International Law Review and a member of the Moot Court Board. Mr. Wierzbowski also won Best Brief and was the Best Overall Competitor in the 2001-2002 Giles S. Rich Intellectual Property Law Moot Court Competition. Mr. Wierzbowski is admitted to the New York State Bar.

**ANDREW WILMAR** graduated magna cum laude and with distinction from Yale University in 1996, where he majored in Political science and Philosophy. In 2001, Andrew graduated from Harvard Law School, where he was an Executive Editor for the Harvard Civil Rights-Civil Liberties Law Review, and a finalist in the Ames Moot Court Competition. He was also named Best Oralist by a panel of state and federal judges during the semi-final round of the Ames Competition. Prior to joining Milberg Weiss, he was a law clerk to the Honorable Robert L. Carter of the United States District Court for the Southern District of New York. Andrew is a member of the New York Bar.