UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAN COHEN, on Behalf of Herself and all others Similarly Situated,<br><br>                    Plaintiff,<br><br>vs.<br><br>FLEETBOSTON FINANCIAL CORPORATION, et al.,<br><br>                    Defendants, | Civil Action No. 04cv11704 (REK) |
| GENE F. OSBURN, Individually And On Behalf Of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>vs.<br><br>FLEETBOSTON FINANCIAL CORPORATION, et al.,<br><br>                    Defendants. | Civil Action No. 04cv11750 (REK) |
| PAULA SLICKER, on Behalf of Herself and all Others Similarly Situated,<br><br>                      Plaintiff,<br><br>vs.<br><br>FLEETBOSTON FINANCIAL CORPORATION, et al.,<br><br>                    Defendants. | Civil Action No. 04cv11760 (REK) |

[Caption continues on next page]

385694/E/1

| | |
|---|---|
| JEAN S.B. SIMMONDS and R.L. SIMMONDS, Individually and on Behalf of All Others Similarly Situated, )<br>)<br>)<br>)<br>)<br>    Plaintiffs )<br>)<br>vs. )<br>)<br>FLEETBOSTON FINANCIAL CORPORATION, et al., )<br>)<br>    Defendants. )<br>) | Civil Action No. 04cv11953 (REK) |

### THE COLUMBIA FUNDS AND TRUSTEE DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO THE PLAINTIFFS' MOTION FOR APPOINTMENT OF CO-LEAD COUNSEL AND APPOINTMENT OF LIAISON COUNSEL

Defendant Columbia Funds[1] and the Independent Trustee Defendants,[2] by their counsel, respectfully submit this memorandum in opposition to Plaintiffs' Motion for Appointment of Co-Lead Counsel and Appointment of Liaison Counsel.

---

[1] The Fund Defendants include: Columbia Acorn Fund, Columbia Acorn Select, Columbia Acorn USA, Columbia Asset Allocation Fund, Columbia Balanced Fund, Columbia Common Stock Fund, Columbia Disciplined Value Fund, Columbia Dividend Income Fund, Columbia Growth & Income Fund, Columbia Growth Fund, Columbia Growth Stock Fund, Columbia Large Cap Core Fund, Columbia Large Cap Growth Fund, Columbia Large Company Index Fund, Columbia Liberty Fund, Columbia Mid Cap Growth Fund, Columbia Mid Cap Value Fund, Columbia Real Estate Equity Fund, Columbia Small Cap Fund, Columbia Small Cap Value Fund, Columbia Small Company Equity Fund, Columbia Small Company Index Fund, Columbia Strategic Investor Fund, Columbia Tax-Managed Aggressive Growth Fund, Columbia Tax-Managed Growth Fund, Columbia Tax-Managed Growth Fund Ii, Columbia Tax-Managed Value Fund, Columbia Technology Fund, Columbia Thermostat Fund, Columbia Utilities Fund, Columbia Young Investors Fund, Columbia Acorn International Fund, Columbia Acorn International Select Fund, Columbia Europe Fund, Columbia Global Equity Fund, Columbia International Equity Fund, Columbia International Stock Fund, Columbia Newport Asia Pacific Fund, Columbia Newport Japan Opportunities Fund, Columbia Newport Greater China Fund, Columbia Newport Tiger Fund, Columbia Contrarian Income Fund, Columbia Corporate Bond Fund, Columbia Federal Securities Fund, Columbia Fix Income Securities Fund, Columbia Floating Rate Advantage Fund, Columbia Floating Rate Fund, Columbia High Yield Fund,

## INTRODUCTION

As of this date, four virtually identical complaints have been filed in the United States District Court for the District of Massachusetts on behalf of a putative class of investors in Columbia mutual funds "belonging to FleetBoston Financial Corporation" (hereinafter the "Columbia Funds"), as well as derivatively <u>on behalf of the Columbia Funds</u> against their investment advisers, distributors, corporate parents and trustees. Each of the complaints alleges violations of various sections of the Investment Company Act of 1940 (the "ICA"), the Investment Advisers Act of 1940 ("IAA"), the Securities Exchange Act of 1934 (the "Exchange Act") and common law arising from allegedly excessive and undisclosed payments of commissions and fees to brokerages, purportedly in paid return for "preferential" marketing of the Columbia Funds to investors and in violation of Exchange Act rules governing "soft dollars." (Cohen Compl., ¶¶ 3, 50, 51, 60.)

