**ATTACHMENTS**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

Chambers of
RONALD J. HEDGES
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING, JR.
FEDERAL BUILDING AND COURTHOUSE
50 WALNUT STREET
NEWARK, N.J. 07101
973-645-3827

October 18, 2004

LETTER-ORDER
ORIGINAL FILED WITH THE CLERK OF THE COURT

Jeffrey B. Maletta, Esq.
Kirkpatrick & Lockhart LLP
One Newark Center
Tenth Floor
Newark, New Jersey 07102

Janine L. Pollack, Esq.
Milberg Weiss
One Pennsylvania Plaza
New York, New York 10119

Mary Sue Henifin, Esq.
Buchanan Ingersoll, PC
700 Alexander Park, Suite 300
Princeton, New Jersey 08540-6347

Patrick L. Rocco
Shalov Stone & Bonner LLP
163 Madison Avenue
P.O. Box 1277
Morristown, New Jersey 07962

> Re: In Re Lord Abbett Mutual Funds Fee Litigation
> Civil Action No. 04-0559
> Hon. William J. Martini, U.S.D.J.

Dear Counsel:

Consistent with the Case Management Order of September 29th, I received correspondence from Ms. Pollock dated October 6th with regard to the application of Lord Abbett to stay all discovery.

Given the claims in issue, I am not satisfied that the "automatic stay" provision of the Private Securities Litigation Reform Act of 1995 is applicable. I appreciate that motions to dismiss the Amended Complaint will be made. However, rather than grant defendants a discretionary stay of all discovery, I deem it appropriate to allow plaintiffs to proceed on class certification-related discovery. This will afford defendants protection from unlimited merits discovery and will, at the same time, allow the parties to prepare for class certification. I will allow the discovery described by Ms. Pollack in her October 6th letter.

SO ORDERED.

s/Ronald J. Hedges

_____
RONALD J. HEDGES
UNITED STATES MAGISTRATE JUDGE

SHALOV STONE & BONNER LLP
163 Madison Avenue
P.O. Box 1277
Morristown, New Jersey 07962-1277
Tel.: 973-775-8997

MILBERG WEISS BERSHAD & SCHULMAN LLP
One Pennsylvania Plaza
New York, New York 10119
Tel.: 212-594-5300

RECEIVED

DEC 1 3 2004

AT 8:30_____M
WILLIAM T. WALSH, CLERK

Attorneys for Plaintiffs

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE LORD ABBETT MUTUAL FUNDS FEE LITIGATION : x | MASTER FILE: 04-cv-559 (WJM) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS : : : | CASE MANAGEMENT ORDER |
| ------ x | |

This matter having come before the Court pursuant to a hearing conducted on November 29, 2004 on defendants' motion to reconsider the Court's order of October 18, 2004 (the "October 18 Order") denying defendants' motion for a stay of all discovery and granting plaintiffs' document discovery relating to their class certification motion, and the Court having considered the submissions by all parties and the oral arguments of counsel;

IT IS on this 13th day of December, 2004,

ORDERED that:

1.    Defendants' motion for reconsideration is granted, in part, and is denied in part as set forth in the following rulings:

**Plaintiffs' Class Discovery**

A.    Defendants shall produce to Plaintiffs all service agreements that relate to any of the Lord Abbett Funds referenced in the Amended Complaint, whether or not such service agreements are publically available;

B.    Defendants shall produce to plaintiffs all documents provided to the Lord Abbett Funds boards of directors, regarding the allocation of any and all expenses among any of the various Lord Abbett Funds referenced in the Amended Complaint for each of the years covered in the Class Period defined in the Amended Complaint, including any documents relating to the bases for, and finalizations of, such allocations, and any board minutes approving such allocations;

C.    Defendants shall inform plaintiffs whether there has been any internal investigation(s) and whether defendants have responded to any governmental investigation(s) relating to activity by defendants of the type alleged in the Amended Complaint.  Defendants shall also inform plaintiffs of each of the following:

（i) The date of any governmental request for information;

(ii) The type of information requested;

(iii) How defendants responded to such requests, i.e. by producing documents, by letter, etc.; and

(iv) Any claims of privilege which defendants intend to assert with respect to any documents relating to any investigations referenced above.

In providing information called for in paragraph C (iv), defendants are advised that the Court rejects any assertion of the self-evaluative privilege.  Following disclosure of the information required by paragraph C(i) -(iv) above, the parties will confer regarding production of documents and information, if any exists.  In the event that the parties are unable to reach

2

agreement, they may bring any disagreements to the Court's attention.

