# EXHIBIT F

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RECEIVED
JUN 09 2005
By ___

|  |  |
|---|---|
| In re: COLUMBIA ENTITIES LITIGATION ) | Civil Action No. 04cv11704 (REK) |
| ) | Consolidated Case Nos.: |
| ) | 04cv11750 |
| ) | 04cv11760 |
| ) | 04cv11953 |

**DECLARATION OF PLAINTIFF R.L. SIMMONDS IN FURTHER
SUPPORT OF PLAINTIFFS' RENEWED MOTION FOR
<u>APPOINTMENT OF CO-LEAD COUNSEL AND LIAISON COUNSEL</u>**

I, R.L. Simmonds, under penalties of perjury, declare as follows:

1.  I am one of the named plaintiffs in this action. I respectfully make this declaration in support of the Renewed Motion for Appointment of Co-Lead Counsel and Liaison Counsel being made by Plaintiffs in the above-captioned action (the "Action").

2.  I am fully familiar with the facts and circumstances surrounding this Action. I reviewed, and authorized the filing of, a class action complaint that was filed on or about August 8, 2004 on my behalf by Stull Stull & Brody, Weiss & Lurie and Moulton & Gans, P.C., alleging certain violations of law in the management and distribution of mutual funds belonging to the FleetBoston Financial Corporation (now the Bank of America Corporation) which includes the Columbia family of funds. I have since reviewed the following documents: (i) the motion papers and reply brief filed on September 10, 2004 and April 6, 2005, respectively, by Plaintiffs in support of their motions for consolidation and the appointment of co-lead counsel and liaison counsel; (ii) the papers filed on September 24, 2004 by Defendants in opposition to Plaintiffs' motion to appoint counsel; (iii) Defendants' February 15, 2005 letter to the Court; (iv) the Consolidated Amended Class Action Complaint filed contemporaneously herewith; (v) the Consolidated Amended Class Action Complaint filed on September 29, 2004 against Columbia in the Market Timing Case (the "Market Timing Amended Complaint"); and (vi) the Declaration of Clifford Goodstein in support of Plaintiffs' motion for appointment of co-lead counsel and liaison counsel (the "Goodstein Declaration").

3.  Although I rely on my attorneys' advice concerning legal matters, I understand my role as a Plaintiff, and accept the duties and responsibilities that go along with serving as a Plaintiff. I understand that as Plaintiff, my job is to protect the interests of all investors in the Columbia family of funds on the class claims, as well as the funds themselves on the derivative claims, as I do my own interests.

2

4. As Co-Lead and Liaison Counsel, my attorneys have consulted and will continue to consult with me regarding events in this litigation. They will explain to me what I do not understand and keep me informed of all important developments. They have always been available to respond to my questions and I feel free to share my ideas and opinions with them. I understand the allegations in this action and intend to pursue them fully and faithfully.

5. I have reviewed the documents listed in paragraph 2, and I have discussed the issues presented therein extensively with my attorneys. I understand that the Court feels that a potential conflict of interest may exist, stemming from Milberg Weiss' representation of plaintiffs asserting derivative claims on behalf of certain Columbia funds in this action while representing plaintiffs who brought "market timing" claims purportedly against those same Columbia funds in the so-called "Market Timing Mutual Fund" cases, which are currently consolidated in the District of Maryland (the "Market Timing Case").

6. I have come to understand that in their original Market Timing complaints filed prior to consolidation, certain plaintiffs named the Columbia funds as defendants. I have also come to understand that all Columbia funds were dropped as defendants upon the filing of the Market Timing Amended Complaint on September 29, 2004. I believe that this is appropriate under the circumstances given that the purported wrongdoers are not the funds but, rather, the parties who control them; I understand that my attorneys believe that this is appropriate as well.

7. The contents of the Goodstein Declaration indicate that none of the Columbia funds was named as a defendant in the Market Timing Amended Complaint and, therefore, plaintiffs in that case will not seek or accept any money from the Columbia funds in that case under any circumstances. Thus, although my attorneys and the other Plaintiffs' counsel are indeed representing the other Plaintiffs and me in this action and we *are* seeking to recover money *on behalf* of the Columbia funds, I do not believe that they are representing plaintiffs in the Market Timing Cases that

3

are seeking to recover money *from* the Columbia funds (regardless of the entity named as a defendant in the Market Timing Amended Complaint).

8. After full consultation, my attorneys have assured me that nothing relating to the simultaneous representation of Plaintiffs in this action and the Market Timing Cases will interfere with their independent professional judgment in the prosecution of this Action. Based upon their assurance and the review of the documents listed in paragraph 2, I believe that my interest and the interests of the other Plaintiffs and class members will continue to be well represented by my attorneys and the other Plaintiffs' counsel. I therefore renew my request for the appointment of Co-Lead and Liaison Counsel.

9. Neither this declaration nor any of its contents is intended to waive any attorney-client privilege.

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: 6-7, 2005

_____
R.L. SIMMONDS

4