# EXHIBIT J

No. 82-1200

# In the Supreme Court of the United States

OCTOBER TERM, 1982

DAILY INCOME FUND, INC. AND
REICH & TANG, INC., PETITIONERS

*v.*

MARTIN FOX

ON WRIT OF CERTIORARI TO THE UNITED STATES
COURT OF APPEALS FOR THE SECOND CIRCUIT

BRIEF FOR THE SECURITIES AND
EXCHANGE COMMISSION AS AMICUS CURIAE
IN SUPPORT OF AFFIRMANCE

|  |  |
|---|---|
| DANIEL L. GOELZER<br>*General Counsel*<br>PAUL GONSON<br>*Solicitor*<br>JACOB H. STILLMAN<br>*Associate General Counsel*<br>RICHARD A. KIRBY<br>*Senior Special Counsel*<br>SARAH A. MILLER<br>MYRNA SIEGEL<br>*Attorneys*<br>*Securities and Exchange Commission*<br>*Washington, D.C. 20549* | REX E. LEE<br>*Solicitor General*<br>LOUIS F. CLAIBORNE<br>*Deputy Solicitor General*<br>SAMUEL A. ALITO, JR.<br>*Assistant to the Solicitor General*<br>*Department of Justice*<br>*Washington, D.C. 20530*<br>*(202) 633-2217* |

19

tive or representative nature of the security holder action was eliminated, together with the reference in the intervention provision to actions brought by the investment company itself. See S. 2224, *supra*, § 22. This legislative history unmistakably suggests that Congress intended for the Commission and security holders to be the sole enforcers of the fiduciary duty imposed on investment advisers by Section 36(b).[8]

b. It is irrelevant for present purposes that a security holder action under Section 36(b) is brought "on behalf of such company." That language indicates that such an action is brought for the company's benefit and that any recovery is to be paid to the company rather than the individual security holder plaintiff.[9] But it does not follow that the company itself is authorized to bring suit. As the Second Circuit recognized, "[t]he [Section 36(b)] action is not, strictly speaking, 'derivative' in the sense of deriving from a right properly asserted by the corpora-

---

[8] Our position here is consistent with the argument recently made by the Commission in *Herman & MacLean* v. *Huddleston*, No. 81-680 (Jan. 24, 1983), in which the Commission contended that implied rights of action should be recognized under another provision of the securities laws. In that case, we were concerned that if an implied right of action was not recognized there would be no damage remedy for certain misconduct. Here, Section 36(b) expressly affords investors a useful remedy, and no implied action is necessary to make that statute effective.

[9] Furthermore, in the case of an open-end investment company like the Fund in this case, it is largely a legal fiction to state that recovery obtained in a Section 36(b) action is on behalf of the company rather than the security holders. An open-end investment company issues securities redeemable at a price calculated as a pro rata portion of the current net asset value of the company. See Sections 2(a)(32) and 5(a)(1) of the Act, 15 U.S.C. 80a-2(a)(32) and 80a-5(a)(1). Any increase in this net asset value as a result of a favorable judgment would automatically be reflected in the redemption price of the securities. Thus, while recovery in a Section 36(b) suit would initially be paid to the investment company, the company would serve as a conduit for the benefit of holders of redeemable securities.