UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

―――――――――――――――――――x
)
)
IN RE: COLUMBIA ENTITIES LITIGATION ) Civil Action No. 04cv11704
) Judge Robert E. Keeton
)
)
)
―――――――――――――――――――x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR ENTRY OF PLAINTIFFS' PROPOSED SCHEDULE FOR CLASS
CERTIFICATION AND COMMENCEMENT OF DISCOVERY**

Plaintiffs respectfully submit this memorandum of law in support of their motion for entry of Plaintiffs' Proposed Schedule for Class Certification and Commencement of Discovery.

**PRELIMINARY STATEMENT**

On September 9, 2005, Plaintiffs submitted to Defendants a Proposed Schedule for Class Certification and a letter request for documents constituting class discovery. (Ex. A hereto). Plaintiffs' Proposed Schedule for Class Certification provides that discovery commence after the entry of the schedule. Defendants informed Plaintiffs that they do not believe it is appropriate at this time to discuss a schedule for class certification proceedings or engage in any discovery until this Court rules on their motions to dismiss.

Defendants are wrong. In fact, in cases with claims similar to those alleged in this case several courts have recently ordered class certification proceedings and discovery[1] to proceed before the disposition of defendants' motions to dismiss. Further, courts considering claims under Section 36(b) of the Investment Company Act ("Section 36(b)") have upheld those

―――――――――――――――――

[1] Two of these orders were regarding discovery related to class certification (*See* Exs. E and F hereto), while one order was regarding discovery not specifically tied to class certification (*See* Ex. H hereto).

1

claims.[2]  All of the discovery being requested is relevant to the Section 36(b) claim.  Thus, Plaintiffs believe that class certification proceedings and discovery should proceed according to their proposed schedule, which they request that the Court enter at this time.

## ARGUMENT

I. **THE *LORD ABBETT*, *FRANKLIN*, AND *PIMCO* ORDERS GRANTING DISCOVERY DESPITE THE PENDENCY OF THE DEFENDANTS' MOTION TO DISMISS STRONGLY SUPPORT PLAINTIFFS' POSITION THAT DISCOVERY SHOULD SIMILARLY PROCEED HERE**

The Courts in *In re Lord Abbett Mutual Funds Fee Litig.*, No. 04-CV-559 (D.N.J.)("*Lord Abbett*"), *In re Franklin Mutual Funds Fee Litig.*, No. 04-CV-982 (D.N.J.)("*Franklin*"), and *In re Allianz Dresdner Mutual Funds Fee Litig.*, No. 04-CV-280 (D. Conn.) ("*PIMCO*"), three excessive fee cases similar to this case[3], have allowed discovery to proceed pending the disposition of defendants' motions to dismiss.  In *Lord Abbett*, the Magistrate Judge ordered class certification discovery to proceed on October 18, 2004, and denied defendants' motion for reconsideration of this order on December 13, 2004.  *See* Exs. B and C hereto.  On February 8, 2005, Judge Martini of the New Jersey District Court denied Defendants' request to vacate the Magistrate Judge's December 13, 2004 order, thus definitively allowing class certification discovery to proceed.  *See* Ex. D and E hereto.  Similarly, on January 24, 2005, the Magistrate Judge in *Franklin* (the same magistrate judge as in *Lord Abbett*) allowed class certification discovery to proceed despite defendants' objections.  *See* Ex. F.  Importantly, each of these orders allowing class certification discovery to proceed were made pending disposition of defendants' motions to dismiss.

---

[2] Plaintiffs are filing simultaneously herewith their opposition to Defendants' motions to dismiss, which explains why all of Plaintiffs' claims in the Complaint should be sustained.

[3] As in this case, The *Lord Abbett*, *Franklin*, and *PIMCO* cases contain claims under Sections 34(b), 36(a), 36(b) and 48(a) of the Investment Company Act; Sections 206 and 215 of the Investment Advisers Act of 1940; and common law.

