# Exhibit G

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------x
In re ALLIANZ DRESDNER MUTUAL FUNDS :
FEE LITIGATION                       :   MASTER FILE: 04-CV-0280 (CFD)
                                     :
                                     :   OCTOBER 8, 2004
                                     :
                                     :
------------------------------------x

## MOTION TO COMPEL COMMENCEMENT OF DISCOVERY

Plaintiffs respectfully move this Court for an Order compelling the commencement of discovery. This case concerns the actions of those responsible for managing and advising PIMCO mutual funds. Plaintiffs allege that the investment advisers, their corporate parents and the PIMCO Funds trustees violated federal and state law and their fiduciary obligations to the Funds and their shareholders by charging excessive fees and permitting directed brokerage and other payments that harmed shareholders and the PIMCO Funds.

On October 4, 2004, the parties attended a status conference before the Court. During the conference, the Court directed the parties to hold a meet and confer on the issue of discovery and to report back to the Court on October 8, 2004. Pursuant to this Court's Order, Plaintiffs contacted Defendants for the purpose of conferring on discovery issues. Defendants informed Plaintiffs that they would be making a submission to the Court indicating that the commencement of discovery is inappropriate at this time.[1] Plaintiffs disagree. For the reasons

---

[1] Plaintiffs respectfully request the opportunity to respond to the specific arguments in Defendants' forthcoming submission.

DOCS\231024v1

stated below, the Court should order the parties to commence discovery.[2]

Discovery should commence immediately. First, there are no claims under the Securities Exchange Act of 1934 or the Securities Act of 1933. As a result, this is not a Private Securities Litigation Reform Act ("PSLRA") case and there is no automatic stay of discovery. Second, a discretionary stay of discovery is not warranted. While Defendants may claim that discovery will be a burden prior to a motion to dismiss, such a reason is not a basis for ordering a blanket stay of discovery. *See, e.g., Daniels v. New York*, 138 F. Supp. 2d 565 (S.D.N.Y. 2001) (noting that "[m]ere injuries, however, substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough") (quoting *Jayaraj v. Scappini*, 66 F.3d 36, 39 (2d Cir. 1995)). Furthermore, Plaintiffs believe that Defendants will be able to immediately produce certain documents without any burden or undue expense.

On September 15, 2004, the Attorney General for the State of California announced a $9 million settlement with PA Distributors of a lawsuit alleging that the firm violated state securities laws. At the same time, PA Distributors and its affiliated entities settled a lawsuit brought by the Securities and Exchange Commission (the "SEC") for $11.6 million. PA Distributors serves as the distributor and principal underwriter for the PIMCO mutual funds and is affiliated with Defendants in the instant suit. Both the California Attorney General suit and the SEC action dealt with PA Distributors' practices of revenue sharing and directed brokerage, practices that are the subject of this action. PA Distributors' settlement of revenue sharing and directed brokerage claims demonstrates the sound basis for Plaintiffs' allegations. The practices that were the subject of the California Attorney General case and the SEC action mirror the allegations in Plaintiffs' complaint. Plaintiffs' complaint states that PA Distributors is a related

---

[2] Due to the dispute between the parties, a Rule 26 discovery report can not be submitted to the Court at this time.

party to the wrongful conduct. PA Distributors will be named as a defendant in the consolidated amended complaint to be filed shortly in this case.

Because of the California Attorney General and SEC actions, PA Distributors, and most likely the other Defendants in this litigation, produced documents pursuant to these investigations. These documents are highly relevant to Plaintiffs' claims and their production would constitute no burden to Defendants as the documents have already been gathered and reviewed. Courts have routinely allowed discovery of this nature because the burden on the defendants of producing already-collected documents is "slight." *In re Royal Ahold N.V. Sec. Litig.*, 220 F.R.D. 246, 250-52 (D. Md. 2004) (lifting the discovery stay for documents already produced in connection with governmental and self-regulatory organization investigations). *See also In re LeBranche Sec. Litig.*, 2004 U.S. Dist. LEXIS 17268, at *7 (S.D.N.Y. Aug. 25, 2004) (lifting the discovery stay while recognizing that "courts have modified the discovery stay…involving concurrent investigations by governmental agencies"); *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 306 (S.D.N.Y. 2003) (partially lifting the stay for documents and materials the defendants had produced in connection with governmental and internal investigations).[3] Plaintiffs request that this Court order Defendants to immediately produce all documents previously produced to the SEC and the California Attorney General.

Plaintiffs further propose that the parties exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on November 12, 2004. Plaintiffs will thereafter propound

---

[3] In all of these cases, the court lifted a mandatory discovery stay, recognizing the importance of discovery to regulatory agencies and the minimal burden on defendants. Here, where there is no mandatory discovery stay, there is no reason to deny Plaintiffs this crucial discovery.

discovery requests. The prompt commencement of discovery will allow the parties to proceed in an efficient and expeditious manner in this litigation.[4]

---

[4] Plaintiffs intend to file their motion for class certification after filing the consolidated amended complaint. At a minimum, Plaintiffs request class-related discovery in connection with that anticipated motion. *See Gutierrez v. Johnson & Johnson, Inc.*, 2002 U.S. Dist. LEXIS 15418, at *15-16 (D.N.J. Aug. 12, 2002) (stating that "the question of class certification is...one usually made after discovery"); *see also Miller v. Baltimore Gas & Elec. Co.*, 202 F.R.D., 195, 201 (D. Md. 2001) (denying motion to dismiss class claims because plaintiffs had not had the opportunity to obtain discovery).

DOCS\231024v1                                    4

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that their motion to compel commencement of discovery be granted.

