UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: COLUMBIA ENTITIES LITIGATION | ) ) ) ) ) ) ) | Civil Action No. 04cv11704 (REK)<br><br>Consolidated Case Nos:<br>04cv11750<br>04cv11760<br>04cv11953 |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR STAY OF CLASS AND OTHER DISCOVERY

Pursuant to Federal Rule of Civil Procedure 26(c), Defendants submit this memorandum of law in support of the Defendants' motion for a stay of class and other discovery until such time as this Court shall rule on the Defendants' motions to dismiss and Plaintiffs' renewed motion for appointment of lead counsel.

This motion concerns Plaintiffs' proposal to immediately commence extensive document and deposition discovery purportedly relevant to their motion for class certification. Before embarking on this broad program, Defendants seek a brief stay until fundamental issues relating to the shape and conduct of this litigation have been resolved. This Court has scheduled a hearing on Defendants' motions to dismiss on November 10, 2005. On that date, the Court will also hear Plaintiffs' motion for appointment of lead counsel (the Court has already denied that motion once, without prejudice, because of counsel's disqualifying conflict of interest). Until the fundamental questions raised by these two motions have been resolved, this Court should stay class and other discovery.

## PROCEDURAL BACKGROUND

Plaintiffs seek the "immediate commencement" of extensive class certification discovery. (A copy of the Plaintiffs proposal is attached as Exhibit 1.) On September 9, 2005, Plaintiffs sent Defendants a letter containing nineteen wide-ranging document requests purportedly limited

to class certification issues but which appear indistinguishable from full merits discovery. The proposed schedule would also require six months of depositions devoted to class certification and then further briefing. Exhibit 1.

Plaintiffs do not offer any urgent reason to commence discovery. This is the first time since filing their original complaints more than a year ago that Plaintiffs have expressed any interest in pursuing discovery. Indeed, Plaintiffs' proposal to rush headlong into class discovery ignores the clear legal authority, and the recent dispositive decisions in similar mutual fund cases.

Plaintiffs, alleged owners of shares in two Columbia Acorn mutual funds, seek to represent a nationwide class of all shareholders who invested over a five year period in seventy-six Columbia funds and five Columbia Acorn funds. The Consolidated Amended Complaint (the "Complaint") alleges that Defendants, the mutual funds' various advisers, trustees, officers, employees and distributor, engaged in purported practices referred to as "revenue sharing," "directed Brokerage," "12b-1 payments" and "soft dollars." The Complaint alleges few facts specific to the Columbia or Columbia Acorn Funds. Other than the identification of Defendants, the allegations are substantially identical to those in a "prototype" complaint that Plaintiffs' counsel has filed against at least sixteen other mutual fund families.[1] Plaintiffs' vague, non-

---

[1]   *See Boyce v. AIM Mgmt. Group, Inc.* (AIM/INVESCO mutual funds), No. 04-2587 (S.D. Texas); *In re Alliance Bernstein Mut Funds*, No. 04-4885 (S.D.N.Y.); *In re Am. Mut. Funds Fee Litig.* (Capital Group), No. 04-5593 (C.D. Cal.); *In re David Selected Mut. Funds*, No. 04-4186 (S.D.N.Y.); *In re Scudder Mut. Funds Fee Litig.*, No. 04-1291 (S.D.N.Y.); *In re Dreyfus Mut. Funds Fee Litig.*, No. 04-0128 (W.D. Pa.); *In re Eaton Vance Mut. Funds Fee Litig.*, No. 04-1144 (S.D.N.Y.); *In re Evergreen Mut. Funds Fee Litig.*, No. 04-4453 (S.D.N.Y.); *Spahn IRA v. Federated Investors, Inc.*, No. 04-352 (W.D. Pa.); *Gilliam v. Fidelity Mgmt. & Research Co.* (Fidelity mutual funds), No. 04-11600 (D. Mass.); *In re Franklin Mut. Funds Fee Litig.*, No. 04-982 (D.N.J.); *In re Hartford Mut. Funds Fee Litig.*, No. 04-0344 (D. Conn.); *In re Lord Abbett Mut Funds Fee Litig.*, No. 04-559 (D.N.J.); *Forsythe v. Sun Life Fin., Inc.* (MFS mutual funds), No. 04-10584 (D. Mass.); *In re Oppenheimer Funds Fee Litig.*, No. 04-7022 (S.D.N.Y.); *In re*

specific allegations are framed as violations of §§ 34(a), 36(a), 36(b) and 48(a) of the Investment Company Act ("ICA"), § 215 of the Investment Adviser's Act ("IAA") and common law claims for breach of fiduciary duty and unjust enrichment. All but one of these claims (under §215) is asserted by Plaintiffs as a direct, rather than derivative claim.

