UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re COLUMBIA ENTITIES LITIGATION | x : : : : : : : : : x | CIVIL ACTION NO.: 04-11704 (REK) <br> ALL CASES <br> Consolidated Case Nos.: <br> 04cv11750 <br> 04cv11760 <br> 04cv11953 |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR STAY OF CLASS AND OTHER DISCOVERY**

Plaintiffs respectfully submit this memorandum of law in opposition to Defendants' Motion for a Stay of Class and Other Discovery.

**PRELIMINARY STATEMENT**

Plaintiffs submitted focused discovery requests to Defendants. In those requests, Plaintiffs seek the production of documents which are relevant both to class certification and to the merits of Plaintiffs' claims, particularly the claims under Section 36(b) of the Investment Company Act of 1940 ("Section 36(b)"). The Federal Rules of Civil Procedure contemplate the early commencement of discovery absent a specific statutory stay. No statutory discovery stay applies to the Complaint in this action. Thus, in order to overcome the normal presumption that discovery routinely commences, a party must demonstrate "good cause." Defendants now seek a protective order without meeting the heavy burden of "good cause" imposed upon them by Fed. R. Civ.P. 26(c). This Court should reject the delay sought by Defendants and deny their Motion for Stay of Class and Other Discovery.

## **ARGUMENT**

1. **There Is No Statutory Mandatory Discovery Stay Pending Defendants' Motions To Dismiss Because the Private Securities Litigation Reform Act Does Not Govern This Case**

Plaintiffs' Complaint alleges violations of the Investment Company Act of 1940, the Investment Advisers Act and state law.  Plaintiffs' Complaint alleges no claims under the Securities Act of 1933, 15 U.S.C. §77a, et seq. ("the 1933 Act") or the Securities Exchange Act of 1934, 15 U.S.C. §§78a, et seq. ("the 1934 Act") to which the Private Securities Litigation Reform Act of 1995 ("PSLRA") applies.  Defendants may argue that Plaintiffs' claims *should* have been brought under the 1933 or 1934 Acts, but they are not allowed to re-write and re-cast Plaintiffs' claims to suit themselves. Therefore, the mandatory discovery stay under the PSLRA does not apply to the claims alleged in this case.

In *In re Lord Abbett Mutual Funds Fee Litig.,* No. 04-CV-559 (D.N.J.) (*"Lord Abbett"),* also an excessive fee case against mutual fund advisers and their affiliates, the court allowed certain discovery to proceed while a motion to dismiss was pending.  In *Lord Abbett*, Judge Martini rejected the defendants' argument that the plaintiffs' claims were subject to the PSLRA's automatic stay provisions because "none of the claims in [the plaintiffs'] case are asserted under the Securities Act of 1933 or the Securities Exchange Act of 1934."  *See Lord Abbett* Opinion Letter ("Letter Op."), dated February 8, 2005 at 3, attached as Exhibit D to Plaintiffs' Memorandum of Law in Support of Motion for Entry of Plaintiffs' Proposed Schedule for Class Certification and Commencement of Discovery, filed with this Court on October 11, 2005.  ("Pls.

Discovery Mem.").[1]  In other similar excessive fee cases, courts have allowed discovery to proceed before ruling on defendants' motions to dismiss.  *See* January 24, 2005 Discovery Order in *In re Franklin Mutual Funds Fee Litig.,* No. 04-CV-982 (D.N.J.) (*"Franklin"),* attached as Exhibit F to Pls. Discovery Mem.; August 12, 2005 Discovery Order in *In re Allianz Dresdner Mutual Funds Fee Litig.,* No. 04-CV-280 (D.Conn.) ("*PIMCO"*), attached as Exhibit H to Pls. Discovery Mem.  The PSLRA does not apply to the Complaint in this case, and therefore, there is no mandatory discovery stay.

