UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------- x
In re COLUMBIA ENTITIES LITIGATION  :  CIVIL ACTION NO.: 04-11704 (REK)
                                    :  ALL CASES
                                    :
                                    :  Consolidated Case Nos.:
                                    :  04cv11750
                                    :  04cv11760
                                    :  04cv11953
                                    :
---------------------------------------------------------------- x

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW ADDRESSING ADDITIONAL AUTHORITY CITED FOR THE FIRST TIME IN DEFENDANTS' REPLIES TO PLAINTIFFS'OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**

Plaintiffs respectfully request leave of this Court pursuant to Local Rule 7.1(b)(3) to file this Supplemental Memorandum of Law Addressing Additional Authority Cited for the First Time in Defendants' Replies (the "Replies") to Plaintiffs' Opposition to Defendants' Motions to Dismiss.

**PRELIMINARY STATEMENT**

In their Replies, the Adviser and Trustee Defendants discuss for the first time recent decisions in cases similar to the instant one.[1] *See* Adviser Reply at 2, 3, 5-7, 9-11, 12, 14, 15, 19, 23-25, 32, 44, 48; Independent Trustees' Reply ("Trustee Reply") at 2-6, 8-11, 13-15, 17-18. While Defendants were quick to point out that certain claims were dismissed by other courts,

---

[1] While Plaintiffs brought the decisions in *In re AllianceBernstein Mutual Fund Excessive Fee Litigation*, No. 04 Civ. 4885, 2005 U.S. Dist. LEXIS 24263 (S.D.N.Y. Oct. 19,2005) ("*Alliance*") and *In re Franklin Mutual Funds Fee Litig.*, No. 04-CV-982, 2005 U.S. Dist. LEXIS 20106 (D.N.J. Sept. 9, 2005)("*Franklin*") to this Court's attention as part of their Opposition to the Defendants' Motion for a Stay of Class and Other Discovery filed on October 25, 2005, none of the recent cases in Defendants' Replies was brought before the Court as part of the briefing on Defendants' Motions to Dismiss until the Adviser and Trustee Defendants discussed them in their Replies.

they omit or attempt to distinguish the fact that certain claims also were sustained. For instance, in *Alliance*, the court sustained the plaintiffs' claims under Section 36(b) of the Investment Company Act (15 U.S.C. § 80a-35(b))("Section 36(b)"), which are based on allegations similar to Plaintiffs' Section 36(b) claim in this case. Accordingly, in order to afford the Court a full and fair picture of these recent cases, Plaintiffs submit this supplemental memorandum.

## ARGUMENT

**I. DEFENDANTS' DISCUSSION OF RECENT CASES IN THEIR REPLY BRIEFS OBFUSCATES SIGNIFICANT SUPPORT FOR PLAINTIFFS' POSITION**

In their reply brief, the Adviser Defendants acknowledge, as they must, that in *Alliance*, the plaintiffs' Section 36(b) claim was upheld. Despite the fact that the complaint in the instant case is substantially similar to the *Alliance* complaint, Defendants nonetheless suggest that the *Alliance* court distinguished the complaint before it from the complaint in *In re Eaton Vance Mutual Funds Fee Litigation*, 380 F. Supp. 2d 222 (S.D.N.Y. 2005)(*"Eaton Vance"*), which was recently dismissed by Judge Koeltl. Adviser Repl. at 12, n.8; 15-16, n.9. However, the allegations in *Eaton Vance* were, in fact, very similar to the allegations in *Alliance*.[2] Defendants are attempting to explain away why, in *Alliance*, Judge Kram (who, like Koeltl, sits in the Southern District of New York) did not follow Judge Koeltl's ruling in *Eaton Vance*. The correct answer appears to be that Judge Kram chose to consider the issues independently of Judge Koeltl, as this Court should do here.[3]

---

[2] Plaintiffs will provide copies of the *Eaton Vance* and *Alliance* complaints to the Court upon request.

[3] As Plaintiffs previously noted in their Opposition to Defendants' Motions to Dismiss, in *In re Dreyfus Mutual Funds Fee Litigation*, No. 04-128, slip op. (W.D. Pa. Sept. 28, 2005)("*Dreyfus* Slip Op."), Judge Lancaster similarly declined the invitation to follow Judge Koeltl's ruling in *Eaton Vance* and, like Judge Kram in *Alliance*, upheld the plaintiffs' Section 36(b) claim on a substantially similar complaint.

