UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: COLUMBIA ENTITIES LITIGATION | )<br>)<br>)<br>)<br>)<br>) | Civil Action No. 04cv11704 (REK)<br><br>Consolidated Case Nos:<br>04cv11750<br>04cv11760<br>04cv11953 |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF THEIR MOTION FOR STAY OF CLASS AND OTHER DISCOVERY**

Defendants submit this reply memorandum in further support of their motion for stay of class and other discovery.

In their opposition, Plaintiffs concede that their proposed "class certification discovery" is not in fact limited to class certification issues but rather contemplates a full foray into both class and merits discovery in this case. Plaintiffs, however, fail to provide any justification for the expenditure of time and resources on broad-based discovery in the face of pending dispositive motions that likely will substantially limit the scope of discovery required in this case or render it altogether unnecessary. Accordingly, this Court should exercise its discretion under Fed. R. Civ. P. 26(c) to stay all discovery in this case until it rules on the pending motions and thereby shapes the need, if any, for discovery in this case.

**I.     PLAINTIFFS' DISCOVERY REQUESTS ARE UNDULY BROAD AND BURDENSOME**

In their opposition, Plaintiffs' contend that they have "presented a limited number of documents requests which would place only a small burden on Defendants." Plaintiffs' Opposition, at 5. This claim is utterly disingenuous. With their requests, Plaintiffs seek documents described in nineteen separate categories that span virtually every aspect of the

defendant funds' advisory, distribution, marketing, management, and promotional services.[1] The requests seek, *inter alia*, materials that pertain to revenue sharing, directed brokerage, 12b-1 fees, soft dollars and that encompass board materials, regulatory submissions, written agreements, and corporate materials. Collecting and producing such materials in response to Plaintiffs' expansive requests would unquestionably require a tremendous amount of coordination, effort, and time even for one fund, let alone all eighty-one defendant funds. Plaintiffs' mere assertion that their requests would not be burdensome thus deserves no credit by the Court.

## II. PART OR ALL OF THE DISCOVERY PLAINTIFFS SEEK WILL LIKELY BE UNNECESSARY

Of the six courts that have to date ruled on motions to dismiss on plaintiffs' prototype complaint, two have dismissed the entire complaint with prejudice, *see In re Davis Selected Mut. Funds Litig.*, No. 04-4186, WL 2509732 (S.D.N.Y. Oct. 11, 2005); *In re Eaton Vance Mut. Funds Fee Litig.*, 380 F. Supp. 2d 222 (S.D.N.Y. 2005), and the other four have dismissed either all or a substantial part of plaintiffs' claims. *See In re AllianceBernstein Mut. Fund Excessive Fee Litig.*, 04-4885, WL 2677753 (S.D.N.Y. Oct 19, 2005); *In re Franklin Mut. Funds Fee Litig.*, 388 F. Supp. 2d 451 (D.N.J. 2005); *In re Dreyfus Funds Fee Litig.*, No. 04-0128 (W.D. Penn. Sept. 28, 2005); *In re Lord Abbett Mut. Funds Fee Litig.*, 385 F. Supp. 2d 471 (D.N.J. 2005). These recent opinions thus suggest the strong likelihood that some, if not all, of Plaintiffs' claims here will be dismissed, in which case Plaintiffs would not be entitled to the broad merits discovery they seek with their requests.

In addition, the decisions in *Lord Abbett* and *Franklin* show that the class certification discovery Plaintiffs seek may not be warranted. In those cases, Judge Martini dismissed all of plaintiffs' claims, and while he did so without prejudice as to a subset of the claims, he expressly

---

[1] The request do not specify a timeframe, but presumably they are intended to cover the five-year class period.

held that, to the extent plaintiffs wished to replead that subset of claims, they could do so only in a derivative fashion.[2] Judge Martini further held that plaintiffs could only bring derivative claims against the funds plaintiffs themselves owned and plaintiffs could not maintain a "class derivative action."[3] See *Franklin*, 388 F. Supp. 2d at 468 n.13 (quoting *Kauffman v. Dreyfus Fund, Inc.*, 434 F.2d 727, 735 (3d Cir. 1970)).

Plaintiffs desperately seize on the holdings in *Alliance* and *Dreyfus* that the § 36(b) allegations in those cases met notice-pleading standards, and Plaintiffs contend in their opposition that "even if every other claim in Plaintiff's complaint but the Section 36(b) claim were to be dismissed . . . all of the discovery requests by Plaintiffs would apply to the Section 36(b) claim, which the *Dreyfus* and *Alliance* courts have held is a direct claim." Opposition, at 10. Plaintiffs, however, greatly mischaracterize the impact of those cases.

As an initial matter, Plaintiffs are flatly wrong in arguing that the *Alliance* and *Dreyfus* courts held that the § 36(b) claims are direct, not derivative claims. The courts in those cases only assessed the sufficiency of plaintiffs factual allegations under Rule 12(b)(6). Neither court addressed the issue of whether § 36(b) claims can properly be brought as direct claims, and thus Plaintiffs' reliance on the decisions for the proposition that they may be able to bring class claims under § 36(b) is misplaced. In addition, Plaintiffs completely ignore the fact that the courts in *Alliance* and *Dreyfus* substantially limited the scope of the § 36(b) claims they allowed to proceed. In both cases, the § 36(b) claims were dismissed as against all defendants except the fund advisers, *Dreyfus*, No. 04-0218, slip op. at 18-23; *Alliance*, 2005 WL 2677753, at *10, and

---

[2] Although the court stated that plaintiffs' control person claims under § 48(a) of the ICA were not improperly pled as direct claims, it dismissed the claims without prejudice and noted that to the extent they could be repled, they were predicated only on plaintiffs' § 36(b) claims, which the court expressly stated were derivative. *Lord Abbett*, 385 F. Supp. 2d at 488-89.

