# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: COLUMBIA ENTITIES LITIGATION | Civil Action No. 04-11704-REK |

## STIPULATION AND SETTLEMENT AGREEMENT

This Stipulation and Settlement Agreement (the "Stipulation" or "Settlement Agreement") is dated and executed as of January 19, 2007. This Stipulation is made and entered into by and among the Settling Parties, (as defined below), by and through their undersigned attorneys of record, and is intended by the Settling Parties, upon final approval of this Court, to resolve, discharge and settle the Released Claims against the Released Parties, (as defined below) fully, finally, and forever on the terms set forth below, whether the Released Claims are brought by Named Plaintiffs, (as defined below) or any members of the Class (as defined below): (1) individually or, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class; (2) pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, on behalf any of the Settling Funds; or (3) pursuant to Section 36(b) of the Investment Company Act of 1940 ("ICA"), on behalf of any of the Settling Funds.

A.    **Definitions**

As used in this Stipulation, the following terms shall have the meanings specified below:

1.1.    "Action" means the District of Massachusetts civil actions *Joan Cohen v. FleetBoston Financial Corporation et al.*, Civil Action No. 04-11704-REK, originally filed on August 2, 2004, *Gene F. Osburn v. FleetBoston Financial Corporation et al.*, Civil Action No. 04-11750-REK, originally filed on August 10, 2004, *Paula Slicker v. FleetBoston Financial*

*Corporation et al.*, Civil Action No. 04-11760-REK, originally filed on August 11, 2004, and

*Jean S.B. Simmonds and R.L. Simmonds v. FleetBoston Financial Corporation et al.*, Civil

Action No. 04-11953-REK, originally filed on September 8, 2004, as well as the consolidation of

the cases under the caption *In re: Columbia Entities Litigation*, No. 04-11704-REK, and the

subsequent appeal currently pending in the United States Court of Appeals for the First Circuit,

captioned *Cohen et al. v. Columbia Acorn, et al.*, File No. 06-1227. Plaintiffs purport to bring

this Action individually and as a class action, as well as derivatively on behalf of the Settling

Funds.

      1.2.    "Class" or "Settlement Class" means a class, for which Named Plaintiffs shall

seek class certification for settlement purposes only, consisting of all shareholders who held one

or more shares of any of the Settling Funds at any time during the period August 2, 1999 through

the fourteenth (14th) day following the entry of the Preliminary Approval Order, inclusive.

      1.3.    "Class Member" means any member of the Class.

      1.4.    "Class Period" means the time period from August 2, 1999 through March 22,

2004, inclusive.

      1.5.    The "Columbia Trusts and Registrants" means the Columbia Acorn Trust, each of

the registered investment companies referred to collectively as the Columbia Funds trusts, and all

other registered investment companies using or formerly using the name Columbia whose shares

were sold to the public during the Class Period.

      1.6.    "Columbia Funds" means the Columbia Trusts and Registrants and all mutual

funds or series of mutual funds issued or housed by the Columbia Trusts and Registrants.

      1.7.    "Complaint" means the Consolidated Amended Class Action Complaint dated

June 9, 2005 filed in the Action.

1.8.    "Counsel of Record" means counsel for the parties to the Action as identified in the signature pages to this Stipulation.

1.9.    "Defendants" means all defendants named in the Action, collectively.  At times in this Stipulation certain Defendants will be referred to as follows:

a.      "Adviser Defendants" means Columbia Management Advisors, Inc. and Columbia Wanger Asset Management, L.P;

b.      "Columbia Individual Defendants" refers to the individuals named in the Complaint by reason of their current or former employment by one or more of Adviser Defendants and/or Columbia Funds Distributor, Inc.  These individuals are Charles P. McQuaid, Ralph Wanger, J. Kevin Connaughton, P. Zachary Egan, Kevin S. Jacobs, Kenneth A. Kalina, Bruce H. Lauer, Jean S. Loewenberg, Louis J. Mendes, Robert A. Mohn, Todd Narter, Christopher Olson, John H. Park, Vincent P. Pietropaolo, Joseph R. Palumbo, Joseph T. Turo, and Leah J. Zell; and

c.      "Independent Trustee Defendants" means all of the Named Trustees except Charles P. McQuaid and Ralph Wanger.

1.10.    "Effective Date" means the date on which this Settlement Agreement shall take effect and refers to the first full day after the expiration of time to seek review of the Final Order and Judgment approving the Settlement Agreement, whether by appeal or petition for writ of certiorari, if review thereof has not been sought.  If review has been sought, "Effective Date" shall mean the first full day after such review shall have been finally determined or disposed of in such a manner as to permit the consummation of the Settlement Agreement.

1.11.    "Final Order and Judgment" means a final order and judgment of the court substantially in the form annexed hereto as Exhibit C, that shall approve the Settlement, including the release of all Released Claims against all Released Parties by all Releasing Parties.

3

1.12. "Final Settlement Hearing" means the final hearing to be held by the Court to determine, among other things, whether the proposed Settlement should be finally approved as fair, reasonable and adequate and whether an order approving the Settlement, enjoining the Releasing Parties from bringing any Released Claims against the Released Parties, and dismissing the Released Claims against the Released Parties should be entered.

