**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE:  COLUMBIA ENTITIES LITIGATION | Civil Action No. 04-11704-NMG |

**SUMMARY NOTICE OF SETTLEMENT AND FINAL APPROVAL HEARING**

**TO:    ALL PERSONS** WHO HELD ONE OR MORE SHARES OF ANY OF THE SETTLING COLUMBIA FUNDS AT ANY TIME DURING THE PERIOD AUGUST 2, 1999 THROUGH _____, 2007  **[FOURTEEN DAYS AFTER THE ENTRY OF THE PRELIMINARY APPROVAL ORDER]**

This is a summary notice to advise that a plaintiff class has been certified and a settlement has been proposed in the above-entitled lawsuit, which alleges that the advisors to certain Columbia mutual funds, as set forth on the Appendix attached to the complete Notice, engaged in four distribution practices known as "revenue sharing," "directed brokerage," "12b-1 payments," and "soft dollars" and also alleges in essence that the defendants used such practices to make improper payments to broker-dealers to promote sales of such Columbia fund shares, thereby increasing various fees that benefited the defendants to the detriment of fund shareholders.  Additionally, the Complaint alleges that the defendants' conduct created conflicts of interests that prevented them from acting in best interests of the shareholders and that the defendant trustees breached their fiduciary duties to manage and supervise the funds.

**EXHIBIT 2 TO EXHIBIT A**

The defendants moved to dismiss in August of 2005, and on November 30, 2005, the district court entered final judgment dismissing all claims as to all parties. On December 29, 2005, the plaintiffs filed a notice of appeal from that final judgment.

The defendants dispute liability for all of the claims purportedly asserted in the Complaint; deny that they have engaged in any wrongdoing or are liable to the plaintiffs or others in connection with the claims asserted in the Complaint; and state that neither the fact of settlement nor the terms of the settlement shall be deemed an admission of any wrongdoing or liability. The plaintiffs dispute the District Court ruling that their Complaint does not state a claim for which relief may be granted.

In general, the settlement provides the following has been instituted or will be instituted following court approval of the settlement: Columbia Management Advisors, Inc. and Columbia Wanger Asset Management, L.P., the advisers to the Settling Funds have taken actions regarding instituting "break points" for many of the funds under their management, have enhanced, or will enhance, shareholder communication on their website and in other public disclosures regarding revenue sharing, have reduced, or will reduce, Settling Funds "soft dollar" spending, and have agreed, subject to court approval, to contribute $100,000 as a "hard dollar" contribution to research expenses to benefit some or all of the Settling Funds.

The Court has scheduled a hearing at __ .m. on the __ day of __ 2007, in the United States District Court, John Joseph Moakley U.S. Courthouse, Suite 2300, 1 Courthouse Way, Boston, MA, 02210 in Courtroom __ before the Honorable Nathaniel M. Gorton, United States District Judge, to determine: (a) whether a proposed settlement and compromise of this

shareholder action should be approved by the Court as fair, reasonable and adequate and the action dismissed on the merits with prejudice and (b) whether to approve the application by counsel for the plaintiffs for attorneys' fees and expenses.

Any shareholder of the funds listed in the Appendix attached to the full Notice who objects to approval of the settlement and/or to the application for attorneys' fees and expenses must serve a written objection on counsel for the parties identified in the full Notice, and must additionally file his or her objection with the Court.  All written objections must be filed and served in the manner described on pages 7-8 of the full Notice, no later than _____, 2007 **[14 days before the Final Settlement Hearing]**.

If you do not want to be a part of the settlement, but you want to retain any right to sue or continue to assert any of the claims released by the settlement on your own against the persons released by the settlement, you must take steps to get out of the settlement class.  Information regarding how you may exclude yourself from the settlement class is found on pages 10-11 of the full Notice.  The following paragraphs explain how you can obtain a copy of the full Notice. <u>If you are a member of the settlement class and do **not** exclude yourself from the class, you give up rights to bring a lawsuit asserting any of the claims covered by the settlement against any of the defendants or other persons released by the settlement and you will be bound by the Final Order and Judgment to be issued if the settlement is approved</u>.

This is only a Summary Notice.  You may obtain copies of the full Notice by visiting the following website, http://www.columbiafunds.com, where the Notice is available for

3                                              **EXHIBIT 2 TO EXHIBIT A**

downloading under the "Headlines" section. In addition, copies of the full Notice are available to be downloaded at Plaintiffs' Counsel's websites:

    Stull, Stull & Brody:  http://www.ssbny.com
    Milberg Weiss & Bershad LLP:  http://www.milbergweiss.com

To request that a copy of the full Notice be mailed to you, please call the following Columbia Funds toll-free telephone number: (800) 368-0346.

If you have any additional questions, you may contact Plaintiffs' Counsel:

| | |
|---|---|
| Mark Levine, Esq. | Nancy Freeman Gans, Esq. |
| Stull, Stull & Brody | Moulton & Gans, P.C. |
| 6 East 45th Street | 55 Cleveland Road |
| New York, NY  10017 | Wellesley, MA  02481 |

Jerome M. Congress, Esq.
Janine L. Pollack, Esq.
Milberg Weiss & Bershad LLP
One Pennsylvania Plaza
New York, NY 10119-0165

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE FOR INFORMATION**

**BY ORDER OF THE COURT**


Dated:  Boston, Massachusetts

    _____, 2007