**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

IN RE: COLUMBIA ENTITIES LITIGATION

Civil Action No. 04-11704-~~NMG~~ MBB

### PRELIMINARY APPROVAL ORDER

WHEREAS, the parties, having made application, pursuant to Rules 23 and 23.1 of the Federal Rules of Civil Procedure, for an order approving the settlement of the above-captioned consolidated action (the "Action") in accordance with the Stipulation and Settlement Agreement, dated January 19, 2007 ("Stipulation"), which, together with the Exhibits annexed thereto, set forth the terms and conditions for: (1) a proposed settlement of the Action and (2) dismissal of the Action with prejudice and without reservation upon the terms and conditions set forth therein; the Court having read and considered the Stipulation and the Exhibits annexed thereto; and the parties having executed the Stipulation and consented to entry of this Order; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

IT IS HEREBY ORDERED preliminarily that: (1) the Settlement resulted from extensive arm's-length negotiations, with the assistance of the Honorable Neil Lynch, Settlement Counsel to the First Circuit Court of Appeals Civil Appeals Management Program, acting as mediator, (2) the Stipulation was executed only after the Court dismissed the claim in full and

**EXHIBIT A**

entered Final Judgment and closed the case, (3) the parties and their counsel have concluded that

the Stipulation is fair, reasonable and adequate, and (4) the Settlement evidenced by the

Stipulation is sufficiently fair, reasonable and adequate to warrant sending notice of the

Settlement to the Shareholders of the Settling Funds; and it is further ORDERED that:

      1.    A hearing (the "Final Settlement Hearing") shall be held before this Court at _2·00_

_p_.m. on the _18th_ day of _September_, 2007, at John Joseph Moakley U.S. Courthouse, Suite 2300,

1 Courthouse Way, Boston, Massachusetts, 02210:

      a.    to determine whether the Settlement of the Action with the releases on the

terms and conditions provided for in the Stipulation is fair, just, reasonable and adequate to the

Class and to the Settling Funds and should be approved by the Court;

      b.    to determine whether the Final Order and Judgment as provided for in

Section G of the Stipulation should be entered;

      c.    to determine the amount of fees and expenses that should be awarded to

counsel for Named Plaintiffs; and

      d.    to rule upon such other matters as the Court may deem appropriate.

      2.    Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for the

purposes of the Settlement only, the Action is hereby certified as a class action on behalf of all

persons or entities who held one or more shares of any of the Settling Funds at any time during

the period August 2, 1999 through the fourteenth (14th) day following the entry of this

Preliminary Approval Order, inclusive (the "Settlement Class").

2

EXHIBIT A

3.      Solely for the purposes of the Settlement, the Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Shareholders is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class Shareholders; (c) the claims of Named Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Named Plaintiffs will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The Court finds that, for purposes of the Settlement only, Named Plaintiffs Joan Cohen, Gene F. Osburn, Paula Slicker, Jean S.B. Simmonds, and R. L. Simmonds are certified as class representatives and counsel for the Named Plaintiffs, Moulton & Gans, P.C., Milberg Weiss & Bershad LLP, and Stull, Stull, & Brody, are hereby appointed as counsel for the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure. If, for any reason, the Stipulation is terminated, or the Effective Date for any reason does not occur, the certification of the Settlement Class and the certification of the class representatives shall automatically be vacated, and the Action shall proceed as though the Settlement Class had never been certified, and Defendants may assert all objections to class certification.

4.      The Court approves, as to form and content, the Notice of Settlement, annexed as Exhibit 1 hereto, and the summary of the Notice of Settlement, annexed as Exhibit 2 hereto. The

3

**EXHIBIT A**

Court finds that the mailing and distribution of the Notice of Settlement and the publication of the summary of the Notice of Settlement substantially in the manner and form set forth in this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto. The Court further approves the appointment of Gilardi & Co. LLC as administrator for gathering exclusion notices from persons seeking to opt out of the Settlement Class.

