**THIS IS AN IMPORTANT LEGAL NOTICE THAT MAY AFFECT SUBSTANTIAL LEGAL RIGHTS.**
*READ THIS NOTICE CAREFULLY.*

**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE:  COLUMBIA ENTITIES LITIGATION | Civil Action No. 04-11704-MBB |

**NOTICE OF SETTLEMENT AND FINAL APPROVAL HEARING**

TO: SHAREHOLDERS OF COLUMBIA AND COLUMBIA ACORN FUNDS IDENTIFIED IN THE ATTACHED APPENDIX A WHO HELD THEIR SHARES AT ANY TIME DURING THE PERIOD AUGUST 2, 1999 THROUGH MAY __, 2007

Please be advised that the United States District Court for the District of Massachusetts (the "Court") has preliminarily approved a proposed settlement (the "Settlement") of this shareholders' action. As more fully described below, the Settlement, as submitted to the Court for final approval, results in benefits to certain Columbia and Columbia Acorn funds and will also involve payment of counsel fees and expenses. The benefits are described below. The Settlement will not result in any payments to individual shareholders.

The Court has scheduled a hearing (the "Final Approval Hearing") at 2:00 p.m. on the 18th day of September, 2007, in the United States District Court, John Joseph Moakley U.S. Courthouse, Suite 2300, 1 Courthouse Way, Boston, MA, 02210 in Courtroom 25 before the Honorable Marianne B. Bowler, United States Magistrate Judge, to determine:  (a) whether a proposed settlement and compromise of this shareholder action should be approved by the Court as fair, reasonable and adequate and the action dismissed on the merits with prejudice; and (b) whether to approve the application by counsel for the plaintiffs for attorneys' fees and expenses.

Any shareholder of the funds listed in the attached Appendix A who objects to approval of the Settlement and/or to the application for attorneys' fees and expenses must serve a written objection on counsel for the parties, identified on page 3 of this Notice, and must additionally file his or her objection with the Court. All written objections must be filed and served in the manner described on page 3 of this Notice, no later than August 27, 2007.

This Notice contains summary information about the Settlement. The full terms and conditions of the Settlement are contained in a Stipulation and Settlement Agreement ("Stipulation"), dated January 19, 2007. The Stipulation and additional information about this lawsuit are available from plaintiffs' counsel:

| | | |
|---|---|---|
| Mark Levine, Esq. | Nancy Freeman Gans, Esq. | Janine L. Pollack, Esq. |
| Stull, Stull & Brody | Moulton & Gans, P.C. | Milberg Weiss & Bershad LLP |
| 6 East 45th Street | 55 Cleveland Road | One Pennsylvania Plaza |
| New York, NY  10017 | Wellesley, MA  02481 | New York, NY 10119-0165 |

1. *What is this lawsuit about?*
   In August and September of 2004, four separate plaintiffs filed class action suits in the District of Massachusetts. These cases were consolidated on March 3, 2005 before federal Judge Robert E. Keeton under the caption *In re: Columbia Entities Litigation*. On June 9, 2005, the plaintiffs filed a Consolidated Amended Complaint (the "Complaint") alleging claims under the Investment Advisers Act of 1940, the Investment Company Act of 1940, and state law.

   The defendants in this action are Columbia Management Advisors, Inc. ("CMA") and Columbia Wanger Asset Management, L.P. ("CWAM"), the advisers to the funds identified in Appendix A (the "Settling Funds"); Columbia Funds Distributor, Inc., the distributor of the Settling Funds; FleetBoston Financial Corporation, n/k/a Bank of America Corporation, and Columbia Management Group, Inc., the present and former corporate parents of the advisers and the distributor, respectively; certain individuals named as defendants by reason of their current or former employment by the advisers or distributor; and certain individuals who were trustees of one or more of the Settling Funds. The Settling Funds are named as nominal defendants.

   The Complaint objects to four distribution practices known as "revenue sharing," "directed brokerage," "12b-1 payments," and "soft dollars" and alleges in essence that the defendants used such practices to make improper payments to broker-dealers to promote sales of fund shares, thereby increasing various fees that benefited the defendants to the detriment of fund shareholders. Additionally, the Complaint alleges that the defendants' conduct created conflicts of interests that prevented them from acting in best interests of the shareholders and that the defendant trustees breached their fiduciary duties to manage and supervise the funds. The primary relief sought in the Complaint is the rescission of the Settling Funds' contracts with their advisers and the recovery of all advisory fees paid to the advisers.

The defendants moved to dismiss in August of 2005, and on November 30, 2005, the district court entered final judgment dismissing all claims as to all parties. On December 29, 2005, the plaintiffs filed a notice of appeal from that final judgment.

