AFFIDAVIT OF T. PETER R. POUND

# EXHIBIT C

TO: PLAINTIFF'S COUNSEL
   Mark Levine, Esq.
   Stull, Stull & Brody
   6 East 45th Street
   New York, NY 10017
TO: DEFEDANT'S COUNSEL
   Frances S. Cohen, Esq.
   Bingham McCutchen LLP
   150 Federal Street
   Boston, MA 02110
TO: In re: Columbia Entities Litigation – Opt-Out Administrator
   P.O. Box 5100
   Larkspur, CA 94977-5100
FROM: Warren G. Fuller
     421 Seventh Ave. S.W.
     Cut Bank, MT 59427
     Home phone 406-873-3022

IN RE: COLUMBIA ENTITIES LITIGATION, Civil Action No. 04-11704-MBB

I object to the above Settlement and wish to exclude myself from the Settlement and the class. From 1999 to 2007 I have owned shares in the following funds Columbia Balanced Fund, Columbia Growth Fund, Columbia Fixed Income Securities Fund, Columbia Short Term Bond Fund, and the Columbia Daily Income Fund at different intervals.

The Settlement as described in the "NOTICE OF SETTLEMENT AND FINAL APPROVAL HEARING" document distributed under the letter head of THE UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS "results in benefits to certain Columbia and Columbia Acorn funds and will also involve payment of counsel fees and expenses. The benefits are described below. The Settlement will not result in any payments to individual shareholders."

1. Who are the aggrieved parties if not the individual shareholders?
2. Why are the plaintiffs entitled to anything when they have not proven their case?
To quote the NOTICE OF SETTLEMENT AND FINAL APPROVAL, "In reaching the Settlement, the plaintiffs have avoided cost, time, and uncertainty of an appeal. As with any lawsuit, the plaintiffs and the settlement class would face an uncertain outcome if this case was appealed. Continued litigation of the lawsuit could result in outcome more or less beneficial to the Settling Funds and their shareholders than under the terms of the stipulation. Based on all of these factors, counsel for the plaintiffs believe the Settlement is in the best interests of the Settling Funds and their shareholders."
3. It would seem that the only interests served are those of the plaintiffs legal counsel and the alleged offending Fund management.
4. Again to quote the NOTICE OF SETTLEMENT AND FINAL APPROVAL, "Counsel for the plaintiffs have litigated this lawsuit on a contingent basis, which means that they were at risk of being paid nothing for their efforts if they were not successful in

recovering money on behalf of the Settling Funds. Counsel for the plaintiffs have taken on the risk of advancing the expenses of the lawsuit as well."

5. With knowledge and forethought legal counsel for the plaintiffs took a risk assuming the court would pay them for their efforts regardless of their success or failure. FAILURE TO PROVE THEIR ALLEGATIONS BEYOND REASONABLE DOUBT WOULD EXCLUDE THEM FROM THE RIGHT TO COMPENSATION UNDER THEIR AGREEMENT WOULD IT NOT?

In summation, this settlement represents an attempt to reward the legal profession for services that do nothing to address justice and I would beg the courts consideration of dismissing the suit or in adjusting the compensation to include the shareholders interests.

*Warren B Fuller*
*August 3, 2007*



*Norma S. Holmes*
normasholmes@mac.com
22 August 2007

5745 CARRINGTON HILLS DRIVE
GLEN ALLEN, VIRGINIA 23060

Clerk of the Court
United States District Court of Massachusetts
John Joseph Moakely U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

Mark Levine, Esq.
Stull, Stull & Brody
6 East 45th Street
New York, NY 10017

Frances S. Cohen, Esq.
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110

Dear Sirs:

As a longtime stockholder of Columbia Management Services I must strenuously object to any settlement of Civil Action No. 04-11704-MBB that directly or indirectly impacts shareholders.

We have suffered long enough.

The case was filed without our knowledge or permission on a contingency basis, and to penalize shareholders further than they have already been penalized by excessive fees is truly outrageous. It's simply perpetuating fees the lawsuit ostensibly filed to curtail. It defies any logic.

Like most shareholders, I am a retiree on a fixed income.

If court costs are to be awarded, fairness dictates that the costs NOT come at the expense of shareholders EITHER DIRECTLY OR INDIRECTLY.

Very truly yours,

*Norma S. Holmes*

Norma S. Holmes

July 19, 2007



Malcolm H. Schiebel
P.O. Box 103
Methuen, MA 01844-0103
Tel#: 978-683-3207

Mark Levin, Esq.
Stull, Stull & Brody
6 East 45th Street
New York, NY 10017

IN RE: COLUMBIA ENTITIES LITIGATION
CIVIL ACTION NO. 04-11704-MBB

Dear Attorney Levin:

I have received a copy of the Notice of Settlement and Final Approval Hearing on the above referenced matter. I understand that the court will hold the Final Approval Hearing at 2:00pm on September 18, 2007. Please accept this letter as <u>my objection to the settlement</u>. As a share holder I believe that the settlement amount is not reasonable and sufficient.

Should you need further information, please do not hesitate to contact me at 978-683-3207 or the above said address.

