UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:  COLUMBIA ENTITIES LITIGATION | Civil Action No. 04-11704-MBB |

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF JOINT MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND ENTRY OF FINAL ORDER AND JUDGMENT**

Defendants submit this Supplemental Memorandum in Support of the Joint Motion for Final Approval of Class Action Settlement (the "Joint Motion") to address certain legal developments since the Stipulation and Settlement Agreement was executed on or about January 19, 2007.[1]  Recent cases demonstrate that the proposed Settlement is 'fair, adequate, and reasonable' because they make clear that plaintiffs have even less likelihood of success on key legal issues at present than they did at the time the Settlement Agreement was executed. Consequently, while the Settlement was 'fair, adequate, and reasonable' at the time it was executed, it is now all the more so -- if not generous.

**LEGAL DEVELOPMENTS SUBSEQUENT TO THE EXECUTION
OF THE SETTLEMENT AGREEMENT SUPPORT THE CONCLUSION
THAT THE SETTLEMENT IS FAIR, ADEQUATE, AND REASONABLE**

As noted in the simultaneously-filed joint memorandum in support of the joint motion for final approval of the class action settlement (the "Joint Memorandum"), this Court dismissed the

---

[1] Capitalized terms not defined herein have the same meaning as in the Stipulation and Settlement Agreement.

Action in its entirety and entered final judgment dismissing all claims as to all parties. Plaintiffs duly filed a notice of appeal to the United States Court of Appeals for the First Circuit.

Subsequent to execution of the Settlement Agreement, plaintiffs' position on the merits and their chances for success on appeal and during subsequent litigation have weakened substantially. On March 15, 2007, the Second Circuit affirmed the dismissal of a putative class action involving a substantially identical complaint brought under sections 34(b), 36(a), 36(b), and 48(a) of the Investment Company Act (the "ICA"). *See Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 115 (2d Cir. 2007) (per curiam) ("*Eaton Vance*"). In that complaint, brought by counsel in this Action, the plaintiffs claimed that Eaton Vance, its fund trustees, its investment advisors, and its distributor engaged in a kickback scheme with brokers that led to payment of disproportionate advisor and distributor fees. *Id.* at 114. The district court granted the defendants' motion to dismiss, finding that "(1) no private rights of action exist under §§ 34(b), 36(a), and 48(a); (2) claims under §§ 36(a) and 48(a) must be brought derivatively, and plaintiffs lack standing to file derivative suits; *and* (3) plaintiffs' § 36(b) claims fail as a matter of law." *Id.* at 115 (emphasis in original); *see also In re Eaton Vance Mut. Funds Fee Litig.*, 380 F. Supp. 2d 222 (S.D.N.Y. 2005). The Second Circuit affirmed in all respects. *Id.*

In affirming the finding that no private right of action exists under sections 34(b), 36(a), or 48(a), the Second Circuit observed that, absent congressional intent, "a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." *Id.* at 116 (quoting *Alexander v. Sandoval,* 532 U.S. 275, 286 (2001)). In addition to a lack of clear congressional intent to provide a private right of

2

action, the court noted that Congress's explicit provision in the ICA for enforcement by the Securities and Exchange Commission suggested exclusion of a private right of enforcement. *Id.* The court also observed that section 35(b) of the ICA explicitly provides for a private right of action for breach of fiduciary duties, and that Congress could have explicitly provided for a private right of action elsewhere. *Id.* Finally, the court noted that sections 34(b), 36(a), and 48(a) focus on the conduct of the regulated party rather than on the individuals protected, further evidencing the lack of congressional intent to provide a private right of action. *Id.* As Judge Keeton concluded in dismissing the Action, plaintiffs in the present case failed to bring a proper derivative action. *See* November 30, 2005 Memorandum and Order at 10-13 (Docket No. 84) (the "Nov. 30 Order").

