# TAB D

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| | x |
| **IN RE: COLUMBIA ENTITIES** **LITIGATION** | : **CIVIL ACTION NO.: 04-11704 (REK)** |
| | : **ALL CASES** |
| | : **Consolidated Case Nos.:** |
| | : **04cv11750** |
| | : **04cv11760** |
| | : **04cv11953** |
| | : |
| | : |
| | : |
| | x |

DECLARATION OF DAVID KESSLER
IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES ON BEHALF OF
SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP

I, DAVID KESSLER, declare as follows:

1.      I am a managing partner of the law firm of Schiffrin Barroway Topaz & Kessler,

LLP.   I am submitting this Declaration in support of Plaintiffs Co-Lead Counsel's application

for an award of attorneys' fees in connection with the settlement achieved for the Settling Funds

(as defined in the Paragraph 1.23 of the Stipulation and Settlement Agreement filed with this

Court on January 19, 2007) and members of the Settlement Class in the above-captioned

litigation for services rendered, as well as the reimbursement of expenses reasonably incurred by

my firm in connection with this litigation.

2.      I am an attorney in good standing and duly licensed and admitted to the

Pennsylvania state bar.  The testimony set forth in this Declaration is based on my first-hand

knowledge and/or an examination of my Firm's files.

3.     My firm's compensation for the services rendered to the Settling Funds and their security holders is wholly contingent. Any fees and reimbursement of expenses will be limited to such amounts as approved by this Court.

4.     The schedule attached hereto as Exhibit 1 is a detailed summary indicating the amount of time spent by the partners, attorneys and professional support staff of my firm who were involved in this litigation, and the lodestar calculation based on my firm's current billing rates. For personnel who are no longer employed by my firm, the lodestar calculation is based upon the billing rates for such personnel in his or her final year of employment by my firm. The schedule was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm, which are available at the request of the Court. No time expended in connection with preparing this application for fees and reimbursement of expenses has been included in this request.

5.     The hourly rates for the partners, attorneys and professional support staff in my firm included in Exhibit 1 are the same as the regular current rates charged for their services in non-contingent matters and/or which have been accepted and approved in other securities or shareholder litigation.

6.     The total number of hours expended on this litigation by my firm is 23.5 hours. The total lodestar for my firm is $10,143.00.

7.     As detailed in Exhibit 2, my firm has incurred a total of $1,535.97 in unreimbursed expenses reasonably incurred in connection with the prosecution of this litigation.

8.     The expenses incurred in this action by my firm are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records and other source materials and represent an accurate recordation of the expenses incurred.

9.      With respect to the standing of counsel in this case, attached hereto as Exhibit 3 is a brief biography of my firm and attorneys in my firm who were principally involved in this litigation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 6th day of September 2007, at Radnor, Pennsylvania.

DAVID KESSLER

EXHIBIT 1

*Columbia Mutual Funds 12b1*

**SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP**

**TIME REPORT**

| Name | Hours | Rate | Amount |
|------|-------|------|--------|
| Yarnoff, Michael K. | 5.5 | 550.00 | $3,025.00 |
| **Total Partner** | **5.5** | | **$3,025.00** |
| | | | |
| Maniskas, Richard | 15.4 | $425.00 | $6,545.00 |
| **Total Associate** | **15.4** | | **$6,545.00** |
| | | | |
| Chiappinelli, Christiane | 1.0 | $225.00 | $225.00 |
| Dwyer-Fonda, Cynthia | 1.0 | $225.00 | $225.00 |
| Creekmore, Mary | 0.6 | $205.00 | $123.00 |
| **Total Paralegal** | **2.6** | | **$573.00** |
| | | | |
| **TOTAL TIME/LODESTAR** | **23.5** | | **$10,143.00** |

| Name | A | B | C | D | E | Total |
|------|---|---|---|---|---|-------|
| Yarnoff, Michael K. | | | | 5.5 | | 5.5 |
| Maniskas, Richard | 13.8 | | | 1.6 | | 15.4 |
| Chiappinelli, Christiane | | | | 1.0 | | 1.0 |
| Dwyer-Fonda, Cynthia | | | | 1.0 | | 1.0 |
| Creekmore, Mary | | | | 0.6 | | 1.0 |
| | | | | | | |
| **TOTAL:** | **13.8** | | | **9.7** | | **23.5** |

A = Pre-Filing Investigation and Pleadings     B = Research and Writing of Briefs & Pretrial Motions     C = Appeal

D = Settlement     E = Court Appearances & Preparation

EXHIBIT 2

*Columbia Mutual Funds 12b1*

## SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP

**UNREIMBURSED EXPENSES REPORT - Inception through September 4, 2007**

| Categories: | Amount |
|---|---|
| In-house Photocopies | 31.00 |
| Outside Photocopies/reproduction | 134.43 |
| Messengers/Express Services | 40.54 |
| Lexis/Online Research | 1,330.00 |
| **TOTAL FIRM EXPENSES:** | $1,535.97 |

EXHIBIT 3

**FIRM RESUME AND BIOGRAPHIES**

# FIRM PROFILE



**SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP**
Attorneys at Law

280 King of Prussia Road * Radnor, PA 19087 * Telephone: (610) 667.7706 * Fax: (610) 667.7056

Schiffrin Barroway Topaz & Kessler, LLP, specializes in representing shareholders and consumers in complex class action litigation in state and federal courts throughout the United States. Since our inception, SBTK has recovered billions of dollars on behalf of defrauded shareholders and aggrieved consumers. The firm is led by its senior partners, Richard S. Schiffrin, Andrew L. Barroway, Marc A. Topaz, and David Kessler, with assistance from partners Stuart L. Berman, Katharine M. Ryan, Gregory M. Castaldo, Michael K. Yarnoff, Joseph H. Meltzer, Darren J. Check, Tobias L. Millrood, Andrew L. Zivitz, Sean M. Handler, John A. Kehoe, Lee D. Rudy, Kay E. Sickles, Eric L. Zagar and numerous experienced associates and staff.

