## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

————————————————————— x

**In re COLUMBIA ENTITIES LITIGATION**  :  CIVIL ACTION NO.: 04-11704 (MBB)
                                                  :  ALL CASES
                                                  :  Consolidated Case Nos.:
                                                  :  04cv11750
                                                  :  04cv11760
                                                  :  04cv11953
                                                  :
                                                  :

————————————————————— x

## <u>DECLARATION OF JOHN R. S. MCFARLANE</u>

I, John R. S. McFarlane, declare as follows:

1.      I am an attorney-at-law and associate of the law firm of Milberg Weiss LLP, One Pennsylvania Plaza, New York, New York 10119. I am submitting this Declaration in support of Plaintiffs' Motion For Attorneys' Fees and Reimbursement of Expenses.

2.      I am an attorney in good standing and duly licensed and admitted to the New York State bar.

3.      Attached hereto as Exhibit A is a true and correct copy of the Opinion and Order in <u>In re CMS Energy Securities Litigation</u> (E.D. Mich. Sept. 6, 2007).

4.      Attached hereto as Exhibit B is a true and correct copy of the Order and Final Judgment in <u>In re Flag Telecom Holdings, Ltd. Securities Litigation</u> (S.D.N.Y. Sept. 4, 2007).

5.      Attached hereto as Exhibit C is a true and correct copy of the Order and Final Judgment in <u>In re Beazer Homes USA, Inc. Securities Litigation</u> (N.D. Ga. Aug. 8, 2007).

6.      Attached hereto as Exhibit D is a true and correct copy of the opinion and order in <u>In re American Express Financial Advisors Securities Litigation</u> (S.D.N.Y. July 18, 2007).

I declare under penalty of perjury that the foregoing is true and correct. Executed this 12th

day of September, 2007, at New York, New York.

John R. S. McFarlane

# EXHIBIT A

Case 1:04-cv-11704-MBB    Document 140    Filed 09/12/2007    Page 4 of 37
Case 2:02-cv-72004-GCS-VMM    Document 476    Filed 09/06/2007    Page 1 of 14

14

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

———————————————————x

IN RE CMS ENERGY SECURITIES     :  Civil No. 02 CV 72004 (GCS)
LITIGATION

     :

————————————————   :  HON. GEORGE CARAM STEEH

THIS DOCUMENT RELATES TO     :
ALL ACTIONS     :

———————————————————x

**FILED**

SEP - 6 2007

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

## ORDER AND FINAL JUDGMENT

On the sixth day of September, 2007, a hearing was held before this Court to determine:

(1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated May 22, 2007 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by Lead Plaintiffs and the Settlement Class against the Defendants in the Complaint now pending in this Court under the above caption, including the release of the Defendants and the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Defendants and as against all persons or entities who are Members of the Settlement Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the Settlement proceeds among the Members of the Settlement Class; and (4) whether and in what amount to award Plaintiffs' Counsel fees and reimbursement of expenses. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased common stock and/or 8.75% Adjustable Convertible Trust Securities of CMS Energy Corporation ("CMS") during the period from October 25, 2000 through and including March 31, 2003 (the "Settlement

Class Period"), as shown by the records of CMS's transfer agent at the respective addresses set

forth in such records, except those persons or entities excluded from the definition of the

Settlement Class, and that a summary notice of the hearing substantially in the form approved by

the Court was published in the national edition of The Wall Street Journal pursuant to

specifications of the Court; and the Court having considered and determined the fairness and

reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms

used herein having the meanings as set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.    The Court has jurisdiction over the subject matter of the Litigation, the Lead

Plaintiffs, all Settlement Class Members, and the Defendants.

2.    The Court finds that the prerequisites for a class action under Federal Rule Civil

Procedure 23 (a) and (b)(3) have been satisfied in that:  (a) the number of Settlement Class

Members is so numerous that joinder of all Members thereof is impracticable; (b) there are

questions of law and fact common to the Settlement Class; (c) the claims of the Class

representatives are typical of the claims of the Settlement Class they seek to represent; (d) the

Class representatives have and will fairly and adequately represent the interests of the Settlement

Class; (e) the questions of law and fact common to the Members of the Settlement Class

predominate over any questions affecting only individual Members of the Settlement Class; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of

the controversy.