---

Columbia Yield Opportunity Fund, Columbia Income Fund, Columbia Intermediate Bond Fund, Columbia Intermediate Government Income Fund, Columbia Money Market Fund, Money Market Fund, Columbia National Municipal Bond Fund, Columbia Quality Plus Bond Fund, Columbia Short Term Bond Fund, Columbia Strategic Income Fund, Columbia Us Treasure Index Fund, Columbia California Tax-Exempt Fund, Columbia Connecticut Intermediate Municipal Bond, Columbia Connecticut Tax-Exempt Fund, Columbia Florida Intermediate Municipal Bond Fund, Columbia High Yield Municipal Fund, Columbia Intermediate Tax-Exempt Bond Fund, Columbia Managed Municipals Fund, Columbia Massachusetts Intermediate Municipal Bond Fund, Columbia Massachusetts Tax-Exempt Fund, Columbia Municipal Bond Fund, Columbia New Jersey Intermediate Municipal Bond Fund, Columbia New York Intermediate Municipal Bond Fund, Columbia New York Tax-Exempt Fund, Columbia Oregon Municipal Bond Fund, Columbia Pennsylvania Intermediate Municipal Bond Fund, Columbia Rhode Island Intermediate Municipal Bond Fund Columbia Tax-Exempt Fund, Columbia Tax-Exempt Insured Fund, Columbia Small Cap Growth Fund, Columbia European Thematic Equity Fund, Columbia Global Thematic Equity Fund and Columbia Daily Income Company Fund.

[2] The "Independent Trustee Defendants" include: Margaret Eisen, Leo A. Guthart, Jerome Kahn, Jr., Steven Kaplan, David C. Kleinman, Allan B. Muchin, Robert R. Nason, John A. Wing, James C. George, Charles R. Nelson, Patrick J. Simpson and Richard L. Woolworth.

In plaintiffs' separate motion for the consolidation of these cases, plaintiffs propose the filing of an amended complaint within 60 days of an order of consolidation. ([Proposed] Pretrial Order No. 1 for Consolidation, at p. 5.)[3] To date, no motion for appointment of a lead class action plaintiff has been filed. Nevertheless, plaintiffs' counsel have filed a cryptic motion (containing only three short and conclusory paragraphs labeled as "Argument") seeking appointment of Co-Lead Counsel and Liaison Counsel for plaintiffs. Plaintiffs' motion should be denied. It is premature, glaringly insufficient in substance and contrary to legal principles guiding the appointment of lead counsel.[4] Additionally, the counsel proposed as Co-Lead and Liaison Counsel for plaintiffs are precluded from serving in this role by the legal conflicts attendant to their concurrent representation of mutual fund investors in litigation <u>adverse</u> to the Columbia Funds (Funds which they seek to represent in these cases). Accordingly, plaintiffs' motion should be denied or, in the alternative, deferred pending the selection of a lead class plaintiff.

---

[3] While the Columbia Funds Defendants and Independent Trustee Defendants agree that consolidation of these four cases may be appropriate, defendants object to several provisions in plaintiffs' "[Proposed] Pretrial Order No. 1 for Consolidation" relating to, for example, lead-counsel and subsequently filed lawsuits (where a proper lead plaintiff may be identified). These defendants do agree to the proposed schedule for the filing of an amended complaint within 60 days of consolidation and the 45-45-30 day briefing schedule proposed on motions or responses to the complaint.

[4] Courts routinely entertain defendants' submissions concerning lead plaintiff motions. *See, e.g., In re First Union Corp. Sec. Litig.*, 157 F. Supp. 2d 638, 641 (W.D.N.C. 2000) ("nothing in the Reform Act prevents this Court from considering the arguments raised and authorities cited by Defendants"); *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1138 (C.D. Cal. 1999); *King v. Livent, Inc.*, 36 F. Supp. 2d 187, 190-91 (S.D.N.Y. 1999).

## ARGUMENT

### I.
### THE APPOINTMENT OF CO-LEAD AND LIAISON COUNSEL FOR PLAINTIFFS IS PREMATURE AND INAPPROPRIATE BASED ON THE INSTANT MOTION

While the instant motion focuses on which <u>law firms</u> will control the litigation, it contains absolutely no discussion of who the plaintiffs in these cases are, what their respective interests are in the litigation, and why the proposed structure of co-lead counsel and liaison counsel is appropriate or necessary. It goes without saying that the focus in securities litigation should be on the interests of the plaintiff-investors, <u>and not the lawyers</u>. Thus, defendants respectfully submit that the appointment of lead counsel for plaintiffs can be resolved only *after* lead plaintiffs are identified.