D.    The remainder of Plaintiffs' document requests that were the subject of the October 18 Order and defendants' motion for reconsideration are denied without prejudice.

E.    Defendants shall provide all of the foregoing documents and information to plaintiffs no later than December 13, 2004.

## Defendants' Class Discovery

F.    The defendants shall have the right to serve up to 50 single-part interrogatories, as well as document requests, on each class representative related to issues raised by the Plaintiffs' Motion for Class Certification. These interrogatories and document requests shall be served no later than December 13, 2004. Plaintiffs' responses to these interrogatories and requests are due on January 14, 2005. Defendants' request to depose any class representative is denied without prejudice to being renewed after receipt of the responses to the interrogatories and document requests.

## Scheduling of Class Certification Motion

G.    Defendants' opposition to plaintiffs' motion for class certification shall be served no later than February 11, 2005. Plaintiffs' reply shall be served no later than February 25, 2005.

H.    There are no further conferences scheduled with the Magistrate until the pending dispositive motions are decided. If the parties have any further discovery disputes, they may raise them by letter or by conference call with the Magistrate.

RONALD J. HEDGES
United States Magistrate Judge

3



# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
JUDGE

February 8, 2005

## LETTER OPINION

**VIA REGULAR MAIL**

Jerome M. Congress, Esq.
Janine L. Pollack, Esq.
Kim B. Levy, Esq.
Milberg Weiss Bershad & Schulman, LLP
One Pennsylvania Plaza
New York, New York 10119
  (*Plaintiffs' Lead Counsel and Chair of Plaintiffs' Executive Committee*)

Samuel H. Rudman, Esq.
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
200 Broadhollow, Suite 406
Melville, NY 11747
  (*Member of Plaintiffs' Executive Committee*)

Marvin L. Frank, Esq.
Eric J. Belfi, Esq.
Murray, Frank & Sailer LLP
275 Madison Ave.
New York, NY 10016
  (*Member of Plaintiffs' Executive Committee*)

Joseph H. Weiss, Esq.
Richard A. Acocelli, Esq.
Weiss & Lurie
551 Fifth Ave.
New York, NY 10176
  (*Member of Plaintiffs' Executive Committee*)

Patrick L. Rocco, Esq.
Jennier A. Sullivan, Esq.
Shalov Stone & Bonner LLP
163 Madison Avenue, P.O. Box 1277
Morristown, New Jersey 07962
  (*Liaison Counsel for Plaintiffs*)

Joseph J. DePalma, Esq.
Lite, DePalma, Greenberg & Rivas LLC
Two Gateway Center, Twelfth Floor
Newark, NJ 07102-5003
    (*Counsel for Plaintiff*)

Gary S. Graifman, Esq.
Kantrowitz, Goldhamer & Graifman
210 Summit Ave.
Montvale, NJ 07645
    (*Counsel for Plaintiff*)

(*Counsel for Defendants*):

Anthony P. LaRocco, Esq.
Christopher A. Barbarasi, Esq.
Kirkpatrick & Lockhart LLP
One Newark Center, Tenth Floor
Newark, NJ 07102

Jeffrey B. Maletta, Esq.
Nicholas G. Terris, Esq.
Jon A. Stanley, Esq.
Kirkpatrick & Lockhart LLP
1800 Massachusetts Ave., N.W.
Washington, DC 20036-1221

Andrew Weissman, Esq.
Sam Broderick, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
2445 M Street, N.W.
Washington, DC 20037

Mary Sue Henifin, Esq.
Tod S. Chasin, Esq.
Buchanan Ingersoll, PC
700 Alexander Park, Suite 300
Princeton, New Jersey 08540-6347

2

Re:    **In re Lord Abbett Mutual Funds Fee Litigation**
       **Docket No.: 04-0559 (WJM)**

Dear Counsel:

This matter comes before the Court on Defendants' appeal of a Case Management Order dated December 13, 2004 and issued by Magistrate Judge Ronald J. Hedges. Defendants ask this Court to vacate the Order in its entirety and to stay all discovery pending resolution of their motion to dismiss the action or, in the alternative, to vacate Paragraph (C) of the Order. (Memorandum of Law in Support of Defendants' Appeal at 13.) There was no oral argument. Fed. R. Civ. P. 78. For the reasons set forth below, Judge Hedges' December 13, 2004 Case Management Order is affirmed.