Moreover, on August 11, 2005, in the *PIMCO* case, after hearing oral argument on the defendants' motion to dismiss, Judge Droney of the United States District Court for the District of Connecticut heard oral argument on the plaintiffs' motion to compel discovery. *See* Ex. G (*PIMCO* plaintiffs' motion to compel discovery). The very next day, before ruling on the defendants' motion to dismiss, Judge Droney **granted** the plaintiffs' motion to compel discovery. *See* Ex. H hereto. In granting the plaintiffs' motion to compel, Judge Droney allowed discovery to move forward pending ruling on defendants' motion to dismiss, despite being fully informed of the decision by Judge Koetl in *In re Eaton Vance Mut. Funds Fee Litig.*, No. 04 CIV 1144, 2005 U.S. Dist LEXIS 15731 (S.D.N.Y. Jul. 29, 2005) ("*Eaton Vance*"), in which the court dismissed with prejudice an excessive fee complaint relating to a different mutual fund company. This is particularly significant given that the *Eaton Vance* decision was issued out of the Southern District of New York, which is within the same circuit as *PIMCO*. At the August 11 *PIMCO* oral argument, counsel for the PIMCO defendants argued that the PIMCO complaint was indistinguishable from the *Eaton Vance* complaint that was dismissed by Judge Koeltl and should therefore be dismissed and, in addition, that discovery should be stayed pending the ruling by Judge Droney on the defendants' motion to dismiss. Judge Droney declined to stay discovery despite the *Eaton Vance* decision and the pendency of defendants' motion to dismiss.

Thus, this Court should follow the orders in the *Lord Abbett, Franklin*, and *PIMCO* cases and allow discovery to proceed here before deciding Defendants' motions to dismiss.

II. **THE *DREYFUS*, *MDL*, *WICKS* AND NUMEROUS OTHER DECISIONS DEMONSTRATE THE VALIDITY OF PLAINTIFFS' SECTION 36(B) CLAIM**

Numerous courts have sustained Section 36(b) claims similar to the one alleged in this case. For example, in *Wicks v. Putnam Inv. Mgmt., LLC*, 2005 U.S. Dist. LEXIS 4892 (D. Mass. Mar. 28, 2005), Judge O'Toole held that the type of conduct alleged in the Complaint here is

3

subject to challenge under Section 36(b). In *Wicks*, the plaintiff sued the investment manager for certain Putnam Funds based upon the allegation that "[*t]he defendants . . . direct the payment of excessive commissions to securities broker-dealers to execute trades for the Funds in exchange for 'soft dollars' (said to be a form of kickback) that benefit the defendants and not the Funds.*" 2005 U.S. Dist. LEXIS 4892, at *3 (emphasis added). The *Wicks* defendants (and not the investors) benefited because, as the plaintiffs alleged, "[a]lthough assets held by the Funds…increased significantly over time, the nature and quality of the services rendered by the defendants to the Funds has not substantially changed[, creating] benefits from *economies of scale* which the defendants…failed to share with the Funds." *Id.* (emphasis added). As the plaintiffs alleged, the "defendants continue[d] to receive *larger fees* from the Funds, capturing all benefits from the *economies of scale* for themselves." *Id*. (emphasis added). In denying the defendants' motion to dismiss, the court held that such allegations are sufficient to survive a motion to dismiss for failure to state a claim upon which relief can be granted. *Id*. at *13.

Similarly, in *In re Dreyfus Mutual Funds Fee Litig.*, Master File No. 04-0128 (W.D. Pa. Sept. 30, 2005) (Slip Op.) ("*Dreyfus*") (attached hereto as Ex. I), the court denied defendants' motion to dismiss plaintiffs' Section 36(b) claims against the advisor and distributor defendants based on allegations that "savings realized from economies of scale were not passed on to investors," which savings resulted from growth in the funds' assets due to the defendants' payments to brokers for shelf space to push Dreyfus mutual funds over other funds. Slip Op. at 16.

Numerous other courts have also upheld similar Section 36(b) claims as those presented here. *See, e.g.*, *Jones v. Harris Assocs., L.P.*, No. 04C8305, 2005 WL 831301 at *6-7 (N.D. Ill. Apr. 7, 2005)(36(b) claim upheld where plaintiffs alleged investment advisers retained unearned fees); *Strigliabotti v. Franklin Res., Inc.*, No. C04-00883, 2005 U.S. Dist. LEXIS 9625 at *12

4

(N.D. Cal. Mar. 7, 2005)(upholding 36(b) claim alleging that defendants charged plaintiffs much higher fees than other clients for equivalent advisory services and retained excess profits resulting from economies of scale); *Pfeiffer v. Bjurman, Barry & Assocs.*, No. 03 Civ. 9741, 2004 U.S. Dist. LEXIS 16924 at *14 (S.D.N.Y. Aug. 26, 2004)(36(b) claim upheld where plaintiffs alleged that defendants violated their fiduciary duty by receiving excessive promotion, distribution and servicing fees).[4]  Plaintiffs in this case have included similar allegations regarding excessive fees in their Complaint.  *See, e.g.*, ¶ 123 ("The undisclosed excessive commissions and directed brokerage business . . . did not fund any services that benefited the Columbia Funds' shareholders.  These practices materially harmed Plaintiffs and other members of the Class from whom the illegitimate and improper fees were taken."); ¶ 129 (fees charged to Fund shareholders did not benefit them because any "economies of scale … were not passed on to Columbia Funds investors"); ¶132 (defendants shifted expenses to the Funds or investors which were the Investment Advisers' responsibility without any corresponding reduction in advisory fees resulting in inflated advisory fees).