Respectfully submitted,

THE PLAINTIFFS

By: /s/ J. Daniel Sagarin

J. Daniel Sagarin CT 04289
David A. Slossberg CT 13116
Brian C. Fournier CT 16272
**HURWITZ & SAGARIN, LLC**
147 North Broad Street
P.O. Box 112
Milford, CT 06460
(203) 877-8000

**Liaison Counsel for the Class**

Jerome M. Congress
Janine L. Pollack
Michael R. Reese
**MILBERG WEISS BERSHAD & SCHULMAN LLP**
One Pennsylvania Plaza
New York, NY 10119-0165
(212) 594-5300

Jules Brody
Aaron Brody
Patrick K. Slyne
**STULL STULL & BRODY**
6 East 45th Street
New York, NY 10017
(212) 687-7230

**Co-Lead Counsel for the Class**

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed, first class mail, on October 8, 2004 to:

Charles W. Pieterse
Whitman Breed Abbott & Morgan, LLC
100 Field Point Road
Greenwich, Connecticut 06830

Michele Cerezo-Natal
John C. Ertman
45 Rockefeller Plaza
New York, New York 10111-0087

Michael T. Marcucci
Harvey J. Wolkoff
Ropes & Gray, LLP
One International Place
Boston, Massachusetts 02110-2624

*Counsel for Allianz Dresdner Asset Management of America, L.P.; Allianz of America, Inc;, Allianz Dresdner Asset Management of America Holdings, Inc;, PIMCO Advisors Fund Management, LL; PIMCO Equity Advisors, LLC, Cadence Capital Management; NFJ Investment Group, L.P.; Nicholas-Applegate Capital Management, LLC; Pacific Investment Management Company, LLC; and RCM Capital Management, LLC*

Stuart D. Rosen
Bingham McCutchen, LLP
One State Street
Hartford, Connecticut 06103

*Counsel for E. Philip Cannon; Donald P. Carter; Gary A. Childress; Theodore J. Coburn; W. Bryant Stooks; PKMCO PEA Value Fund; PIMCO PEA Renaissance Fund; PIMCO PEA Growth and Income Fund; PIMCO PEA Growth Fund; PIMCO PEA Target Fund; PIMCO PEA Opportunity Fund; PIMCO PEA Innovation Fund; PIMCO NFJ Large-Cap Value Fund; PIMCO NFJ Dividend Value Fund; PIMCO NFJ Small-Cap Value Fund; PIMCO CCM Capital Appreciation Fund; PIMCO CCM Mid-Cap Fund; PIMCO RCM Large-Cap Growth Fund; PIMCO RCM Tax-Managed Growth Fund; PIMCO RCM Mid-Cap Fund; PIMCO RCM Global Small Cap Fund; PIMCO RCM International Growth Equity Fund; PIMCO RCM Global Healthcare Fund; PIMCO RCM Biotechnology Fund; PIMCO RCM Global Technology Fund; PIMCO Asset Allocation Fund; PIMCO NACM Value Fund; PIMCO NACM Flex-Cap Fund; PIMCO NACM Growth Fund; PIMCO NACM International Fund; PIMCO NACM Pacific Rim Fund*

Katherine A. Burroughs
Robert E. Grady
Dechert LLP
90 State House Square, 12th Floor
Hartford, Connecticut 06103

*Counsel for PIMCO StocksPLUS Fund; PIMCO StocksPLUS Fund; PIMCO StocksPLUS Total Return Fund; PIMCO Short Term Fund; PIMCO Low Duration Municipal Income Fund; PIMCO Money Market Fund; PIMCO Total Return Fund; PIMCO Long-Term U.S. Government Fund; PIMCO GNMA Fund; PIMCO Total Return Mortgage Fund; PIMCO Diversified Income Fund; PIMCO High Yield Fund; PIMCO Global Bond Fund II; PIMCO Foreign Bond Fund; PIMCO Emerging Markets Bond Fund; PIMCO Municipal Bond Fund; PIMCO California Intermediate Muni Bond Fund; PIMCO California Muni Bond Fund; PIMCO New York Muni Bond Fund; PIMCO Real Return Fund; PIMCO Commodity Real Return Strategy Fund; PIMCO All Asset Fund; PIMCO International StocksPLUS TR Strategy Fund; PIMCO Real Estate Return Strategy Fund.*

Charles J. Piven, Esquire
Marshall N. Perkins, Esquire
Law Offices of Charles J. Piven P.A.
The World Trade Center-Baltimore
Suite 2525
401 East Pratt Street
Baltimore, Maryland 21202

*Counsel for Plaintiff Stephen R. Alexander, IRA*

Joseph H. Weiss
Weiss & Yourman
551 Fifth Avenue
New York, New York 10176

*Counsel for Plaintiff Janet Hall*

Brian P. Murray
Eric J. Belfi
Rabin, Murray & Frank, LLP
275 Madison Avenue
New York, New York 10016

*Counsel for Michael Phenicie*

Michael M. Goldberg
Glancy Binkow & Goldberg LLP
1801 Avenue of the Stars
Suite 311
Los Angeles, CA 90067

*Counsel for Michael Phenicie*

Patrick A. Klingman
Shepard Finkelman Miller & Shah
1 Lewis St.
Hartford, CT 06103-2509

*Counsel for Plaintiff John Layton*

Mark A. Topaz
Richard A. Maniskas
Schiffrin & Barroway, LLP
Three Bala Plaza East, Suite 400
Bala Cynwyd, Pennsylvania 19004

*Counsel for Plaintiff John Layton*

/s/ David A. Slossberg
David A. Slossberg