The Defendants' pending motions seek dismissal of all claims. The motions raise serious issues going to the merits of the Complaint and cast doubt on whether the claims may be asserted at all, or, if at all, as direct, rather than derivative claims. Indeed, in recent months, four federal district courts have ruled on motions to dismiss involving substantially similar complaints. Each court has dismissed either all, or a substantial part, of the complaint. *See, e.g. In re Eaton Vance Mut. Funds Fee Litig.*, 380 F. Supp. 2d 222 (S.D.N.Y. 2005) (dismissing prototype complaint in its entirety, with prejudice); *In re Lord Abbett Mut. Funds Fee Litig.*, No. 04-CV-2090517 (D.N.J. 2005) and *In re Franklin Mut. Funds Fee Litig*, No. Master File 04-CV-982 (D.N.J. 2005)(dismissing without prejudice). *In re Dreyfus Funds Fee Litig.*, Master File 04-0128 (W.D. 2005)(dismissing without prejudice). In *Franklin, Eaton Vance* and *Lord Abbett*, the three decisions to discuss claims against the independent trustees, all such claims have dismissed.

In the *Franklin* and *Abbett* decisions, where leave has been granted to replead, the Court has made clear that the §§36(b) and 48(a) of the ICA and §§206 and 215 of the IAA are claims that are properly plead - - if at all - - as derivative, and not class claims. If this Court were to follow the rationale of these decisions, even if Plaintiffs are ultimately successful in pleading such claims, no class discovery will, therefore, be necessary. These decisions raise serious issues regarding the viability of the claims and create the substantial likelihood that the Complaint may either be dismissed in its entirety or dismissed as to the class claims.

---

*Allianz Dresdner Mut. Funds Fee Litig.*, No. 04-280 (D. Conn.).

## ARGUMENT

The Plaintiffs' proposed schedule for class certification fails to offer any reason why this Court should schedule the extensive document and deposition discovery that the Plaintiffs propose under the guise of "class discovery." The existing Court schedule provides an orderly sequence for resolution of the basic questions that are logically antecedent to class discovery: (1) do plaintiffs have any viable claims? and (2) does Plaintiffs' counsel have any irreconcilable conflicts of interest? Motions addressing these issues will be argued to the Court on November 10, 2005.

With dispositive motions scheduled to be in heard in less than a month, this Court should exercise its discretion pursuant to Rule 26(c), Fed.R.Civ.P., to stay discovery. "It is clear", that pursuant to Rule 26(c), "good cause may be shown where a party has filed (or sought leave to file) a dispositive motion such as a motion to dismiss. This is especially so where the stay is for a "short" period of time and the opposing party (here, plaintiff) will not by prejudiced by the stay." *Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94 Civ. 2120, 1996 WL 101277 at *3 (S.D.N.Y. 1996). *Accord, Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Coors*, 357 F. Supp.2d 1277, 1280 (D. Col. 2004) (stay of discovery granted where pending motion to dismiss could dispose of or limit causes of action and stay would not prejudice plaintiff) and *Von Drake v. National Broadcasting Co., Inc.*, 2004 WL 1144142, No. 3-04-CV-0652R (N.D. Tex. 2004) (stay of discovery granted where motion to dismiss pending).

Plaintiffs can claim no prejudice by reason of a brief stay where they will "have ample time to take discovery" if the motion to dismiss is denied. *In re First Constitution Shareholders Litigation*, 145 F.R.D. 291, 293 (D.Conn. 1991). Plaintiffs have not sought discovery in the past year; they will suffer no conceivable prejudice if discovery is stayed until the motions to dismiss

are decided. In the event that this Court permits any of this case to proceed, Defendants request a Local Rule 16.3 case management conference to address the timing and sequence of discovery. That procedure will afford Plaintiffs "ample time" to take discovery regarding any viable allegations.

The pending motions to dismiss plainly raise serious questions as to whether this case will go forward and if so on what claims. The plaintiffs rely on a "prototype" complaint, filed by their counsel against fund families across the country. Four courts, ruling on virtually identical complaints, have already dismissed all or substantial portions of the case. A ruling on the motions to dismiss may either moot the need for class discovery, or limit its scope. In particular, the independent trustee defendants, who have been dismissed in similar cases, would be subjected to discovery that they could otherwise avoid if motions to dismiss were resolved before class discovery.