2.  **Defendants' Motion Should Be Denied Because They Have Failed to Meet Their Heavy Burden of Proving Good Cause For A Stay of Discovery**

   A.   **Fed. R. Civ. P. 26(c) Imposes a Heavy Burden on Defendants**

Fed. R. Civ. P. 26(c) ("Rule 26(c)") provides that a court may enter a protective order to "protect a party . . .from annoyance, embarrassment, oppression or undue burden or expense."  *Id.*  A stay of discovery pending a motion to dismiss is "by no means automatic."  *Von Drake v. NBC., Inc.*, No. 3-04-cv-0652, 2004 U.S. Dist. LEXIS 25090, at *3 (N.D. Tex., May 20, 2004) (*quoting Spencer Trask Software & Info. Servs., LLC v. Rpost Int'l*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002)).  A party seeking such a discretionary stay bears the heavy burden of demonstrating that good cause exists for a protective order under Rule 26(c).  *See Brewer v. Strillacci*, No. 3:03cv127, 2003 U.S. Dist. LEXIS 25332, at *8 (D. Conn. June 4, 2003);  *Dove v. Atl. Capital Corp.*, 963 F.2d 15, 19 (2d Cir. 1992).  Rule 26(c) "is not a blanket authorization for the court to prohibit disclosure

---

[1]  Judge Martini also affirmed the Magistrate Judge's ruling that the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") did not apply to the case.  Letter Op. at 3.  Judge Martini stated that no derivative statutes imposed any stay of discovery or had any connection with the class discovery ordered by the Magistrate Judge (and that the class discovery had nothing to do with the plaintiffs' pleading burden on their derivative claims.)  *Id.*

of information whenever it deems it advisable to do so, but is rather a grant of power to impose conditions on discovery in order to prevent injury, harassment, or abuse of the court's processes." *Bridge C.A.T. Scan Assocs. v. Technicare Corp.*, 710 F.2d 940, 944-45 (2d Cir. 1983)(citations omitted).

When considering whether good cause exists for a discretionary stay of discovery, courts generally consider the following factors: (1) the breadth and burden of the discovery requests; (2) the prejudice to plaintiffs from a stay of discovery; and (3) the strength of the defendants' motions to dismiss. *See, e.g. Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94Civ.2120, 1996 U.S. Dist. LEXIS 2684, at *7-11 (S.D.N.Y. Mar. 6, 1996). Defendants fail to meet these requirements.

### B.  Plaintiffs' Discovery Requests Are Neither Too Broad Nor Burdensome

Plaintiffs' discovery requests are focused on information necessary for class discovery and beginning merits discovery, particularly information relevant to Plaintiffs' Section 36(b) claims. Plaintiffs' requests generally seek three categories of documents: (1) organizational charts, service agreements and employee lists relevant to demonstrating Fund inter-relationships and a common scheme of wrongdoing by Defendants across all Funds; (2) documents regarding the revenue-sharing, directed brokerage and soft-dollar arrangements at issue in Plaintiffs' Complaint; and (3) documents which Defendants have already pulled for any other investigation, either internal or external, of similar matters.

The discovery requests in the majority of cases Defendants cite were far more extensive than Plaintiffs' requests in this case. *See Von Drake*, 2004 U.S. Dist. LEXIS 25090, at *2 (plaintiffs' interrogatories requested detailed information regarding 6000

4

people); *Johnson v. N.Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002)(plaintiffs propounded an extensive set of interrogatories requesting information covering a span of more than five years); *Anti Monopoly*, 1996 U.S. Dist LEXIS 2684, at *7 (plaintiffs propounded 300 requests for admissions, 14 interrogatories and 12 document requests); *In re First Constitution S'holders Litig.*, 145 F.R.D. 291, 294 (D. Conn. 1991)(plaintiffs' discovery requests "could require the production of virtually every document relating to [the defendant's] banking practices during the class period"); *see also Chrysler Capital Corp. v. Century Power Corp.*, 137 F.R.D. 209, 211 (S.D.N.Y. 1991)(finding that the plaintiffs' discovery requests were extensive and the plaintiffs already had access to extensive discovery material from a related case based on the same set of facts).

By contrast, Plaintiffs here are simply requesting that discovery commence and have presented a limited number of document requests which would place only a small burden on Defendants, unlike the burden imposed by the massive discovery requests in the aforementioned cases. *See* Exhibit A to Defendant's Memorandum of Law in Support of Motion for Stay of Class and Other Discovery ("Def. Mem.") (September 9, 2005 letter from Plaintiffs' counsel to all Defense counsel including Plaintiffs' document requests). In fact, some of Plaintiffs' requests only require Defendants to produce documents which they have already produced to others. In addition, Plaintiffs indicated their willingness to discuss the scope of the requests.