Judge Kram's thoughtful analysis in *Alliance* is equally applicable here. First, Judge Kram acknowledged the standard for Section 36(b) claims under *Gartenberg v. Merrill Lynch Asset Management, Inc.*, 694 F.2d 923, 928 (2d Cir. 1982) but held that for Section 36(b) claims "[a]t the dismissal stage…the Federal Rules of Civil Procedure simply require notice pleading." *Alliance*, 2005 U.S. Dist. LEXIS 24263, at *18, *accord, e.g., Wicks v. Putnam Investment Mgmt., LLC*, No. 04-10988, 2005 U.S. Dist. LEXIS 4892 (D. Mass. Mar. 28, 2005) (O'Toole, J.). Judge Kram then held that the plaintiffs' allegations concerning the Investment Adviser Defendants, which mirror the allegations in this case, "exceed the baseline of specificity necessary to survive a motion to dismiss" because the plaintiffs' amended complaint provided "concrete examples of fiduciary misconduct …with respect to management fees." *Alliance*, 2005 U.S. Dist. LEXIS 24263, at *18. For example, Judge Kram noted that the plaintiffs' allegations illustrated "that as the size of the Funds increased, any savings generated by economies of scale were not passed on to shareholders." *Id.* In fact, Judge Kram followed, *inter alia*, the decision of Judge O'Toole of this District in *Wicks*, 2005 U.S. Dist. LEXIS 4892 and found that the plaintiffs' allegations stated a claim under Section 36(b) "by demonstrating that [the plaintiffs] continued to pay escalating fees in exchange for absolutely no additional services." *Alliance,* 2005 U.S. Dist. LEXIS 24263, at *18-19. Here, Plaintiffs' Complaint includes similar allegations and should also be sustained. *See* ¶¶ 112, 128-132, 149(h), 151(f), 153(g) (economies of scale); *see also* ¶¶ 3, 111, 123, 135, 120(f), 149(g), 151(e), 153(f), 195, 198 (alleging that improperly inflated fees were charged to funds without any corresponding benefit to investors).[4]

Judge Kram further held that the plaintiffs pleaded with particularity "facts suggesting [the defendants] made recurring payments to brokers that were not in accordance with a valid

---

[4] All "¶" references in this motion are to Plaintiffs' Consolidated Amended Complaint.

3

Rule 12b-1 plan" and detailed "the Adviser's system of diverting soft dollars to brokers" at the shareholder's expense and that these claims were cognizable under *Meyer v. Oppenheimer Management Corp.*, 764 F.2d 76, 82 (2d Cir. 1985) and *Pfeiffer v. Bjurman, Barry & Assocs.*, No.03Civ9741, 2004 U.S. Dist. LEXIS 16924 at *15 (S.D.N.Y. Aug. 26, 2004). *Alliance*, 2005 U.S. Dist. LEXIS 24263, at *20. Plaintiffs in this case have made similar allegations in their complaint. *See, e.g.*, ¶¶128-132, 134, 136-138. Accordingly, Plaintiffs respectfully submit that this Court should follow the well-reasoned *Alliance* and *Dreyfus* decisions and not the *Eaton Vance* and *Davis* decisions, which Plaintiffs believe were wrongly decided.[5]

The Adviser Defendants argue that two recent cases in this District support their argument that Plaintiffs' Section 36(b) claims in this case should be dismissed. First, the Adviser Defendants quote *Stegall v. Ladner*, No. 05-10062, 2005 U.S. Dist. LEXIS 24453 (D. Mass. Oct. 14, 2005) (Woodlock, J.)("*Stegall*"), for the unobjectionable statement that in a Section 36(b) claim "the plaintiff must demonstrate some nexus between the alleged violation and the excessiveness of the fees alleged." Adviser Reply at 15 (quoting *Stegall*, 2005 U.S. Dist. LEXIS 24453, at *44). Yet Defendants omit the balance of the quotation of *Stegall* from their discussion, which explained that such a nexus could be shown, for example, by allegations of the defendants' "refusal to pass along economies of scale," which is precisely what Plaintiffs have alleged in this case. *Id. See, e.g.,* ¶¶ 112, 128-132, 149(h), 151(f), 153(g).

In *Stegall*, the plaintiff's Section 36(b) claim was based on the allegations that the defendants "breached their fiduciary duty…by failing to submit Proof of Claim forms or otherwise participate in settled securities class actions." 2005 U.S. Dist. LEXIS 24453, at *39.