[3] Accordingly, the court expressly denied plaintiffs' motion for class certification. 388 F. Supp. 2d at 474.

in *Alliance*, the court allowed plaintiffs to pursue their § 36(b) claims "only on behalf of the thirteen Funds in which they own shares." *Alliance*, 2005 WL 2677753, at *7.

More importantly for purposes of the present motion, even assuming *arguendo* that *Alliance* and *Dreyfus* stand for the propositions Plaintiffs assert they do, the decisions would nevertheless demonstrate only that there is a split among courts as to which, if any, of Plaintiffs' claims withstand a Rule 12(b)(6) challenge. But the mere *possibility* that one or some of Plaintiffs' claims may survive Defendants' motions to dismiss does not, as Plaintiffs contend, warrant full merits and class discovery. Rather, this Court should stay discovery until it has had the opportunity to decide which, if any, of Plaintiffs' claims *in fact* survive the pending motions to dismiss.

Indeed, Plaintiffs' reliance on the orders in *Lord Abbett* and *Franklin* allowing discovery to proceed prior to resolution of pending motions to dismiss highlight Plaintiffs' backwards position on the need to commence discovery at this juncture. In those cases, Judge Martini allowed discovery to proceed with regard to class certification issues[4] only subsequently to hold, in *Franklin*, that Plaintiffs could not maintain any class claim and, in *Lord Abbett,* that the only potentially viable substantive claim, the 36(b) claim, was derivative and not maintainable as a class claim. These cases thus underscore the fact that discovery is premature given the present posture of the case and allowing discovery to proceed in advance of ruling on the pending motions to dismiss could result in wasted time and effort.

---

[4] In *Franklin*, the court expressly limited discovery to "class certification-related discovery" to "afford defendants protection from unlimited merits discovery." *See* February 8, 2005 Opinion Letter, attached as Exhibit D to Plaintiffs' Memorandum of Law in Support of Motion for Entry of Plaintiffs' Proposed Schedule for Class Certification and Commencement of Discovery.

### III. PLAINTIFFS WOULD NOT SUFFER ANY PREJUDICE FROM A STAY

In their opposition, Plaintiffs conclusorily state that they would suffer prejudice from a stay of discovery. They do not, however, provide any basis for this contention—nor could they have. Plaintiffs filed their original complaints more than a year prior to seeking any discovery. Their current claimed urgency regarding discovery is wholly unfounded. Plaintiffs would suffer no prejudice from a stay of discovery pending the resolution of Defendants' motions, which will determine the scope of this litigation going forward and determine Plaintiff counsel's ability to remain in this case.

### CONCLUSION

For the foregoing reasons, Defendants request that the Court stay all discovery until it has ruled on the Defendants' motions to dismiss and the Plaintiffs' renewed lead counsel motion.


November 9, 2005                    Respectfully submitted,

                                                 By: /s/ Frances S. Cohen
                                                     Frances S. Cohen (BBO #542811)
                                                     DECHERT LLP
                                                   200 Clarendon Street, 27th Floor
                                                   Boston, MA 02116
                                                   Tel: (617) 728-7100
                                                   Facsimile: (617) 426-6567

Michael S. Doluisio
Nory Miller
DECHERT LLP
1717 Arch Street
Philadelphia, PA 19103
Tel: (215) 994-4000
Facsimile: (215) 994-2222

*Counsel for FleetBoston Financial Corporation, a/k/a Bank of America Corporation, Columbia Management Group, Inc., Columbia Management Advisers, Inc., Columbia Wanger Asset Management, L.P. and Columbia Funds Distributor, Inc., Kevin Connaughton, P. Zachary Egan, Kevin S. Jacobs, Kenneth A. Kalina, Bruce H. Lauer, Jean Loewenberg, Robert A. Mohn, Louis J. Mendes, Todd Narter, Christopher Olson, Jon H. Park, Vincent P. Pietropaolo, Joseph Turo, and Leah J. Zell*


/s/   Brien T. O'Connor
Brien T. O'Connor (BBO # 546767)
Giselle J. Joffre (BBO # 658047)
ROPES & GRAY LLP
One International Place
Boston, MA 02110-2624
(617) 951-7000

*Counsel for Defendants Columbia Funds Trust and Columbia Funds, excluding Columbia Acorn Trust and Columbia Acorn Funds*

/s/ Richard J. Rosensweig
Richard J. Rosensweig (BBO# 639547)
GOULSTON & STORRS, P.C.
400 Atlantic Avenue
Boston, MA 02110
(617) 482-1776

OF COUNSEL:
Phil C. Neal  ARDC #2023369
Mark A. Rabinowitz  ARDC #3122026
Dao L. Boyle  ARDC #6269407
Jenny S. Kim  ARDC #6277785
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street, Suite 2200
Chicago, IL  60602
(312) 269-8000

*Counsel for Defendants Charles P. McQuaid and Ralph Wanger*

## CERTIFICATE OF SERVICE

I, Frances S. Cohen, certify that I served a copy of the foregoing document upon all counsel by email and electronic case filing on this 9th day of November, 2005.

/s/ Frances S. Cohen
Frances S. Cohen