1.13. "Judgment" means the order of the court, a proposed form of which shall be submitted to the Court by the Settling Parties, that shall approve the Settlement, including the release of all Released Claims against all Released Parties by all Releasing Parties.

1.14. "Named Plaintiffs" means the named plaintiffs Joan Cohen, Gene F. Osburn, Paula Slicker, Jean S.B. Simmonds, and R. L. Simmonds, individually, and as representatives of any putative classes on whose behalf they purport to bring these actions, or on behalf of any of the Settling Funds.

1.15. The "Named Trustees" are or were trustees of one or more of the Columbia Funds. The Named Trustees are Margaret M. Eisen, Leo A. Guthart, Jerome Kahn, Jr., Steven Kaplan, David C. Kleinman, Charles P. McQuaid, Allan B. Muchin, Robert E. Nason, John A. Wing, Douglas A. Hacker, Janet Langford Kelly, Richard W. Lowry, William E. Mayer, Charles R. Nelson, John J. Neuhauser, Patrick J. Simpson, Thomas E. Stitzel, Thomas C. Theobald, Anne-Lee Verville, Ralph Wanger and Richard L. Woolworth.

1.16. "Notice of Settlement" means notice of the Settlement, the certification of the Class, and the Final Settlement Hearing, substantially in the form attached as Exhibit B hereto, that is to be mailed or distributed to Shareholders in the manner set forth in the Preliminary Approval Order.

1.17. "Person" means an individual, corporation, limited or general partnership, association, trust, joint venture, or any other entity or organization, including a governmental or

4

political subdivision or an agent or instrumentality thereof, and his, her, or its heirs, executors, successors and assigns.

1.18.  "Preliminary Approval Order" shall mean an order substantially in the form annexed hereto as Exhibit A, preliminarily approving the Settlement, certifying the class for settlement purposes only, and approving the Notice of Settlement and the plan for distributing the Notice of Settlement.

1.19.  "Released Claims" means any and all claims, debts, actions, causes of action, specialties, covenants, contracts, variances, damages, executions, rights, suits, sums, accounts, reckonings, presentments and any other liabilities, whether asserted or unasserted, anticipated or unanticipated, known or unknown, contingent or fixed, liquidated or unliquidated, matured or unmatured and whether direct, derivative, representative or brought in any other capacity, against the Released Parties that the Releasing Parties had, have now, or may in the future have concerning, arising from or relating in any manner, whether directly or indirectly, to any fees or charges paid by or charged to any of the Columbia Funds or any Class Member, as alleged in the Complaint and for the Class Period alleged in the Complaint, arising out of the allegations, transactions, facts, matters, occurrences, representations or omissions that were or could have been alleged in the Complaint, including, without limitation, such known or unknown fraud claims, such known or unknown omissions and non-disclosures of material fact, and such unknown or unanticipated claims that, had they been known, may have affected the decision of or by the members of the Class to enter into the Stipulation or Settlement, claims brought under the Securities Act of 1933, the Securities Exchange Act of 1934, the ICA, the Investment Advisors Act ("IAA"), Employee Retirement and Income Security Act, the Racketeer Influenced and Corrupt Organizations Act, other federal or state common or statutory law or regulation, for any form of relief including, without limitation, compensatory damages, whether direct or

5

consequential, punitive damages, treble damages, penalties, injunctive or equitable relief, declaratory relief, rescission, disgorgement, restitution or the return or forfeiture of advisory, management or other fees. The Released Claims shall not include any claims alleged in the amended consolidated class action complaint filed on September 29, 2004 in the Columbia sub-track of MDL 1586, *In re Mutual Funds Investment Litigation.*

      <u>Known or Unknown Claims</u>:  The Releasing Parties understand and expressly agree that this Stipulation extends to all claims of every nature and kind, known or unknown, suspected or unsuspected, past, present, or future, concerning, arising from, related in any manner to or attributable to any conduct of the Released Parties relating to the Released Claims, whether known by the Releasing Parties or whether or not the Releasing Parties believe he or she may have any claims, and that any and all rights granted to the Releasing Parties under Section 1542 of the California Civil Code or any analogous state law or federal law or regulations, are hereby expressly waived, if applicable.  Section 1542 of the California Civil Code reads as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

The Releasing Parties acknowledge that the inclusion of Unknown Claims in the Released Claims was separately bargained for and a material part of the Settlement.