5.    The Notice of Settlement shall be provided to Shareholders as more fully set forth below:

a.    Not later than June 30, 2007 (provided that the Preliminary Approval Order is entered prior to May 1, 2007) (the "Notice Date"), Adviser Defendants shall cause a copy of the Notice of Settlement to be mailed, postage prepaid, directly to each Shareholder whose identity is known to Defendants;

b.    Not later than the Notice Date, Adviser Defendants shall, with respect to Shareholders who held or hold their shares in "street name" (*i.e.*, in the name of the broker-dealer that sold them their shares), cause copies of the Notice of Settlement to be sent with notice to the relevant broker-dealers;

c.    Until ten days prior to the Final Settlement Hearing, Adviser Defendants shall make extra copies of the Notice of Settlement available to the relevant broker-dealers upon request;

4

**EXHIBIT A**

        d.      Not later than the Notice Date, Adviser Defendants shall cause a summary of the Notice of Settlement to be published on *Business Wire*, substantially in the form set out at Exhibit 2 hereto; and

        e.      Prior to the Final Settlement Hearing, Adviser Defendants shall serve on Counsel of Record and file with the Court proof, by affidavit or declaration, that the Notice of Settlement has been mailed or distributed to Shareholders as set out in Section 5 hereof.

    6.      Pending final determination of whether the Settlement should be approved, the Named Plaintiffs, all members of the Settlement Class, all Shareholders, the Settling Funds, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against any of the Released Parties.

    7.      All members of the Settlement Class shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

    8.      Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request shall mail the request in written form by first class mail postmarked no later than *September 4*____, 2007 (14 days prior to the Final Settlement Hearing), to the address designated in the Notice. Such request for exclusion shall clearly indicate the name, address and

5

**EXHIBIT A**

day time telephone number of the person seeking exclusion, that the sender requests to be excluded from the Class in the *In re Columbia Entities Litigation*, and must be signed by such person. Such persons requesting exclusion are also directed to identify the names of the Columbia or Columbia Acorn Funds held during the period August 2, 1999 through the date fourteen (14) days following the entry of this order. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court

9.    Any Shareholder may appear and show cause why the Settlement of the Action should or should not be approved as fair, just, reasonable and adequate, why the Final Order and Judgment should not be entered, or why attorneys' fees and expenses should or should not be awarded to counsel for Named Plaintiffs; provided, however, that no Shareholder or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Final Order and Judgment to be entered thereon approving the same, or the attorney's fees and expenses to be awarded to counsel for Named Plaintiffs unless that Person has delivered by hand or sent by first class mail written objections and copies of any papers and briefs such that they are received no later than [14 days before Final Settlement Hearing] Sept. 4 , 2007 by Defense Counsel of Record and by counsel for the Named Plaintiffs, Moulton & Gans, P.C., Milberg Weiss & Bershad LLP, and Stull, Stull, & Brody, with the original of said objections, papers and briefs simultaneously filed with the Clerk of Court, United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston,

6

**EXHIBIT A**

Massachusetts 02210. Any Shareholder who does not make an objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement, the Stipulation, and to the award of attorneys' fees and expenses to counsel for Named Plaintiffs, unless otherwise ordered by the Court. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement are required to indicate in their written objections their intention to appear at the hearing. Persons who intend to object to the Settlement and/or the application of counsel for Named Plaintiffs for an award of attorneys' fees and expenses and who desire to present evidence at the Final Settlement Hearing must include in their written objections the identity of witnesses they may call to testify and exhibits they intend to introduce into evidence at the Final Settlement Hearing. Such persons must also set forth information sufficient to demonstrate that they were Shareholders of record of the Settling Funds at any time during the period from August 2, 1999 through the fourteenth (14th) day following the entry of this Order, inclusive.

10.     All reasonable expenses incurred in identifying and notifying Shareholders shall be paid by Adviser Defendants as set forth in the Stipulation.

11.     None of the terms or provisions of the Stipulation shall be construed as an admission or concession by Defendants, of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind, nor shall they be construed as an admission or

7

EXHIBIT A

concession by the Named Plaintiffs or any Class Member of the lack of merit of the allegations of this Action.

     12.    The Court reserves the right to adjourn the date of the Final Settlement Hearing without further notice to members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

Dated: Boston, Massachusetts

May 11, 2007

Marianne B. Bowler USMJ
United States ~~District Judge~~
Magistrate Judge.

8

**EXHIBIT A**