The defendants dispute liability for all of the claims purportedly asserted in the Complaint; deny that they have engaged in any wrongdoing or are liable to the plaintiffs or others in connection with the claims asserted in the Complaint; and state that nothing in the Stipulation shall be deemed an admission of any wrongdoing or liability. The plaintiffs dispute the District Court ruling that their Complaint does not state a claim for which relief may be granted.

2. *Why is there a settlement?*
This Settlement is the product of extensive negotiations between counsel for the parties with the assistance of the Honorable Neil Lynch, Settlement Counsel for the United States Court of Appeals for the First Circuit. Judge Lynch conducted a full day mediation with counsel for the parties at which time the parties reached agreement on the principal terms of the settlement. In reaching the Settlement, the plaintiffs have avoided the cost, time, and uncertainty of an appeal. As with any lawsuit, the plaintiffs and the settlement class would face an uncertain outcome if this case was appealed. Continued litigation of the lawsuit could result in an outcome more or less beneficial to the Settling Funds and their shareholders than under the terms Stipulation. Based on all of these factors, counsel for the plaintiffs believe the Settlement is in the best interests of the Settling Funds and their shareholders.

The defendants have agreed to the Settlement in order to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, as well as to put to rest all controversies which were asserted or which could be asserted in connection with, or which arise out of, any of the matters or transactions set forth or referred to in the Complaint in this action.

3. *What does the Settlement provide?*
The Settlement provides that during the pendency of this Action, or upon entry of final judgment, CMA and CWAM, the advisers to the Settling Funds, have taken, or will take, the following actions:

- Break Points: The advisers have taken certain actions regarding "break points", *i.e.*, a reduction in the overall rate charged as advisory fees when the mutual funds advised by the advisers reach certain levels of assets under management. In or about October or November, 2004, the advisers implemented certain breakpoints for many of the Settling Funds. The advisers acknowledge that this action was a factor in the implementation of such breakpoints.

- Shareholder Communications: The advisers will enhance shareholder communications, including the following: the advisers shall post disclosures on the relevant website(s) and may make certain other public disclosures regarding third-party revenue sharing payments, including stating the range of fees paid in basis points or appropriate financial equivalents. The advisers acknowledge that this action was a factor in the decision to enhance such shareholder communications.

- Research Expenses: Since this action was filed, the advisers have reduced the Settling Funds' soft dollar spending from approximately $20 million per year to approximately $5 million per year. In calendar year 2007, the advisers agree further: (i) to contribute, subject to the Court approval of the Settlement, $100,000 in total as a "hard dollar" contribution to research expenses for the benefit of some or all of the Settling Funds; and (ii) to confirm by letter to counsel for the plaintiffs that they have done so.

The Stipulation further provides that, if the Court approves the Settlement, judgment will be entered: approving the Settlement as fair, reasonable and adequate; and directing the consummation of the Settlement in accordance with the terms of the Settlement Agreement. Judgment will also be entered dismissing the action on the merits, without costs to any party, and with prejudice as to the Settling Funds and all of their shareholders, past and present, and forever barring and enjoining the Settling Funds and any of the shareholders, past and present, from asserting any claim or cause of action on behalf of or against the defendants which is embraced within the scope of the Complaint, or which might have been alleged by reason of any matter referred to in the Complaint, or which arise out of or under the facts and circumstances set forth therein. In the event the Stipulation is approved by the Court and becomes effective, representatives of the Settling Funds will execute and deliver releases to counsel for the defendants.

4. *How will the lawyers be paid?*
The plaintiffs in this action have been represented by several law firms. You will not be charged directly by these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

Counsel for the plaintiffs have litigated this lawsuit on a contingent basis, which means that they were at risk of being paid nothing for their efforts if they were not successful in recovering money on behalf of the Settling Funds. Counsel for the plaintiffs have taken the risk of advancing the expenses of the lawsuit as well.

Counsel for the plaintiffs will apply to the Court for an award of attorneys' fees plus expenses in an amount not to exceed $450,000. The application by counsel for the plaintiffs for attorneys' fees not to exceed that amount will not be opposed by the defendants. Subject to the approval of the Court, the adviser defendants have agreed to pay counsel for the plaintiffs up to

2

$450,000 for attorneys' fees and expenses in connection with the prosecution of this action on behalf of the plaintiff class and the Settling Funds. None of the attorneys' fees awarded to counsel for the plaintiffs or expenses incurred by counsel for the plaintiffs shall be paid by the Settling Funds or reimbursed to the adviser defendants by the Settling Funds.