Very truly yours,

Malcolm H. Schiebel

ANNE I. SEIDEL
PO BOX 9963
SEATTLE, WA 98109

August 22, 2007

Honorable Marianne B. Bowler
United States Magistrate Judge
c/o Clerk of the Court
John Joseph Moakley US Courthouse
1 Courthouse Way
Boston, MA   02110

      Re:   In re Columbia Entities Litigation
               Civil Action No. 04-11704-MBB

Dear Judge Bowler:

I am a class member in the above case. I am writing to object to the proposed settlement, including the proposed award of attorneys' fees.

First, one of the reasons Judge Keeton dismissed this case was because the class representatives owned shares in only two of the eighty-one funds listed. I own shares in Columbia MidCap Growth. This is not one of the two funds that the class representatives owned. It is shocking that the case was dismissed because the class representatives lacked standing to bring claims on behalf of shareholders in other funds, yet the parties have executed a settlement contrary to this decision. Putative class members who did not own shares in Acorn or Acorn Select were not represented at the settlement negotiations. I also do not believe there is commonality of interest among the various class members. The class includes both current and former shareholders of the funds. Yet former shareholders do not benefit at all from the proposed settlement.

I do not believe this settlement benefits the class. Most of the benefits listed in the Notice of Settlement occurred prior to entry of the settlement agreement (specifically, breakpoints and reduction in "soft dollar" spending). It therefore appears that the only benefit to the class is the payment of $100,000 "hard dollar" contribution to research expenses "for the benefit of some or all of th Settling Funds." Since it says "some or all," there is no way for me to know whether my fund will receive any of this $100,000. Nor do I have any way of knowing whether they would have used a similar amount for research expenses absent this settlement agreement.

In contrast to the small or nonexistent benefit to the class, the lawyers are asking for $450,000. This is for a case that was dismissed by the district court. I was told by class counsel in a telephone call that they entered into this settlement because the case was dismissed by the district court and all they were left with was a very weak appeal. If class counsel chose to bring a case that turned out not to have merit, they should have to bear the risks of that decision. Their fees should not be four and a half times the most generous measurement of benefit to the class.

If the case lacks merit, it should simply be dismissed. Payment of fees in cases like this ultimately harms investors by increasing the costs of mutual funds.

Finally, I am concerned about the motivation of the class representatives in filing this case. On the same day I received the notice of the settlement, there was an article on the front page of the New York Times business section about the guilty plea by David J. Bershad, formerly a partner at one of the law firms representing the class. Mr. Bershad has admitted that he and his firm paid illegal kickbacks to certain class representatives. The Milberg Weiss firm is also named as a defendant in the case.

Because of my concerns based on Milberg Weiss's indictment, I asked class counsel to provide me with the class representatives' names and contact information. In response to my request, I received a conference call from Janine Pollack and John McFarland at Milberg Weiss and Mark Levine at Stull, Stull & Brody. They told me I was not entitled to that information because the class representatives are represented by counsel and it would be unduly burdensome on them to receive phone calls or even email from class members. If there were many class members seeking this information, I doubt that three lawyers would spend time speaking personally to each such class member, as they did with me. Since the class representatives are supposed to be representing my interests, I don't see why I would not be permitted to contact them by email, unless there was something to hide.

Ms. Pollack told me that because this class action is not included in the federal indictment and some class representatives are represented by firms other than Milberg Weiss, I should not be concerned about the class representatives' motivation. The fact that her firm has not been charged with illegal conduct in this particular case does not mean there was no illegal conduct, as nothing I have seen indicates that the federal prosecutors have investigated every class action brought by the firm. In fact, Steven G. Schulman, one of the indicted Milberg Weiss lawyers, is listed on the original complaint in this case. Also, if the various plaintiff law firms involved in this case really operated independently, why do the original complaints read the same?

I ask the Court to reject the proposed settlement and the proposed award of attorney fees.

Thank you.

Sincerely,


Anne I. Seidel


cc:    Mark Levine, Esq.
       Frances S. Cohen, Esq.

August 19, 2007,
15 Leopard Rd. #4C
Berwyn, Pa. 19312

Frances S. Cohen, Esq,
Bingham McCutchen LLP
150 Federal Street
Boston, Ma. 02110

Dear Counselors At Law:
   I would like to give you my name, Frances Marie Flocco
address, 15 Leopard Road #4C
      Berwyn, Pa. 19312
Telephone, (610) 421-0539.

   My wonderful brother who passed away, Domenick Flocco, in June 19, 2004.
   In July of 2004 I received a letter and material which I did not know anything about, in which I was greatly surprised made (me) a Junior Partner, with the Columbia Funds, I knew nothing, and that is how I (over)

2

am connected with Columbia Funds. Counselors, I am not a rich person and I do not have the money to put into Stocks and Bonds, and he made me a share Holder.

Now you know how I got connected with Columbia Funds. I am 82 years old and I hope I answered you and now you know.

Thank you.

Very Sincerely yours,
Frances Marie Flocca

PS. Please excuse me for the way I tore the page from the tablet, I am very nervous writing this.