As to the *Eaton Vance* plaintiffs' claim under section 36(b), the Second Circuit reaffirmed the standard it announced in *Gartenberg v. Merrill Lynch Asset Management, Inc.*, that a section 36(b) claim must allege receipt of "a fee that is so disproportionately large that it bears no reasonable relationship to the services rendered and could not have been the product of arm's length bargaining." *Id.* at 117 (quoting *Gartenberg*, 694 F.2d 923, 928 (2d Cir. 1982)). The court observed that "[i]n order to state a claim under § 36(b), one must allege excessive fees, rather than fees that might simply be described as 'improper.'" *Id.* at 118 (citing *Gartenberg*, 694 F.2d at 928). The court affirmed dismissal of the section 36(b) claim against the distributor defendant because the plaintiffs' allegations failed to satisfy *Gartenberg*'s pleading requirements. *Id.* Allegations by plaintiffs of improper fee payments in the present case similarly fail to meet the pleading standard for a section 36(b) claim.

The Second Circuit affirmed dismissal of the section 36(b) claim against the adviser and trustee defendants because a section 36(b) action may only be brought against the recipient of disputed compensation or payments and they "were not the recipients of the commissions and fees in question." *Id*. at 117-118. *See also Zucker v. Federated Shareholder Services Co.*, No. 2:06cv241, 2007 WL 709305, at *1 (W.D. Pa. Mar. 5, 2007)   (dismissing 36(b) claim as to "individual trustees because plaintiff has failed to allege that the trustees are the recipients of the compensation and payments . . . ."). As Judge Keeton noted in dismissing plaintiffs' section 36(b) claim, plaintiffs "allege that defendants *paid* kick-backs and other incentives out of the Columbia Fund assets. . . .  such payments, even if undisclosed, are not a breach of the fiduciary duty protected by Section 36(b)." *See* Nov. 30 Order at 17 (emphasis in original).

This Court reached similar conclusions in *Gilliam v. Fidelity Management & Research Co.*, C.A. No. 04-11600-NMG (Report and Recommendation of Magistrate Bowler dated Sept. 18, 2006 (Docket No. 132); adopted by Judge Gertner Sept. 29, 2006). In that case, the Court concluded that: (i) there is no implied private right of action to enforce the various sections of the 1940 Act under which plaintiffs asserted claims; (ii) claims under Section 36(b) of the 1940 Act (which imposes a fiduciary duty upon investment advisers in connection with their receipt of compensation) must be brought derivatively on behalf of the funds, rather than directly on behalf of shareholders; and (iii) plaintiffs have standing to sue on behalf of only those funds whose shares they own. *See id*. The Court dismissed all of plaintiffs' claims with prejudice, except for a limited leave for plaintiffs to attempt to replead the Section 36(b) claim derivatively and on behalf of a much smaller set of Fidelity mutual funds. *Id*. Plaintiffs did not appeal or seek leave to replead. One decision in this Circuit has gone the other way. *See Dumond v. Mass. Fin.*

*Servs. Co.*, 2006 U.S. Dist. LEXIS 1933 (D. Mass. Jan. 19, 2006).  That case, however, is plainly an outlier.  *See In re Scudder Mut. Funds Fee Litig.*, 2007 U.S. Dist. LEXIS 59643 (S.D.N.Y. Aug. 14, 2007); *In re Franklin Mut. Funds Fee Litig.*, 478 F. Supp. 2d 677 (D.N.J. 2007); *In re BlackRock Mut. Funds Fee Litig.*, 2006 U.S. Dist. LEXIS 13846 (W.D. Pa. Mar. 29, 2006); *In re AllianceBernstein Mut. Fund Excess. Fee Litig.*, 2006 U.S. Dist. LEXIS 939 (S.D.N.Y. Jan. 11, 2006); *In re Evergreen Mut. Funds Fee Litig.*, 423 F. Supp. 2d 249 (S.D.N.Y. 2006); *In re Oppenheimer Funds Fee Litig.*, 426 F. Supp. 2d 157 (S.D.N.Y. 2006); *In re Lord Abbett Mut. Funds Fee Litig.*, 463 F. Supp. 2d 505 (D.N.J. 2006); *In re Goldman Sachs Mut. Funds Fee Litig.*, 2006 U.S. Dist. LEXIS 1542 (S.D.N.Y. Jan. 17, 2006); *In re Davis Selected Mut. Funds Litig.*, 2005 U.S. Dist. LEXIS 23203 (S.D.N.Y. Oct. 11, 2005) (all dismissing virtually identical complaints).