Since its inception in 1987, SBTK has specialized exclusively in the prosecution of class actions, with unique expertise and skill litigating securities class actions. Now in its 20th year, SBTK has grown into one of the largest and most successful firms in the field. Recognized by courts and its clients for achieving exemplary results, SBTK, with its main office located in suburban Philadelphia, Pennsylvania, is comprised of over 60 attorneys, a superior support staff and an in-house investigative team. With SBTK's extensive experience prosecuting securities fraud actions, derivative actions and transactional litigation against public companies and their officers and directors, SBTK has emerged as the leading firm in the campaign to eradicate the egregious practice of options backdating. Recognizing SBTK's experience and commitment to corporate governance reform, courts across the country have appointed SBTK as lead or co-lead counsel in more than 50 options backdating actions. SBTK's depth and breadth of its practice places it in a unique position to track, advise, prosecute and resolve complex securities actions.

In the course of representing various institutional investors from the United States, Canada, Europe, and around the world, including pension funds, mutual fund managers, investment advisors, insurance companies, and hedge funds, SBTK has recovered billions of dollars on behalf of its clients and the classes it represents. SBTK, with the guidance and assistance of its clients serving as lead plaintiff, is especially proud of its ability to create and structure

resolutions with financially troubled companies and, when appropriate, to institute corporate governance reforms when serving as lead counsel in shareholder actions.

In addition, SBTK has recently opened an office in suburban San Francisco, California, and has added three California-based attorneys as "of counsel" to the firm, each of whom has significant class action and complex litigation experience. Demonstrating its commitment to the west coast expansion, several SBTK partners and associates have recently taken the California Bar and are awaiting their results.

## Noteworthy Achievements

During the firm's successful history, SBTK has recovered billions of dollars for defrauded stockholders and consumers. The following are among the firm's notable achievements:

*In re Tyco International, Ltd. Securities Litigation,*
*No. 02-1335-B (D.N.H. 2002):*
SBTK, which served as co-lead counsel in this highly publicized securities fraud class action on behalf of a group of institutional investors, achieved a record $3 billion settlement with Tyco. The largest securities class action settlement by a corporate defendant in history. The action asserted federal securities claims on behalf of all purchasers of Tyco securities between December 13, 1999 and June 7, 2002 against Tyco, certain former officers and directors of Tyco and the Company's auditor PricewaterhouseCoopers. Tyco is alleged to have overstated its income during the Class Period by $5.8 billion. Defendants Kozlowski and Swartz have been sentenced to up to 25 years in prison after being convicted of grand larceny, falsification of business records and conspiracy for their roles in the alleged scheme to defraud investors. Defendant Walsh has also pled guilty to committing fraud.

In October 2004, the Court denied in large part the defendants' motions to dismiss and the parties began the discovery phase of the case. On June 12, 2006, Judge Barbadoro granted the Plaintiffs' motion for class certification for violations of sections 10(b), 20(a) and 20A of the Securities and Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b), 78t(a) and 78t-1, and sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77k, 77l(a)(2) and 77o. The Court held that the claims asserted satisfy Federal Rule of Civil Procedure 23(a)'s requirements for numerosity, commonality, typicality and adequacy, as well as Rule 23(b)'s requirements that common issues predominate over individual issues and that a class action is superior to other available methods for the fair resolution of the dispute.

The settlement, which represents the single largest payment from any corporate defendant in the history of securities class action litigation, requires Tyco pay $2.975 billion in cash to settle securities and accounting fraud claims relating to the Kozlowski era, but specifically excludes auditor PriceWaterhouseCoopers ("PwC") and, by the time the settlement will be presented to the Court for final distribution, it will exceed $3 billion in value, inclusive of interest.

As part of the settlement, Tyco has agreed to assign the claims it has against PwC related to the accounting fraud to the Class, which intends to vigorously pursue both its own claims and the assigned claims. As Tyco's auditor, PwC was in a unique position to uncover the fraud and to

prevent the damages to Tyco's shareholders. Instead, PwC is alleged to have failed in its duties as a corporate watchdog. In addition, as Tyco already has its own claims being pursued against certain of the individual defendants, the Class has assigned its claims against Dennis Kozlowski, Frank Walsh and Mark Swartz to Tyco in exchange for receiving a 50% interest in any net recoveries achieved against these non-settling defendants.

***In re Tenet Healthcare Corp. Securities Litigation,***
***No. CV-02-8462-RSWL (Rx) (C.D. Cal. 2002):***
SBTK serves as co-lead counsel on behalf of the State of New Jersey and its Division of Investment against Tenet Healthcare Corp. and certain of its former officers and directors. Among other things, the Lead Plaintiff alleges that defendants made a series of materially false or misleading statements and omissions concerning Tenet's business model and financial health from January 11, 2000 through November 7, 2002. After defeating defendants' motions to dismiss and performing substantial document and deposition discovery, a partial settlement has been reached in the amount of $216.5 million in cash which will be submitted for preliminary approval by the Court in the coming weeks. The Partial Settlement is being funded primarily by Tenet and its insurance carriers ($215 million), with personal contributions in the aggregate amount of $1.5 million being made by two of Tenet's former officers, Jeffrey Barbakow and Thomas Mackey. In addition to the substantial cash recovery, the prosecution of this action has played a prominent role in Tenet's initiation of sweeping corporate governance reforms which have led to Tenet being ranked by various institutional rating entities as among the best corporations in America for its corporate governance. The case will continue against KPMG as the Court denied KPMG's motion to dismiss the action in its entirety in December, 2005.