3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedures and for the purposes

of the Settlement this Court hereby finally certifies this action as a class action on behalf of a

class consisting of all persons (the "Settlement Class") who purchased common stock and/or

8.75% ACTS of CMS during the period from October 25, 2000 through and including March 31, 2003 ("Settlement Class Period") and were allegedly damaged thereby, excluding currently and previously named Defendants, officers and directors of CMS and its subsidiaries during all or any portion of such period, members of their immediate families and their legal representatives, heirs, predecessors, successors and assigns, and any entity in which any of the foregoing has a controlling interest. Also excluded from the Settlement Class are the persons who requested exclusion from the Settlement Class as listed on Exhibit 1 annexed hereto.

4.    Notice of the proposed Settlement was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5.    The Settlement is approved as fair, reasonable and adequate to the Settlement Class Members, and the Settlement Class Members and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

6.    The Complaint, which the Court finds was filed on a good faith basis in accordance with the Private Securities Litigation Reform Act and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs.

7.      Members of the Settlement Class and the successors and assigns of any of them,

are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either

directly or in any other capacity, the Released Claims against the Released Parties. "Released

Claims" means any and all claims, debts, demands, rights, actions or causes of action or

liabilities whatsoever (including, but not limited to, any claims for damages, indemnification,

equitable relief, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses

or liability whatsoever), whether based on federal, state, local, statutory or common law or any

other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or

un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature,

including both known claims and unknown claims that (i)(A) have been, or in the future could be

asserted in the Litigation by Releasors (defined below) or any of them against any of the

Released Parties from the beginning of time to the Effective Date, or (B) could have been

asserted in any forum by Releasors or any of them against any of the Released Parties, and (ii)

arise out of, are based upon, or relate in any way to the allegations, transactions, facts, matters or

occurrences, representations or omissions involved, set forth, or referred to in the Complaint

and/or the ACTS Action's Amended Complaint and relate to the purchase of shares of CMS

common stock and/or 8.75% ACTS during the Settlement Class Period. "Released Claims" does

not mean or include claims, if any, against the Released Parties (defined below) arising under the

Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA") that

are and have been released pursuant to the Class Action Settlement Agreement approved by the

Court in In re CMS Energy ERISA Litigation, Case No. 02-72834.

8.      The Defendants and the successors and assigns of any of them, are hereby

permanently barred and enjoined from instituting, commencing or prosecuting, either directly or

4

in any other capacity, the "Settled Defendants' Claims" against any or all of the Lead Plaintiffs,

the Settlement Class Members, their predecessors, successors, heirs, executors, administrators,

and assigns (the "Releasors") or their attorneys. "Settled Defendants' Claims" means any and all

claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local,

statutory or common law or any other law, rule or regulation, including both known claims and

Unknown Claims, that have been or could have been asserted in the Litigation or any forum by

the Defendants or any of the other Released Parties, or any of them, against any of the Releasors

or their attorneys, which arise out of or relate in any way to the institution, prosecution, or

settlement of the Litigation (except for claims to enforce the Settlement). The Settled

Defendants' Claims of all the Released Parties are hereby compromised, settled, released,

discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein

and this Order and Final Judgment.

9.     "Barred Claims" means any claim(s) for contribution, indemnity, equitable

indemnity, reimbursement, or any other claim, however denominated, by which the claimant

seeks to recover losses based upon, arising out of, relating to, or in connection with, the Released

Claims of the Class or any Settlement Class Member, whether arising under state, federal or

common law (hereinafter, the "Barred Claims"). To the full extent provided by the PSLRA, the

Court hereby permanently bars and enjoins all Barred Claims (a) against the Released Parties; (b)

by the Released Parties against any person or entity other than a person or entity (excluding

Released Parties) whose liability has been extinguished by Settlement, except that nothing in this

Order shall affect any of the Released Parties' rights with respect to their respective insurance

carriers.

10.    Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a)    offered or received in any legal proceeding against any of the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in this Litigation or in any litigation, or the deficiency of any defense that has been or could have been asserted in this Litigation or in any litigation, or of any liability, negligence, fault, or wrongdoing of any of the Defendants;

(b)    offered or received in any legal proceeding against any of the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendants;

(c)    offered or received in any legal proceeding against any of the Defendants as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Order and Final Judgment or the Stipulation; provided, however, that Defendants may refer to this Order and Final Judgment and the Stipulation to effectuate the liability protection granted them hereunder;

(d)     construed in any legal proceeding against any of the Defendants as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e)     construed as or received in evidence in any legal proceeding as an admission, concession or presumption against any of the Releasors or any of the Settlement Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Gross Settlement Fund.