Congress has spoken to this issue through the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), which expressly applies to cases invoking, as here, the Exchange Act.[5] 15 U.S.C. 78u-4(a)(1). Federal courts have also applied the PSLRA provisions for determining lead plaintiff counsel in cases involving claims outside of the PSLRA. *See, e.g., In re Scrap Metal Antitrust Litig.*, 2002 WL 31988203, at *2 (N.D. Ohio Aug. 5, 2002).

The PSLRA concept is simple: The plaintiff with the largest financial stake in the litigation takes first position, and (subject to court approval) chooses his, her, or its own lawyer. The text of the PSLRA makes clear that "'[t]here is *one* lead plaintiff under the Reform Act: an individual, an institution or a properly-constituted group.'" *In re Cendant Corp. Litig.*, 264 F.3d 201, 223 n.3 (3d Cir. 2001) (quoting *Brief for the Securities and Exchange Commission as*

---

[5] Plaintiffs expressly allege that defendants violated Section 28(e) of the Exchange Act by making "additional undisclosed payments to brokers, in the form of excess commissions, that were not disclosed or authorized by the Columbia Funds Rule 12b-1 plan." *See, e.g., Simmonds v. FleetBoston Fin. Corp.*, No. 04 cv 11953, Compl. ¶ 50, p. 19.

*Amicus Curiae,* at 11 n.8) (emphasis in original). The PSLRA consistently refers to the "lead plaintiff" in the singular. *See, e.g.,* 15 U.S.C. § 78u-4(a)(3)(B)(i); § 78u-4(a)(3)(B)(ii); § 78u-4(a)(3)(B)(iv). The SEC has endorsed this view in amicus briefs filed in connection with lead plaintiff proceedings. *See, e.g.,* Brief of *Amicus Curiae* SEC, *In re Baan Co. Sec. Litig.,* 186 F.R.D. 214, 217 (D.D.C. 1999) (reproduced in its entirety at 186 F.R.D. at 218) (hereinafter, "SEC *Amicus* Br."). And the rule has been widely applied by the courts in rejecting the appointment of multiple lead plaintiffs -- much less multiple lead counsel.[6]

As the SEC has explained, Congress enacted the PSLRA to address widespread concerns that "class action securities litigation had become a 'lawyer-driven' enterprise, in which law firms sought to bring cases and then search out plaintiffs in whose name they could sue." SEC *Amicus* Br., 186 F.R.D. at 220. According to the Commission, "[t]he language and purpose of the Act make clear that Congress believed that the compensation and protection of investors would best be served <u>if only one lead plaintiff, that with the largest financial interest in the litigation, were to be appointed.</u>" *In re Network Assocs., Inc., Sec. Litig.,* 76 F. Supp. 2d 1017, 1025 (N.D. Cal. 1999) (quoting Brief of *Amicus Curiae* SEC, *In re Oxford Health Plans, Inc., Sec. Lit.,* 182 F.R.D. 42 (S.D.N.Y. 1998)) (emphasis supplied).

---

[6] *See In re Cree, Inc., Sec. Litig.,* 219 F.R.D. 369, 372 (M.D.N.C. 2003) (finding that "the Plaintiffs have done nothing to show that joint lead plaintiffs are necessary or beneficial to the class"); *Weinberg v. Atlas Air Worldwide Holdings, Inc.,* 216 F.R.D. 248, 254 (S.D.N.Y. 2003) ("[t]here is nothing to indicate that the overall quality of the action [would] be improved by having multiple Lead Plaintiffs"); *Roth v. Knight Trading Group,* 228 F. Supp. 2d 524, 530-31 (D.N.J. 2002) (declining "to name both parties as Lead Plaintiff, with each designating its lawyers as co-Lead Counsel" because "[t]here need be only one *cook* for *this broth*") (emphasis in original); *In re Network Assoc., Inc., Sec. Litig.,* 76 F. Supp. 2d 1017, 1024-25 (N.D. Cal. 1999) ("Congress intended a single, strong lead plaintiff to control counsel and the litigation. No reference whatsoever was made in the reports to multiple, unrelated individuals at the helm.")