This Court may not reverse a Magistrate's resolution of a non-dispositive motion unless it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Moreover, with regard to discovery matters, Magistrates exercise broad discretion, and their determinations may be overturned only if there is an abuse of discretion or legal error. *Public Interest Research Group of N.J., Inc. v. Hercules, Inc.*, 830 F. Supp. 1525, 1546–47 (D.N.J.1993), *aff'd in part and rev'd in part*, 50 F.3d 1239 (3d Cir. 1995); *Republic of Philippines v. Westinghouse Elec. Corp.*, 132 F.R.D. 384, 387 (D.N.J. 1990).

Defendants argue that Judge Hedges committed legal error in allowing class certification discovery to proceed in this case pending resolution of their motion to dismiss because: (1) Plaintiffs' claims are subject to the automatic stay provisions of the Private Securities Litigation Reform Act ("PSLRA"); (2) Plaintiffs' claims are preempted by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") and, therefore, are subject to the automatic stay provisions of the PSLRA; and (3) Plaintiffs' state law claims are subject Delaware's Rule 23.1 and Federal Rule of Civil Procedure 23.1, both of which require derivative claimants to plead with particularity what efforts they have made to make a demand on the board. These arguments are without merit, however, as: (1) none of the claims in this case are asserted under the Securities Act of 1933 or the Securities Exchange Act of 1934; (2) Defendants have not identified (nor has the Court discovered any) authority to support Defendants' assertion that Plaintiffs' state law claims are preempted by SLUSA; and (3) the Court has seen no authority for the proposition that Federal Rule of Civil Procedure 23.1 or Delaware's Rule 23.1 impose any such automatic stay in this action in this Court, and, in any case, the class certification discovery permitted by the December 13, 2004 Case Management Order has no connection with Plaintiffs pleading obligations on their derivative claim.

In the alternative, Defendants argue that Judge Hedges committed legal error by declining to exercise his discretion to stay discovery pending resolution of their motion to dismiss. Again, the Court finds that Judges Hedges committed no legal error. A court may in its discretion stay discovery pending resolution of a motion to dismiss upon a showing of "good cause." Fed. R. Civ. P. 26. In deciding whether to exercise such discretion, courts generally consider "the breadth of discovery sought and the burden of responding to it." *Johnson v. N.Y.U. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Although clearly Defendants can identify several

3

instances in which courts have found it appropriate to stay discovery pending resolution of a motion to dismiss, Judge Hedges cannot be said to have committed legal error simply because he declined to stay *all* discovery in this case pending resolution of Defendants' motion to dismiss. A stay is a discretionary measure, not—as Defendants would have it—a mandatory one.

Moreover, the record does not demonstrate any abuse of discretion. The December 13, 2004 Case Management Order was issued as a result of Defendants' October 26, 2004 motion for reconsideration of Judge Hedges' October 18, 2004 Letter-Order declining Defendants' request for a stay of all discovery pending resolution of the motion to dismiss. The October 18, 2004 Letter-Order stated: "[R]ather than grant defendants a discretionary stay of all discovery, I deem it appropriate to allow plaintiffs to proceed on class certification-related discovery. This will afford defendants protection from unlimited merits discovery and will, at the same time, allow the parties to prepare for class certification." In addition, the transcript of the November 29, 2004 hearing before Judge Hedges indicates that he in fact scaled back the discovery Plaintiffs sought. Given the content of the October 18, 2004 Letter-Order and Judge Hedges' remarks at the November 29, 2004 hearing, it is clear that Judge Hedges properly considered the relevant factors—"breadth of the discovery sought" and the "burden imposed" on the parties— in deciding to permit class certification discovery to proceed. Under these circumstances, the Court can find no abuse of discretion.

For the foregoing reasons, the Court affirms Judge Hedges' December 13, 2004 Case Management Order.

An appropriate Order accompanies this Letter Opinion.


William J. Martini, U.S.D.J.

cc:    The Honorable Ronald J. Hedges, U.S.M.J.

4

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE LORD ABBETT MUTUAL FUNDS FEE LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | MASTER FILE: 04-CV-0559 (WJM)<br><br><br>**ORDER**<br><br>HON. WILLIAM J. MARTINI |

For the reasons stated in the accompanying Letter Opinion, and for good cause shown,

**IT IS** on this ___ day of February 2005, hereby

**ORDERED** that the December 13, 2004 Case Management Order is affirmed.


William J. Martini, U.S.D.J.

cc:    The Honorable Ronald J. Hedges, U.S.M.J.