The overwhelming authority upholding the very type of Section 36(b) claims at issue here militates strongly in favor of the commencement of class certification proceedings and discovery in this matter.  In fact, even if every other claim in Plaintiffs' complaint but the Section 36(b) claim were to be dismissed (which they should not be), all of the discovery

---

[4] Similarly, the Maryland District Court sustained plaintiffs' Section 36(b) claim for excessive fees and expenses resulting from defendants' market timing and late trading schemes in an investor class opinion in *In re Mutual Funds Investment Litigation* (*In re Janus Subtrack*, No. 04-MD-15863, 2005 U.S. Dist. LEXIS 18083 at *45-47. (D. Md. Aug. 25, 2005.)("MDL Opinion").  *See* Ex. J hereto.  In the MDL opinion, the court held that the MDL plaintiffs' Section 36(b) claim was supported by allegations such as "management fees, which were based upon the amount of funds under management, were increased excessively by late trades and market timed transactions that increased the funds under management." *Id.* at 47.  Such allegations are similar to the Section 36(b) allegations in this case. *See, e.g.,* ¶¶ 3, 111-112, 115.

requested by Plaintiffs would apply to the Section 36(b) claim.  Accordingly, Plaintiffs respectfully request that their proposed Schedule for Class Certification be entered and discovery be allowed to proceed forthwith.

Dated:  October 11, 2005

>Respectfully submitted,
>
>**MOULTON & GANS, P.C.**
>
>By: /s/ Nancy Freeman Gans
>       Nancy Freeman Gans (BBO #184540)
>33 Broad Street, Suite 1100
>Boston, Massachusetts  02109-4216
>(617) 369-7979
>
>*Counsel for Plaintiffs Joan Cohen, Gene F. Osburn, Jean S.B. Simmonds and R.L. Simmonds and Proposed Liaison Counsel*
>
>**MILBERG WEISS BERSHAD
> & SCHULMAN LLP**
>Jerome M. Congress
>Janine L. Pollack
>Kim E. Miller
>Michael R. Reese
>One Pennsylvania Plaza
>New York, NewYork  10119-0165
>(212) 594-5300
>
>*Counsel for Plaintiff Joan Cohen and Proposed Co-Lead Counsel*

**STULL, STULL & BRODY**
Jules Brody
Aaron Brody
6 East 45th Street
New York, New York 10017
(212) 687-7230

*Counsel for Plaintiffs Gene F. Osburn, Jean S.B. Simmonds and R.L. Simmonds and Proposed Co-Lead Counsel*

**LAW OFFICES OF CHARLES J. PIVEN, P.A.**
Charles J. Piven
Marshall N. Perkins
The World Trade Center – Baltimore
Suite 2525
401 East Pratt Street
Baltimore, Maryland 21202
(410) 332-0030

*Counsel for Plaintiff Joan Cohen*

**WEISS & LURIE**
Joseph H. Weiss
Richard A. Acocelli
551 Fifth Avenue, Suite 1600
New York, New York 10176
(212) 682-3025

*Counsel for Plaintiffs Gene F. Osburn, Jean S.B. Simmonds and R.L. Simmonds*

**SCHIFFRIN & BARROWAY, LLP**
Marc A. Topaz
Richard A. Maniskas
280 King of Prussia Road
Radnor, Pennsylvania 19087
(610) 667-7706

*Counsel for Plaintiff Paul Slicker*

                              **GILMAN AND PASTOR, LLP**
                              David Pastor (BBO #391000)
                              Stonehill Corporate Center
                              999 Broadway, Suite 500
                              Saugus, Massachusetts  01906
                              (781) 231-7850

                              *Counsel for Plaintiff Paul Slicker*


## CERTIFICATE OF SERVICE

    I, Adam H. Wierzbowski, hereby certify that I served a copy of the foregoing document upon counsel for all parties by mailing a copy of the same, postage prepaid, to each attorney of record, this 11th day of October, 2005.

                              /s/ Adam H. Wierzbowski_____
                              Adam H. Wierzbowski