In addition, the motions to dismiss raise the preliminary issue of Plaintiffs' Article III standing. Plaintiffs, who allege ownership of shares in only one Columbia Acorn mutual fund each, and two in total, seek to bring claims on behalf of investors in 81 funds, seventy-five of which are advised by a wholly separate adviser and directed by a different board of independent trustees. Complaint, ¶¶ 18-21 and 25, fn. 3. As this Court and others have held, investors who do not own shares in a mutual fund lack standing to bring claims regarding those funds on behalf of others who do own shares in the fund. *See Nenni v. Dean Witter Reynolds, Inc.*, No. 98-12454-REK, 1999 U.S. Dist. Lexis 23351, at 6*; *see generally* Columbia Defendants' Memorandum of Law in Support of Their Motion to Dismiss, at 15-16 (listing recent cases).

Standing is a "threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490 (1975). Challenges to standing must

therefore be resolved before courts can consider class certification: "Even though the certification inquiry is more straightforward, we must decide standing first, because it determines the court's fundamental power to even hear the suit." *Rivera v. Wyeth-Ayerst Laboratories*, 283 F.3d 315, 319 (5th Cir. 2002); *see also Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 121 (1998) (standing must be addressed before merits); *Barry v. St. Paul Fire & Marine Ins. Co.*, 555 F.2d 3, 13 (1st Cir. 1977) (upholding precertification dismissal on standing grounds).

Plaintiffs' current proposal for extensive "class certification" discovery ignores these substantial questions regarding the viability of the Complaint. *See, e.g., Johnson v. New York Univ. School of Educ.*, 205 F.R.D. 433 (S.D.N.Y. 2002) (discovery stayed where pending motion to dismiss "does not appear to be without foundation in law" and discovery requests were extensive); *Chrysler Capital Corp. v. Century Power Corp.*, 137 F.R.D. 209, 211 (S.D.N.Y. 1991). Indeed, Rule 23(c) was changed in 2003 to require the certification determination "at an early practicable time" instead of the previous "as soon as practicable after commencement of an action" to reflect courts' actual practice, including the delay of the certification question until after motions to dismiss. The Advisory Committee expressly contemplates this procedural sequence: "The party opposing the class may prefer to win dismissal or summary judgment as to the individual plaintiffs without binding the class that might have been certified." *See* Fed. R. Civ. P. 23, Advisory Committee Note to 2003 Amendment.

The broad, protracted "class" discovery that plaintiffs propose may be wholly unwarranted in light of this court's ruling on a motion to dismiss. For this reason, resolution of the motion to dismiss before launching such a broad fishing expedition may "provide[] a means of expediting this litigation by addressing the substantive issues first, while not precluding consideration of the Rule 23 matter at a later date." *See Ahne v. Allis-Chalmers Corp.*, 102

F.R.D., 147, 151 (E.D. Wis. 1984). *See Garcia v. Rush-Presbyterian-St. Luke's Medical Center*, 80 F.R.D. 254 (N.D. Ill. 1978)("Where, as here, defendants' summary judgment motions allow the court to explore and define the proper range of judicial inquiry on the allegations of the complaint, disposition of those motions before certification is appropriate"). S*ee also Santana v. Deluxe Corp.*, 12 F. Supp.2d 162,179 (D.Mass.1998) (listing cases deferring class certification motion pending summary judgment).

Finally, the purpose of class discovery is to address Rule 23's requirements, not to fish through the defendants' documents in the hope of finding a factual basis for an adequate complaint. In this case, Plaintiffs' discovery requests "are so broad that their relation to class issues becomes uncertain." Conte & Newberg, 3 *Newberg on Class Actions* § 7:8 (4th Ed.). See *Manual for Complex Litigation* (4th ed. 2004), § 21.14. Such discovery is plainly unwarranted until threshold issues have been resolved. *MacKnight v. Leonard Morse Hosp.*, 828 F.2d 48, 52 (1st Cir. 1987) (citing 4 *Moore's Federal Practice* § 26.56[1] at 26-95 n.3 ("discovery cannot be used as a vehicle for discovering a right of action"); *Bruno & Stillman, Inc. v. Globe Newspaper Co.*, 633 F.2d 583, 597 (1st Cir.1980) ("as a threshold matter, the court should be satisfied that a claim is not frivolous, a pretense for using discovery powers in a fishing expedition"). "Only discovery which would lead to establish the presence of these prerequisites of Rule 23 must be allowed." *Rodriguez v. Banco Central*, 102 F.R.D. 897, 903 (D.P.R. 1984).

Discovery at this time is inconsistent with judicial economy and with Congress' strongly expressed intent to curb the prosecution of abusive, meritless securities litigation in order to extract lucrative settlements that have no relation to the cases' merits. Plaintiffs allege conduct consisting of a fraudulent scheme to attract investors to the funds in order to reap excessive fees, and including soft dollar payments not within the safe harbor of section 28(e) of the Exchange

Act. Rather than bring such allegations under the provisions of the Securities Act of 1933 and the Securities Exchange Act of 1934, which provide private rights of action for investors who have been misled, plaintiffs have brought their claims under the IAA, ICA and state tort law in order to avoid the framework Congress established for such actions.