If discovery does not commence forthwith, Plaintiffs will be prejudiced by their inability to begin preparing their case, and this case will be prevented from moving forward towards resolution. Moreover, to the extent class certification issues exist, class

discovery should commence immediately, given that Plaintiffs filed their class certification motion over four months ago, on June 9, 2005.

  C. **Some of Plaintiffs' Claims to Which the Discovery Requests Are Relevant Are Likely to Survive Defendants' Motions to Dismiss**

Plaintiffs address fully why each of their claims should be sustained in their Opposition to the Defendants' Motions to Dismiss and Plaintiffs incorporate those arguments herein by reference. Defendants also rely on two courts' findings that similar Section 36(b) claims are derivative, and argue class discovery may not be necessary. *See* Def. Mem. at 3 *citing In re Franklin Mutual Funds Fee Litig.*, No. 04-CV-982, 2005 WL 2175950 (D.N.J., Sept. 9, 2005)("*Franklin*"); *In re Lord Abbett Mut. Funds Fee Litig.*, 385 F. Supp. 2d 471 (D.N.J. 2005) ("*Lord Abbett*").[2] While it is true that the *Lord Abbett* and *Franklin* decisions found the plaintiffs' Section 36(b) claims in those cases to be derivative, two more recent excessive fee cases similar to this one found that the plaintiffs' Section 36(b) claims were direct, not derivative, and sustained the plaintiffs' Section 36(b) claims in those cases. *In re AllianceBernstein Mut. Fund Excessive Fee Litigation*, No. 04 Civ. 4885, 2005 U.S. Dist. LEXIS 24263, at *17 (S.D.N.Y. Oct. 19, 2005)("*Alliance*"); *In re Dreyfus Mutual Funds Fee Litigation*, Master File No. 04-0128, slip op. at 17, n.7 (W.D. Pa. Sept. 30 2005) ("*Dreyfus* Sept. 28 Slip Op.").

The most relevant factor, however, to the Court's assessment of whether a discovery stay is appropriate is that the requested discovery is relevant to both class certification and to the merits of Plaintiffs' Section 36(b) claims. Thus, whether

---

[2] The *Lord Abbett* and *Franklin* opinions were both decided by Judge Martini of the New Jersey District Court.

Plaintiffs' Section 36(b) claims are ultimately found to be direct or derivative does not affect Plaintiffs' need for the information covered by the discovery requests.

Defendants' further argument that Plaintiffs lack standing to bring claims on behalf of Funds in which they did not invest (Def. Mem. at 5-6) was recently addressed in *Dreyfus*, where the court rejected the same argument raised by Defendants here and explained:

> We do not decide at this stage of the case [*i.e.*, the motion to dismiss stage] how the fact that the named plaintiffs are only "security holders" (as required by statute) in two of the Dreyfus Funds might affect this case. To be clear, ***we do not find that this is an issue of Constitutional standing***.

*Dreyfus* Sept. 28 Slip Op. at 17, n.7 (emphasis added).

Similarly, in *In re Mutual Funds Investment Litigation (In re Janus Subtrack)*, MDL-1586, No. 04-MD-15863, 2005 U.S. Dist. LEXIS 18083, at *7 n.4 (D. Md. Aug. 25, 2005), even though "Defendants contend[ed] that plaintiffs who own shares in a particular fund lack Article III standing to assert claims in connection with other funds in the same family," the court deferred ruling on the standing issue at the motion to dismiss stage. Moreover, the court in *In re Eaton Vance Mut. Funds Fee Litig.,* 380 F. Supp. 2d 222 (S.D.N.Y. 2005) ("*Eaton Vance*"), a case on which Defendants rely, also did not address the defendants' standing argument at the motion to dismiss stage.

In addition, the courts in *Lord Abbett, Franklin*, and *PIMCO* allowed discovery in similar excessive fee cases to proceed pending the defendants' motions to dismiss. *See* Exhs. D, F, H to Pls. Discovery Mem.; *see also* Pls. Discovery Mem. at 2-3 (discussing discovery orders). In *PIMCO*, the court actually allowed discovery to proceed after hearing oral argument on the defendants' motions to dismiss and in spite of being made aware of the *Eaton Vance* decision in the same circuit which had dismissed all of the

7

plaintiffs' claims in a similar case. *See* Exh. H to Pls. Discovery Mem. These court orders demonstrate that discovery can and should proceed here pending Defendants' motions to dismiss.