---

[5] As Plaintiffs previously informed the Court, some of the counsel here are also counsel in *Eaton Vance* and *Davis* and, in both of those cases, counsel have moved for reconsideration of the dismissals of the complaints.

4

The *Stegall* court, in failing to find a violation of Section 36(b), found that the plaintiff "simply avers that defendants violated a fiduciary duty by failing to participate in the class action settlements, and, in pleading that under a § 36(b) heading, inferentially presses an excessive fee claim. That is clearly not sufficient." *Id.* at *44. Even Defendants could not stretch these facts to suggest they are comparable to the facts here.

Notably, the *Stegall* court distinguished the *Stegall* plaintiff's allegations from the plaintiffs' allegations in *Strigliabotti v. Franklin Resources, Inc.*, No. C04-00883, 2005 U.S. Dist. LEXIS 9625 (N.D. Cal. Mar. 7, 2005)("*Strigliabotti*"). The *Stegall* court found that in *Strigliabotti*, the court had permitted the plaintiff's Section 36(b) claims to proceed based in part on allegations that the "funds in that case had 'grown in size…while the nature of the services rendered had not changed, resulting in disproportionately large advisory fees." *Stegall*, 2005 U.S. Dist LEXIS 24453, at *51 (quoting *Strigliabotti*, 2005 U.S. Dist. LEXIS 9625, at *12), which did state a claim under Section 36(b). Here, Plaintiffs' allegations are vastly different from the *Stegall* plaintiff's allegations and quite similar to the *Strigliabotti* plaintiff's allegations that Judge Woodlock agreed would state a claim under Section 36(b). Plaintiffs in this case have alleged that due to Defendants' revenue sharing, directed brokerage and soft dollar payments which caused the growth in assets of the Funds and thus Defendants' asset-based fees, Defendants received excessive compensation without any corresponding benefit to shareholders, including the failure to pass on economies of scale, all of which led to a disparity between the fees paid and the services rendered. Although an increase in mutual fund assets can benefit investors through economies of scale that decrease the expenses of operating such funds on a per share basis, Defendants failed to reduce their fees to pass on the economies of scale to the Funds. Instead, Defendants retained the economies of scale for their own benefit. *See* ¶¶ 112, 128-132,

5

149(h), 151(f), 153(g) (economies of scale); *see also* ¶¶ 3, 111, 123, 135, 120(f), 149(g), 151(e), 153(f), 195, 198 (alleging that improperly inflated fees were charged to funds without any corresponding benefit to investors).  Thus, Plaintiffs, unlike the *Stegall* plaintiff, have alleged a nexus between the breach of fiduciary duty and the excessiveness of the fees charged, and, as in *Strigliabotti*, have alleged disproportionately large advisory fees.

The Adviser Defendants' reliance on *Yameen v. Eaton Vance Distributors, Inc.*, No. 03-12437, 2005 U.S. Dist. LEXIS 24450 (D. Mass. Oct. 14, 2005) (Woodlock, J.), is similarly misplaced.  In *Yameen*, the plaintiff alleged that distribution (12b-1) fees for marketing the funds were *per se* excessive under Section 36(b) because the funds were closed to new investors.  *Id.* at *16-18.  The court dismissed the Section 36(b) claim because the plaintiff relied on "the categorical contention, rejected by the regulatory bodies charged with supervising this activity, that such fees are per se disproportionately large and hence unreasonable when paid out while the fund is closed."  *Id.* at *21.  These facts bear no resemblance whatsoever to the facts in this case.  Moreover, the *Yameen* court found that the plaintiff had failed to allege any relationship between the fees charged and the services rendered.  *Id.* at *13.  As described above, Plaintiffs here have plainly alleged such a relationship.  Thus, *Yameen* has no relevance here.

Finally, the Adviser and Trustee Defendants cite to Judge Martini's two decisions out of the District Court of New Jersey in *Franklin* and *In re Lord Abbett Mutual Funds Fee Litigation*, No. 04-cv-0559, 2005 U.S. Dist. LEXIS 24185 (D.N.J. Aug. 30, 2005)("*Lord Abbett*") to support their argument that Section 36(b) claims are derivative claims.  *See* Adviser Reply at 11-12, 24; Trustee Reply at 3, 8.  However, Judge Martini's holdings that Section 36(b) claims are derivative were not in accord with Supreme Court precedent and numerous recent decisions, as previously explained in Plaintiffs' Opposition to Defendants' Motions to Dismiss in this case.