      1.20.    "Released Parties" means:

          a.    Bank of America Corporation and all of its present and former employees, officers, directors, trustees, members, partners, managers, agents, and counsel and all of its present and former affiliates and subsidiaries, including without limitation, FleetBoston Financial

6

Corporation and all or its present and former affiliates and subsidiaries, including, without limitation, Columbia Management Group, Inc., Columbia Management Advisors, Inc., Columbia Wanger Asset Management, L.P., Columbia Funds Distributor, Inc., and Columbia Funds Services, Inc. and Banc of America Securities, LLC, and all of their present and former employees, including each employee named individually in the Action, officers, directors, trustees, members, partners, managers, agents, counsel, predecessors, successors, and assigns;

      b.     The Columbia Funds, and all of their present and former affiliates and subsidiaries and all of their predecessors, successors and assigns and all of those entities' present and former employees, officers, directors, trustees, members, partners, managers, agents, and counsel;

      c.     The Columbia Individual Defendants, and each of their families, heirs, spouses, successors, general or limited partners or partnerships, personal or legal representatives, estates, administrators, agents, related or affiliated entities, or any trust of which any of the Columbia Individual Defendants are the settlers or which is for the benefit of any family member or of any Columbia Individual Defendants;

      d.     The Named Trustees, and each of their families, heirs, spouses, successors, general or limited partners or partnerships, personal or legal representatives, estates, administrators, agents, related or affiliated entities, or any trust of which any of the Named Trustees are the settlers or which is for the benefit of any family member or of any Named Trustees; and

      e.     All other entities that provided advisory, distribution, administration, or other services to the Columbia Funds during the Class Period.

    1.21.   "Releasing Parties" means each and every Class Member, the present or past heirs, executors, administrators, predecessors, successors and assigns of each and every Class

Member; each and every Current Shareholder, the present or past heirs, executors, administrators, predecessors, successors and assigns of each and every Current Shareholder; and the Settling Funds and the present or past predecessors, successors and assigns of each and every of the Settling Funds.

1.22.   "Settlement" means the agreement reflected in this Stipulation.

1.23.   "Settling Funds" are the funds that were named as nominal defendants in the Complaint, identified in Appendix A, annexed hereto.

1.24    "Settled Defendants' Claims" means any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both Known and Unknown Claims (as defined in Section 1.19 above), that have been or could have been asserted in the Action or any forum by the Released Parties against any of the Named Plaintiffs, Class Members or their attorneys, which arise out of or relate in any way to the institution or prosecution of the Action (except for claims to enforce the terms of the Settlement).  Counsel for Defendants have not investigated any other relationships that Named Plaintiffs or any Class Members or Shareholders may have with the Bank, including but not limited to credit card debt, mortgage debt, and similar obligations, and the Settled Defendants' Claims being released do not include any claims arising from any debts or obligations other than those arising out of or relating to this Action.

1.25.   "Settling Parties" means, collectively, all parties to this Stipulation.

1.26.   "Shareholder" collectively refers to:

a.      Any shareholder of record in the Settling Funds for the period from August 2, 1999 through the fourteenth (14th) day following the entry of the Preliminary Approval Order, inclusive ("Class Member"); and

b.    Any shareholder of record of the Settling Funds as of the fourteenth (14th) day following entry of the Preliminary Approval Order ("Current Shareholder").

**B.    The Litigation and Its Dismissal**

2.1.    By order entered on March 3, 2005, the Court consolidated the Action under the caption *In re Columbia Entities Litigation*, Civil Action No. 04-11704-REK.  On June 9, 2005, Named Plaintiffs filed the Complaint against the Released Parties, alleging claims under the ICA, IAA, and common law, thereby superseding all prior complaints.

2.2.    The Released Parties dispute liability for all of the claims purportedly asserted in the Complaint; deny that they have engaged in any wrongdoing or are liable to Named Plaintiffs or others in connection with the claims asserted in the Complaint; and state that nothing in this Stipulation shall be deemed an admission of any wrongdoing or liability.

2.3.    On August 5, 2005 and August 8, 2005, the Released Parties filed motions to dismiss the Complaint.  The Court conducted a full and fair hearing on the issues raised in the motions to dismiss.

2.4.    On December 1, 2005, the Court entered a 21-page memorandum and order dismissing all claims.  On the same date, the Court entered a one-page final judgment in favor of all Defendants, and closed the case.

2.5.    On December 29, 2005, Named Plaintiffs filed a notice of appeal.  The case was docketed in the United States Court of Appeals for the First Circuit as File No. 06-1227.

2.6.    Contemporaneously with the execution of this Stipulation, the parties will file a Joint Stipulation of Dismissal and Motion for Remand in the United States Court of Appeals for the First Circuit (substantially in the form attached hereto as Exhibit G) dismissing the appeal without prejudice for settlement purposes and requesting that the Court remand the case to the District Court for settlement approval.

9

**C.**     **Class Certification**

3.1.    Solely for purposes of Settlement, the Settling Parties stipulate and agree to:

a.    Certification of the Action as a class action pursuant to Fed. R. Civ. P. Rules 23(a) and 23(b), on behalf of the Class;

b.    Appointment of Named Plaintiffs as class representatives; and

c.    Appointment of counsel for Named Plaintiffs as counsel for the Class pursuant to Fed. R. Civ. P. Rule 23(b).

3.2.    Named Plaintiffs and Defendants will move jointly for the entry of the Preliminary Approval Order, which provides for the certification of the Action as a class action for settlement purposes only.