5. *How do I tell the Court that I don't like the Settlement?*
If you are a Shareholder of one or more of the Settling Funds, you can tell the Court that you do not agree with the Settlement or some part of it, including the attorneys' fees and expenses counsel for the plaintiffs intend to seek. You can give reasons why you think the Court should not approve it. To object, you or your counsel must send a letter or other written filing saying that you object to the Settlement in IN RE: COLUMBIA ENTITIES LITIGATION, Civil Action No. 04-11704-MBB. Be sure to include your name, address, telephone number, signature, and a full explanation of all reasons you object to the Settlement. **YOUR WRITTEN OBJECTION MUST BE SERVED ON THE FOLLOWING COUNSEL AND MUST BE RECEIVED NO LATER THAN AUGUST 27, 2007:**

| **PLAINTIFFS' COUNSEL** | **DEFENDANTS' COUNSEL** |
|---|---|
| Mark Levine, Esq. | Frances S. Cohen, Esq. |
| Stull, Stull & Brody | Bingham McCutchen LLP |
| 6 East 45th Street | 150 Federal Street |
| New York, NY 10017 | Boston, MA  02110 |

You must also file your objection with the Clerk of the United States District Court for the District of Massachusetts. The address is: Clerk of the United States District Court for the District of Massachusetts, John Joseph Moakley, U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210. **YOUR OBJECTION MUST BE RECEIVED NO LATER THAN AUGUST 27, 2007**.

6. *What will happen at the Final Approval Hearing?*
The Court will hold the Final Approval Hearing at 2:00 p.m. on September 18, 2007, before the Honorable Marianne B. Bowler. The Final Approval Hearing will take place at the United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210, Courtroom #25, 7th Floor. At the Final Approval Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and decide whether to approve the Settlement. If there are objections, the Court will consider them. The Court will also rule on the application by counsel for the plaintiffs for attorneys' fees and expenses.

You are welcome to come to the Final Approval Hearing at your own expense. If you send an objection, you are not required to come to Court to talk about it. As long as you file and serve your written objection on time, it will be before the Court when the Court considers whether to approve the Settlement as fair, reasonable, and adequate. You also may pay your own lawyer to attend the Final Approval Hearing, but such attendance is not necessary. You are also not required to attend the Final Approval Hearing if you agree with or approve of the terms of the Settlement.

If you are a Shareholder of one or more of the Settling Funds, you may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing" in IN RE: COLUMBIA ENTITIES LITIGATION, Civil Action No. 04-11704-MBB, United States District Court for the District of Massachusetts. Be sure to include your name, address, telephone number, and signature. Your Notice of Intention to Appear must be served on the attorneys listed on page 3 of this Notice, received no later than August 27, 2007, and must be filed with the Clerk of the Court at the address listed on page 3 of this Notice.

If you plan to attend the Final Approval Hearing, please contact counsel for the plaintiffs to confirm the time and date of the hearing. The Final Approval Hearing is presently scheduled for September 18, 2007. The Court, however, may change the time and date of the hearing.

7. *How can I exclude myself from the Settlement?*
If you do not want to be a part of the Settlement, but you want to retain any right to sue or continue to assert any of the claims released by the Settlement on your own against the persons released by the Settlement, you must take steps to get out of the class. This is called excluding yourself from the class, also sometimes referred to as "opting out" of the class.

To exclude yourself from the Settlement and the class, you must send a written request by mail that clearly states your name, address, and day time telephone number; identifies which of the Columbia or Columbia Acorn funds you held during the period August 2, 1999 through May __, 2007; states that you request to be excluded from the class and settlement of the *In re: Columbia Entities Litigation*; and is signed by you. You must mail your exclusion request, postmarked no later than August 27, 2007, to:

*In re: Columbia Entities Litigation* - Opt-Out Administrator
P.O. Box 5100
Larkspur, CA 94977-5100

If you exclude yourself from the class, you will have no right to comment in support of, or in opposition to, the Settlement.  If you exclude yourself from the class, you will not be legally bound by anything that happens in this lawsuit, and you may be able to sue (or continue to sue) the defendants and other persons released by the Settlement in the future.  **If you do not exclude yourself from the class, you give up rights to bring a lawsuit asserting any of the claims covered by the Settlement against any of the defendants or other persons released by the Settlement and you will be bound by the Final Order and Judgment to be issued if the Settlement is approved.**  If you have a pending lawsuit that you believe concerns claims released by the Settlement or the same matters alleged in this case, you should speak to your lawyer in that lawsuit immediately.  **Remember, if you want to opt out of the Settlement, your exclusions must mailed to the address above, postmarked no later than August 27, 2007.  Please be advised that you cannot exclude yourself by phone or e-mail.**