In sum, the Second Circuit's decision in *Eaton Vance* makes clear the difficulty plaintiffs would face on appeal.  Plaintiffs' position on the merits of their 34(b), 36(a), 36(b) and 48(a) ICA claims was weak when the Settlement Agreement was entered into -- reflected in the fact that the Action had been dismissed in its entirety.  As set forth above, Plaintiffs' position has since weakened substantially by the Second Circuit's definitive rulings in *Eaton Vance*.  This should weigh heavily in the Court's assessment of the 'fairness, reasonableness, and adequateness' of the Settlement, because it goes to the heart of "central question of whether the settlement is reasonable in light of the uncertainty of litigation."  *Bussie v. Allmerica Fin. Corp.*, 50 F. Supp. 2d 59, 72 (D. Mass. 1999); *see also* Joint Memorandum in support of Joint Motion, at Section V.B.  While the Settlement was 'fair, adequate, and reasonable' at the time it was executed, it is now all the more so -- if not generous.

Therefore, for the reasons stated above, and for the reasons set forth in the Joint Motion and the memorandum in support thereof, defendants respectfully request that the Court grant the parties' Joint Motion and finally approve the Settlement and enter the proposed Final Order and Judgment.

Dated: September 11, 2007

Respectfully Submitted,

| | |
|---|---|
| /s/ Frances S. Cohen<br>Frances S. Cohen (BBO # 542811)<br>T. Peter R. Pound (BBO# 657378)<br>Michael C. Moran (BBO# 666885)<br>Bingham McCutchen LLP<br>150 Federal Street, Boston, MA 02110<br>(617) 951-8000<br><br>*Counsel for Defendants FleetBoston Financial Corporation, a/k/a Bank of America Corporation, Columbia Management Group, Inc., Columbia Management Advisers, Inc., Columbia Wanger Asset Management, L.P., Columbia Funds Distributor, Inc., Kevin Connaughton, P. Zachary Egan, Kevin S. Jacobs, Kenneth A. Kalina, Bruce H. Lauer, Jean Loewenberg, Louis J. Mendes, Robert A. Mohn, Todd Narter, Christopher Olson, John H. Park, Vincent P. Pietropaolo, Joseph Turo, and Leah J. Zell* | Brien T. O'Connor<br>Giselle J. Joffre<br>Ropes & Gray LLP<br>One International Place<br>Boston, MA 02110-2624<br>(617) 951-7000<br><br>*Counsel for Defendants Columbia Funds Trust and Columbia Funds, excluding Columbia Acorn Trust and Columbia Acorn Funds*<br><br>Brian E. Pastuszenski<br>Joshua Vitullo<br>Goodwin Procter LLP<br>Exchange Place<br>Boston, MA 02109<br>(617) 570-1094<br><br>*Counsel for Columbia Acorn Trust and Columbia Acorn Funds* |

| | |
|---|---|
| Kenneth E. Rechtoris<br>Todd E. Pentecost<br>Bell, Boyd & Lloyd LLC<br>70 W. Madison St., 3100<br>Chicago, IL  60602<br>(312) 807-4210<br><br>Timothy O. Egan<br>Peabody & Arnold LLP<br>50 Rowes Wharf<br>Boston, MA  02110<br>(617) 951-2100<br><br>*Counsel for Independent Trustee Defendants* | Richard J. Rosensweig<br>Goulston & Storrs, P.C.<br>400 Atlantic Avenue<br>Boston, MA  02110<br>(617) 482-1776<br><br>Phil C. Neal<br>Mark A. Rabinowitz<br>Dao J. Boyle<br>Jenny S. Kim<br>Neal, Gerber & Eisenberg LLP<br>Two North LaSalle Street, Suite 2200<br>Chicago, IL 60602<br>(312) 269-8000<br><br>*Counsel for Defendants Charles P. McQuaid and Ralph Wanger* |

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon counsel of record for each other party via the ECF/CM system on September 11, 2007.

/s/ T. Peter R. Pound
T. Peter R. Pound
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA 02110
(617) 951-8000
peter.pound@bingham.com