***In re AremisSoft Corp. Securities Litigation,***
***C.A. No. 01-CV-2486 (D.N.J. 2002):***
SBTK is particularly proud of the results recently achieved in this case before the Honorable Joel A. Pisano. This case was exceedingly complicated, as it involved the embezzlement of hundreds of millions of dollars by former officers of the Company, who are now fugitives. In settling the action, SBTK, as sole Lead Counsel, assisted in reorganizing the Company as a new Company to allow for it to continue operations, while successfully separating out the securities fraud claims and the bankrupt Company's claims into a litigation trust. The Settlement, which was recently approved, calls for the class to receive the majority of the equity in the new Company, as well as their pro rata share of any amounts recovered by the litigation trust. The Court-appointed cotrustees, Joseph P. LaSala, Esq. and Fred S. Zeidman, have retained SBTK to continue prosecuting the actions on behalf of the litigation trust. In this capacity, we have filed an action in the Isle of Man, and have successfully frozen more than $200 million of stolen funds from one of the fugitives, and are in the process of attempting to recover the money on behalf of the trust. In addition, we are continuing to litigate the trust's claims against the remaining fugitive.

***In re The Interpublic Group of Companies Securities Litigation,***
***No. 02 Civ. 6527 (S.D.N.Y. 2002):***
SBTK served as sole Lead Counsel in this action on behalf of an institutional investor and recently received final approval of a settlement consisting of $20 million in cash and 6,551,725 shares of IPG common stock with expected distribution by early summer 2005. As of February

2005, the stock had an approximate value of $87 million, resulting in a total settlement value of approximately $107 million. In granting its approval, the Court praised SBTK for acting responsibly and noted the firm's professionalism, competence and contribution to achieving such a favorable result.

***In re Digital Lightwave, Inc. Securities Litigation,***
***Consolidated Case No. 98-152-CIV-T-24E (M.D. Fla. 1999):***
The firm served as Co-Lead Counsel in one of the nation's most successful securities class actions. After extensive litigation and negotiations, a settlement consisting primarily of stock ultimately grew to a value of over $170 million between the time in which the settlement was negotiated and the time at which it was distributed. SBTK took on the primary role in negotiating the terms of the equity component, insisting that the class have the right to share in any upward appreciation in the value of the stock after the settlement was reached. This recovery represented an astounding approximately two hundred percent (200%) of class members' losses. We believe that this represents the largest percentage recovery for shareholders in securities class action history.

***In re Initial Public Offering Securities Litigation,***
***Master File No. 21 MC 92 (SAS) (S.D.N.Y. Dec. 12, 2002):***
SBTK holds a prominent position as an Executive Committee member in this action. Of the sixty plaintiffs firms which originally filed actions in these coordinated proceedings, SBTK was one of only six selected to serve on the Executive Committee. The coordinated actions, which have been filed against 309 separate issuers of publicly traded securities, challenge the legality of the practices which accompany the allocations of shares in initial public offerings. In addition to suing the issuers of such securities, the 309 coordinated actions also name as defendants the primary investment banking firms which underwrote the offerings. This case, which has received a great deal of national and international media attention, is widely considered the largest securities class action litigation in history. At the present time, the Court has preliminarily approved a $1 billion settlement with the insurers and their officers and directors. The case is proceeding against the underwriting defendants.

***In re Global Crossing, Ltd. ERISA Litigation,***
***No. 02 Civ. 7453 (S.D.N.Y. 2004):***
SBTK served as Co-Lead Counsel in this complex and high-profile action which alleged that certain directors and officers of Global Crossing, a former high-flier of the late 1990's tech stock boom, breached their fiduciary duties under the Employee retirement Income Security Act of 1974 to certain company-provided 401(k) plans and their participants. These breaches surrounded the plans' alleged imprudent investment in Global Crossing stock during a time when defendants knew, or should have known, that the company was facing imminent bankruptcy. A settlement of plaintiffs' claims restoring $79 million to the Plans and their participants was approved in November 2004. At the time, this represented the largest recovery received in a company stock ERISA class action.

***In re Honeywell International ERISA Litigation,***
***No. 03-1214 (DRD) (D.N.J. 2004):***
SBTK is serving as Lead Counsel in a breach of fiduciary duty case under ERISA against
Honeywell International, Inc. and certain fiduciaries of Honeywell pension plans. The suit
alleges that Honeywell and the individual fiduciary defendants, allowed Honeywell's 401(k)
plans and their participants to imprudently invest significant assets in company stock, despite
that defendants knew, or should have known, that Honeywell's stock was an imprudent
investment due to undisclosed, wide-ranging problems stemming from a consummated
merger with Allied Signal and a failed merger with General Electric. A settlement f plaintiffs'
claims, which includes a $14 million payment to the plans and their affected participants, and
significant structural relief affording participants much greater leeway in diversifying their
retirement savings portfolios, is currently pending court approval.

***In re Remeron Antitrust Litigation,***
***No. 02-CV-2007 (D.N.J. 2004):***
SBTK is Co-Lead Counsel in an action challenging Organon, Inc.'s filing of certain patents and
patent infringement lawsuits as an abuse of the Hatch-Waxman Act, and an effort to unlawfully
extend their monopoly in the market for Remeron. Specifically, the lawsuit alleges that
defendants violated state and federal antitrust laws in their efforts to keep competing products
from entering the market, and seeks damages sustained by consumers and third-party payors.
After lengthy litigation, including numerous motions and over 50 depositions, the matter settled
for $36 million. The settlement is pending final approval by the court.