11.     The Plan of Allocation is approved as fair and reasonable, and Lead Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

12.     The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13.     Lead Counsel are hereby awarded 22.5% of the Gross Settlement Fund in fees, which sums the Court finds to be fair and reasonable, and $2,620,720.67 from the Gross Settlement Fund in reimbursement of expenses, which expenses shall be paid to Lead Counsel from the Gross Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Gross Settlement Fund earn. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

14.     In making this award of attorneys' fees and reimbursements of expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

(a)    the Settlement provides for $200 million in cash, plus interest, from which

thousands of Settlement Class Members who submit acceptable Proofs of Claim will benefit;

(b)    Over 150,000 copies of the Settlement Notice were disseminated to

putative Settlement Class Members indicating that Lead Counsel were moving for attorneys' fees

in the amount not to exceed 22.5 percent (22.5%) of each of the Gross Settlement Fund, and for

reimbursement of expenses up to a maximum amount of $3.2 million and only two objections

were filed against the terms of the proposed Settlement or the fees and expenses requested by

Plaintiffs' Counsel contained in the Settlement Notice;

(c)    Lead Counsel have conducted the litigation and achieved the Settlement

with skill, perseverance and diligent advocacy;

(d)    The action involves complex factual and legal issues and was actively

prosecuted and defended for over five years and, in the absence of a settlement, would involve

further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e)    Had Lead Counsel not achieved the Settlement there would remain a

significant risk that Lead Plaintiff and the Class may have recovered less or nothing from the

Defendants;

(f)    Plaintiffs' Counsel have devoted over 49,000 hours, with a lodestar value

of $17,264,719.25, to achieve the Settlement; and

(g)    The amount of attorneys' fees awarded and expenses reimbursed from the

Settlement proceeds are fair and reasonable in comparison with awards in similar cases.

15.    Exclusive jurisdiction is hereby retained over the parties and the Settlement Class

Members for all matters relating to this Action, including the administration, interpretation,

effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including

any application for fees and expenses incurred in connection with administering and distributing

the Settlement proceeds to the Members of the Settlement Class.

16.     Without further order of the Court, the parties may agree to reasonable extensions

of time to carry out any of the provisions of the Stipulation.

17.     There is no just reason for delay in the entry of this Order and Final Judgment and

immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the

Federal Rule of Civil Procedure.


Dated:        Detroit, Michigan
        SEP - 6 2007 , 2007


                                        _____
                                        Honorable George Caram Steeh
                                        United States District Judge

9

# EXHIBIT C

FILED IN CLERK'S OFFICE
U.S.D.C. — Atlanta

AUG 8 2007

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| EUGENE KRATZ, Individually and On Behalf of All Others Similarly Situated,<br><br>               Plaintiff,<br><br>vs.<br><br>BEAZER HOMES USA INC., IAN J. McCARTHY, JAMES O'LEARY, MICHAEL T. RAND and KENNETH J. GARY,<br><br>               Defendants. | **CASE NO.:  1:07-CV-00725-CC** |
| NEW JERSEY BUILDING LABORERS PENSION FUND, On Behalf of Itself and All Others Similarly Situated,<br><br>               Plaintiff,<br><br>vs.<br><br>BEAZER HOMES USA INC., IAN J. McCARTHY, JAMES O'LEARY, MICHAEL T. RAND and KENNETH J. GARY,<br><br>               Defendants. | **CASE NO.:  1:07-CV-01139-CC** |

1

**ORDER CONSOLIDATING CASES,**
**APPOINTING GLICKENHAUS & CO. AND CARPENTERS PENSION**
**TRUST FUND FOR NORTHERN CALIFORNIA AS LEAD PLAINTIFFS**
**AND APPROVING THEIR CHOICE OF CO-LEAD COUNSEL**

| | |
|---|---|
| IBEW 1579 Local Pension Plan, Individually and On Behalf of All Others Similarly Situated, | **CASE NO.:  1:07-CV-01151-CC** |
| Plaintiff, | |
| vs. | |
| BEAZER HOMES USA INC., IAN J. McCARTHY, MICHAEL H. FURLOW, JAMES O'LEARY, and MICHAEL T. RAND, | |
| Defendants. | |

2

**WHEREAS**, Rule 42(a) of the Federal Rules of Civil Procedure permits a court to order all actions consolidated if they involve "common issues of law or fact," Fed. R. Civ. P. 42(a); and

**WHEREAS**, the above-referenced actions involve common issues of law or fact and no objections to consolidation have been raised; and

**WHEREAS**, competing motions for appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") have been filed; and

**WHEREAS**, Section 21D of the PSLRA provides that in securities class actions, courts "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members," 15 U.S.C. § 78u-4(a)(3)(B)(i); and