The Commission also has emphasized that investor control of litigation is undermined by "the appointment of multiple class counsel" because "[t]he greater the number of lead counsel, the more difficult it is likely to be for the lead plaintiff to manage the litigation and supervise the lawyers." SEC *Amicus* Br., 186 F.R.D. at 230 (emphasis added); *see generally Friedman v. Rayovac Corp.*, 219 F.R.D. 603, 605-06 (W.D.Wis. 2002) ("[t]he lead plaintiff group has not addressed the myriad cases in which courts have expressed skepticism or have rejected outright a lead plaintiff's motion to appoint multiple lead counsel") (collecting authorities); *Scrap Metal*, 2002 WL 31988203, at *1 (the limited number of plaintiffs' counsel in the case "suggest that the appointment of one firm as lead counsel would be both sufficient and most efficient.").

In the instant motion, Milberg Weiss is identified as counsel for one individual plaintiff, Joan Cohen, and Stull, Stull & Brody is said to represent three individual plaintiff investors. (Plaintiffs' Motion, p. 2.) The Moulton & Gans firm presumably represents these same plaintiff investors. The relative financial interests of these individual plaintiffs is nowhere identified in the motion, nor is any other information regarding this assemblage of individual plaintiffs.[7] The Complaints indicate these plaintiffs together own an unidentified amount of shares in only two Columbia funds, while they hope to represent all of the Columbia Funds derivatively.[8] At

---

[7] The PSLRA requires that plaintiffs submit sufficient information to "enable the court to assess whether the proposed group is capable of performing the lead plaintiff function." *Network Assocs.*, 76 F. Supp. 2d at 1026 (quoting Brief of *Amicus Curiae* SEC, *Parnes, et al. v. Digital Lightwave, Inc.*, No. 99-11293 (11th Cir. Aug. 25, 1999)). As one court has explained, a proposed lead plaintiff group must "provide appropriate information about its members, structure, and intended functioning," an "explanation of how it was formed," and a "description of the mechanism that its members and the proposed lead counsel have established to communicate with one another about the litigation." *Id.*

[8] In pertinent part, Section 36(b) states:

> [T]he investment adviser of a registered investment company shall be deemed to have a fiduciary duty with respect to the receipt of compensation for services.... An action may be brought under this

bottom, the appointment of multiple law firms and various individual plaintiffs for the class claims, presumably with *de minimus* investments in only two Columbia funds, is contrary to the PSLRA and sensible practice.

## II.
## THE LAW FIRMS PROPOSED AS CO-LEAD COUNSEL AND LIAISON COUNSEL HAVE CONFLICTS WHICH PREVENT THEM FROM REPRESENTING PLAINTIFFS IN THESE CASES

The attorneys from the law firms of Milberg Weiss, Stull, Stull & Brody and Moulton & Gans (collectively, "Proposed Plaintiffs' Counsel") not only attempt to represent conflicting class and derivative interests <u>within these cases</u>, but are now appearing in state and federal lawsuits as counsel for plaintiff investors <u>against the Columbia Mutual Funds</u>.[9] In those

---

subsection by the Commission, or <u>by a security holder of such registered investment company on behalf of such company</u>, against such investment adviser…for breach of fiduciary duty in respect of such compensation or payments paid by such registered investment company…

15 U.S.C. § 80a-35(b) (emphasis added). "Pursuant to 15 U.S.C. § 80(a)-35(b), plaintiffs do not have standing to bring a § 36(b) claim on behalf of investment companies other than the Funds in which they are security holders." *Green v. Nuveen Advisory Corp.*, 186 F.R.D. 486, 493 (N.D.Ill. 1999); *Olesh v. Dreyfus Corp.*, 1995 WL 500491, at *10 (E.D.N.Y. Aug. 8, 1995) (rejecting plaintiff's efforts to maintain action under § 36(b) not only on behalf of funds owned by plaintiffs, but on behalf of "the Dreyfus family of funds"); *Nenni v. Dean Witter Reynolds, Inc.*, No. 98-12454-REK, Mem. and Order, Slip Op. at 5 (D. Mass. Sept. 29, 1999) (attached hereto as Exhibit A) (plaintiff has standing to bring claims for the shares in the four mutual funds that he actually holds; plaintiff can only create a class of people who have purchased shares of same mutual funds that he actually holds); *Spira v. Nick*, 876 F. Supp. 553, 562 (S.D.N.Y. 1995) (plaintiff does not have standing to seek relief on behalf of the investors in the entities in which he does not claim an interest). Thus, it is doubtful the plaintiffs represented by the Proposed Plaintiffs' Counsel could serve as lead plaintiffs.