Congress enacted the Private Securities Litigation Reform Act of 1995, in order to restrain the filing of meritless lawsuits in which plaintiffs initiated discovery "fishing expeditions" in an effort to find a valid cause of action and to pressure defendants to settle, despite the lack of merit to their case. H.R. Conf. Rep. 104-369, p. 31 (1995) ("the abuse of the discovery process [] impose[s] costs so burdensome that it is often economical for the victimized party to settle"). The Conference Report explained that:

> The cost of discovery often forces innocent parties to settle frivolous securities class actions. According to the general counsel of an investment bank, 'discovery costs account for roughly 80% of total litigation costs in securities fraud cases.' In addition, the threat that the time of key employees will be spent responding to discovery requests, including providing deposition testimony, often forces coercive settlements.
>
> The House and Senate heard testimony that discovery in securities class actions often resembles a fishing expedition....

*Id.* at p. 37. Importantly, the PSLRA precludes any discovery or other proceedings in a private action until the court has decided any pending motion to dismiss, absent a showing that "particularized discovery is necessary to preserve evidence or to prevent undue prejudice to [a] party." 15 U.S.C. § 78u-4(b)(3)(B).

By attempting to bring their claims under the IAA, ICA and state law -- claims that are not permitted under any of these, as the Defendants' motions to dismiss explain -- Plaintiffs are attempting to evade around the deliberate restrictions Congress enacted to prevent frivolous private actions from wasting resources. Congress sought to ensure that discovery waited until the court determined which, if any, claims had sufficient merit to proceed. Plaintiffs should not

be permitted to do so.

## CONCLUSION

For the foregoing reasons, movants request that the Court stay all discovery until the Court has decided the Defendants' motions to dismiss and the Plaintiffs' renewed lead counsel motion.

October 11, 2005

                          Respectfully submitted,

                          /s/_____
                          Frances S. Cohen (BBO #542811)
                          DECHERT LLP
                          200 Clarendon Street, 27th Floor
                          Boston, MA 02116
                          Tel:  (617) 728-7100
                          Facsimile: (617) 426-6567

Michael S. Doluisio
Nory Miller
DECHERT LLP
1717 Arch Street
Philadelphia, PA 19103
Tel: (215) 994-4000
Facsimile: (215) 994-2222

*Counsel for Defendants Bank of America Corporation, Fleet Boston Financial Corporation, Columbia Management Group, Inc., Columbia Management Advisors, Inc., Columbia Wanger Asset Management, Inc., and Columbia Funds Distributor, Inc.*

/s/_____
Brien T. O'Connor (BBO # 546767)
Giselle J. Joffre (BBO # 658047)
ROPES & GRAY LLP
One International Place
Boston, MA 02110-2624
(617) 951-7000

*Counsel for Defendants Columbia Funds Trust and Columbia Funds, excluding Columbia Acorn Trust and Columbia Acorn Funds*


/s/_____
Richard J. Rosensweig (BBO# 639547)
GOULSTON & STORRS, P.C.
400 Atlantic Avenue
Boston, MA 02110
(617) 482-1776

Phil C. Neal  ARDC #2023369
Mark A. Rabinowitz  ARDC #3122026
Dao L. Boyle  ARDC #6269407
Jenny S. Kim  ARDC #6277785
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street, Suite 2200
Chicago, IL  60602
(312) 269-8000

*Counsel for Defendants Charles P. McQuaid and Ralph Wanger*

/s/_____
Timothy O. Egan (BBO# 637992
PEABODY & ARNOLD LLP
50 Rowes Wharf
Boston, MA 02110
(617) 951-2100

Kenneth E. Rechtoris
Daniel J. Hayes
Todd E. Pentecost
Bell, Boyd & Lloyd LLC
70 West Madison Street, Suite 3100
Chicago, IL 60602-4207
(312) 372-1121

*Counsel for the Independent Trustee Defendants*

## LOCAL RULE 7.1 (A)(2) CERTIFICATION

I hereby certify that counsel for Defendant Columbia Funds conferred with counsel in a good faith effort to resolve the issues and assent to this motion.

Dated:  October 11, 2005                    /s/ Frances S. Cohen_____
                                            Frances S. Cohen

## CERTIFICATE OF SERVICE

I, Frances S. Cohen, certify that I served a copy of the foregoing document upon all counsel by email on this 11th day of October, 2005.

                                            /s/ Frances S. Cohen_____
                                            Frances S. Cohen

- 11 -