Moreover, Judge O'Toole of this Court and numerous other courts have sustained Section 36(b) claims with allegations similar to those in this case. *See Wicks v. Putnam Inv. Mgmt., LLP*, No. 04-10988, 2005 U.S. Dist. LEXIS 4892, at *3 (D. Mass. Mar. 28, 2005)(O'Toole, J.) upholding (Section 36(b) claim alleging that the defendants directed excessive commissions to broker-dealers in exchange for soft dollars that benefited defendants, not the funds); *see also Dreyfus* Sept. 28 Slip Op. at 16 (plaintiffs' Section 36(b) claims upheld based on allegations that "savings realized from economies of scale were not passed on to the investors" which savings resulted from growth in the funds' assets due to the defendants' payments to brokers for shelf space to push Dreyfus mutual funds over other funds); *In re Mut. Funds Inv. Litig.*, 2005 U.S. Dist. LEXIS 18083, at *45-47 (holding that the plaintiffs' Section 36(b) claim was supported by allegations such as "management fees, which were based upon the amount of funds under management, were increased excessively by late trades and market timed transactions that increased the funds under management"); *Jones v. Harris Assocs., L.P.*, No. 04 C 8305, 2005 WL 831301,at *6-7 (N.D. Ill. Apr. 7, 2005)(Section 36(b) claim upheld where the plaintiffs alleged investment advisers retained unearned fees); *Strigliabotti v. Franklin Resources, Inc.*, No. C 04-00883, 2005 U.S. Dist. LEXIS 9625, at *12 (N.D. Cal. Mar. 7, 2005)(upholding Section 36(b) claim alleging that the defendants charged the plaintiffs much higher fees than other clients for equivalent advisory services and retained excess profits resulting from economies of scale); *Pfeiffer v. Bjurman, Barry & Assocs.*, No. 03

8

Civ. 9741, 2004 U.S. Dist. LEXIS 16924, at *14 (S.D.N.Y. Aug. 26, 2004)(Section 36(b) claim upheld where plaintiffs alleged that defendants violated their fiduciary duty by receiving excessive promotion, distribution and servicing fees); *see also* Pls. Discovery Mem. at 3-6 (discussing merits of Plaintiffs' Section 36(b) claims).

Just last week, Judge Kram of the Southern District of New York upheld a Section 36(b) claim with allegations nearly identical to those in this case. *See Alliance*, 2005 U.S. Dist. LEXIS 24263, at *16-21. In *Alliance*, Judge Kram acknowledged the standard for Section 36(b) claims enunciated in *Gartenberg v. Merrill Lynch Asset Management, Inc.*, 694 F.2d 923 (2d Cir. 1982), but held that for Section 36(b) claims "[a]t the dismissal stage…the Federal Rules of Civil Procedure simply require notice pleading." 2005 U.S. Dist. LEXIS 24263, at *18. In so ruling, Judge Kram declined to follow Judge Koeltl's decision in *Eaton Vance*, even though both judges preside in the Southern District of New York.

Judge Kram then held that the plaintiffs' allegations concerning the investment adviser defendants, which mirror the allegations in this case, "exceed the baseline of specificity necessary to survive a motion to dismiss" because the plaintiffs' amended complaint provided "concrete examples of fiduciary misconduct by the Advisers with respect to management fees." *Id*. First, Judge Kram noted that the plaintiffs' allegations illustrated "that as the size of the Funds increased, any savings generated by economies of scale were not passed on to shareholders." *Id.* Judge Kram followed, *inter alia*, Judge O'Toole's decision in *Wicks*, 2005 U.S. Dist. LEXIS 4892, and found that these allegations stated a claim under Section 36(b) "by demonstrating that [the plaintiffs] continued to pay escalating fees in exchange for absolutely no additional services."