*See* Pl. Opp'n. to Mot. to Dismiss ("Pl. Opp'n.") at 35-41.  The plaintiffs in *Franklin* and *Lord Abbett* have moved for reconsideration of these rulings.

Moreover, in *Stegall,* Judge Woodlock recently confirmed that "courts have found a direct cause of action under § 36(b)."  *Stegall*, 2005 U.S. Dist. LEXIS 24453, at *40, n.16 (citing *Strigliabotti*, 2005 U.S. Dist. LEXIS 9625, at *25; *Krantz v. Fidelity Mgmt. & Research, Co.*, 98 F. Supp. 2d 150, 157-58 (D. Mass. 2000)).  The *Stegall* court explained that "[a]s the Supreme Court determined in *Daily Income, Inc. v. Fox*, 464 U.S. 523…(1984), a shareholder's § 36(b) 'suit on the fund's behalf was not a derivative one in the sense that the shareholder was seeking to enforce a cause of action that the fund had but refused to enforce on its own.'"  *Stegall,* 2005 U.S. Dist. LEXIS 24453, at *40, n.16 (quoting *Wicks*, 2005 U.S. Dist. LEXIS 4892, at *3.)

Thus, since the *Lord Abbett* and *Franklin* holdings that Section 36(b) is a derivative claim were not in accord with existing precedent regarding Section 36(b) (including in this District), they should be given little weight here.[6]

## II. THE RECENT DECISIONS CONFIRM THAT THE COURT CAN DEFER RULING ON WHETHER PLAINTIFFS HAVE STANDING TO REPRESENT INVESTORS IN FUNDS THEY DO NOT OWN UNTIL THE MOTION FOR CLASS CERTIFICATION BUT THAT IF THE COURT CHOOSES NOT TO DEFER THE ISSUE, THE PLAINTIFFS DO HAVE SUCH STANDING

In their reply brief, the Trustee Defendants argue that *Alliance* held that "[p]laintiffs may not pursue Section 36(b) claims on behalf of the Funds in which they do not own shares."  Trustee Reply at 17 (citing *Alliance*, 2005 U.S. Dist. LEXIS 24263, at *36).  However, in *Alliance*, while the court did rule that the plaintiffs only had individual standing to sue under

---

[6] Notably, the court in *Lord Abbett* held that the plaintiffs' non-36(b) claims were all direct, not derivative, under Delaware and Maryland law because the "decline in net asset value per share despite overall fund asset growth" was a direct injury to the shareholders.  *Lord Abbett*, 2005 U.S. 24185, at *27-28.

7

Section 36(b) on behalf of the thirteen Alliance funds in which they owned shares, the court also explained that it would defer "its class certification inquiry until that issue is fully briefed by the parties." *Alliance*, 2005 U.S. Dist. LEXIS 24263, at *36. The *Alliance* court's deferral of the class certification inquiry suggests that the court intended to leave open the question of whether the plaintiffs could represent a class of fund shareholders for funds which plaintiffs do not own until a later stage in the proceedings.

Other courts have similarly deferred a ruling on this standing issue on the motion to dismiss. In *Eaton Vance*, the court did not even address the defendants' similar standing arguments at the motion to dismiss stage. In *Dreyfus*, the court held in its ruling on the Section 36(b) claims that it would "not decide at this stage of the case [*i.e.*, the motion to dismiss] how the fact that the named plaintiffs are only 'security holders'(as required by statute) in two of the Dreyfus Funds might affect this case" and that this was "not an issue of Constitutional standing." *Dreyfus* Slip Op. at 17, n.7. The Maryland MDL court, in upholding similar Section 36(b) claims based on mutual fund late trading and market timing allegations, found that even though "[d]efendants contend[ed] that plaintiffs who own shares in a particular fund lack Article III standing to assert claims in connection with other funds in the same family," it would defer ruling on the standing issue until a later stage in the case. *In re Mutual Funds Inv. Litig.* (*In re Janus Subtrack)*, No. 04-MD-15863, 2005 U.S. Dist. LEXIS 18083, at *7 n.4 (D. Md. Aug. 25, 2005).

Alternatively, in *Franklin* and *Lord Abbett*, the court held that in the class action context, a plaintiff may be able to assert a claim on behalf of shareholders of all the funds in a complex, though that plaintiff would lack individual standing to assert all of those claims under traditional

8

standing principles, as long as the claims are closely related, and the plaintiff and class members all have individual claims against the same defendants. Thus, in *Franklin*, the court stated:

> In the class action context, however, traditional notions of standing are not completely informative of what claims may be asserted. In *Haas v. Pittsburgh National Bank*, 526 F.2d 1083, 1088-89 (3d Cir. 1975), the Third Circuit held that a plaintiff could assert a claim on behalf of a class against a particular defendant even though she lacked standing to assert two other closely related direct claims against that defendant…In light of *Haas*, plaintiffs may assert claims on behalf of investors in the one hundred other funds, but only to the extent that the named plaintiffs properly pleaded direct claims against those defendants.