**D.**     **Settlement Negotiations**

4.1.    To avoid the expense, uncertainty, and disruption of further litigation, the Settling Parties, through their counsel, have engaged in arms-length settlement negotiations and have agreed to a compromise and settlement of the Action, as set forth herein.  The settlement negotiations were conducted on April 26, 2006 by the Honorable Neil Lynch, Settlement Counsel to the First Circuit Court of Appeals Civil Appeals Management Program.

4.2.    Named Plaintiffs have determined that it is in the best interests of the Class and the Settling Funds and their shareholders to resolve this Action based on the terms and provisions of this Stipulation, and that the terms and provisions of this Stipulation are fair, reasonable and adequate.

4.3.    Once approved by the Court, and executed as set forth below, this Stipulation will resolve all claims as to all parties in the Action.

E.    **Settlement Consideration**

5.1.    Releases:  Within fifteen (15) days after the Effective Date, Named Plaintiffs shall execute and deliver a general release in the form annexed as Exhibit D hereto; the Settling Funds shall execute and deliver a general release in the form annexed as Exhibit E hereto; and Defendants shall execute and deliver a general release in the form annexed as Exhibit F hereto.

5.2.    During the pendency of this Action, or upon entry of final judgment, and in part as a result of the pendency of this Action, Adviser Defendants have taken, or will take, the following actions:

a.    Breakpoints:  Adviser Defendants have taken certain actions regarding "break points", i.e., a reduction in the overall rate charged as advisory fees when the mutual funds advised by Adviser Defendants reach certain levels of assets under management.  In or about October or November, 2004, Adviser Defendants implemented certain breakpoints for many of the Settling Funds.  Adviser Defendants acknowledge that the Action was a factor in the implementation of such breakpoints.

b.    Shareholder Communications:  Adviser Defendants will enhance shareholder communications, including the following:  Adviser Defendants shall post disclosures on the relevant website(s) and may make certain other public disclosures regarding third-party revenue sharing payments, including stating the range of fees paid in basis points or appropriate financial equivalents.  Adviser Defendants acknowledge that the Action was a factor in the decision to enhance such shareholder communications.

c.    Research Expenses:  Since the Action was filed, Adviser Defendants have reduced the Settling Funds' soft dollar spending from approximately $20 million per year to approximately $5 million per year.  In calendar year 2007, Adviser Defendants agree further:

11

(i)    to contribute, subject to the Court approval of the Settlement,

$100,000 in total as a "hard dollar" contribution to research expenses for the benefit of some or

all of the Settling Funds; and

(ii)    to confirm by letter to counsel for Named Plaintiffs that they have

done so.

5.3.    Attorneys' Fees and Expenses:  Adviser Defendants shall pay attorneys' fees and

expenses, as described below in paragraph 8.1, that shall not exceed, in the aggregate, $450,000.

**F.    Preliminary Approval of the Settlement and Notice to Shareholders**

6.1.    This Settlement is contingent upon preliminary and final approval of the Court,

including certification of the Class for purposes of this Settlement.  The parties agree to use their

best efforts to obtain preliminary and final approval of the Court.

6.2.    Promptly upon the execution of the Stipulation, Counsel of Record shall jointly

file a motion seeking the entry of the Preliminary Approval Order:

a.    Scheduling a hearing to certify a settlement class and to determine the

fairness, reasonableness, and adequacy of the Settlement (the "Final Settlement Hearing") and to

determine the amount of the fees and disbursements to be paid to counsel for Named Plaintiffs;

b.    Requiring that Adviser Defendants shall (1) at least forty-five (45) days

prior to the Final Settlement Hearing, cause the Notice of Settlement, substantially in the form

annexed hereto as Exhibit B, to be mailed, postage prepaid, directly to each Shareholder whose

identity is known to Defendants; (2) with respect to Shareholders who held or hold their shares in

"street name" (*i.e.*, in the name of the broker-dealer that sold them their shares), (a) at least forty-

five (45) days prior to the Final Settlement Hearing, cause copies of the Notice of Settlement,

substantially in the form annexed hereto as Exhibit B, to be sent with notice to the relevant

broker-dealers and (b) make extra copies of the Notice of Settlement, substantially in the form

annexed hereto as Exhibit B, available to the relevant broker-dealers upon request until ten days prior to the Final Settlement Hearing; and (3) cause a summary of the Notice of Settlement to be published on Business Wire at least forty-five (45) days prior to the Final Settlement Hearing.

       c.       Providing that any Shareholder who objects to the approval of the Settlement Agreement may file written objections and appear at the Final Settlement Hearing to show cause why the Settlement should not be approved as fair, reasonable, and adequate and a judgment should not be entered thereon, or why attorneys' fees and expenses should not be awarded in such amount as requested by counsel for Named Plaintiffs consistent with this Stipulation; provided, however, that no Person other than a party to this Settlement Agreement shall be heard and no papers or briefs submitted by any Shareholder shall be received or considered by this Court (except if the Court in its discretion shall otherwise direct) unless, at least ten (10) days prior to the date fixed for the Final Settlement Hearing, notice of intention to appear and copies of all papers and briefs proposed to be submitted at the hearing shall be served upon Counsel of Record.