8. *How can I get additional information about the lawsuit or the Settlement?*

This Notice summarizes the proposed Settlement.  The complete Settlement is set forth in the Stipulation.  You may obtain additional copies of this Notice by visiting the following website, http://www.columbiafunds.com, where the Notice is available for downloading under the "Headlines" section.  In addition, copies of this Notice are available to be downloaded at plaintiffs' counsel's websites:

      Stull, Stull & Brody:        http://www.ssbny.com
      Milberg Weiss & Bershad LLP:        http://www.milbergweiss.com

To request that a copy of this Notice be mailed to you, please call the following Columbia Funds toll-free telephone number: (800) 345-6611. If you have any additional questions, you may contact plaintiffs' counsel at the addresses listed on page 1 of this Notice.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE FOR INFORMATION.**

**BY ORDER OF THE COURT**

Dated:   May __, 2007 at Boston, Massachusetts

**Appendix A - Settling Funds**

| | | |
|---|---|---|
| Columbia Acorn Fund | Columbia Technology Fund | Columbia Quality Plus Bond Fund |
| Columbia Acorn Select Fund | Columbia Thermostat Fund | Columbia Short Term Bond Fund |
| Columbia Acorn USA Fund | Columbia Utilities Fund | Columbia Strategic Income Fund |
| Columbia Asset Allocation Fund | Columbia Young Investor Fund | Columbia US Treasury Index Fund |
| Columbia Balanced Fund | Columbia Acorn International Fund | Columbia California Tax-Exempt Fund |
| Columbia Common Stock Fund | Columbia Acorn International Select Fund | Columbia Connecticut Intermediate Municipal Bond Fund |
| Columbia Disciplined Value Fund | Columbia Europe Fund | Columbia Connecticut Tax-Exempt Fund |
| Columbia Dividend Income Fund | Columbia Global Equity Fund | Columbia Florida Intermediate Municipal Bond Fund |
| Columbia Growth & Income Fund | Columbia International Equity Fund | Columbia High Yield Municipal Fund |
| Columbia Growth Fund | Columbia International Stock Fund | Columbia Intermediate Tax-Exempt Bond Fund |
| Columbia Growth Stock Fund | Columbia Newport Asia Pacific Fund | Columbia Managed Municipals Fund |
| Columbia Large Cap Core Fund | Columbia Newport Japan Opportunities Fund | Columbia Massachusetts Intermediate Municipal Bond Fund |
| Columbia Large Cap Growth Fund | Columbia Newport Greater China Fund | Columbia Massachusetts Tax-Exempt Fund |
| Columbia Large Company Index Fund | Columbia Newport Tiger Fund | Columbia Municipal Bond Fund |
| Columbia Liberty Fund | Columbia Contrarian Income Fund | Columbia New Jersey Intermediate Municipal Bond Fund |
| Columbia Mid Cap Growth Fund | Columbia Corporate Bond Fund | Columbia New York Intermediate Municipal Bond Fund |
| Columbia Mid Cap Value Fund | Columbia Federal Securities Fund | Columbia New York Tax-Exempt Fund |
| Columbia Real Estate Equity Fund | Columbia Fixed Income Securities Fund | Columbia Oregon Municipal Bond Fund |
| Columbia Small Cap Fund | Columbia Floating Rate Advantage Fund | Columbia Pennsylvania Intermediate Municipal Bond Fund |
| Columbia Small Cap Value Fund | Columbia High Yield Fund | Columbia Rhode Island Intermediate Municipal Bond Fund |
| Columbia Small Company Equity Fund | Columbia High Yield Opportunity Fund | Columbia Tax-Exempt Fund |
| Columbia Small Company Index Fund | Columbia Income Fund | Columbia Tax-Exempt Insured Fund |
| Columbia Strategic Investor Fund | Columbia Intermediate Bond Fund | Columbia Small Cap Growth Fund |
| Columbia Tax-Managed Aggressive Growth Fund | Columbia Intermediate Government Income Fund | Columbia European Thematic Equity Fund |
| Columbia Tax-Managed Growth Fund | Columbia Money Market Fund | Columbia Global Thematic Equity Fund |
| Columbia Tax-Managed Growth Fund II | Money Market Fund | Columbia Daily Income Company Fund |
| Columbia Tax-Managed Value Fund | Columbia National Municipal Bond Fund | |

Case 1:04-cv-11704-MBB   Document 106-3   Filed 05/16/2007   Page 5 of 5