***Henry v. Sears, et al.,***
***Case No. 98 C 4110 (N.D. Ill. 1999):***
The firm served as Co-Lead Counsel for one of the largest consumer class actions in history,
consisting of approximately 11 million Sears credit card holders whose interest rates were
improperly increased in connection with the transfer of the credit card accounts to a national
bank. SBTK successfully negotiated a settlement representing approximately 66% of all class
members' damages, thereby providing a total benefit exceeding $156 million. All $156 million
was distributed automatically to the Class members, without the filing of a single proof of claim
form. In approving the settlement, the District Court stated: ". . . I am pleased to approve
the settlement. I think it does the best that could be done under the circumstances on behalf of
the class. . . . The litigation was complex in both liability and damages and required both
professional skill and standing which class counsel demonstrated in abundance."

***Jordan v. State Farm Insurance Company,***
***Case No. 97 CH 11 (Cir. Ct., McLean County, Ill. 1998):***
Plaintiffs alleged that State Farm had engaged in fraudulent sales practices known as "churning,"
and marketing and selling "vanishing premium" policies that do not actually "vanish." After
several years of discovery, motion practice and settlement negotiations, SBTK, as Liaison
Counsel, successfully resolved the action for $225 million in cash, dividend enhancements and
other monetary benefits for current and former State Farm policyholders.

***In re Liberate Technologies Securities Litigation,***
***No. C-02-5017 (MJJ) (N.D. Cal. 2005):***
Plaintiffs alleged that Liberate engaged in fraudulent revenue recognition practices to artificially inflate the price of its stock, ultimately forcing it to restate its earnings. As sole Lead Counsel, SBTK successfully negotiated a $13.8 million settlement, which represents almost 40% of the damages suffered by the class. In approving the settlement, the district court complimented Lead Counsel for its "extremely credible and competent job."

***In re InfoSpace, Inc. Securities Litigation,***
***Master File No. C-01-0913-Z (D. Wash. 2001):***
SBTK served as Co-Lead Counsel on behalf of plaintiffs alleging that InfoSpace and certain of its officers and directors overstated revenues by using improper accounting methods, overstated the demand for InfoSpace's wireless services, misstated InfoSpace's financial relationships with major customers, and falsely represented that InfoSpace would receive subscription fees from users of web-enabled cell phones. After two years of hard-fought litigation and complex mediation, a settlement of $34.3 million was obtained for members of the class.

***In re Riverstone Networks, Inc. Securities Litigation,***
***Case No. CV-02-3581 (N.D. Cal. 2002):***
SBTK served as sole lead counsel on behalf of plaintiffs alleging that Riverstone and certain of its officers and directors sought to create the impression that the Company, despite the industry-wide downturn in the telecom sector, had the ability to prosper and succeed and was actually prospering. In that regard, plaintiffs alleged that defendants issued a series of false and misleading statements concerning the Company's financial condition, sales and prospects, and used inside information to personally profit. After extensive litigation, the parties entered into formal mediation with the Honorable Charles Legge (Ret.). Following five months of mediation, the parties reached a settlement of $18.5 million which has been preliminarily approved by the Court.

***In re Assisted Living Concepts, Inc. Securities Litigation,***
***Lead Case No. 99-167-AA (D. Or. 1999):***
SBTK served as Co-Lead Counsel and was instrumental in obtaining a $30 million recovery for class members from the Company, its executive officers and directors, and several underwriters for their role in an alleged complex accounting fraud involving the use of a purportedly independent joint venture to absorb the Company's start-up losses. Even after this $30 million recovery, through counsel's efforts, an additional $12.5 million was obtained from the auditors providing for a total recovery of $42.5 million.

***Wanstrath v. Doctor R. Crants, et al.,***
***No. 99-1719-111 (Tenn. Chan. Ct., 20th Judicial District, 1999):***
SBTK served as Lead Counsel in a derivative action filed against the officers and directors of Prison Realty Trust, Inc., challenging the transfer of assets from the Company to a private entity owned by several of the Company's top insiders. Numerous federal securities class actions were pending against the Company at this time. Through the derivative litigation, the Company's top management was ousted, the composition of the Board of Directors was significantly improved,

and important corporate governance provisions were put in place to prevent future abuse. Mr. Schiffrin, in addition to achieving these desirable results, was able to personally effectuate a global settlement of all pending litigation against the backdrop of an almost certain bankruptcy. The case was resolved in conjunction with the federal securities cases for the payment of approximately $50 million by the Company's insurers and the issuance of over 46 million shares to the class members.

*In re Cumulus Media Inc. Securities Litigation,*
*Lead Case No. 00-C-391 E.D. Wis. 2000):*
SBTK served as Lead Counsel and successfully litigated the action and negotiated a settlement of $13 million in cash and 240,000 shares of freely tradable stock in Cumulus Media, which traded for approximately $19 per share, for a total settlement value of $17.5 million at the time the settlement was approved by the Court.

# PARTNERS

**RICHARD S. SCHIFFRIN,** founding partner of the firm, is licensed to practice law in Illinois and Pennsylvania, and has been admitted to practice before numerous United States District Courts. In his seven years of practice with the Office of the Public Defender of Cook County, Illinois, Mr. Schiffrin represented hundreds of clients in both bench and jury trials, as well as appeals. Mr. Schiffrin has also taught legal writing and appellate advocacy at John Marshall Law School and has served as a faculty member at numerous legal seminars, including the Annual Institute on Securities Regulation, NERA: Finance, Law & Economics — Securities Litigation Seminar, the Tulane Corporate Law Institute, and the CityBar Center for CLE (NYC): Ethical Issues in the Practice of Securities Law.