**WHEREAS**, in accordance with the PSLRA, the "most adequate plaintiff" is the movant who "filed the complaint or made a motion in response," "has the largest financial interest in the relief sought by the class," and "satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure," 15 U.S.C. § 78u-4(a)(3)(B)(iiii)(I); and

**WHEREAS**, joinder of lead plaintiffs who initially filed separate motions for lead plaintiff is permissible if their joinder is not designed to artificially create

1

the largest financial interest in the litigation for the purpose of obtaining

appointment as lead plaintiffs under the PSLRA, *see, e.g., Montoya v.*

*Mamma.com, Inc.*, No. 05 Civ. 2313, 2005 WL 1278097, at **1-3 (S.D.N.Y. May

31, 2005) (allowing lead plaintiff movants with largest and second largest financial

interest to join together as co-lead plaintiffs for benefit of the class); and

      **WHEREAS**, under *Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336

(2005), to satisfy the loss causation element of Section 10(b) of the Securities

Exchange Act of 1934 an investor must have held shares of a corporate defendant's

stock until some corrective disclosure caused a drop in the company's stock price;

and

      **WHEREAS**, when determining motions for lead plaintiff courts have

applied *Dura* by removing proposed lead plaintiffs' losses that occurred *before* any

corrective disclosure was made by a corporate defendant; and

      **WHEREAS**, based on the three complaints filed in the above-captioned

actions, the lead plaintiff motion papers, and the expert reports and declarations

filed therewith, for the purposes of determining the largest financial interest at the

lead plaintiff stage, the Court finds that a April 27, 2006 partially corrective

disclosure has been properly plead for purposes of this motion and, even if such a

disclosure had not been properly plead, is adequately supported by the evidence of

2

record for purposes of this motion; and

**WHEREAS**, in light of this alleged April 27, 2006 partial disclosure, the

Pension Fund Group does not have the largest financial interest in the relief sought;

and

**WHEREAS**, G&C satisfy the typicality and adequacy requirements of Fed.

R. Civ. P. 23:

**WHEREAS**, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the lead plaintiff

shall, subject to Court approval, select and retain counsel to represent the class and

lead plaintiff; and

**WHEREAS**, G&C's chosen counsel, Chitwood Harley Harnes LLP,

Milberg Weiss LLP, and Bernstein Liebhard & Lifshitz, LLP, have extensive

experience in the area of securities class action litigation and satisfy Fed. R. Civ. P.

23 and Local Rule 23.1;

**THEREFORE, IT IS HEREBY ORDERED THAT**, based upon the

pleadings and declarations filed in the above-captioned cases by G&C and The

Pension Fund Group, as well as the extensive oral argument before this Court on

July 26, 2007, the above-referenced cases are consolidated, the Pension Fund

Group's motion to be appointed lead plaintiff is **DENIED**, the motion of G&C to

be appointed co-lead plaintiffs is **GRANTED**, and G&C's motion for the

appointment of Chitwood Harley Harnes, LLP, Milberg Weiss LLP, and Bernstein Liebhard & Lifshitz, LLP as co-lead counsel ("Co-Lead Counsel") is **GRANTED**.

**IT IS HEREBY FURTHER ORDERED THAT:**

### Consolidation of Cases

The above-captioned securities fraud class actions pending in this Judicial District, are hereby consolidated for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. Any actions that have been filed, or may be filed, which are related, and which may be considered herewith, shall be collectively referred to as "In re Beazer Homes USA, Inc. Securities Litigation."

### Master Docket and Master File

A Master File is hereby established for the consolidated proceedings in the consolidated actions. The docket number for the Master File shall be Master File No. 1:07-CV-725-CC. The original of this Order shall be filed by the Clerk in the Master File. The Clerk shall mail a copy of this Order to counsel of record in each of these consolidated actions.

A Master Docket is hereby established for consolidated proceedings of the securities fraud actions consolidated herein and for any related securities fraud actions filed in or transferred to this Court and consolidated herewith for all purposes (hereinafter, the "Consolidated Action"). Entries in the Master Docket

4

shall be applicable to the Consolidated Action as more fully set forth below. The Clerk of the Court shall file all pleadings in any of the actions in the Master File and shall note such filing in the Master Docket. No further copies need be filed or docket entries made.

The terms of this Order shall not have the effect of making any person, firm or corporation a party to any action in which he, she or it has not been named, served or added as such in accordance with the Federal Rules of Civil Procedure.