[9] There are really two layers of conflict here. First, an inherent conflict arises from Proposed Plaintiffs' Counsel's representation of both the class and derivative plaintiffs in this action because recovery in a class suit typically reduces the potential recovery in a derivative suit. *See Crawford v Magee*, 1993 WL 438463, at *4 (D. Mass. Oct. 12, 1993); *Brickman v. Tyco Toys, Inc.*, 731 F. Supp. 101, 108-09 (S.D.N.Y. 1990); *Kamerman v. Steinberg*, 113 F.R.D.

lawsuits, the plaintiff investors allege defendants, including the Columbia Funds, engaged in improper market timing and failed to "fair value" price on a daily basis the NAV of Columbia Funds.[10]  In the market timing and fair valuation cases, Proposed Plaintiffs' Counsel are suing the very same mutual funds on whose behalf the derivative claims in these actions are being brought.  The result is that in the market timing/fair valuation class action cases, Proposed Plaintiffs' Counsel desire to have the Columbia Funds pay a judgment to the plaintiff investors while, in the instant excessive fee cases, Proposed Plaintiffs' Counsel hopes through the derivative claims to collect money for the Columbia Funds based on the adviser's alleged fee overcharges.  The same law firms cannot do both.

This results in a clear conflict of interest not only precluding the Proposed Plaintiffs' Counsel's appointment here as Co-Lead or Liaison counsel, but likely requires the disqualification of these firms in one set of the cases.  Rule 1.7 of the Massachusetts Rules of Professional Conduct mandates:

(a)   A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:

---

511, 516 (S.D.N.Y. 1986).  Plaintiffs have done nothing in their motion to explain why this inherent conflict should be ignored.  The second, and more fundamental conflict arises directly from Proposed Plaintiffs' Counsel's concurrent representation of the Columbia Funds derivatively in the instant cases and their adverse position to the Columbia Funds who are named defendants in the market timing/fair valuation cases Proposed Plaintiffs' Counsel filed on behalf of mutual fund investors.

[10]  These cases include *Simmonds v. Columbia Acorn Fund, et al.*, No. 04-CV-10879 (S.D.N.Y.), represented by Stull, Stull & Brody; *Ehrlich v. Columbia Acorn Fund, et al.*, 04-CV-10405 (D. Mass), represented by Moulton & Gans and Milberg Weiss; *Dukes v. Columbia Acorn Fund, et al.*, 04-CV-10315 (D. Mass), represented by Moulton & Gans and Milberg Weiss; *Caprio v. Columbia Acorn Fund, et al.*, 04-CV-10600 (D. Mass), represented by Moulton & Gans and Milberg Weiss.

>> (1) the lawyer reasonably believes the representations will not adversely affect the relationship with the other client; and
>>
>> (2) each client consents after consultation.
>
> (b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interest, unless:
>
>> (1) the lawyer reasonably believes the representation will not be adversely affected; and
>>
>> (2) the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

As the Comment accompanying Rule 1.7 makes clear, "a lawyer ordinarily may not act as advocate against a person the lawyer represents in some other matter, even if it is wholly unrelated."[11] Mass. Rules of Prof'l Conduct R. 1.7 (Comment 3).

The Massachusetts Supreme Judicial Court recognized this conflict inherent in concurrent representation even where the lawsuits were unrelated in subject matter and no prejudice resulted to the client. *Bloomenthal v. Halstrom,* 1999 WL 1318980, at *4 (Mass. Super. Ct. Mar. 16, 1999) ("it is impossible for a lawyer to exercise independent judgment with regard to one client when at certain points in the relationship there is a conflict with another client's competing interest."); *McCourt Co., Inc. v FPC Props., Inc.,* 386 Mass. 145, 146, 434 N.E.2d 1234, 1235 (1982) ("[t]he undivided loyalty that a lawyer owes to his clients forbids him, without the clients' consent, from acting for client A in one action and at the same time against client A in another."); *see also Gaumer v. McDaniel,* 811 F. Supp. 1113, 1117 (D. Md. 1991) ("there is an

---

[11] The Massachusetts Rules of Professional Conduct became effective on January 1, 1998. Rule 1.7 corresponds to former Massachusetts Rule DR 5-105(A) and (C). "[W]hile some of the language in DR 5-105 and Rule 1.7 is different, their purpose is the same." *Booth Creek Ski Holdings, Inc., v. ASU Int'l, LLC.,* 2003 WL 21246547, at *2 n.5 (Mass. Super. Ct. May 12, 2003).

absolute rule that an attorney (absent consent in appropriate circumstances) cannot simultaneously represent parties with adverse interests.").