*Alliance,* 2005 U.S. Dist. LEXIS 24263, at *18-19. Here, Plaintiffs' Complaint includes similar allegations and should also be sustained. *See* Consolidated Amended Complaint at ¶¶ 112, 128-132, 149(h), 151(f), 153(g); *see also* ¶¶ 3, 111, 123, 135, 120(f), 149(g), 151(e), 153(f), 195, 198 (alleging that improperly inflated fees were charged to funds without any corresponding benefit to investors).[3]

Judge Kram further held that the plaintiffs pleaded with particularity "facts suggesting [the defendants] made recurring payments to brokers that were not in accordance with a valid Rule 12b-1 plan" and detailed "the Adviser's system of diverting soft dollars to brokers" at the shareholder's expense and that these claims were cognizable under *Meyer v. Oppenheimer Management Corp.*, 764 F.2d 76, 82 (2d Cir. 1985) and *Pfeiffer*, 2004 U.S. Dist. LEXIS 16924, at *15. *Alliance,* 2005 U.S. Dist. LEXIS 24263, at *20. Plaintiffs in this case have made similar allegations in their complaint. *See* ¶¶128-132, 134, 136-138.

The significant authority upholding the very type of Section 36(b) claims at issue in this case demonstrates that Defendants' motions to dismiss may not defeat Plaintiffs' Section 36(b) claim. Thus, even if every other claim in Plaintiffs' complaint but the Section 36(b) claim were to be dismissed (which they should not be), all of the discovery requested by Plaintiffs would apply to the Section 36(b) claim, which the *Dreyfus* and *Alliance* courts have held is a direct claim. Thus, Defendants have not shown good cause for a stay of discovery and discovery should commence forthwith.

---

[3] All "¶" references in this motion are to Plaintiffs' Consolidated Amended Complaint.

**CONCLUSION**

WHEREFORE, this Court should deny Defendants' motion to stay discovery and allow Plaintiffs' discovery to proceed forthwith.

Dated: October 25, 2005

>Respectfully submitted,
>
>**MOULTON & GANS, P.C.**
>
>By:  /s/ Nancy Freeman Gans
>     Nancy Freeman Gans (BBO #184540)
>33 Broad Street, Suite 1100
>Boston, Massachusetts  02109-4216
>(617) 369-7979
>
>*Counsel for Plaintiffs Joan Cohen, Gene F. Osburn, Jean S.B. Simmonds and R.L. Simmonds and Proposed Liaison Counsel*
>
>**MILBERG WEISS BERSHAD & SCHULMAN LLP**
>Jerome M. Congress
>Janine L. Pollack
>Kim E. Miller
>Michael R. Reese
>One Pennsylvania Plaza
>New York, NewYork  10119-0165
>(212) 594-5300
>
>*Counsel for Plaintiff Joan Cohen and Proposed Co-Lead Counsel*
>
>**STULL, STULL & BRODY**
>Jules Brody
>Mark Levine
>6 East 45th Street
>New York, New York  10017
>(212) 687-7230
>
>*Counsel for Plaintiffs Gene F. Osburn, Jean S.B. Simmonds and R.L. Simmonds and Proposed Co-Lead Counsel*

11

**LAW OFFICES OF CHARLES J. PIVEN, P.A.**
Charles J. Piven
Marshall N. Perkins
The World Trade Center – Baltimore
Suite 2525
401 East Pratt Street
Baltimore, Maryland  21202
(410) 332-0030

*Counsel for Plaintiff Joan Cohen*

**WEISS & LURIE**
Joseph H. Weiss
Richard A. Acocelli
551 Fifth Avenue, Suite 1600
New York, New York  10176
(212) 682-3025

*Counsel for Plaintiffs Gene F. Osburn, Jean S.B. Simmonds and R.L. Simmonds*

**SCHIFFRIN & BARROWAY, LLP**
Marc A. Topaz
Richard A. Maniskas
280 King of Prussia Road
Radnor, Pennsylvania  19087
(610) 667-7706

*Counsel for Plaintiff Paul Slicker*

**GILMAN AND PASTOR, LLP**
David Pastor (BBO #391000)
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, Massachusetts  01906
(781) 231-7850

*Counsel for Plaintiff Paul Slicker*

**CERTIFICATE OF SERVICE**

      I, Michael R. Reese, hereby certify that I served a copy of the foregoing document upon counsel for all parties this 25th day of October, 2005.

                                      /s/ Michael R. Reese
                                      Michael R. Reese