*Franklin*, 2005 U.S. Dist. LEXIS 20106, at *21-22 (finding that while the plaintiffs had failed to "link [a defendant] to a particular fund," the plaintiffs should be able to "amend their Complaint with relative ease to satisfy the standing requirement" *Id.* at *22-23.). *Accord Lord Abbett*, 2005 U.S. Dist. LEXIS 24185, at *22 ("Given the named Plaintiffs' undisputed standing to bring some claim against each Defendant, it is clear that under *Haas* their lack of standing to assert the other (obviously closely related) claims on behalf of shareholders of specific Lord Abbett Funds in which the named Plaintiffs lack an ownership interest does not warrant dismissal of any claims at this time.").

Here, Plaintiffs have indisputably alleged a common course of conduct by all Defendants across all funds and, thus, closely related claims. As such, should the Court hold that it must decide the standing issue now, it can easily find that, when analyzed under class action principles, as in *Franklin* and *Lord Abbett*, Plaintiffs have the requisite standing.[7]

---

[7] While *Franklin* and *Lord Abbett* held that there could be no class claims for the plaintiffs' Section 36(b) claims, these cases erred in holding that Section 36(b) claims are derivative, and therefore also on whether Section 36(b) claims can be brought on behalf of a class. *See* Pl. Opp'n to Mot. to Dismiss at 35-41.

9

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their Motion for Leave to File Supplemental Memorandum of Law Addressing Additional Authority Cited for the First Time in Defendants' Replies to Plaintiffs' Opposition to Defendants' Motions to Dismiss.

Dated:  November 4, 2005

Respectfully submitted,

**MOULTON & GANS, P.C.**

By:   /s/ Nancy Freeman Gans
  Nancy Freeman Gans (BBO #184540)
33 Broad Street, Suite 1100
Boston, Massachusetts  02109-4216
(617) 369-7979

*Counsel for Plaintiffs Eric Forsythe and Larry R. Eddings and Proposed Liaison Counsel*

**MILBERG WEISS BERSHAD
  & SCHULMAN LLP**
Jerome M. Congress
Janine L. Pollack
Kim E. Miller
Michael R. Reese
One Pennsylvania Plaza
New York, New York  10119-0165
(212) 594-5300

*Counsel for Plaintiff Eric Forsythe and Proposed Co-Lead Counse*

**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**
Alan Schulman
Robert S. Gans
 Jerald D. Bien-Willner
12544 High Bluff Drive, Suite 150
San Diego, California 92130
(858) 793-0070
*Counsel for Plaintiff Chicago Deferred Compensation Plan and Proposed Co-Lead Counsel*

**WEISS & LURIE**
Joseph H. Weiss
Richard Acocelli
551 Fifth Avenue, Suite 1600
New York, New York  10176
(212) 682-3025

*Counsel for Plaintiff Larry R. Eddings and Proposed Co-Lead Counsel*

**LAW OFFICES OF CHARLES J. PIVEN, P.A.**
Charles J. Piven
Marshall N. Perkins
The World Trade Center – Baltimore
Suite 2525
401 East Pratt Street
Baltimore, Maryland  21202
(410) 332-0030

*Counsel for Plaintiff Eric Forsythe*

**STULL, STULL & BRODY**
Jules Brody
Aaron Brody
6 East 45th Street
New York, New York  10017
(212) 687-7230

*Counsel for Plaintiff Larry R. Eddings*

**SCHIFFRIN & BARROWAY, LLP**
Marc A. Topaz
Richard A. Maniskas
280 King of Prussia Road
Radnor, Pennsylvania  19087
(610) 667-7706

*Counsel for Plaintiff Richard Koslow*

11

**GILMAN AND PASTOR LLP**
David Pastor (BBO #391000)
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, Massachusetts 01906
(781) 231-7850

*Counsel for Plaintiff Richard Koslow*

## CERTIFICATE OF SERVICE

I, Janine L. Pollack, hereby certify that I served a copy of the foregoing document upon counsel for all parties this 4th day of November, 2005.

             /s/ Janine L. Pollack