       6.3.     Adviser Defendants shall bear the reasonable costs and expenses of notifying Shareholders of the terms of the Settlement Agreement, the costs of identifying Shareholders of the Settling Funds to whom the Notice of Settlement is required to be sent, and of printing, addressing, and mailing or distributing the Notice of Settlement to the extent specified below. Adviser Defendants shall cause the Notice of Settlement to be addressed and mailed or distributed to the Shareholders of the Settling Funds or their designated representatives. Adviser Defendants shall bear no liability for any Shareholder's failure to receive the Notice of Settlement. In the event that the cost of providing such notice shall exceed $1 million, Adviser Defendants reserve the unilateral right, in their sole discretion, to reject the Stipulation.

6.4.    The parties shall jointly submit to the Court a proposed Preliminary Approval Order substantially in the form annexed hereto as Exhibit A.

**G.    Final Order and Judgment**

7.1.    If the Settlement Agreement is approved by the Court, the parties shall jointly request that the "Final Order and Judgment" be entered:

a.    Approving the Settlement Agreement, adjudging the terms thereof to be fair, reasonable, and adequate, directing the consummation of the Stipulation in accordance with its terms and provisions, and ordering the parties to comply with the undertakings set forth in the Stipulation;

b.    Dismissing the Action on the merits, without costs to any party, and with prejudice in favor of all Defendants and forever barring and enjoining Named Plaintiffs and Class Members, whether or not they have appeared in this Action, from asserting in any jurisdiction Released Claims against the Released Parties;

c.    Barring and enjoining any of the Released Parties from asserting in any jurisdiction any Settled Defendants' Claims;

d.    Approving releases substantially in the form annexed hereto as Exhibit D and Exhibit E to be executed by Named Plaintiffs and by an officer of each Settling Fund, respectively and Exhibit F to be executed by Defendants;

e.    Fixing the amount payable to counsel for Named Plaintiffs as and for their attorneys' fees and expenses; and

f.    Retaining jurisdiction of the Action for the purpose of any application or proceeding concerned with the interpretation, implementation, or consummation of the Stipulation and the Court's final judgment thereon.

14

**H.**    **Attorneys' Fees and Expenses**

8.1.    Subject to the Court's approval, counsel for Named Plaintiffs may make an application for the reimbursement of attorneys' fees and expenses of up to $450,000 in the aggregate to be paid by Adviser Defendants in connection with the prosecution of this Action on behalf of Named Plaintiffs and the Settling Funds.  That shall be the total and complete obligation of the Released Parties for attorneys' fees and expenses.  In no event shall any of the Released Parties have an obligation to pay counsel for Named Plaintiffs attorneys' fees and expenses in excess of $450,000.  The Released Parties will not oppose an application by counsel for Named Plaintiffs  for attorneys' fees and expenses of up to $450,000 in connection with the prosecution of this Action.  None of the attorneys' fees and expenses awarded to counsel for Named Plaintiffs shall be paid or reimbursed by the Columbia Funds.  Provided that the Court does not award attorneys fees and expenses in excess of $450,000 in the aggregate, the amount of any such fees and expenses awarded by the Court shall be paid within fifteen (15) days of the Effective Date of the Settlement.

**I.**    **Conditions of Settlement**

9.1.    This Stipulation is contingent upon preliminary and final court approval, including certification of the Class for purposes of this Settlement.

9.2.    In the event that the cost of providing Notice of Settlement to Shareholders shall exceed $1 million, Adviser Defendants reserve the unilateral right, in their sole discretion, to reject the Stipulation.

**J.**    **No Admission of Wrongdoing**

10.1.    This Stipulation, whether or not consummated, and any proceedings taken pursuant to it, shall not:  (a) be offered or received against Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of

15

Defendants with respect to the truth of any fact alleged by Named Plaintiffs or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of Defendants; (b) be offered or received against Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Defendants, or against Named Plaintiffs or any member of the Class as evidence of any infirmity in the claims of Named Plaintiffs or any member of the Class; (c) be offered or received against Defendants or against Named Plaintiffs or any member of the Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved and the Effective Date occurs, Defendants may refer to it to effectuate the liability protection granted to them hereunder; (d) be construed against Defendants, Named Plaintiffs or any member of the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; (e) be construed as, or received in evidence as, an admission, concession or presumption against Named Plaintiffs or any member of the Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the consideration set forth herein; or (f) be construed as, or received in evidence as, an admission, concession or presumption that class certification is appropriate in the Action.

**K.**     **Miscellaneous Provisions**

11.1.    Neither Named Plaintiffs nor Defendants make any representations concerning any tax consequences resulting from the Settlement or Stipulation.

16

11.2.    If the Stipulation is not finally approved by the Court, as provided herein, or if this Stipulation shall fail to become effective for any reason, the Stipulation shall be null and void for all purposes, the Class will be decertified, and the parties shall proceed in all respects as if this Stipulation and any related orders had not been entered.

11.3.    This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all parties hereto or their successors-in-interest.  The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

11.4.    This Stipulation and its Exhibits and Appendix constitute the entire agreement among the Settling Parties concerning the Settlement of the Action, and no representations, warranties or inducements have been made by any party hereto concerning this Stipulation and its Exhibits and Appendix other than those contained and memorialized in such documents.