Most recently, Mr. Schiffrin spoke at the MultiPensions 2005 Conference in Amsterdam, Netherlands; the Public Funds Symposium 2005 in Washington, D.C.; the European Pension Symposium in Florence, Italy; and the *Pennsylvania Public Employees Retirement Summit (PAPERS)* in Harrisburg, Pennsylvania. Mr. Schiffrin oversees all aspects of litigation on behalf of the firm. Mr. Schiffrin has been recognized for his expertise in numerous cases, including most prominently:

*In re Tenet Healthcare Corp., 02-CV-8462 (C.D. Cal.):*

Schiffrin Barroway Topaz & Kessler served as Co-Lead Counsel on behalf of plaintiffs, alleging that Tenet Healthcare and certain of its officers and directors defrauded Medicare out of hundreds of millions of dollars, materially overstated Tenet's revenues, and performed unnecessary cardiac surgeries to increase the Company's earnings. After three years of hard-fought litigation and complex mediation, Schiffrin Barroway Topaz & Kessler helped obtain a settlement involving a $216.5 million payment from Tenet and the Company's former CEO and COO, and specific corporate governance improvements.

*In re AremisSoft Corp. Securities Litigation, C.A. No. 01-CV-2486 (D.N.J. 2002):*

Schiffrin Barroway Topaz & Kessler is particularly proud of the results achieved in this case
before the Honorable Joel A. Pisano. This case was exceedingly complicated, as it involved the
embezzlement of hundreds of millions of dollars by former officers of the Company, some of
whom remain fugitives. In settling the action, Schiffrin Barroway Topaz & Kessler, as sole Lead
Counsel, assisted in reorganizing the Company as a new Company which allowed for it to
continue operations, while successfully separating out the securities fraud claims and the
bankrupt Company's claims into a litigation trust. The Settlement, approved by the court,
enabled the class to receive the majority of the equity in the new Company, as well as their pro
rata share of all amounts recovered by the litigation trust. The court-appointed co-trustees,
Joseph P. LaSala, Esq. and Fred S. Zeidman, retained Schiffrin Barroway Topaz & Kessler to
further assist with prosecuting the actions on behalf of the litigation trust.

After filing an action in the Isle of Man, where the trust successfully froze more than $200
million of stolen funds from one of the fugitives, the trust achieved a settlement of this action for
$200 million, which was returned to the United States and paid to the trust. Recently, the trust
commenced another action in Cyprus, where it obtained a Mareva injunction and interim
ancillary relief against bank accounts and assets owned and/or controlled by the other principal
wrongdoer.

Thus far, counsel on behalf of the trust and its beneficiaries have achieved settlements with the
Company and certain of its directors and officers as well as the Company's auditors, lawyer and
underwriters, for a total of more than $250 million. The beneficiaries of the trust have already
received in excess of 28% of their recognized losses.

*Henry v. Sears, et al., Case No. 98 C 4110 (N.D. Ill. 1999):*

Schiffrin Barroway Topaz & Kessler served as Lead Counsel on behalf of the largest class of
credit card holders in history. At stake was the right of Sears and its newly formed affiliate, Sears
National Bank ("SNB"), to retroactively increase the interest rates on eleven million credit card
accounts with outstanding balances resulting from purchases made prior to the accounts being
transferred to SNB. Schiffrin Barroway Topaz & Kessler alleged that such conduct violated the
Truth-in-Lending Act, the National Banking Act and state consumer fraud statutes. After
extensively litigating various aspects of liability, an additional nine months were then spent
determining damages. The extraordinary complexity of the damage calculations required Mr.
Schiffrin and experts from both parties to develop, test and utilize a novel computer model to
ascertain total damages for the class and individualized damages for each class member.
Ultimately, Mr. Schiffrin and his partner, Mr. Kessler, were able to negotiate a $156 million
settlement, which represented approximately 66% of total damages. In approving the settlement,
District Court Judge Leinenwebber of the Northern District of Illinois stated:

*. . . I am pleased to approve the settlement. I think it does the best that could be done under the
circumstances on behalf of the class. . . . The litigation was complex in both liability and
damages and required both professional skill and standing which class counsel demonstrated in
abundance.*

The entire settlement fund of $156 million was distributed without the filing of a single proof of claim form by any class member.

***Wanstrath v. Doctor R. Crants, et al., C.A. No. 99-1719-III (Tenn. Chan. Ct., 20th Judicial District, 1999):***

Schiffrin Barroway Topaz & Kessler served as Lead Counsel in a derivative action filed against the officers and directors of Prison Realty Trust, Inc., challenging the transfer of assets from the Company to a private entity owned by several of the Company's top insiders. Numerous federal securities class actions were pending against the Company at this time. Through the derivative litigation, the Company's top management was ousted, the composition of the Board of Directors was significantly improved and important corporate governance provisions were put in place to prevent future abuse. Mr. Schiffrin, in addition to achieving these desirable results, was able to personally effectuate a global settlement of all pending litigation against the backdrop of an almost certain bankruptcy. The case was resolved in conjunction with the federal securities cases for the payment of approximately $50 million by the Company's insurers and the issuance of over 46 million shares to the class members.

***Jordan v. State Farm Insurance Company, Case No. 97 CH 11 (Cir. Ct., McLean County, Ill. 1998):***

Schiffrin Barroway Topaz & Kessler brought a claim on behalf of multiple plaintiffs alleging that State Farm had engaged in fraudulent sales practices by "churning" policies and marketing and selling "vanishing premium" policies that never "vanished." After several years of discovery, motion practice and settlement negotiations, Mr. Schiffrin played a critical role in resolving the action for $225 million in cash, dividend enhancements and other monetary benefits for current and former State Farm policyholders. Schiffrin Barroway Topaz & Kessler also has achieved substantial settlements in 20 additional cases alleging fraudulent sales practices by various insurance companies.