### Newly Filed or Subsequently Filed or Transferred Actions

If a securities fraud action related to the same subject matters as this Consolidated Action is hereafter filed in this Court or transferred here from another Court, the Clerk of this Court shall:

- File a copy of this Order in the separate file for such action;

- Notify all counsel of record of the filing or transfer of such action;

- Make an appropriate entry in the Master Docket;

- Mail to counsel of record in the newly filed or transferred case a copy of this Order; and

- Upon the first appearance of any new defendants, mail to the attorneys for the defendants in such newly filed or transferred case a copy of this

5

Order.

All counsel shall assist the Clerk of the Court by calling to the attention of the Clerk the filing or transfer of any case that might properly be consolidated with this Consolidated Action.

This Order shall apply to each securities fraud action that is subsequently filed in or transferred to this Court, or consolidated with any of these actions, that arises out of or is related to the same facts and claims alleged in the complaints in the Consolidated Action, unless a party objecting to the consolidation of such case or to any other provision of this Order shall, within ten (10) days after the date upon which a copy of this Order is mailed to counsel for such party, file an application for relief from this Order or any provision herein and this Court deems it appropriate to grant the application. The provisions of this Order shall apply to such action pending the Court's ruling on the application.

Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to utilize a separate complaint, defendants shall not be required to answer, plead, or otherwise move with respect to the complaint in any such case. If a plaintiff in any such case is permitted to utilize a separate complaint, each defendant shall have sixty (60) days within which to answer, plead, or otherwise move with respect to any such complaint.

6

**Caption of Cases**

Every pleading filed in this Consolidated Action shall bear the following caption:

— — — — — — — — — — — — —

IN RE BEAZER HOMES USA, INC.
SECURITIES LITIGATION

                                    Master File No.
                                    1:07-CV-725-CC

— — — — — — — — — — — — —

This Document Relates To:
        ALL ACTIONS

— — — — — — — — — — — — —

When a document is intended to be applicable to all actions to which this Order is applicable, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption set forth above. When a document is intended to be applicable only to some, but not all, actions, immediately after the words "This Document Relates To:" in the caption described above, there shall appear "Civil Action No. [insert number] [insert name of Plaintiff]."

7

## Appointment of Lead Plaintiffs

Class members Glickenhaus & Co. and Carpenters Pension Trust Fund for Northern California are hereby appointed lead plaintiffs pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934. This appointment is without prejudice to defendants' right to challenge the adequacy, typicality, or ability of G&C to represent the absent class members in this Consolidated Action or the propriety of this case being certified as a class action.

## Organization of Plaintiffs' Counsel

Lead plaintiffs' selection of Chitwood Harley Harnes, LLP, Milberg Weiss LLP, and Bernstein Liebhard & Lifshitz, LLP as co-lead counsel ("Co-Lead Counsel") for all plaintiffs and the Class in this Consolidated Action is approved. The law firm of Chitwood Harley Harnes, LLP shall serve as local counsel.

Co-Lead Counsel are hereby vested by the Court with the following responsibilities and duties:

- To direct and coordinate the briefing and arguing of motions;

- To direct and coordinate the initiation and conduct of discovery proceedings, including, but not limited to, requests for production of documents and/or third party subpoenas;

- To direct and coordinate the examination of witnesses in

8

depositions and oral interrogatories;

> • To act as spokesperson at pretrial conferences;

> • To call meetings of plaintiffs' counsel as appropriate or necessary from time to time;

> • To direct the preparation for a trial of this matter and to delegate work responsibilities to selected counsel as may be required in such a manner as to lead to the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort;

> • To direct and coordinate the conduct of pre-trial, trial and post-trial proceedings;

> • To consult with and employ experts;

> • To coordinate and collect periodic time and expense reports from all plaintiffs' attorneys in this Consolidated Action;

> • To initiate and conduct all settlement negotiations with counsel for defendants; and

> • To perform such other duties as may be expressly authorized by further order of the Court.

No motion, request for discovery, or other pre-trial proceedings shall

9

be initiated or filed by any plaintiff except through Co-Lead Counsel.

Co-Lead Counsel are hereby designated as the counsel for plaintiffs upon whom all notices, orders, pleadings, motions, discovery, and memoranda may be served and defendants shall effect service of papers on plaintiffs by serving Chitwood Harley Harnes, LLP, 1230 Peachtree St. NE, 2300 Promenade II, Atlanta, Georgia 30309; Milberg Weiss LLP, One Pennsylvania Plaza, New York, NY, 10016; and Bernstein Liebhard & Lifshitz, LLP, 10 East 40th Street, New York, New York 10016.

If defendants file a single pleading or other paper directed to all plaintiffs in this Consolidated Action, the response on behalf of plaintiffs shall be made in a single pleading or other paper to be served by Co-Lead Counsel. All plaintiffs in this Consolidated Action shall be bound by that pleading or paper.