In their motion, plaintiffs (or their counsel) do nothing to address how they can possibly avoid this conflict and fairly and adequately represent the interests of the plaintiff investors and the Columbia Funds when concurrently prosecuting mutual fund litigation adverse to the Columbia Funds.

## **CONCLUSION**

Defendants respectfully submit that the correct approach, which is a <u>straightforward application of the PSLRA</u>, is to deny the plaintiffs' motion to appoint multiple lead and liaison counsel. Rather, the plaintiffs should provide the Court with sufficient information to permit the Court to ascertain the fund investor plaintiff with the largest financial interest in the litigation, and the Court should be allowed to address the suitability of each potential candidate in turn. That plaintiff should then be allowed to select his, her, or its counsel who does not have a conflict in representing the plaintiffs in this case, being encouraged to retain a single law firm, subject to approval by the Court. Finally, lead counsel should identify a single lawyer who will serve as plaintiffs' representative to perform functions such as those delineated in plaintiffs' proposed pre-trial order no. 2.

For all the foregoing reasons, the Columbia Funds Defendants and the Independent Trustee Defendants respectfully submit that Plaintiffs' Motion for Appointment of Co-Lead

Counsel and Appointment of Liaison Counsel should be denied, or at least deferred pending the selection of a lead class plaintiff.

Respectfully Submitted,

The Columbia Funds Defendants
The Columbia Independent Trustee Defendants

By their Attorneys,

Timothy O. Egan, BBO#637992
Peabody & Arnold, LLP
30 Rowes Wharf
Boston, Massachusetts 02110
(617) 951-2100

and

John W. Rotunno, Esq.
Kenneth E. Rechtoris, Esq.
Bell, Boyd & Lloyd LLC
70 West Madison St., Suite 3300
Chicago, Illinois  60602
(312) 372-1121

**CERTIFICATE OF SERVICE**
I hereby certify that I served a copy of the foregoing pleading on all parties by mailing same, postage prepaid, to all counsel of record.
Signed under the pains and penalties of perjury
DATED: September 24, 2004

**SERVICE LIST**

Frances S. Cohen
Matthew M. Lyons
DECHERT LLP
200 Clarendon Street, 27th Floor
Boston, MA 02116

Stephen J. McConnell
DECHERT LLP
1717 Arch Street
4000 Bell Atlantic Tower
Philadelphia, PA 19103

David A. Kotler
DECHERT LLP
Princeton Pike Corporate Center
P.O. Box 5218
Princeton, NJ 08543

*Attorneys For the Adviser/Distributor Defendant*

Jules Brody
Aaron Brody
Tzivia Brody
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017

Joseph H. Weiss
WEISS & YOURMAN
551 Fifth Avenue
New York, New York 10176

Nancy Freeman Gans
MOULTON & GANS, P.C.
33 Broad Street
Boston, Massachusetts 02109

*Attorneys for Plaintiffs Jean S.B. Simmonds and R.L. Simmonds*

David Pastor
GILMAN & PASTOR, LLP
Stonehill Corporate Center
999 Broadway Suite 500
Saugus, Massachusetts 01906

386019/E/1 9/24/2004 12:58 PM

Marc A. Topaz
Richard A. Maniskas
SCHIFFRIN & BARROWAY, LLP
Three Bala Plaza East
Suite 400
Bala Cynwyd, Pennsylvania 19004

*Attorneys for Plaintiff Paula Slicker*


Nancy Freeman Gans
MOULTON & GANS, P.C.
33 Broad Street, Suite 1100
Boston, Massachusetts  02109

Steven G. Schulman
Janine L. Pollack
Kim E. Levy
Michael R. Reese
MILBERG WEISS BERSHAD & SCHULMAN LLP
One Pennsylvania Plaza
New York, New York 10119

Charles J. Piven
Marshall N. Perkins
LAW OFFICES OF CHARLES J. PIVEN, P.A.
The World Trade Center – Baltimore
Suite 2525
201 East Pratt Street
Baltimore, Maryland 21202

*Attorneys for Plaintiff Joan Cohen*

Jules Brody
Aaron Brody
Tzivia Brody
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017

Joseph H. Weiss
WEISS & YOURMAN
551 Fifth Avenue
New York, New York 10176


386019/E/1 9/24/2004 12:58 PM

Nancy Freeman Gans
MOULTON & GANS, P.C.
33 Broad Street
Boston, Massachusetts  02109

*Attorneys for Plaintiff Gene Osburn*

Case 1:04-cv-11704-MBB     Document 10     Filed 09/24/2004     Page 15 of 15

386019/E/1 9/24/2004 12:58 PM