11.5.    The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that Counsel of Record shall exchange among themselves original signed counterparts.

11.6.    This Stipulation shall be governed solely by the laws of the Commonwealth of Massachusetts.

11.7.    The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

**IN WITNESS THEREOF**, the Settling Parties have caused this Stipulation to be executed by their duly authorized attorneys.

17

Dated:  January 19, 2007

_____

Nancy Freeman Gans
Moulton & Gans, P.C.
55 Cleveland Road
Wellesley, MA 02481
(781) 235-2246

*Counsel for Plaintiffs Joan Cohen,*
*Gene F. Osburn, Jean S.B. Simmonds*
*and R.L. Simmonds*


_____

Jerome M. Congress
Janine L. Pollack
Milberg Weiss & Bershad LLP
One Pennsylvania Plaza
New York, NY 10119-0165
(212) 594-5300

*Counsel for Plaintiff Joan Cohen*


_____

Jules Brody
Mark Levine
Stull, Stull & Brody
6 East 45th Street
New York, NY 10017
(212) 687-7230

*Counsel for Plaintiffs Gene F.*
*Osburn, Jean S.B. Simmonds and R.L.*
*Simmonds*

Frances S. Cohen
_____

Frances S. Cohen
T. Peter R. Pound
Michael C. Moran
Bingham McCutchen LLP
150 Federal Street
Boston, MA  02110
(617) 951-8000

*Counsel for Defendants FleetBoston*
*Financial Corporation, a/k/a Bank of*
*America Corporation, Columbia*
*Management Group, Inc., Columbia*
*Management Advisers, Inc.,*
*Columbia Wanger Asset*
*Management, L.P., Columbia Funds*
*Distributor, Inc., Kevin Connaughton,*
*P. Zachary Egan, Kevin S. Jacobs,*
*Kenneth A. Kalina, Bruce H. Lauer,*
*Jean Loewenberg, Louis J. Mendes,*
*Robert A. Mohn,  Todd Narter,*
*Christopher Olson, John H. Park,*
*Vincent P. Pietropaolo, Joseph Turo,*
*and Leah J. Zell*


_____

Brien T. O'Connor
Giselle J. Joffre
Ropes & Gray LLP
One International Place
Boston, MA 02110-2624
(617) 951-7000

*Counsel for Defendants Columbia*
*Funds Trust and Columbia Funds,*
*excluding Columbia Acorn Trust and*
*Columbia Acorn Funds*

18

Dated: January 19, 2007

Nancy Freeman Gans
Moulton & Gans, P.C.
55 Cleveland Road
Wellesley, MA 02481
(781) 235-2246

*Counsel for Plaintiffs Joan Cohen,
Gene F. Osburn, Jean S.B. Simmonds
and R.L. Simmonds*

Jerome M. Congress
Janine L. Pollack
Milberg Weiss & Bershad LLP
One Pennsylvania Plaza
New York, NY 10119-0165
(212) 594-5300

*Counsel for Plaintiff Joan Cohen*

Jules Brody
Mark Levine
Stull, Stull & Brody
6 East 45th Street
New York, NY 10017
(212) 687-7230

*Counsel for Plaintiffs Gene F.
Osburn, Jean S.B. Simmonds and R.L.
Simmonds*

Frances S. Cohen
T. Peter R. Pound
Michael C. Moran
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110
(617) 951-8000

*Counsel for Defendants FleetBoston
Financial Corporation, a/k/a Bank of
America Corporation, Columbia
Management Group, Inc., Columbia
Management Advisers, Inc.,
Columbia Wanger Asset
Management, L.P., Columbia Funds
Distributor, Inc., Kevin Connaughton,
P. Zachary Egan, Kevin S. Jacobs,
Kenneth A. Kalina, Bruce H. Lauer,
Jean Loewenberg, Louis J. Mendes,
Robert A. Mohn, Todd Narter,
Christopher Olson, John H. Park,
Vincent P. Pietropaolo, Joseph Turo,
and Leah J. Zell*

Brien T. O'Connor
Giselle J. Joffre
Ropes & Gray LLP
One International Place
Boston, MA 02110-2624
(617) 951-7000

*Counsel for Defendants Columbia
Funds Trust and Columbia Funds,
excluding Columbia Acorn Trust and
Columbia Acorn Funds*

18

_(signature)_

Charles J. Piven
Marshall N. Perkins
Brower Piven, A Professional
Corporation
The World Trade Center – Baltimore
Suite 2525
401 East Pratt Street
Baltimore, MD  21202
(410) 332-0030

*Counsel for Plaintiff Joan Cohen*

_(signature)_

Joseph H. Weiss
Richard A. Acocelli
Weiss & Lurie
551 Fifth Avenue, Suite 1600
New York, NY 10176
(212) 682-3025