Mr. Schiffrin has also represented defrauded shareholders and companies in complex class and derivative actions, including the following:

***Huscher v. Curley, et al., No. 00 Civ. 21379 (Mich. Cir. Ct., 2000) (In re Sotheby's Holdings, Inc. Derivative Litigation):***

Schiffrin Barroway Topaz & Kessler served as Lead Counsel in a derivative action arising out of Sotheby's alleged antitrust price fixing conspiracy with auction house rival Christie's International PLC. A multi-million dollar settlement was negotiated by Mr. Schiffrin whereby Diana Brooks (Sotheby's President at the time of the alleged wrongdoing) agreed to relinquish all of her Sotheby's stock options, and the Company's insurance carrier made a substantial monetary payment to the Company. In addition, significant changes in the Company's top management and Board of Directors were achieved in conjunction with the settlement of the litigation.

**ANDREW L. BARROWAY**, managing partner of the firm, received his law degree from the University of Pennsylvania Law School, where he was a member of the ABA Negotiation team. He is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania. Mr. Barroway frequently lectures on securities class action and lead plaintiff issues, and recently spoke at the 2005 Institutional Investor Hedge Fund Workshop in New York City and the Public Funds Summit 2005 in Phoenix, Arizona. Mr. Barroway has been actively involved in all aspects of litigation on behalf of the firm, and co-manages the firm's securities department. Of his numerous successful representations of shareholders, the following stand out as exceptional:

*In re The Interpublic Group of Companies Securities Litigation, No. 02 Civ. 6527 (S.D.N.Y. 2002):*

Schiffrin Barroway Topaz & Kessler served as sole Lead Counsel in this action on behalf of an institutional investor and recently received final approval of a settlement consisting of $20 million in cash and 6,551,725 shares of IPG common stock. As of February 2005, the stock had an approximate value of $87 million, resulting in a total settlement value of approximately $107 million. In granting its approval, the Court praised Schiffrin Barroway Topaz & Kessler for acting responsibly and noted the firm's professionalism, competence and contribution to achieving such a favorable result.

*In re Digital Lightwave, Inc. Securities Litigation, Consolidated Case No. 98-152-CIV-T-24E (M.D. Fla. 1999):*

The firm served as Co-Lead Counsel in one of the nation's most successful securities class actions. After extensive litigation and negotiations, a settlement consisting primarily of stock ultimately grew to a value of over $170 million between the time in which the settlement was negotiated and the time at which it was distributed. Schiffrin Barroway Topaz & Kessler took on the primary role in negotiating the terms of the equity component, insisting that the class have the right to share in any upward appreciation in the value of the stock after the settlement was reached. This recovery represented an astounding approximately two hundred percent (200%) of class members' losses. Schiffrin Barroway Topaz & Kessler believes that this represents the largest percentage recovery for shareholders in securities class action history.

Mr. Barroway, along with his partner, Mr. Kessler, has also negotiated substantial settlements of securities class actions in which Schiffrin Barroway Topaz & Kessler was Lead or Co-Lead Counsel against Pinnacle Holdings, Cell Pathways, Gateway, Mercator and NetSolve. Mr. Barroway currently represents numerous public pension funds, private investment funds, money management firms, and individuals in securities fraud litigation as Lead or Co-Lead Counsel.

**MARC A. TOPAZ,** a senior partner of the firm, received his law degree from Temple University School of Law, where he was an editor of the Temple Law Review and a member of the Moot Court Honor Society. He also received his Master of Law (L.L.M.) in taxation from the New York University School of Law, where he served as an editor of the New York University Tax Law Review. He is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of

Pennsylvania. Mr. Topaz manages the firm's derivative, transactional and antitrust departments. In this regard, Mr. Topaz has been actively involved in litigating the following prominent cases:

**In re MTC Electronic Shareholder Litigation, No. CV-93-0876 (E.D.N.Y. 1993):**

Schiffrin Barroway Topaz & Kessler served as Co-Counsel in a case involving securities fraud by MTC, its officers and directors, underwriters and accountants. The case presented novel issues of Chinese law, and required the construction of a database of hundreds of thousands of documents utilized in numerous party and non-party depositions. A $72 million settlement was achieved on the eve of trial.

**In re Oppenheimer Capital, L.P., Unitholders Litigation, Consolidated No. 16022NC (Del. Ch. 1997):**

Schiffrin Barroway Topaz & Kessler served as Co-Lead Counsel on behalf of plaintiffs alleging that a merger proposed by Pimco Advisors benefitted certain Pimco insiders by disproportionately allocating tax benefits achieved from the restructuring of a limited partnership, and failing to provide adequate compensation to the Oppenheimer shareholders. Plaintiffs moved to enjoin the transaction and a settlement was reached whereby defendants agreed to pay a special dividend to Oppenheimer limited partners of approximately $16 million.

**Wanstrath v. Doctor R. Crants, et al., C.A. No. 99-1719-III**
**(Tenn. Chan. Ct., 20th Judicial District, 1999):**

Schiffrin Barroway Topaz & Kessler served as Lead Counsel in a derivative action filed against the officers and directors of Prison Realty Trust, Inc., challenging the transfer of assets from the Company to a private entity owned by several of the Company's top insiders. Numerous federal securities class actions were pending against the Company at this time. Through the derivative litigation, the Company's top management was ousted, the composition of the Board of Directors was significantly improved and important corporate governance provisions were put in place to prevent future abuse. Mr. Schiffrin, in addition to achieving these desirable results, was able to personally effectuate a global settlement of all pending litigation against the backdrop of an almost certain bankruptcy. The case was resolved in conjunction with the federal securities cases for the payment of approximately $50 million by the Company's insurers and the issuance of over 46 million shares to the class members.