The organizational structure established by this Order shall bind counsel for plaintiffs in this Consolidated Action or any subsequently filed cases consolidated therewith.

G&C, through Co-Lead Counsel, shall file a consolidated class action complaint (the "Consolidated Complaint") within 60 days of the entry of this Order.

The defendants shall answer or otherwise respond to the Consolidated

10

Complaint within 60 days after its service.

In the event that the defendants move to dismiss the Consolidated Complaint, G&C, through Co-Lead Counsel, shall file any opposition to the defendants' motion(s) to dismiss within sixty (60) days. The defendants shall file any reply in support of any motion(s) to dismiss within thirty (30) days.

Discovery and all related deadlines under the Local Rules (including deadlines for conducting Rule 26(f) discovery planning conference, exchanging initial disclosures, and filing the Joint Preliminary Report and Discovery Plan) shall be stayed pending the outcome of the motion(s) to dismiss.

**SO ORDERED**, this _8th_ day of _August_ 2007

CLARENCE COOPER, U.S.D.J.

11

# EXHIBIT D

# ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 18, 2007

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

In re AMERICAN EXPRESS FINANCIAL
ADVISORS SECURITIES LITIGATION

Master File No. 04 Civ. 1773 (DAB)

## ORDER AND FINAL JUDGMENT

On July 13, 2007, the Court held a hearing to determine (1) whether the terms and

conditions of the Stipulation of Settlement dated January 18, 2007 ("Stipulation")[1] are fair,

reasonable, and adequate for the settlement of all claims asserted on behalf of the Class in the

above-captioned Action, including the release of Defendants, Nominal Defendants, and the other

Released Persons, and should be approved; (2) whether judgment should be entered dismissing

the Action on the merits and with prejudice in favor of Defendants and Nominal Defendants and

as against all Class Members who are not Opt-Outs; (3) whether the Plan of Allocation proposed

by Plaintiffs' Co-Lead Counsel is a fair, reasonable, and adequate method of allocating the

settlement proceeds among the Class Members; (4) whether and in what amount Plaintiffs'

Co-Lead Counsel should be awarded attorneys' fees and reimbursement of expenses; and (5)

whether and in what amount incentive awards should be given to the lead plaintiffs in the instant

action and in a related action, known as *Haritos v. American Express Financial Advisors, Inc.*,

Case No. 02-2255 PHX-PGR, pending in the United States District Court for the District of

Arizona ("Haritos").

---

1.      All defined terms have the same meaning as defined in the Stipulation of Settlement
dated January 18, 2007.

The Court, having considered all matters submitted to it at the hearing and otherwise; and it appearing from the submissions of the parties that, in accordance with the Court's Order Provisionally Certifying Class, Directing Dissemination of Notice, and Setting Settlement Fairness Hearing, dated February 14, 2007 ("Notice Order"), a notice of the Settlement and Final Fairness Hearing, substantially in the form approved by the Court, was mailed to all Class Members who could be identified with reasonable effort, using the information provided by Defendant American Express Financial Advisors, Inc. or its successor, Ameriprise Financial Services, Inc. (collectively, "AEFA"), pursuant to the Notice Order; and it appearing that a summary notice of the Settlement and Final Fairness Hearing, substantially in the form approved by the Court, was published once in the national edition of The Wall Street Journal and Parade Magazine in accordance with the Notice Order; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested by Plaintiffs' Co-Lead Counsel; and all defined terms used herein having the meanings as set forth and defined in the Stipulation,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.    The Court has jurisdiction over the subject matter of the Action, Plaintiffs, all Class Members, and Defendants.

2.    The Court makes a final determination that, for the purposes of the Settlement, the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that (a) the Class is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) Plaintiffs' claims are typical of the claims of the Class they seek to represent; (d) Plaintiffs and their counsel will fairly and adequately represent the interests of the Class; (e) questions of

law and fact common to the Class Members predominate over questions affecting only individual members of the Class; and (f) a class action settlement is superior to other available methods for the fair and efficient adjudication of the controversy.

3.    Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and, for the purposes of the Settlement, this Court hereby makes final its certification of the Action as a class action on behalf of the following Class:

All Persons who, at any time during the Class Period:

(i)    Paid a fee for financial advice, financial planning, or Financial Advisory Services;

(ii)    Purchased any of the Non-Proprietary Funds through AEFA or for which AEFA was listed as the broker;

(iii)    Purchased any of the AXP Funds through AEFA or for which AEFA was listed as the broker; and/or;

(iv)    Paid a fee for financial advice, financial planning, or other financial advisory services rendered in connection with an SPS, WMS and/or SMA account.