*Counsel for Plaintiffs Gene F.
Osburn, Jean S.B. Simmonds and R.L.
Simmonds*

_(signature)_

Marc A. Topaz
Richard A. Maniskas
Schiffrin, Barroway, Topaz & Kessler
LLP
280 King of Prussia Road
Radnor, PA  19087
(610) 667-7706

*Counsel for Plaintiff Paula Slicker*

Brian E. Pastuszenski
Kevin P. McGrath
Goodwin Proctor LLP
Exchange Place
Boston, MA 02109
(617) 570-1094

*Counsel for Columbia Acorn Trust
and Columbia Acorn Funds*

Kenneth E. Rechtoris
Todd E. Pentecost
Bell, Boyd & Lloyd LLC
70 W. Madison St., 3100
Chicago, IL 60602
(312) 807-4210

Timothy O. Egan
Peabody & Arnold LLP
50 Rowes Wharf
Boston, MA  02110
(617) 951-2100

*Counsel for Independent Trustee
Defendants*

Richard J. Rosensweig
Goulston & Storrs, P.C.
400 Atlantic Avenue
Boston, MA  02110
(617) 482-1776

19

Charles J. Piven
Marshall N. Perkins
Brower Piven, A Professional
Corporation
The World Trade Center – Baltimore
Suite 2525
401 East Pratt Street
Baltimore, MD  21202
(410) 332-0030

*Counsel for Plaintiff Joan Cohen*

Joseph H. Weiss
Richard A. Acocelli
Weiss & Lurie
551 Fifth Avenue, Suite 1600
New York, NY 10176
(212) 682-3025

*Counsel for Plaintiffs Gene F.
Osburn, Jean S.B. Simmonds and R.L.
Simmonds*

Marc A. Topaz
Richard A. Maniskas
Schiffrin, Barroway, Topaz & Kessler
LLP
280 King of Prussia Road
Radnor, PA  19087
(610) 667-7706

*Counsel for Plaintiff Paula Slicker*

Brian E. Pastuszenski /BD
Brian E. Pastuszenski
~~Kevin P. McGrath~~
Goodwin Proctor LLP
Exchange Place
Boston, MA 02109
(617) 570-1094

*Counsel for Columbia Acorn Trust
and Columbia Acorn Funds*

Kenneth E. Rechtoris
Todd E. Pentecost
Bell, Boyd & Lloyd LLC
70 W. Madison St., 3100
Chicago, IL  60602
(312) 807-4210

Timothy O. Egan
Peabody & Arnold LLP
50 Rowes Wharf
Boston, MA  02110
(617) 951-2100

*Counsel for Independent Trustee
Defendants*

Richard J. Rosensweig
Goulston & Storrs, P.C.
400 Atlantic Avenue
Boston, MA  02110
(617) 482-1776

19

Charles J. Piven
Marshall N. Perkins
Brower Piven, A Professional
Corporation
The World Trade Center – Baltimore
Suite 2525
401 East Pratt Street
Baltimore, MD 21202
(410) 332-0030

*Counsel for Plaintiff Joan Cohen*

Joseph H. Weiss
Richard A. Acocelli
Weiss & Lurie
551 Fifth Avenue, Suite 1600
New York, NY 10176
(212) 682-3025

*Counsel for Plaintiffs Gene F.
Osburn, Jean S.B. Simmonds and R.L.
Simmonds*

Marc A. Topaz
Richard A. Maniskas
Schiffrin, Barroway, Topaz & Kessler
LLP
280 King of Prussia Road
Radnor, PA 19087
(610) 667-7706

*Counsel for Plaintiff Paula Slicker*

Brian E. Pastuszenski
Kevin P. McGrath
Goodwin Proctor LLP
Exchange Place
Boston, MA 02109
(617) 570-1094

*Counsel for Columbia Acorn Trust
and Columbia Acorn Funds*

Kenneth E. Rechtoris
Todd E. Pentecost
Bell, Boyd & Lloyd LLC
70 W. Madison St., 3100
Chicago, IL 60602
(312) 807-4210

Timothy O. Egan
Peabody & Arnold LLP
50 Rowes Wharf
Boston, MA 02110
(617) 951-2100

*Counsel for Independent Trustee
Defendants*

Richard J. Rosensweig
Goulston & Storrs, P.C.
400 Atlantic Avenue
Boston, MA 02110
(617) 482-1776

19

Charles J. Piven
Marshall N. Perkins
Brower Piven, A Professional
Corporation
The World Trade Center – Baltimore
Suite 2525
401 East Pratt Street
Baltimore, MD  21202
(410) 332-0030

*Counsel for Plaintiff Joan Cohen*

Joseph H. Weiss
Richard A. Acocelli
Weiss & Lurie
551 Fifth Avenue, Suite 1600
New York, NY 10176
(212) 682-3025

*Counsel for Plaintiffs Gene F.
Osburn, Jean S.B. Simmonds and R.L.
Simmonds*

Marc A. Topaz
Richard A. Maniskas
Schiffrin, Barroway, Topaz & Kessler
LLP
280 King of Prussia Road
Radnor, PA  19087
(610) 667-7706