**DAVID KESSLER**, a senior partner of the firm, graduated with distinction from the Emory School of Law. He is licensed to practice in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania and the United States District Court for the District of New Jersey. Prior to practicing law, Mr. Kessler was a Certified Public Accountant in Pennsylvania. Mr. Kessler co-manages the firm's nationally recognized securities department. In addition, Mr. Kessler often lectures on securities litigation and was a featured speaker on hot topics in securities litigation in a seminar entitled "The Explosion and Evolution of Class Action Law" in December 2004 in Philadelphia, Pennsylvania, and the Corporate Governance Summit on Corporate Accountability

in July 2003 in New York City. Mr. Kessler has achieved the following outstanding results in federal securities cases:

*In re Initial Public Offering Securities Litigation, Master File No. 21 MC 92 (SAS) (S.D.N.Y. Dec. 12, 2002):*

Mr. Kessler, along with Mr. Schiffrin, is presently heading up the firm's litigation efforts in its prominent position as an Executive Committee member in this action. Of the sixty plaintiffs firms which originally filed actions in these coordinated proceedings, Schiffrin Barroway Topaz & Kessler was one of only six selected to serve on the Executive Committee. The coordinated actions, which have been filed against 309 separate issuers of publicly traded securities, challenge the legality of the practices which accompany the allocations of shares in initial public offerings. In addition to suing the issuers of such securities, the 309 coordinated actions also name as defendants the primary investment banking firms which underwrote the offerings. This case, which has received a great deal of national and international media attention, is widely considered the largest securities class action litigation in history. At the present time, the court has preliminarily approved a $1 billion settlement with the issuers and their officers and directors. The class has also reached an agreement in principle to resolve the action against JP Morgan for $425 million, which is in the process of being memorialized and submitted to the Court for approval. The case is proceeding against the remaining underwriting defendants.

*In re PNC Financial Services Group, Inc. Litigation, Case No. 02-CV-271 (W.D. Pa. 2002):*

Schiffrin Barroway Topaz & Kessler served as Co-Lease Counsel and was instrumental in opbtaining a $30 million recovery for class members from PNC and the assignment of certain claims it may have had against its audit and other third party law firms and insurance companies, with respect to an alleged fraudulent scheme wherein non-performing assets were removed from PNC's books and transferred to special purpose entities that PNC allegedly still controlled. An additional $6.6 million was recovered from the insurance company and the law firms and an agreement in the principle has now been reached with the audit to resolve all claims for another $9.075 million, providing for a total recovery from the securities litigation of $45.675 million upon approval of the auditor settlement. When coupled with the $156 million restitution fund established through government actions against some of the same defendants and third parties, the total recovery for class members exceeds $200 million.

*In re Assisted Living Concepts, Inc. Securities Litigation, Lead Case No. 99-167-AA (D. Or. 1999):*

Schiffrin Barroway Topaz & Kessler served as Co-Lead Counsel and was instrumental in obtaining a $30 million recovery for class members from the Company, its executive officers and directors, and several underwriters for their role in an alleged complex accounting fraud involving the use of a purportedly independent joint venture to absorb the Company's startup losses. Even after this $30 million recovery, through counsel's efforts, an additional $12.5 million was obtained from the auditors providing for a total recovery of $42.5 million.

*In re Cumulus Media Inc. Securities Litigation, Lead Case  No. 00-C-391 (E.D. Wis. 2000):*

Schiffrin Barroway Topaz & Kessler served as Lead Counsel and successfully litigated the action and negotiated a settlement of $13 million in cash and 240,000 shares of freely tradable stock in Cumulus Media, which traded for approximately $19 per share, for a total settlement value of $17.5 million at the time the settlement was approved by the Court.

**KATHARINE M. RYAN,** a partner of the firm, graduated *cum laude* from Villanova University School of Law in May 1984. Ms. Ryan is admitted to practice before the United States District Court for the Eastern District of Pennsylvania, the Court of Appeals for the Third Circuit and the United States Supreme Court. Ms. Ryan recently participated as a speaker in a legal teleconference entitled "Is the PSLRA's Safe Harbor Provision Safe?" Ms. Ryan is actively involved in litigating several of the firm's most prominent cases and was integral in the excellent results achieved in the following cases:

*In re The Interpublic Group of Companies Securities Litigation, No. 02 Civ. 6527 (S.D.N.Y. 2002):*

Schiffrin Barroway Topaz & Kessler served as sole Lead Counsel in this action on behalf of an institutional investor and recently received final approval of a settlement consisting of $20 million in cash and 6,551,725 shares of IPG common stock. As of February 2005, the stock had an approximate value of $87 million, resulting in a total settlement value of approximately $107 million. In granting its approval, the Court praised Schiffrin Barroway Topaz & Kessler for acting responsibly and noted the firm's professionalism, competence and contribution to achieving such a favorable result.

*In re New Power Holdings, Inc. Securities Litigation, No. 02 Civ. 1550 (S.D.N.Y. 2002):*

Schiffrin Barroway Topaz & Kessler served as Co-Lead Counsel and was instrumental in obtaining a recovery of $41 million in cash for class members against a bankrupt company, certain of its officers and directors and the underwriters of the Company's offering. Claims involved New Power, an offshoot of Enron, that was formed to re-enter the deregulated energy market and pursued an IPO with no viable plan to hedge against volatile energy prices.