Excluded from the Class are Defendants, Nominal Defendants, members of Defendant James M. Cracchiolo's immediate family, any entity in which any Defendant or Nominal Defendant has or had a controlling interest, and the employees, agents, legal affiliates, or representatives who had been employees, agents, legal affiliates or representatives during the Class Period, heirs, controlling persons, successors, and predecessors in interest or assigns of any such excluded party, and all persons and entities who timely and properly requested exclusion from the Class pursuant to the Mailed Notice or Publication Notice disseminated in accordance with the Notice

3

Order, and six persons whose tardy exclusions are excused due to extenuating circumstances. Those six persons are: Carroll Neinhaus, James King, Dorothy King, Muriel Wester, Joseph Centineo and Ester Saabye.

4.    Plaintiffs assert claims against Defendants under Sections 12(a)(2) and 15 of the Securities Act of 1933; Section 10(b) of the Securities Exchange Act of 1934 and Securities and Exchange Commission Rules 10b-5(a)-(c) and 10b-10 promulgated thereunder; Section 20(a) of the Securities Exchange Act of 1934; the Investment Advisers Act of 1940, 15 U.S.C. §§ 80b-5, 80b-6; the Minnesota Uniform Deceptive Trade Practices Act, Minnesota Consumer Fraud Act, Minnesota False Advertisement Act, and Minnesota Unlawful Trade Practices Act; and for breach of fiduciary duty and unjust enrichment.  The Complaint alleges that Defendants engaged in a common course of conduct that included, among other things, misrepresentations and omissions in connection with the (a) marketing and sale of financial plans and advice to Defendants' clients; (b) the marketing, recommending, and sale of certain non-proprietary mutual funds that paid inadequately disclosed compensation to Defendants for such promotion; and (c) the marketing, recommending, and sale of Defendants' proprietary mutual funds and other proprietary products.  For purposes of the Settlement only, the Court makes final its certification of these claims for class treatment.

5.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby makes final its appointment of Plaintiffs (Leonard D. Caldwell, Carol M. Anderson, Donald G. Dobbs, Kathie Kerr, Susan M. Rangeley, and Patrick J. Wollmering) as representatives of the Class for purposes of the Settlement.

6.    Having considered the factors described in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court hereby makes final its appointment of Plaintiffs' counsel, the law

4

firms of Girard Gibbs LLP, Milberg Weiss LLP, and Stull Stull & Brody, as counsel for the Class for purposes of the Settlement.

7.    In accordance with the Notice Order, individual notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort, using the information provided by Defendant AEFA, supplemented by published notice.  The form and method of notifying the Class of the pendency of the Action as a class action, the terms and conditions of the Settlement, and the Final Fairness Hearing met the requirements of Rule 23 of the Federal Rules of Civil Procedure; Section 21D(a)(7) of the Securities Exchange Act of 1934 (as amended by the Private Securities Litigation Reform Act of 1995), 15 U.S.C. § 78u-4(a)(7); and due process, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

8.    The Settlement is approved as fair, reasonable, and adequate, and the Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

9.    The Complaint, which the Court finds was filed on a good-faith basis in accordance with the Private Securities Litigation Reform Act of 1995, based upon publicly available information, is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against Defendants.

10.    Class Members, and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing, or prosecuting, either directly or in any other capacity, any and all Released Claims against any and all Released Persons.  The Released Claims are hereby compromised, settled, released, discharged, and dismissed as to all

Class Members and their successors and assigns and as against the Released Persons on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

11.    Defendants and Nominal Defendants and their successors and assigns are hereby permanently barred and enjoined from instituting, commencing, or prosecuting, either directly or in any other capacity, any and all Settled Defendants' Claims against any Plaintiffs, Class Members, or their attorneys. The Settled Defendants' Claims of all Defendants and Nominal Defendants are hereby compromised, settled, released, discharged, and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

12.    The Released Persons are hereby discharged from all claims for indemnity and contribution by any person or entity, whether arising under state, federal or common law, based upon, arising out of, relating to or in connection with the Released Claims of the Class or any Class Member, other than claims for indemnity or contribution asserted by a Released Person against another Released Person. Accordingly, the Court hereby bars all claims for indemnity and/or contribution by or against the Released Persons based upon, arising out of, relating to, or in connection with the Released Claims of the Class or any Class Member; provided, however, that this bar order does not prevent any Released Person from asserting a claim for indemnity or contribution against another Released Person.

13.    Neither this Order and Final Judgment, nor the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

    (a)    offered or received against Defendants or Nominal Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant with respect to the truth of any fact alleged by Plaintiffs, the

certification of the class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of Defendants or Nominal Defendants;

(b)    offered or received against Defendants or Nominal Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant or Nominal Defendant;

(c)    offered or received against Defendants or Nominal Defendants as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any Defendant or Nominal Defendant, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that Defendants and/or Nominal Defendants may refer to this Order and Final Judgment and/or the Stipulation to effectuate the liability protection granted them thereunder;

(d)    construed as an admission or concession that the consideration given under the Stipulation represents the amount which could be or would have been recovered after dispositive motions or trial; or

(e)    construed as or received in evidence as an admission, concession, or presumption against Plaintiffs or any Class Members that any of their claims are without merit, or that any defenses asserted by Defendants or Nominal Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Settlement Payment.

14.     The Plan of Allocation proposed by Plaintiffs' Co-Lead Counsel for allocating the proceeds of the Settlement is approved as fair, reasonable, and adequate, and the Claims Administrator is directed to administer the Settlement and allocate the Settlement Fund in accordance with its terms and provisions.

15.     The Court finds that all Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

16.     Plaintiffs' Co-Lead Counsel are hereby awarded 27 percent of the Settlement Fund in attorneys' fees, which sum the Court finds to be fair and reasonable, and $597,204 in reimbursement of expenses, which fees and expenses shall be paid to Plaintiffs' Co-Lead Counsel from the Settlement Fund with interest at the same net rate that the Settlement Fund earns, from the date the Court approves the Fee and Expense Award. Plaintiffs' Co-Lead Counsel shall allocate the award of attorneys' fees among themselves according to their own agreement, and among any other counsel in a fashion that, in the opinion of Plaintiffs' Co-Lead Counsel, fairly compensates such counsel for their contribution to the prosecution of the Action.

17.     In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a)     The Settlement has created a fund of $100,000,000 in cash that is already on deposit, plus interest thereon, and that numerous Class Members who file acceptable Proof of Claim forms will benefit from the Settlement created by Plaintiffs' Co-Lead Counsel;

(b)     The Settlement obligates Defendants to pay all reasonable expenses of notice and settlement administration and to adopt remedial measures negotiated with Plaintiffs' Co-Lead Counsel and designed to address the issues giving rise to the Action;

(c)    Over 3,012,814 copies of the Settlement Notice were disseminated to

putative Class Members indicating that Plaintiffs' Co-Lead Counsel were moving for attorneys'

fees and reimbursement of expenses in the requested amounts, and there were 42 written

*approximately 80* *JAB 7/18/07*

comments and objections in opposition to the proposed Settlement and/or the fees and expenses

requested by Plaintiffs' Co-Lead Counsel which have been considered by the Court and the

Court overrules;

(d)    Plaintiffs' Co-Lead Counsel have conducted the litigation and achieved

the Settlement with skill, perseverance, and diligent advocacy;

(e)    The Action involves complex factual and legal issues and, in the absence

of a settlement, would involve further lengthy proceedings with uncertain resolution of such

issues;

(f)    Had Plaintiffs' Co-Lead Counsel not achieved the Settlement, there would

remain a significant risk that the Class would recover significantly less or nothing from

Defendants and/or Nominal Defendants;

(g)    Plaintiffs' Co-Lead Counsel have submitted affidavits showing that they

expended over 24,000 hours, with a lodestar value of $9,572,865, in prosecuting the Action and

achieving the Settlement; and

(h)    The amounts of attorneys' fees awarded and expenses reimbursed from the

Settlement Fund are consistent with awards in similar cases.

18.    Plaintiffs' Co-Lead Counsel are authorized to pay, from the amount awarded by

the Court for attorneys' fees, incentive awards of $5,000 each to each of the six class

representatives in this action and each of the five plaintiffs in the related Haritos case.

19.    Exclusive jurisdiction is hereby retained over the Parties and the Class Members for all matters relating to this Action and the Settlement, including (a) the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order and Final Judgment; (b) any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Class Members; (c) any dispute over attorneys' fees or expenses sought in connection with the Action or the Settlement; and (d) determination whether, in the event an appeal is taken from any aspect of the Judgment approving the Settlement or any award of attorneys' fees, notice should be given under Federal Rule of Civil Procedure 23(d), at the appellant's expense, to some or all members of the Class apprising them of the pendency of the appeal and such other matters as the Court may order.

20.    Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

DATED: _July 18, 2007_    _Deborah A. Batts_
    THE HONORABLE DEBORAH A. BATTS
    UNITED STATES DISTRICT JUDGE