*Counsel for Plaintiff Paula Slicker*

Brian E. Pastuszenski
Kevin P. McGrath
Goodwin Proctor LLP
Exchange Place
Boston, MA 02109
(617) 570-1094

*Counsel for Columbia Acorn Trust
and Columbia Acorn Funds*

Kenneth E. Rechtoris
Todd E. Pentecost
Bell, Boyd & Lloyd LLC
70 W. Madison St., 3100
Chicago, IL  60602
(312) 807-4210

Timothy O. Egan
Peabody & Arnold LLP
50 Rowes Wharf
Boston, MA  02110
(617) 951-2100

*Counsel for Independent Trustee
Defendants*

Richard J. Rosensweig
Goulston & Storrs, P.C.
400 Atlantic Avenue
Boston, MA  02110
(617) 482-1776

19

David Pastor
Gilman and Pastor, LLP
225 Franklin Street, 16th Floor
Boston, MA  02110
(617) 742-9700

*Counsel for Plaintiff Paula Slicker*

Phil C. Neal
Mark A. Rabinowitz
Dao J. Boyle
Jenny S. Kim
Neal, Gerber & Eisenberg LLP
Two North LaSalle Street, Suite 2200
Chicago, IL 60602
(312) 269-8000

*Counsel for Defendants Charles P.
McQuaid and Ralph Wanger*

20

_____

David Pastor
Gilman and Pastor, LLP
225 Franklin Street, 16th Floor
Boston, MA  02110
(617) 742-9700

*Counsel for Plaintiff Paula Slicker*

Phil C. Neal
Mark A. Rabinowitz
Dao J. Boyle
Jenny S. Kim
Neal, Gerber & Eisenberg LLP
Two North LaSalle Street, Suite 2200
Chicago, IL 60602
(312) 269-8000

*Counsel for Defendants Charles P.
McQuaid and Ralph Wanger*

20

## Appendix A

Columbia Acorn Fund

Columbia Acorn Select Fund

Columbia Acorn USA Fund

Columbia Asset Allocation Fund

Columbia Balanced Fund

Columbia Common Stock Fund

Columbia Disciplined Value Fund

Columbia Dividend Income Fund

Columbia Growth & Income Fund

Columbia Growth Fund

Columbia Growth Stock Fund

Columbia Large Cap Core Fund

Columbia Large Cap Growth Fund

Columbia Large Company Index Fund

Columbia Liberty Fund

Columbia Mid Cap Growth Fund

Columbia Mid Cap Value Fund

Columbia Real Estate Equity Fund

Columbia Small Cap Fund

Columbia Small Cap Value Fund

Columbia Small Company Equity Fund

Columbia Small Company Index Fund

Columbia Strategic Investor Fund

Columbia Tax-Managed Aggressive Growth Fund

Columbia Tax-Managed Growth Fund

Columbia Tax-Managed Growth Fund II

Columbia Tax-Managed Value Fund

Columbia Technology Fund

Columbia Thermostat Fund

Columbia Utilities Fund

Columbia Young Investor Fund

Columbia Acorn International Fund

Columbia Acorn International Select Fund

Columbia Europe Fund

Columbia Global Equity Fund

Columbia International Equity Fund

Columbia International Stock Fund

Columbia Newport Asia Pacific Fund

Columbia Newport Japan Opportunities Fund

Columbia Newport Greater China Fund

Columbia Newport Tiger Fund

Columbia Contrarian Income Fund

Columbia Corporate Bond Fund

Columbia Federal Securities Fund

Columbia Fixed Income Securities Fund

Columbia Floating Rate Advantage Fund

Columbia Floating Rate Fund

Columbia High Yield Fund

Columbia High Yield Opportunity Fund

Columbia Income Fund

Columbia Intermediate Bond Fund

Columbia Intermediate Government Income Fund

Columbia Money Market Fund

Money Market Fund

Columbia National Municipal Bond Fund

Columbia Quality Plus Bond Fund

Columbia Short Term Bond Fund

Columbia Strategic Income Fund

Columbia US Treasury Index Fund

Columbia California Tax-Exempt Fund

Columbia Connecticut Intermediate Municipal Bond Fund

Columbia Connecticut Tax-Exempt Fund

Columbia Florida Intermediate Municipal Bond Fund

Columbia High Yield Municipal Fund

Columbia Intermediate Tax-Exempt Bond Fund

Columbia Managed Municipals Fund

Columbia Massachusetts Intermediate Municipal Bond Fund

Columbia Massachusetts Tax-Exempt Fund

Columbia Municipal Bond Fund

Columbia New Jersey Intermediate Municipal Bond Fund

Columbia New York Intermediate Municipal Bond Fund

Columbia New York Tax-Exempt Fund

Columbia Oregon Municipal Bond Fund

Columbia Pennsylvania Intermediate Municipal Bond Fund

Columbia Rhode Island Intermediate Municipal Bond Fund

Columbia Tax-Exempt Fund

Columbia Tax-Exempt Insured Fund

Columbia Small Cap Growth Fund

Columbia European Thematic Equity Fund

Columbia Global Thematic Equity Fund

Columbia Daily Income Company Fund