**STUART L. BERMAN,** a partner of the firm, received his law degree from George Washington University National Law Center, and his undergraduate degree from Brandeis University. He is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania and the United States District Court for the District of New Jersey. Mr. Berman manages the firm's lead plaintiff department and has been instrumental in courts appointing many of the firm's institutional and individual clients as lead plaintiffs in important cases, such as:

*In re Tenet Healthcare Corp. Securities Litigation, No. CV-02-8462- RSWL (C.D. Cal. 2002),*

*State of New Jersey and its Division of Investment v. Sprint Corporation, et al., No. 2:03-CV-02071-JWL (D. Kan. 2003),*

*In re The Interpublic Group of Companies Securities Litigation, No. 02 Civ. 6527 (S.D.N.Y. 2002), State of New Jersey and Its Division of Investment v. Sprint Corporation, et al., No. 03-2071-JWL (D. Kan. 2003),*

*In re Delphi Corp. Sec. Litig., 1:05-CV-2637 (NRB) (S.D.N.Y. 2005);*

*In re Vaxgen Inc. Securities Litigation, No. C 03-01129 JSW (N.D. Cal. 2003),*

*In re American Business Financial Services, Inc., No. 04- 0265 (E.D. Pa. 2004)*

*In re Autobytel, Inc. Securities Litigation, No. CV04-8987 MMM (JWJx) (C.D. Cal. 2004).*

Mr. Berman represents and works with institutional investors worldwide in securities litigation and other related matters. In addition, Mr. Berman is a frequent speaker on securities issues, especially as they relate to institutional investors, and has been a speaker at such events as The European Pension Symposium in Florence, Italy; the Public Funds Symposium 2005 in Washington, D.C.; the Pennsylvania Public Employees Retirement (PAPERS) Summit in Harrisburg, Pennsylvania; and the New England Pension Summit in Newport, Rhode Island; the Rights and Responsibilities for Institutional Investors 2006 in Amsterdam, Netherlands; and the European Investment Roundtable 2006 in Barcelona, Spain. He speaks with institutional investors located around the world regarding their rights and obligations associated with securities fraud class actions and individual actions. Mr. Berman works closely with the firm's institutional investors and counsels them on fulfilling their fiduciary obligations and exercising their rights in all types of securities related actions.

Mr. Berman has specialized in the area of securities litigation for the past nine years. He is particularly proud of the results achieved in In re AremisSoft Corp. Sec. Litig., C.A. No. 01-CV-2486 (D.N.J. 2002), a case on which Mr. Berman and his partner, Richard Schiffrin, have worked extensively. This case was exceedingly complicated, as it involved the embezzlement of hundreds of millions of dollars by former officers of the Company, some of whom are now fugitives. In settling the action, Schiffrin Barroway Topaz & Kessler, as sole Lead Counsel, assisted in reorganizing AremisSoft as a new Company which allowed for it to continue operations, while successfully separating out the securities fraud claims and the bankrupt Company's claims into a litigation trust. The Settlement, which was approved by the Court, called for the class to receive the majority of the equity in the new Company, as well as their pro rata share of all amounts recovered by the litigation trust. The Court-appointed co-trustees, Joseph P. LaSala, Esq. and Fred S. Zeidman, retained Schiffrin Barroway Topaz & Kessler to continue prosecuting the actions on behalf of the litigation trust. After extensive litigation in the Isle of Man, including the successful freezing of more than $200 million of stolen funds, the trust recently settled its action against one of the principal wrongdoers and recovered approximately

$200 million. Thus far, the trust has distributed to beneficiaries of the trust more than 28% of their recognized losses (excluding the value of the equity of the new Company), and is poised to recover even more. Recently, the trust commenced further litigation in Cyprus, where it obtained a Mareva injunction and interim ancillary relief against bank accounts and assets owned and/or controlled by the other principal wrongdoer.

**GREGORY M. CASTALDO**, a partner of the firm, received his law degree from Loyola Law School, where he received the American Jurisprudence award in legal writing. He received his undergraduate degree from the Wharton School of Business at the University of Pennsylvania. He is licensed to practice law in Pennsylvania and New Jersey. Mr. Castaldo has been actively involved in litigating the following cases:

### *In re Tenet Healthcare Corp., 02-CV-8462 (C.D. Cal.):*

Schiffrin Barroway Topaz & Kessler served as Co-Lead Counsel on behalf of plaintiffs, alleging that Tenet Healthcare and certain of its officers and directors defrauded Medicare out of hundreds of millions of dollars, materially overstated Tenet's revenues, and performed unnecessary cardiac surgeries to increase the Company's earnings. After three years of hard-fought litigation and complex mediation, Schiffrin Barroway Topaz & Kessler helped obtain a settlement involving a $216.5 million payment from Tenet and the Company's former CEO and COO, and specific corporate governance improvements.

### *In re Liberate Technologies Securities Litigation, No. C-02-5017 (MJJ) (N.D. Cal. 2005):*

Plaintiffs alleged that Liberate engaged in fraudulent revenue recognition practices to artificially inflate the price of its stock, ultimately forcing it to restate its earning. As sole Lead Counsel, Schiffrin Barroway Topaz & Kessler successfully negotiated a $13.8 million settlement, which represents almost 40% of the damages suffered by the class. In approving the settlement, the district court complimented Lead Counsel for its "extremely credible and competent job."

### *In re Sodexho Marriott Shareholders Litigation,*

Consol. C.A. No. 18640-NC, Delaware Chancery Court, in which Class Counsel was partially responsible for creating an aggregate financial benefit of approximately $166 million for members of the class.

Mr. Castaldo is also presently *State of New Jersey and Its Division of Investment v. Sprint Corporation, et al.,* No. 03-2071-JWL (D. Kan. 2003) among other actions.

**MICHAEL K. YARNOFF**, a partner of the firm, received his law degree from Widener University School of Law. Mr. Yarnoff is licensed to practice law in Pennsylvania, New Jersey, and Delaware and has been admitted to practice before the United States District Courts for the Eastern District of Pennsylvania and the District of New Jersey. He serves in the firm's securities litigation department and has been actively involved in a number of federal securities cases in which outstanding results were achieved, including the following: